VENABLE LLP
Angel A. Garganta (163957)
Steven E. Swaney (221437)
Amit Rana (291912)
Antonia Stabile (329559)
101 California Street, Suite 3800
San Francisco, CA 94111
Tel: 415/653-3750
415/653-3755 (fax)
agarganta@venable.com
seswaney@venable.com
arana@venable.com
aistabile@venable.com

MORRISON & FOERSTER LLP
Jessica L. Grant (178138)
425 Market Street
San Francisco, CA  94105-2482
Tel: 415/268-7000
415/268-7522 (fax)
jgrant@mofo.com

*Attorneys for Defendant*
Premier Nutrition Company, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC FISHON, individually and on behalf of all others similarly situated, | Case No. 3:16-CV-06980-RS |
| | Hon. Richard Seeborg |
| Plaintiff, | **DEFENDANT PREMIER NUTRITION'S ANSWER TO PLAINTIFF ERIC FISHON'S FIRST AMENDED COMPLAINT** |
| v. | |
| PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC. | **CLASS ACTION** |
| Defendant. | Action Filed: December 05, 2016 |
| | **Jury Trial Demanded** |

-1-

Premier Nutrition Company, LLC (formerly known as, and as named in this action, Premier Nutrition Corporation) ("Premier") answers the First Amended Class Action Complaint of Plaintiff Eric Fishon ("Plaintiff") as follows. Unless otherwise expressly stated below, Premier denies each and every allegation of the First Amended Complaint ("FAC").

## NATURE OF THE ACTION

1.      Paragraph 1 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 1 requires an answer, Premier admits that it sells the "Joint Juice" products (hereinafter the "Products") as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website and television advertising that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent Plaintiff refers to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 1 not specifically admitted.

2.      Answering Paragraph 2 of Plaintiff's FAC, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent the allegations in Paragraph 2 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 2 not specifically admitted.

3.      Answering Paragraph 3 of Plaintiff's FAC, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent the allegations in Paragraph 3 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 3 not specifically admitted.

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT

4.      Answering Paragraph 4 of Plaintiff's FAC, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent the allegations in Paragraph 4 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 4 not specifically admitted.

5.      Paragraph 5 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. Premier admits that it has sold over $100 million dollars of the Products in the past nine years. Premier denies each and every other allegation in Paragraph 5 not specifically admitted.

6.      Paragraph 6 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 6 requires an answer, Premier denies each of the allegations contained in Paragraph 6.

7.      Paragraph 7 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 7 requires an answer, Premier denies each of the allegations contained in Paragraph 7.

**JURISDICTION AND VENUE**

8.      Paragraph 8 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer.

9.      Paragraph 9 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 9 requires an answer, Premier admits that it has marketed, promoted, distributed, and sold the Products in California.

10.     Paragraph 10 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 10 requires an answer, Premier admits that it conducts business and is headquartered in the District.

11.     Paragraph 11 of Plaintiff's FAC contains legal conclusions, and to that extent

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT

1   does not require an answer. To the extent that Paragraph 11 requires an answer, Premier admits

2   that it is currently headquartered in Emeryville, California, which is in Alameda County.

3                                                      **PARTIES**

4   ***Plaintiff***

5          12.     Answering Paragraph 12 of Plaintiff's FAC, Premier lacks sufficient knowledge

6   or information to form a belief as to where Mr. Fishon resides, his state of citizenship, whether

7   he in fact purchased the referenced Product, his belief regarding the Product or its related

8   advertisements and labeling, and his reasons for allegedly purchasing the Product; on that basis,

9   Premier denies these allegations in Paragraph 12. To the extent Paragraph 12 refers to the labels

10  on the Product, the labels speak to themselves. Premier denies each and every other allegation in

11  Paragraph 12.

12         13.     Answering Paragraph 13 of Plaintiff's FAC, Premier lacks sufficient knowledge

13  or information to form a belief as to Mr. Fishon's beliefs regarding the Product or its related

14  advertisement and labeling, and his reasons for allegedly purchasing the Product; on that basis,

15  Premier denies these allegations in Paragraph 13. Premier denies each and every other

16  allegation in Paragraph 13.

17  ***Defendant***

18         14.     Answering Paragraph 14 of Plaintiff's FAC, Premier admits that it was formerly

19  a Delaware corporation; effective September 2019, Premier became a limited liability company

20  under the Delaware LLC Act. Premier admits that, as of the date the initial Complaint was filed

21  in this action, it was headquartered at 5905 Christie Avenue, Emeryville, California, 94608;

22  effective October, 2018, Premier is headquartered at 1222 67th Street, Suite 210, Emeryville,

23  CA, 94608. Premier admits that it was previously headquartered at 188 Spear Street, Suite 600,

24  San Francisco, California 94105. Premier admits that, as of August 2013, it became a wholly

25  owned subsidiary of Post Holdings, Inc.; effective September 2019, Premier became a wholly

26  owned subsidiary of Dymatize Enterprises, LLC. Premier admits that it is a manufacturer of

27  high-protein nutrition products, including ready-to-drink shakes, bars, powders, and cookies.

28  Premier admits that it has manufactured, advertised, marketed, distributed, and/or sold the

                                                        -4-

PREMIER NUTRITION'S ANSWER TO PLTF.
                                                     ERIC FISHON'S FIRST AMENDED COMPLAINT

referenced Products throughout the United States, including its website. Premier admits that its Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, research and development personnel, and customer service personnel have been located in California, however, not all marketing or sales employees have been located in California. Premier admits that its advertising agency was located in San Francisco. The term "retail distribution vendor" is vague and ambiguous, and therefore Premier lacks sufficient knowledge or information to admit or deny the allegations regarding its "retail distribution vendor." Premier denies each and every other allegation in Paragraph 14.

15.     Answering Paragraph 15 of Plaintiff's FAC, Premier admits that Joint Juice was formerly a California corporation headquartered at 120 Howard Street, Suite 600, San Francisco, California 94105. Premier admits that it was formerly known as Joint Juice, Inc. and under that name it manufactured, advertised, marketed, distributed, and sold the Products throughout the United States. Premier admits that the date of the acquisition described in Paragraph 15 is accurate. Premier denies each and every other allegation in Paragraph 15.

16.     Answering Paragraph 16 of Plaintiff's FAC, Premier admits that the former CEO of Premier had worked out of San Francisco and that an advertising agency used by Joint Juice was located in San Francisco; however, not all marketing employees have been located in California. Premier admits that the current President of Premier works from Emeryville. Premier admits that the Products were originally developed by Dr. Kevin Stone at the Stone Clinic in San Francisco. Premier denies each and every other allegation in Paragraph 16.

**FACTUAL ALLEGATIONS**

***The Joint Juice Products***

17.     Answering Paragraph 17 of Plaintiff's FAC, Premier denies that it has distributed, marketed, and/or sold the Products since 1999.

18.     Answering Paragraph 18 of Plaintiff's FAC, Premier admits that the Products have been sold by the third-party retailers listed in Paragraph 18 and through its website.

19.     Answering Paragraph 19 of Plaintiff's FAC, Premier admits that the Products have been sold as drink mix packets, eight-ounce beverage bottles, and "Easy Shot" bottles.

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT

However, the Products are often sold at discounts and retail prices have varied. Premier denies each and every allegation in Paragraph 19 not specifically admitted.

20.     Answering Paragraph 20 of Plaintiff's FAC, Premier admits that the Products contain 1,500 mg of glucosamine hydrochloride plus chondroitin. To the extent Paragraph 20 refers to the Product packaging, the packaging speaks for itself.

21.     Answering Paragraph 21 of Plaintiff's FAC, Premier admits that the allegations in Paragraph 21; however, glucosamine used in Premier's Products has also been derived from vegetarian sources.

22.     Answering Paragraph 22 of Plaintiff's FAC, Premier admits that some other glucosamine products contain glucosamine sulfate.

23.     Answering Paragraph 23 of Plaintiff's FAC, Premier admits the allegations in Paragraph 23.

24.     Answering Paragraph 24 of Plaintiff's FAC, Premier denies that glucosamine hydrochloride is always less expensive than glucosamine sulfate.

25.     Answering Paragraph 25 of Plaintiff's FAC, to the extent Paragraph 25 references a scientific study, the study speaks for itself. Premier lacks sufficient knowledge or information to admit or deny each and every other allegation in Paragraph 25.

26.     Answering Paragraph 26 of Plaintiff's FAC, Premier admits the allegations in Paragraph 26.

***Defendant's False and Deceptive Advertising for the Joint Juice Products***[1]

27.     Answering Paragraph 27 of Plaintiff's FAC, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent Plaintiff refers to Premier's advertising, marketing, packaging, and/or Product labeling, that material has varied

---

[1] Plaintiff's allegation contains legal conclusions not requiring an answer. To the extent this statement requires an answer, Premier denies this allegation in its entirety.

over time and speaks for itself. Premier denies each and every other allegation in Paragraph 27 not specifically admitted.

28.     Answering Paragraph 28 of Plaintiff's FAC, Premier admits that glucosamine hydrochloride and chondroitin sulfate are active ingredients in the Products. To the extent Plaintiff refers to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 28 not specifically admitted.

29.     Answering Paragraph 29 of Plaintiff's FAC, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent Plaintiff refers to Premier's advertising, marketing, packaging and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 29 not specifically admitted.

30.     Answering Paragraph 30 of Plaintiff's FAC, to the extent the allegations in Paragraph 30 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 30.

31.     Answering Paragraph 31 of Plaintiff's FAC, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not intended to diagnose, treat, cure or prevent any disease." To the extent the allegations in Paragraph 31 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. Premier denies each and every other allegation in Paragraph 31 not specifically admitted.

32.     Paragraph 32 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent the allegations in Paragraph 32 require an answer, and to the extent the allegations refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material speaks for itself. To the extent the allegations in Paragraph 32 do not accurately reflect the above-mentioned material, Premier denies the allegations. Premier denies

1  each and every other allegation in Paragraph 32 not specifically admitted.

2       33.    To the extent the allegations in Paragraph 33 refer to any of Premier's

3  advertising, marketing, packaging, and/or Product labeling, including on its website, that

4  material speaks for itself. Premier denies each and every other allegation in Paragraph 33.

5       34.    Answering Paragraph 34 of Plaintiff's FAC, Premier admits that former

6  professional football player Joe Montana was a spokesman for the Products. To the extent the

7  allegations in Paragraph 34 refer to Premier's advertising, marketing, packaging, and/or Product

8  labeling, including Joe Montana's statements for Premier's television commercial, that material

9  speaks for itself. Premier denies each and every other allegation in Paragraph 34 not specifically

10 admitted.

11      35.    Answering Paragraph 35 of Plaintiff's FAC, Premier admits that Products'

12 packaging features the Arthritis Foundation Logo. To the extent the allegations in Paragraph 35

13 refer to Premier's advertising, marketing, packaging, and/or Product labeling, that material

14 speaks for itself. Premier denies each and every other allegation in Paragraph 35 not specifically

15 admitted.

16      36.    To the extent the allegations in Paragraph 36 refer to Premier's packaging,

17 advertising, marketing, and/or Product labeling, that material speaks for itself. Premier denies

18 each and every other allegation in Paragraph 36 not specifically admitted.

19      37.    Answering Paragraph 37 of Plaintiff's FAC, Premier admits that the pictures

20 included in Plaintiff's FAC appear to be accurate, partial representations of the current

21 packaging of certain Products.

22 ***Scientific Studies Confirm That Joint Juice Is Not Effective And Defendant's Health Benefits***

23 ***Message Is False And Deceptive***[2]

24      38.    Answering Paragraph 38 of Plaintiff's FAC, Premier denies the allegations in

25 Paragraph 38.

26

27 _____

   [2] Plaintiff's allegation contains legal conclusions not requiring an answer. To the extent this
28 statement requires an answer, Premier denies this allegation in its entirety.

-8-

39.     Answering Paragraph 39 of Plaintiff's FAC, Premier admits that Paragraph 39 accurately quotes the Reference Manual on Scientific Evidence. Premier denies that all meta-analysis studies have concluded that glucosamine and chondroitin do nothing. Premier denies each and every other allegation in Paragraph 39 not specifically admitted.

40.     Without admitting that the study cited in Paragraph 40 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 40 does not require an answer. However, to the extent the allegations in Paragraph 40 do not accurately reflect the study, Premier denies the allegations.

41.     Without admitting that the study cited in Paragraph 41 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 41 does not require an answer. However, to the extent the allegations in Paragraph 41 do not accurately reflect the study, Premier denies the allegations.

42.     Without admitting that the study cited in Paragraph 42 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 42 does not require an answer. However, to the extent the allegations in Paragraph 42 do not accurately reflect the study, Premier denies the allegations.

43.     Without admitting that the study cited in Paragraph 43 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 43 does not require an answer. However, to the extent the allegations in Paragraph 43 do not accurately reflect the study, Premier denies the allegations.

44.     Answering Paragraph 44 of the FAC, Plaintiff does not identify the studies on which he bases his allegations and accordingly, Premier lacks sufficient knowledge or information to form a belief as to those studies.

45.     Without admitting that the study cited in Paragraph 45 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 45 does not require an answer. However, to the extent the allegations in Paragraph 45 do not accurately reflect the study, Premier denies the allegations. Premier denies remaining allegations in Paragraph 45.

46.     Without admitting that the studies cited in Paragraph 46 of Plaintiff's FAC are relevant to this action, those studies speak for themselves and, on that basis, Paragraph 46 does not require an answer. However, to the extent the allegations in Paragraph 46 do not accurately reflect those studies, Premier denies the allegations.

47.     Without admitting that the study cited in Paragraph 47 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 47 does not require an answer. However, to the extent the allegations in Paragraph 47 do not accurately reflect the study, Premier denies the allegations.

48.     Without admitting that the studies cited in Paragraph 48 of Plaintiff's FAC are relevant to this action, those studies speak for themselves and, on that basis, Paragraph 48 does not require an answer. However, to the extent the allegations in Paragraph 48 do not accurately reflect the studies, Premier denies the allegations.

49.     Without admitting that the study cited in Paragraph 49 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 49 does not require an answer. However, to the extent the allegations in Paragraph 49 do not accurately reflect the study, Premier denies the allegations.

50.     Answering Paragraph 50 of Plaintiff's FAC, Plaintiff does not identify the studies on which he bases his allegations and accordingly, Premier lacks sufficient knowledge or information to form a belief as to those studies.

51.     Answering Paragraph 51 of Plaintiff's FAC, Plaintiff does not identify the studies on which he bases his allegations and accordingly, Premier lacks sufficient knowledge or information to form a belief as to those studies.

52.     Without admitting that the study cited in Paragraph 52 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 52 does not require an answer. However, to the extent the allegations in Paragraph 52 do not accurately reflect the study, Premier denies the allegations.

53.     Without admitting that the study cited in Paragraph 53 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 53 does not

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT

1  require an answer. However, to the extent the allegations in Paragraph 53 do not accurately

2  reflect the study, Premier denies the allegations.

3    54.    Answering Paragraph 54 of Plaintiff's FAC, Premier denies that there is uniform

4  consensus that glucosamine and chondroitin do not work. Without admitting that the guidelines

5  cited in Paragraph 54 of Plaintiff's FAC are relevant to this action, the guidelines speak for

6  themselves and, to that extent, Paragraph 54 does not require an answer. However, to the extent

7  the allegations in Paragraph 54 do not accurately reflect the guidelines, Premier denies the

8  allegations. Premier denies each and every other allegation not specifically admitted.

9    55.    Without admitting that the studies and guidelines cited in Paragraph 55 of

10  Plaintiff's FAC are relevant to this action, the studies and guidelines speak for themselves and,

11  on that basis, Paragraph 55 does not require an answer. However, to the extent the allegations in

12  Paragraph 55 do not accurately reflect the studies and guidelines, Premier denies the allegations.

13    56.    Without admitting that the guidelines cited in Paragraph 56 of Plaintiff's FAC

14  are relevant to this action, the guidelines speak for themselves and, on that basis, Paragraph 56

15  does not require an answer. However, to the extent the allegations in Paragraph 56 do not

16  accurately reflect the guidelines, Premier denies the allegations.

17    57.    Without admitting that the guidelines cited in Paragraph 57 of Plaintiff's FAC

18  are relevant to this action, the guidelines speak for themselves and, on that basis, Paragraph 57

19  does not require an answer. However, to the extent the allegations in Paragraph 57 do not

20  accurately reflect the guidelines, Premier denies the allegations.

21    58.    Without admitting that the study cited in Paragraph 58 of Plaintiff's FAC is

22  relevant to this action, that study speaks for itself and, on that basis, Paragraph 58 does not

23  require an answer. However, to the extent the allegations in Paragraph 58 do not accurately

24  reflect the study, Premier denies the allegations.

25    59.    Without admitting that the study cited in Paragraph 59 of Plaintiff's FAC is

26  relevant to this action, that study speaks for itself and, on that basis, Paragraph 59 does not

27  require an answer. However, to the extent the allegations in Paragraph 59 do not accurately

28  reflect the study, Premier denies the allegations. Premier denies each and every other allegation

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT

in Paragraph 59.

60.     Without admitting that the study cited in Paragraph 60 of Plaintiff's FAC is relevant to this action, that study speaks for itself and on that basis, Paragraph 60 does not require an answer. However, to the extent the allegations in Paragraph 60 do not accurately reflect the study, Premier denies the allegations.

61.     Without admitting that the study cited in Paragraph 61 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 61 does not require an answer. However, to the extent the allegations in Paragraph 61 do not accurately reflect the study, Premier denies the allegations.

62.     Without admitting that the study cited in Paragraph 62 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 62 does not require an answer. However, to the extent the allegations in Paragraph 62 do not accurately reflect the study, Premier denies the allegations.

63.     Without admitting that the study cited in Paragraph 63 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 63 does not require an answer. However, to the extent the allegations in Paragraph 63 do not accurately reflect the study, Premier denies the allegations.

64.     Without admitting that the study cited in Paragraph 64 of Plaintiff's FAC is relevant to this action, that study speaks for itself and, on that basis, Paragraph 64 does not require an answer. However, to the extent the allegations in Paragraph 64 do not accurately reflect the study, Premier denies the allegations.

***The Impact of Defendant's Wrongful Conduct***[3]

65.     Answering Paragraph 65 of Plaintiff's FAC, Premier admits that it sells the Products as a dietary supplement to help maintain and support joint well-being, as limited by the disclaimer on the Products' labeling and Joint Juice website that states that the Products "are not

---

[3] Plaintiff's allegation contains legal conclusions not requiring an answer. To the extent this statement requires an answer, Premier denies this allegation in its entirety.

intended to diagnose, treat, cure or prevent any disease." To the extent Plaintiff refers to Premier's advertising, marketing, packaging, and/or Product labeling, that material has varied over time and speaks for itself. Premier denies each and every other allegation in Paragraph 65 not specifically admitted.

66.     Answering Paragraph 66 of Plaintiff's FAC, Paragraph 66 contains legal conclusions and to that extent does not require an answer.

67.     Answering Paragraph 67 of Plaintiff's FAC, Premier denies each of the allegations contained in Paragraph 67.

68.     Paragraph 68 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 68 requires an answer, Premier lacks sufficient knowledge or information to form a belief as to whether Mr. Fishon purchased the referenced Product, his belief regarding the Product or its related advertisement or labeling, and his reasons for allegedly purchasing the product; on that basis, Premier denies these allegations in Paragraph 68. Premier denies each and every other allegation in Paragraph 68.

69.     Answering Paragraph 69 of Plaintiff's FAC, retail prices for the Products have varied. Premier denies each and every other allegation in Paragraph 69.

## CLASS DEFINITION AND ALLEGATIONS

70.     Paragraph 70 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 70 requires an answer, Premier denies each of the allegations contained in Paragraph 70.

71.     Paragraph 71 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 71 requires an answer, Premier denies each of the allegations contained in Paragraph 71.

72.     Paragraph 72 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 72 requires an answer, Premier denies each of the allegations contained in Paragraph 72.

73.     Paragraph 73 of Plaintiff's FAC contains legal conclusions, and to that extent does not require an answer. To the extent that Paragraph 73 requires an answer, Premier denies

1  each of the allegations contained in Paragraph 73.

2       74.    Paragraph 74 of Plaintiff's FAC contains legal conclusions, and to that extent

3  does not require an answer. To the extent that Paragraph 74 requires an answer, Premier denies

4  each of the allegations contained in Paragraph 74.

5       75.    Paragraph 75 of Plaintiff's FAC contains legal conclusions, and to that extent

6  does not require an answer. To the extent that Paragraph 75 requires an answer, Premier denies

7  each of the allegations contained in Paragraph 75.

8       76.    Paragraph 76 of Plaintiff's FAC contains legal conclusions, and to that extent

9  does not require an answer. To the extent that Paragraph 76 requires an answer, Premier denies

10  each of the allegations contained in Paragraph 76.

11       77.    Paragraph 77 of Plaintiff's FAC contains legal conclusions, and to that extent

12  does not require an answer. To the extent that Paragraph 77 requires an answer, Premier denies

13  each of the allegations contained in Paragraph 77.

14  **CLAIMS ALLEGED**

15  **COUNT I**

16  **Violation of the New York General Business Law §§ 349 and 350.**

17       78.    Answering Paragraph 78 of Plaintiff's FAC, Premier incorporates by reference

18  and repleads all of the admissions, denials, and allegations contained in Paragraph 1-77 above.

19       79.    Paragraph 79 of Plaintiff's FAC contains legal conclusions, and to that extent

20  does not require an answer. To the extent that Paragraph 79 requires an answer, Premier denies

21  each of the allegations contained in Paragraph 79.

22       80.    Answering Paragraph 80 of Plaintiff's FAC, Premier admits that Paragraph 80

23  contains an accurate partial quote of Section 349(a) of New York General Business Law.

24       81.    Answering Paragraph 81 of Plaintiff's FAC, Premier admits that Paragraph 81

25  contains an accurate partial quote of Section 350 of New York General Business Law.

26       82.    Paragraph 82 of Plaintiff's FAC contains legal conclusions, and to that extent

27  does not require an answer. To the extent that Paragraph 82 requires an answer, Premier denies

28  each of the allegations contained in Paragraph 82.

1    83.    Paragraph 83 of Plaintiff's FAC contains legal conclusions, and to that extent
2    does not require an answer. To the extent that Paragraph 83 requires an answer, Premier denies
3    each of the allegations contained in Paragraph 83.

4    84.    Paragraph 84 of Plaintiff's FAC contains legal conclusions, and to that extent
5    does not require an answer. To the extent that Paragraph 84 requires an answer, Premier denies
6    each of the allegations contained in Paragraph 84.

7    85.    Paragraph 85 of Plaintiff's FAC contains legal conclusions, and to that extent
8    does not require an answer. To the extent that Paragraph 85 requires an answer, Premier denies
9    each of the allegations contained in Paragraph 85.

10   86.    Paragraph 86 of Plaintiff's FAC contains legal conclusions, and to that extent
11   does not require an answer. To the extent that Paragraph 86 requires an answer, Premier denies
12   each of the allegations contained in Paragraph 86.

13   87.    Paragraph 87 of Plaintiff's FAC contains legal conclusions, and to that extent
14   does not require an answer. To the extent that Paragraph 87 requires an answer, Premier denies
15   each of the allegations contained in Paragraph 87.

16   88.    Paragraph 88 of Plaintiff's FAC contains legal conclusions, and to that extent
17   does not require an answer. To the extent that Paragraph 88 requires an answer, Premier denies
18   each of the allegations contained in Paragraph 88.

19   89.    Paragraph 89 of Plaintiff's FAC contains legal conclusions, and to that extent
20   does not require an answer. To the extent that Paragraph 89 requires an answer, Premier denies
21   each of the allegations contained in Paragraph 89.

22   90.    Paragraph 90 of Plaintiff's FAC contains legal conclusions, and to that extent
23   does not require an answer. To the extent that Paragraph 90 requires an answer, Premier denies
24   each of the allegations contained in Paragraph 90.

**JURY DEMAND**

Premier respectfully makes a demand for a trial by jury on claims and issues so triable.

**REQUEST FOR RELIEF**

Premier denies that Plaintiff is entitled to any of the relief sought in his Request for

-15-

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT

1  Relief.

2  **AFFIRMATIVE DEFENSES**

3    Without assuming the burden of proof on any matters that would otherwise rest with

4  Plaintiff, and expressly denying any and all wrongdoing, Premier alleges the following

5  additional reasons why Plaintiff is not entitled to any relief:

6  **FIRST AFFIRMATIVE DEFENSE**

7  **(Equitable Relief Unavailable)**

8    Plaintiff is not entitled to equitable relief because, if Plaintiff is entitled to a remedy,

9  which Premier denies, Plaintiff has adequate legal remedies. No threat of immediate harm exists

10  sufficient to support a grant of injunctive relief.

11  **SECOND AFFIRMATIVE DEFENSE**

12  **(Failure to State a Claim)**

13    The FAC fails to state a claim against Premier on which relief can be granted.

14  **THIRD AFFIRMATIVE DEFENSE**

15  **(No Standing)**

16    Plaintiff is not entitled to relief under the statutes and legal theories invoked in his FAC

17  because plaintiff lacks standing.

18  **FOURTH AFFIRMATIVE DEFENSE**

19  **(No Deceptive Act or Practice)**

20    Plaintiff's claims are barred, in whole or in part, because there was no deceptive act or

21  practice. Each and every representation and advertisement for the Products clearly and

22  accurately portrayed the characteristics, ingredients, uses, benefits, quantities, standard, quality,

23  and grade of the Products.

24  **FIFTH AFFIRMATIVE DEFENSE**

25  **(No Intent to Deceive)**

26    Plaintiff is precluded from recovery on his fraud- and misrepresentation-based claims

27  because the misrepresentations and actions alleged by Plaintiff were not intended to deceive

28  Plaintiff.

-16-

**SIXTH AFFIRMATIVE DEFENSE**

**(Not Likely to Mislead Public)**

None of Premier's acts, conduct, omissions, or statements alleged in the FAC were likely to mislead the public.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Justifiable Reliance)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew, at all times, the characteristics, ingredients, uses, benefits, quantities, standard, quality, and grade of the joint Juice Products and therefore could not have justifiably relied on the alleged misrepresentation or omissions asserted in his FAC.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Performance of Duties)**

Premier has fully performed any and all contractual, statutory, and other duties, and Plaintiff is therefore estopped from asserting any cause of action against Premier.

**NINETH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

Premier has substantially complied with the requirements of the law as they pertain to this lawsuit and such substantial compliance bars Plaintiff's claims.

**TENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

All or some of the alleged causes of action are preempted by federal law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Safe Harbor)**

Plaintiff's allegations do not state a claim, because Premier's conduct was, and is, authorized by federal and state law.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Actions Pursuant to Local, State or Federal Authority)**

Premier is not liable for any acts or omissions undertaken by or at the direction of local,

-17-

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT

state or federal authority, including, without limitation, acts or omissions made in accordance with regulations, ordinances, statutes, and laws applicable at the time of the acts or omissions at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Unfair)

The representations and advertising regarding the Products are not unfair. No representation or advertisement contains any false or misleading statement or promises any good not intended to be delivered. As such, the representations and advertising are not, and were not, unfair.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

The representations and advertising regarding the Products are not unlawful because they are not, and were not, in violation of any law or regulation.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

No act or omission by Premier or by any person or entity for which Premier was responsible was the cause of any injury in fact, damages, or loss of money or property alleged by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Plaintiff's claims are barred, in whole or in part, because Premier has not engaged in any activity or conduct that is a proximate cause of any injury in fact, damages, or loss of money or property alleged by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Superseding Causes)

Any and all violations alleged in Plaintiff's FAC were the result of superseding or intervening causes arising from the acts or omissions of parties that Premier neither controlled nor had a legal right to control, and such alleged violations were not proximately or otherwise

1 caused by any act, omission, or other conduct of Premier.

2 ### EIGHTEENTH AFFIRMATIVE DEFENSE

3 #### (Failure to Mitigate)

4 If Plaintiff has suffered any damages or injury in fact, which Premier expressly denies,

5 Premier alleges that Plaintiff's recovery is barred by his failure to mitigate, reduce, or otherwise

6 avoid damages or injuries.

7 ### NINETEENTH AFFIRMATIVE DEFENSE

8 #### (Aggravation of Harm)

9 To the extent any harm exists, Premier is informed and believes and, on that basis,

10 alleges that Plaintiff's actions have aggravated such harm, and thus, any recovery from

11 Plaintiff's FAC for such harm should be barred or reduced accordingly.

12 ### TWENTIETH AFFIRMATIVE DEFENSE

13 #### (Equitable Estoppel and Equitable Indemnity)

14 Based on Plaintiff's conduct, Plaintiff's claims are barred by the doctrines of equitable

15 estoppel and equitable indemnity.

16 ### TWENTY-FIRST AFFIRMATIVE DEFENSE

17 #### (Res Judicata and Collateral Estoppel)

18 All or some of Plaintiff's alleged claims and issues are barred by prior judgment by the

19 doctrines of res judicata and collateral estoppel.

20 ### TWENTY-SECOND AFFIRMATIVE DEFENSE

21 #### (Waiver)

22 Based on Plaintiff's conduct, Plaintiff's claims are barred by the doctrine of waiver.

23 ### TWENTY-THIRD AFFIRMATIVE DEFENSE

24 #### (Statute of Limitations)

25 Plaintiff's claims and damages are barred, reduced, and/or limited by the applicable

26 statutes of limitations.

27 //

28 //

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT

1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2

**(Laches)**

3

By virtue of Plaintiff's unreasonable delay in commencing this action, which duly has

4

caused prejudice to Premier, the FAC and each purported cause of action asserted therein are

5

barred by the doctrine of laches.

6

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

7

**(Unclean Hands)**

8

The FAC and each and every purported claim against Premier is barred by the doctrine

9

of unclean hands in that Plaintiff's own actions have caused the damages Plaintiff may have

10

incurred, if any.

11

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

12

**(No Actual Injury)**

13

Plaintiff is not entitled to relief under the legal theories invoked in the FAC because

14

Plaintiff suffered no actual injury and suffered no damages.

15

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

16

**(Not Maintainable As Class Action)**

17

Premier alleges that this action is barred in whole or in part because Plaintiff's claims

18

are not maintainable as a class action.

19

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

20

**(Unjust Enrichment)**

21

Any award to the Plaintiff in this action would constitute unjust enrichment.

22

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

23

**(Attorneys' Fees Improper)**

24

Plaintiff's FAC fails to state a claim or set forth facts sufficient to support a claim for

25

attorneys' fees.

26

**THIRTIETH AFFIRMATIVE DEFENSE**

27

**(Uncertainty)**

28

The FAC and the cause of action therein presented are vague, ambiguous, and uncertain.

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT

1   Premier reserves the right to add additional defenses as the factual bases for each of Plaintiff's

2   claims and allegations becomes known.

3   ### THIRTY-FIRST AFFIRMATIVE DEFENSE

4   ### (Puffing)

5   Plaintiff's claims are barred to the extent that any alleged deceptive statements constitute

6   puffery, and no reasonable person in Plaintiff's position could have reasonably relied on or

7   misunderstood Premier's statements.

8   ### THIRTY-SECOND AFFIRMATIVE DEFENSE

9   ### (Mootness)

10   Plaintiff is not entitled to an injunction to the extent Premier has already ceased the

11   allegedly unlawful conduct.

12   ### THIRTY-THIRD AFFIRMATIVE DEFENSE

13   ### (Equities in Favor of Defendants)

14   Plaintiff is barred from recovering the relief sought in the FAC because the equities

15   weigh in favor of Premier.

16   ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

17   ### (Violation of Right to Free Speech)

18   To the extent Plaintiff purports to seek equitable relief to mandate the specific content of

19   Premier's advertising or the content of the Products labels, Plaintiff's FAC violates Premier's

20   right to freedom of speech under the First Amendment of the United States Constitution and the

21   New York Constitution, Article I, § 8.

22   ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

23   ### (Set-off)

24   Any recovery by plaintiff should be offset and diminished by the value to the general

25   public of the use of the Products.

26   ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

27   ### (Punitive Damages Are Not Available)

28   Plaintiff's claims do not permit the recovery of punitive damages.

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Reservation of Additional Defenses)

3      Premier hereby reserves the right to amend its answer to raise additional affirmative

4  defenses as they become available or apparent to it through discovery in this matter or

5  otherwise.

6  WHEREFORE, having fully answered Plaintiff's FAC, Premier prays for judgment as follows:

7      1.      That Plaintiff takes nothing for his FAC and that the FAC be dismissed with

8              prejudice;

9      2.      That the request for injunctive relief be denied;

10     3.      That Premier be awarded its costs of suit;

11     4.      That the request for attorneys' fees and costs by Plaintiff and his counsel be

12             denied; and,

13     5.      For such other and further relief as the Court deems just and proper.

14

15  Dated: May 5, 2021

16                                              VENABLE LLP

17
                                                /s/ Angel A. Garganta
18                                              By:
                                                ANGEL A. GARGANTA
19
                                                101 California Street, Suite 3800
20                                              San Francisco, CA 94111
                                                Tel: 415/653-3750
21                                              415/653-3755 (fax)

22                                              MORRISON & FOERSTER LLP
                                                Jessica L. Grant
23                                              425 Market Street
                                                San Francisco, CA 94105
24                                              Tel: 415/268-7000
                                                415/268-7522 (fax)
25

26                                              *Attorneys for Defendant*

27

28

-22-

PREMIER NUTRITION'S ANSWER TO PLTF.
ERIC FISHON'S FIRST AMENDED COMPLAINT