UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC FISHON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>　　　　Defendant. | Case No. 16-cv-06980-RS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND GRANTING MOTION TO APPOINT CLASS REPRESENTATIVE** |

## I. INTRODUCTION

Plaintiff brings this motion to file an amended complaint and appoint a new class representative, Mary Beth Montera. This motion follows another district court's determination that Eric Fishon, the previously appointed class representative in this case, did not meet the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4) in an unrelated class action due to concerns about his credibility. When considering the factors relevant to determining whether to grant Plaintiff leave to amend the complaint under Rule 15(a)(2), *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it is in the interest of justice to allow Plaintiff to amend the complaint. Further, Montera meets the typicality and adequacy requirements of Rule 23(a), and thus is appointed class representative. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for April 7, 2022 is vacated.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case is one of numerous certified class actions pending before this Court alleging


false advertising and other claims in Defendant Premier Nutrition's promotion of Joint Juice, a line of joint health dietary supplements. Each class action concerns a set of plaintiffs in a different state; this action concerns consumers in New York. In November 2021, the Court set this case for trial on May 23, 2022, the first of these related cases to proceed to trial.

On February 25, 2022, the Court was notified of concerns from Plaintiff's counsel as to the adequacy of named plaintiff Eric Fishon. On January 19, 2022, a judge in the Southern District of New York determined that Fishon was not an adequate class representative in an unrelated proceeding, *Fishon v. Peloton Interactive*¸ due to serious concerns about his credibility. *See Fishon v. Peloton Interactive, Inc.*, No. 19-CV-11711 (LJL), 2022 WL 179771, at *12 (S.D.N.Y. Jan. 19, 2022). The court found that Fishon had "lied to Peloton in the months leading up to the lawsuit" as he "repeatedly impersonated an attorney in correspondence with [Peloton]" in order to gain better service from the company. *Id.* The court also noted that his deposition testimony concerning that correspondence was "evasive at best" and "perjurious at worst." *Id.* at *11. Citing concerns about Fishon's ability to lead this class given these findings in the *Peloton* case, Plaintiff now brings this motion for leave to file a Second Amended Complaint and to appoint Mary Beth Montera as class representative.

### III. MOTION FOR LEAVE TO AMEND

**A. Legal Standard**

Under Rule 15(a)(2), a party may amend its pleadings with the opposing party's written consent or by leave of the court.[1] *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). The

---

[1] Plaintiff also brings this motion pursuant to Federal Rule of Civil Procedure 16(b)(4). Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The scheduling orders in this case did not set a deadline for a party to amend the complaint with leave of court, and thus Rule 15(a) governs this motion, not Rule 16(b)(4). Further, even if Plaintiff were required to bring this motion pursuant to Rule 16, good cause would exist to relieve Plaintiff from such a deadline for the same reasons that amendment is permissible under Rule 15.

1  nonmovant bears the burden of demonstrating why leave to amend should not be granted. *DCD*

2  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The Supreme Court has outlined

3  five factors to consider in deciding whether leave to amend is warranted: (1) bad faith on the part

4  of the movant, (2) undue delay by the movant, (3) repeated amendments by the movant, (4) undue

5  prejudice to the nonmovant, and (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182.

6  "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a

7  *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052

8  (emphasis in original).

### B. Discussion

10  As a threshold matter, Defendant argues that decertification, not amendment, is the proper

11  course of action as the class has already been certified. Defendant cites cases in which a court

12  decertified a class when the class representative was no longer an adequate or typical

13  representative due to issues concerning their credibility. *See Kaplan v. Pomerantz*, 132 F.R.D. 504

14  (N.D. Ill. 1990); *Dubin v. Miller*, 132 F.R.D. 269 (D. Colo. 1990). In both of these cases, however,

15  plaintiff's counsel did not propose a substitute class representative. In contrast, Plaintiff cites to

16  numerous cases in which a district court has permitted substitution of the class representative

17  following certification. *See, e.g., Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2021

18  WL 1753786 (N.D. Cal. May 4, 2021) (finding good cause to allow amendment to complaint post-

19  certification to substitute class representative, when class representative had violated fiduciary

20  duty to the class); *Georgia Advoc. Off. v. Jackson*, No. 1:19-CV-1634-WMR-JFK, 2020 WL

21  1883879 (N.D. Ga. Jan. 7, 2020) (allowing substitution of class representatives post-certification

22  after claims of class representatives had become moot). "Substitution of a new named plaintiff to

23  address the inadequacy of a class representative, a routine feature of class actions, [] lies within the

24  district court's discretion." *In re Brewer*, 863 F.3d 861, 876 (D.C. Cir. 2017). Indeed, courts have

25  also expressed a preference for plaintiff's counsel to locate a new class representative once the

26  original class representative can no longer carry on their duties, rather than dismissing or

27  decertifying a class. *See Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1342

(11th Cir. 2003) (finding the district court abused its discretion in decertifying a class based on an inadequate class representative and remanding to provide plaintiff's counsel with an opportunity to locate a new class representative); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 572 (2d Cir. 1982) ("Although a district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met, it need not decertify whenever it later appears that the named plaintiffs were not class members or were otherwise inappropriate class representatives."). Thus, the Court may consider the merits of Plaintiff's motion for leave to amend.

Consideration of the five factors warrants granting Plaintiff leave to amend the complaint. Four factors weigh strongly in Plaintiff's favor. First, there is no showing of bad faith. Defendant alleges that Plaintiff is engaged in gamesmanship, arguing that class counsel decided they would prefer a class representative who has arthritis, rather than one like Fishon who does not. Plaintiff's counsel, however, have presented serious concerns about the credibility of their class representative. The allegation of gamesmanship is unpersuasive when considering Plaintiff's stated reason for bringing the motion, and the seriousness of the district court's findings in the *Peloton* case. Second, although it is possible Plaintiff could have alerted defense counsel and the Court to the credibility issues concerning Fishon sooner, the one month between the Southern District of New York's decision in *Peloton* and Plaintiff's motion in this case does not constitute undue delay. *See Hinojos v. Kohl's Corp.*, No. 2:10-CV-07590-ODW, 2013 WL 5835780, at *2 (C.D. Cal. Oct. 29, 2013) (explaining that class counsel was diligent in finding a new class representative within three months after learning of need to find a substitute). Third, as for repeated amendments, Plaintiff has only amended the complaint once before. Fourth, amendment is not futile. Defendant's argument concerning futility is that their proposed stipulation, in which they agreed not to question Fishon concerning any information or materials from the *Peloton* case, would address concerns about Fishon's adequacy. As class counsel note, however, they have an ongoing duty of adequate representation to the class, and they believe their concerns about Fishon's credibility cannot be cured via a stipulation. Indeed, the district court's findings in the *Peloton* case create concerns about Fishon's conduct not just in that particular case, but his

broader credibility as well.

The last factor and the most important factor is prejudice. *See Eminence*, 316 F.3d at 1052 ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."). Here, although Defendant will have to undertake some additional discovery, Defendant has not shown prejudice sufficient to deny Plaintiff's motion. Defendant argues that they would have to conduct significant discovery, because Montera suffers from arthritis and was drawn to the Joint Juice product to alleviate arthritis symptoms, while Fishon did not suffer from arthritis. Unlike in cases in which defense counsel "would have to start its discovery efforts from scratch," *Wilson, et al., v. Frito-Lay North America, Inc.*, No. 12-cv-01586-JST, 2017 WL 3478776, at *4 (N.D. Cal. August 14, 2017), the substitution in this case does not require such extensive efforts.

The backdrop of this case is key to this motion. This case is one of numerous cases averring similar state law claims about the same product. The original complaint averred that Joint Juice packaging "attracts purchasers who suffer from arthritis and joint pain[,]" Complaint, ¶ 35, and other class representatives testified in their depositions that they purchased Joint Juice in order to alleviate joint pain and arthritis symptoms. *See* Reply in Support of Motion, at pgs. 6-7 (citing deposition transcripts). Indeed, Fishon testified he purchased Joint Juice because of his joint stiffness. Deposition of Eric Fishon, at 46:18-47:4. Defendant will undoubtedly need to undertake some new discovery to prepare for trial with Montera as class representative, such as taking her deposition.[2] But in the context of this litigation, in which significant discovery has occurred over many years and in many cases, the discovery necessary to adapt Defendant's case to Montera as

---

[2] To the extent that Defendant maintains they require extensive medical records from Montera, such discovery is unnecessary in this case, as Plaintiff avers economic harm. *See Yamagata v. Reckitt Benckiser LLC*, No. 17-CV-03529-VC (RMI), 2018 WL 3155772, at *2 (N.D. Cal. June 28, 2018) (explaining in a glucosamine false advertising case that when the only injury plaintiffs allege is economic, production of plaintiff medical records is unnecessary); *see also Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2016 WL 1535057, at *3 (N.D. Cal. Apr. 15, 2016) (explaining that the claims in this case "do not rise or fall on whether individual consumers experienced health benefits, due to the placebo effect or otherwise. They rise or fall on whether [Premier's] representations were deceptive" (quoting *Mullins v. Direct Digit., LLC*, 795 F.3d 654, 673 (7th Cir. 2015)).

class representative is not sufficient to justify denying Plaintiff's motion. *See Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2020 WL 5517244, at *9 (N.D. Cal. Sept. 14, 2020) (finding that conducting two additional depositions for substituted class representatives would not be unduly prejudicial). In short, when considering the relevant factors, leave to amend is warranted, and Plaintiff's motion is granted.

## IV. APPOINTMENT OF CLASS REPRESENTATIVE

### A. Legal Standard

Plaintiff seeks appointment of Montera as class representative pursuant to Federal Rules of Civil Procedure 23(a)(3) and (4). Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."

Further, Rule 23(c)(1)(C) directs that an order granting class certification "may be altered or amended before final judgment." "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent development in the litigation." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "[T]he court can re-examine [the class representative's] ability to represent the interests of class members. Should it be found wanting, the court may seek a substitute representative[.]" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 415 n.8 (1980).

### B. Discussion

Defendant spends five sentences arguing that Montera does not meet the adequacy or typicality requirements of Rule 23. First, Defendant argues that Montera is not typical of the class because "[s]he claims to have purchased Joint Juice for the purpose of relieving her arthritis and arthritic symptoms, a theory of deception—and causation—that differs significantly from Fishon, who did not have, and has never had, arthritis." Opposition to Motion, at pg. 5. Plaintiff points out that every class representative in each of the related class actions has testified in a deposition that they purchased Joint Juice to alleviate arthritic symptoms, such as joint pain and stiffness, and some class representatives have been diagnosed with arthritis. *See* Reply in Support of Motion, at pgs. 6-7 (citing deposition transcripts). In Montera's declaration, she states that she purchased

Joint Juice during the class period, and that before purchasing the product she "saw the packaging and based on that packaging believed Joint Juice would improve [her] joint health, including by reducing [her] joint pain and stiffness." Declaration of Mary Beth Montera ("Montera Decl."), ¶ 3. She further states "she would not have purchased Joint Juice if [she] had known it does not provide the advertised joint health benefits." *Id.* Montera's claims are therefore "typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3).

Second, Defendant argues that the adequacy requirement of Rule 23(a)(4) is not satisfied, because "Ms. Montera's self-serving declaration attesting to her adequacy, without more, is insufficient for the Court to make this determination." Opposition to Motion, pgs. 5-6. A declaration from a proposed class representative may be sufficient to demonstrate adherence with the Rule 23 requirements, and other courts when substituting in a new plaintiff following class certification have assessed a proposed class representative's qualifications to lead the class based on declarations. *Siqueiros v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2021 WL 2115400, at *25-26 (N.D. Cal. May 25, 2021), *on reconsideration in part*, No. 16-CV-07244-EMC, 2021 WL 3291837 (N.D. Cal. Aug. 2, 2021); *Georgia Advoc. Off.*, 2020 WL 1883879 at *2. Defendants do not point to any cases in which a court concluded that courts are not permitted to make Rule 23(a)(3) and 23(a)(4) determinations based solely on declarations. In this instance, the declaration is sufficient to demonstrate that Montera "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). She states in her declaration her understanding of the responsibilities of serving as class representative and her willingness to participate in discovery and trial. Further, Montera does not have any conflicts between her and the class. In short, Montera meets the requirements of Rule 23(a) and is appointed as class representative.

## V. CONCLUSION

Plaintiff's motion for leave to amend the complaint is granted. Further, Mary Beth Montera is appointed as class representative.

**IT IS SO ORDERED**.

Dated: March 30, 2022

_____
RICHARD SEEBORG
Chief United States District Judge