BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:16-CV-06980 RS<br><br>**THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS**<br><br>**CLASS ACTION**<br><br>**Trial Date:  May 23, 2022**<br>**Time:       9:00 a.m.**<br>**Judge:      Honorable Richard Seeborg**<br>**Courtroom:  Courtroom 3, 17th Floor**<br><br>Complaint Filed:     December 5, 2016 |

## **INTRODUCTORY STATEMENT**

Pursuant to the Court's standing order for civil trial, the parties respectfully submit the following proposed jury instructions. The Parties jointly agree to use of all of the following instructions.

Both Parties reserve the right to amend or supplement these proposed jury instructions, which are based on the current record in this case and the Court's current rulings, and to propose additional instructions based on the facts and evidence ultimately admitted at trial.

In addition, Premier also notes that it has prepared these proposed instructions based on the Court's rulings on motions to dismiss, motion for judgment on the pleadings, motion for summary judgment, motion for class certification, and recent rulings on expert testimony. Premier does not wish to relitigate the issues implicated by those rulings via these proposed instructions, but does intend to preserve all legal positions asserted concerning the issues addressed in those decisions.

BLOOD HURST & O' REARDON, LLP

00191026

**I.     PRELMINARY INSTRUCTIONS**

**DUTY OF JURY**

**(COURT READS BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.3 (2017).

1

## CLAIMS AND DEFENSES

2          To help you follow the evidence, I will give you a brief summary of the positions of the

3  parties:

4          The plaintiff asserts that defendant violated New York General Business Law sections 349

5  and 350. The plaintiff has the burden of proving these claims.

6          Premier denies those claims, and contends that the evidence demonstrates that Joint Juice

7  does provide all of the advertised joint health benefits.  Further, Premier has asserted a defense on

8  the ground that Joint Juice's labels comply with the U.S. Food and Drug Administration's rules and

9  regulations.  Premier has the burden of proof on this defense.  Plaintiff denies Premier's defense.

10

11  Ninth Circuit Manual of Model Civil Jury Instructions § 1.5 (2017).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O' REARDON, LLP

3                    Case No. 3:16-cv-06980-RS

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

1

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2        When a party has the burden of proving any claim by a preponderance of the evidence, it

3    means you must be persuaded by the evidence that the claim is more probably true than not true.

4        You should base your decision on all of the evidence, regardless of which party presented it.

5

6    Ninth Circuit Manual of Model Civil Jury Instructions § 1.6 (2017).

7

8

9

10

11

BLOOD HURST & O' REARDON, LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

      (1)     The sworn testimony of any witness;

      (2)     The exhibits that are admitted into evidence;

      (3)     Any facts to which the lawyers have agreed; and

      (4)     Any facts that I [may instruct] [have instructed] you to accept as proved.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.9 (2017).

BLOOD HURST & O' REARDON, LLP

Case No. 3:16-cv-06980-RS

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

00191026

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they ==[may say] [have said]== said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you ==[are] [have been]== instructed to disregard, is not evidence and must not be considered. In addition, some evidence ==[may be] [was]== received only for a limited purpose; when I ==[instruct] [have instructed]== you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)   Anything you may ==[see or hear] [have seen or heard]== when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.10 (2017).

BLOOD HURST & O' REARDON, LLP

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O' REARDON, LLP

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.11 (2017)

00191026

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.12 (2017).

1

## RULING ON OBJECTIONS

2       There are rules of evidence that control what can be received into evidence. When a lawyer

3   asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not

4   permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question

5   may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered,

6   and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore

7   the question and must not guess what the answer might have been.

8       Sometimes I may order that evidence be stricken from the record and that you disregard or

9   ignore that evidence. That means when you are deciding the case, you must not consider the stricken

10   evidence for any purpose.

11

12   Ninth Circuit Manual of Model Civil Jury Instructions § 1.13 (2017).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O' REARDON, LLP

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) The opportunity and ability of the witness to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case, if any;

(5) The witness's bias or prejudice, if any;

(6) Whether other evidence contradicted the witness's testimony;

(7) The reasonableness of the witness's testimony in light of all the evidence; and

(8) Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.14 (2017)

BLOOD HURST & O' REARDON, LLP

00191026

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may

BLOOD HURST & O' REARDON, LLP

be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.14 (2017).

**PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.16 (2017)

1

**NO TRANSCRIPT AVAILABLE TO JURY**

2      I urge you to pay close attention to the trial testimony as it is given. During deliberations

3   you will not have a transcript of the trial testimony.

4

5   Ninth Circuit Manual of Model Civil Jury Instructions § 1.17 (2017)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.18 (2017)

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.20 (2017)

BLOOD HURST & O' REARDON, LLP

00191026

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine. After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.21 (2017)

Case No. 3:16-cv-06980-RS

BLOOD HURST & O' REARDON, LLP

00191026

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    INSTRUCTIONS IN THE COURSE OF TRIAL

### STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

Ninth Circuit Manual of Model Civil Jury Instructions § 2.2 (2017).

BLOOD HURST & O' REARDON, LLP

00191026

1

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [state fact]. You must accept this fact as true.

Ninth Circuit Manual of Model Civil Jury Instructions § 2.3 (2017)

BLOOD HURST & O' REARDON, LLP

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present in court to testify.

Ninth Circuit Manual of Model Civil Jury Instructions § 2.4 (2017).

00191026

1

## IMPEACHMENT EVIDENCE—WITNESS

2      The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior

3   occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to

4   believe the witness and how much weight to give to the testimony of the witness and for no other

5   purpose.

6

7   Ninth Circuit Manual of Model Civil Jury Instructions § 2.9 (2017)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O' REARDON, LLP

00191026

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

**USE OF INTERROGATORIES**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Ninth Circuit Manual of Model Civil Jury Instructions § 2.11 (2017)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O' REARDON, LLP

### USE OF REQUESTS FOR ADMISSION

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

Ninth Circuit Manual of Model Civil Jury Instructions § 2.12 (2017)

**EXPERT WITNESSES**

You [have heard] [are about to hear] testimony from expert witnesses who [testified] [will testify] to opinions and the reasons for his or her opinions. This opinion testimony is allowed, because of the education or experience of this witness. Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Manual of Model Civil Jury Instructions § 2.13 (2017); Fed. R. Evid. 702.

BLOOD HURST & O' REARDON, LLP

00191026

1

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Manual of Model Civil Jury Instructions § 2.14 (2017).

BLOOD HURST & O' REARDON, LLP

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Ninth Circuit Manual of Model Civil Jury Instructions § 2.15 (2017)

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Ninth Circuit Manual of Model Civil Jury Instructions § 2.16 (2017)

BLOOD HURST & O' REARDON, LLP

00191026

### III.    INSTRUCTIONS AT THE END OF THE CASE

#### Duty of Jury

#### (Court Reads and Provides Written Instructions at End of Case)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Ninth Circuit Manual of Model Civil Jury Instructions § 1.4 (2017)

BLOOD HURST & O' REARDON, LLP

00191026

28

Case No. 3:16-cv-06980-RS

1  **CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

2      All parties are equal before the law and a corporation or limited liability partnership like

3  Premier is entitled to the same fair and conscientious consideration by you as any party.

4

5  Ninth Circuit Manual of Model Civil Jury Instructions § 4.1 (2017)

BLOOD HURST & O' REARDON, LLP

00191026

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Ninth Circuit Manual of Model Civil Jury Instructions § 4.2 (2017)

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Manual of Model Civil Jury Instructions § 3.1 (2017).

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

BLOOD HURST & O' REARDON, LLP

00191026

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the

BLOOD HURST & O' REARDON, LLP

00191026

trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Manual of Model Civil Jury Instructions § 3.2 (2017)

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Manual of Model Civil Jury Instructions § 3.3 (2017).

**READBACK OR PLAYBACK**

**Comment**

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above. *See United States v. Newhoff*, 627 F.3d 1163, 1167 (9th Cir. 2010); *see also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 5.1.C (2013).

Ninth Circuit Manual of Model Civil Jury Instructions § 3.4 (2017)

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

BLOOD HURST & O' REARDON, LLP

00191026

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Manual of Model Civil Jury Instructions § 3.5 (2017).

THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

BLOOD HURST & O' REARDON, LLP

00191026

1

## POST-DISCHARGE INSTRUCTION

2   Now that the case has been concluded, some of you may have questions about the

3 confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any

4 person you choose. By the same token, however, I would advise you that you are under no obligation

5 whatsoever to discuss this case with any person.

6   If you do decide to discuss the case with anyone, I would suggest you treat it with a degree

7 of solemnity in that whatever you do decide to say, you would be willing to say in the presence of

8 the other jurors or under oath here in open court in the presence of all the parties.

9   Always bear in mind that if you do decide to discuss this case, the other jurors fully and

10 freely stated their opinions with the understanding they were being expressed in confidence. Please

11 respect the privacy of the views of the other jurors.

12   Finally, if you would prefer not to discuss the case with anyone, but are feeling undue

13 pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will

14 assist.

15

16 Ninth Circuit Manual of Model Civil Jury Instructions § 3.9 (2017).

17

18            Respectfully submitted,

19 Dated: May 5, 2022     BLOOD HURST & O'REARDON, LLP
             TIMOTHY G. BLOOD (149343)
20            THOMAS J. O'REARDON II (247952)
             PAULA R. BROWN (254142)

21

22         By:   *s/ Timothy G. Blood*
             TIMOTHY G. BLOOD
23

24         501 West Broadway, Suite 1490
          San Diego, CA 92101
25         Tel: 619/338-1100
          619/338-1101 (fax)
26         tblood@bholaw.com
          toreardon@bholaw.com
27         pbrown@bholaw.com

28         *Class Counsel*

BLOOD HURST & O' REARDON, LLP

00191026

BLOOD HURST & O' REARDON, LLP

1  IREDALE & YOO, APC
   EUGENE G. IREDALE (75292)
2  GRACE JUN (287973)
   105 W. F Street, Floor 4
3  San Diego, CA 92101
   Tel: 619/233-1525
4  619/233-3221 (fax)
   egiredale@iredalelaw.com
5  gjun@iredalelaw.com

6  LYNCH CARPENTER, LLP
   TODD D. CARPENTER (234464)
7  1350 Columbia Street, Suite 603
   San Diego, CA 92101
8  Tel: 619/762-1910
   619/756-6991 (fax)
9  todd@lcllp.com

10 *Additional Attorneys for Plaintiff*

11

12 Dated: May 5, 2022          MORRISON & FOERSTER, LLP
                              JESSICA L. GRANT (178138)
13

14                            By:          *s/ Jessica . Grant*
15                                   JESSICA L. GRANT

16                            425 Market Street
                             San Francisco, CA 94105-2482
17                            Tel: 415/268-7000
                             415/268-7522 (fax)
18                            jgrant@mofo.com

19                            VENABLE LLP
                             ANGEL A. GARGANTA (163957)
20                            STEVEN E. SWANEY (221437)
                             AMIT RANA (291912)
21                            ANTONIA STABILE (329559)
                             101 California Street, Suite 3800
22                            San Francisco, CA 94111
                             Tel: 415/653-3750
23                            415/653-3755 (fax)
                             agarganta@venable.com
24                            seswaney@venable.com
                             arana@venable.com
25                            astabile@venable.com

26                            *Additional Attorneys for Defendant*

27

28

                              38                    Case No. 3:16-cv-06980-RS

00191026          THE PARTIES' AGREED TO PROPOSED JURY INSTRUCTIONS

1

### ECF CERTIFICATION

2        The filing attorney attests that he has obtained concurrence regarding the filing of this

3   document from the signatories to this document.

4

5   Dated: May 5, 2022                              BLOOD HURST & O'REARDON, LLP

6                                                   By:        *s/ Timothy G Blood*

7                                                          TIMOTHY G. BLOOD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O' REARDON, LLP

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on May 5, 2022, I electronically filed the foregoing with the Clerk of

3   the Court using the CM/ECF system which will send notification of such filing to the e-mail

4   addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the

5   foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

6   indicated on the Electronic Mail Notice List.

7      I certify under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct.  Executed on May 5, 2022.

9

10                                                                 s/  *Timothy G. Blood*
                                                           TIMOTHY G. BLOOD

11                                                  BLOOD HURST & O'REARDON, LLP
                                                    501 West Broadway, Suite 1490
12                                                  San Diego, CA  92101
                                                    Tel: 619/338-1100
13                                                  619/338-1101 (fax)
                                                    tblood@bholaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O' REARDON, LLP

40                                    Case No. 3:16-cv-06980-RS