UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY BETH MONTERA,<br><br>  Plaintiff,<br><br>  v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>  Defendant. | Case No. 16-cv-06980-RS<br><br>**ORDER ON MOTION TO EXCLUDE TESTIMONY OF UNTIMELY DISCLOSED WITNESSES** |

## I. Introduction

In this false advertising class action averring violations of New York's General Business Law §§ 349 and 350, Defendant Premier Nutrition Corporation ("Premier") brings a motion to exclude the testimony of witnesses it says were not timely disclosed. The witnesses fall into four categories: class representatives in other lawsuits against Defendant, former spokespersons for Joint Juice, a previously unnamed member of the class, and various custodians of records. For the reasons described below, the motion is denied as to the custodians of records, and granted in all other respects.

## II. Factual Background

This case is one of numerous certified class actions pending before this Court alleging false advertising and other claims in Defendant Premier Nutrition's promotion of Joint Juice, a line of joint health dietary supplements. Each class action concerns a set of plaintiffs in a different state; this action concerns consumers in New York. In November 2021, the Court set this case for

trial on May 23, 2022, the first of these related cases to proceed to trial.

On April 22, 2022, Plaintiff served Federal Rule of Civil Procedure 26(a) disclosures on Defendant, and on April 25, 2022 provided her witness list for trial. The parties dispute whether they had agreements to make disclosures by other dates and whether Plaintiff was required to make disclosures in this case that she made in other related cases, but the crux of the issue is that Defendant believes many of the names on the list were not previously disclosed. Specifically, Defendant argues that the following witnesses were not timely disclosed: (1) the class representatives in other Joint Juice lawsuits (Kathleen Sonner, Beverly Avery, Mary Trudeau, Sandra Dent, Donna Lux, Annette Ravinsky, Edward White, and Patricia Bland); (2) former spokespersons Joe Montana and Dean Karnazes; (3) Jon Seiger, a member of the New York class; and (4) various custodians of records (Benjamin Grimes, Jason Theodosakis, Chuck Ray, and the custodians of record from Eleven Inc., Rain the Growth Agency, Known Global LLC, Curion LLC, and SurveyMonkey).[1] Premier also argues that some of these witnesses are irrelevant and unduly prejudicial under Federal Rules of Evidence 402 and 403.

### III. Legal Standard

Federal Rule of Civil Procedure 26(a)(1) requires that a party disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) requires that parties must supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect," but only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). "A party that does not timely identify a witness under Rule 26 may not use that witness to supply evidence at a trial 'unless the failure was substantially justified or is harmless.'" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014)

---

[1] Defendant also sought to exclude James Speed, but Plaintiff stated at the pretrial conference that she would forego calling Speed as a witness.

(quoting Fed. R. Civ. P. 37(c)(1)). When assessing whether failure to make a timely disclosure is harmless, courts must consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not disclosing the evidence." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (9th Cir. 2003)

Even if a witness is not excluded under Rules 26 and Rule 37, their testimony must still be relevant. *See* Fed. R. Evid. 402. Relevant evidence may also be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## IV. Discussion

### A. Class Representatives in Related Lawsuits

Premier seeks to exclude the class representatives in related lawsuits: Kathleen Sonner, Beverly Avery, Mary Trudeau, Sandra Dent, Donna Lux, Annette Ravinsky, Edward White, and Patricia Bland. Premier argues that Plaintiff both failed to make a timely disclosure under Federal Rule of Civil Procedure 26 and that these witnesses should be excluded under Federal Rules of Evidence 402 and 403. Plaintiff provides no authority for her assertion that Joint Juice purchasers who are not members of the class are relevant, but argues that their testimony is relevant to how a reasonable consumer would interpret Joint Juice advertising. Although the label and advertising for Joint Juice was uniform nationwide, this trial concerns purported violations of New York law experienced by New York consumers. Testimony from purchasers from various other states is not relevant, and the class representatives from other Joint Juice lawsuits are therefore excluded.

### B. Joe Montana and Dean Karnazes

Joe Montana and Dean Karnazes are celebrity spokespersons previously employed by Premier to appear in Joint Juice commercials. Premier argues that Plaintiff both failed to make a timely disclosure under Federal Rule of Civil Procedure 26 and Federal Rules of Evidence 402 and 403. Premier argues not just that Montana and Karnazes should be excluded, but the

advertisements they appeared in should be excluded as well. Plaintiff's arguments on relevance concern the advertisements that Montana and Karnazes participated in, rather than the testimony they will provide as witnesses.[2]

Plaintiff argues that Montana and Karnazes were "known to [Premier] during the discovery process[,]" Fed. R. Civ. P. 26(e)(1)(A), and are thus exempted from the supplemental disclosure requirement of Rule 26(e). Awareness of Montana and Karnazes, however, was only in the context of the advertisements they appeared in. Plaintiff has not presented any proof that mention of Montana and Karnazes in depositions or prior stages of this litigation suggested that either Montana or Karnazes would have any knowledge relevant to this litigation, other than the fact of their appearance in an advertisement and the statements they made in the advertisement. Further, the failure to disclose is not substantially justified or harmless, as Plaintiff could have made the disclosures much earlier, and it is less than three weeks before trial. *See Ollier*, 768 F.3d at 861-64 (excluding witnesses who were mentioned in depositions but not otherwise discussed in discovery or disclosed, when such witnesses were disclosed 15 months after the discovery cutoff and 10 months before trial). The motion is therefore granted as to Montana and Karnazes.

## C. Jon Sieger

Plaintiff does not appear to contest that her disclosure of Sieger was untimely, and argues the failure to disclose Sieger earlier is harmless because "Premier has sufficient time to take his deposition before trial, if necessary." Opposition, p.1. Premier has already had to undertake unexpected discovery in the months leading up to trial after the Court granted Plaintiff's motion to file an amended complaint so that a new named plaintiff, Mary Beth Montera, could lead the class following credibility concerns with the prior named plaintiff. Requiring Defendant to conduct a deposition of a person who has never been mentioned in prior discovery with less than two weeks until trial is not harmless, and therefore Sieger's testimony is excluded.

---

[2] The advertisements themselves are not irrelevant and unduly prejudicial, because they are relevant to discussion of Defendant's marketing strategies.

**D. Custodians of Records**

As for the records custodians, any failure to disclose is harmless. Plaintiff states that she only plans to call these custodians if Defendant objects to the admissibility of documents. The documents in question are documents which Defendant has been aware of over the course of this litigation. Plaintiff may call these witnesses, but cannot question them about any subject except those relevant to establish admissibility of documents. Should Defendant believe that questioning from Plaintiff goes beyond establishing admissibility of documents, Defendant may object at trial.

## V. Conclusion

Defendant's motion to exclude witnesses who were not timely disclosed is denied as to the custodians of records and granted in all other respects.

**IT IS SO ORDERED**.

Dated: May 9, 2022

_____
RICHARD SEEBORG
Chief United States District Judge