UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY BETH MONTERA,

    Plaintiff,

    v.

PREMIER NUTRITION CORPORATION,

    Defendant.

Case No. 16-cv-06980-RS

**ORDER ON MOTIONS IN LIMINE**

## I. Introduction

In this consumer class action alleging violations of New York false advertising law, Lead Plaintiff Mary Beth Montera and Defendant Premier Nutrition Corporation ("Premier") bring motions in limine in advance of the May 23, 2022 trial. The motions are granted and denied as described as below. This order is filed concurrently with the order addressing Premier's motion to exclude witnesses who were not timely disclosed.

## II. Plaintiff's Motions in Limine

**1. Motion to Exclude Evidence and Argument Regarding FDA Drug or Supplement Standards**

Premier has stipulated it will not introduce evidence pertaining to "(1) evidence or argument that Plaintiff or her experts are attempting to enforce an FDA standard for drugs on Joint Juice; (2) the regulatory standards that govern drugs; (3) FDA requirements to sell or market a drug; and (4) any comparison between federal standards for drugs versus federal standards for

dietary supplements." Opposition to Plaintiff's First Motion in Limine, p.1. This apparently leaves only the FDA standard of science for dietary supplements as a type of evidence contested by the motion. Premier argues that the standard is relevant because it "gives context to the circumstances and legal framework within which Premier developed its marketing and advertising for Joint Juice" and is necessary to mount a statutory safe harbor defense. *Id.*

In a claim under New York General Business Law ("GBL") §§ 349 and 350, a manufacturer may seek to mount a statutory safe harbor defense, requiring it to prove it "complie[d] with the rules and regulations of, and the statutes administered by, the federal trade commission or any official department, division, commission or agency of the United States." GBL §§ 349(d), 350-d. While not directly addressed in Plaintiff's motion, the question of the availability of the safe harbor defense in this case was thoroughly discussed during the pretrial conference. Contrary to Plaintiff's view, Defendant is entitled to present a safe harbor defense. Thus, evidence concerning the FDA standard of science for dietary supplements is relevant, and the motion is denied as to this topic.

**2. Motion to Exclude Evidence and Argument Regarding Attorney Retention and Attorney Advertising**

Plaintiff seeks to exclude "any evidence or argument regarding (1) the manner in which Plaintiff became involved in this litigation (e.g., responding to 'attorney advertising'); (2) this case being generated or sustained by attorneys (e.g., 'lawyer-driven'); or (3) any other evidence or argument of attorney involvement or motivation." Plaintiff's Second Motion in Limine, p. 1. Defendant has stipulated to not put on evidence or argument on the following topics: (1) that "[t]his case is 'lawyer-driven' litigation"; (2) "[a]ny evidence describing Plaintiff's counsel's litigation strategy"; (3) "[a]ny work product or privileged communications between Plaintiff and her counsel"; and (4) "[w]hether Plaintiff or her counsel is bearing the costs of this litigation." Opposition to Plaintiff's Second Motion in Limine, p. 1. Defendant argues that Plaintiff's request is overly broad and vague, and covers more than the topics Defendant has stipulated not to address at trial. Specifically, at the pretrial conference, Defendant expressed that it wished to question

Montera about how she became involved in this case and whether she had been dissatisfied with the Joint Juice product before learning of the case in an attorney advertisement, based on testimony from her recent deposition. Plaintiff stated that she did not oppose this limited line of inquiry about how she became involved in the case. The motion is therefore granted except as to this limited subject.

**3. Motion to Exclude Reference to *Sonner* Appeal**

Plaintiff seeks to exclude any argument or evidence regarding the *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) appeal and the related dismissal of *Mullins (Sonner) v. Premier Nutrition Corp.*, No. 13-cv-01271-RS. Premier has stipulated that if Kathleen Sonner, the plaintiff in the *Sonner* appeal, does not testify, then it will not introduce any information related to the appeal. As explained in the order on the motion to exclude witnesses who were not timely disclosed, Sonner is excluded from testifying. Reference to the *Sonner* appeal is therefore irrelevant and the motion is therefore granted.

**4. Motion to Exclude Anecdotal Evidence of Purported Consumer Satisfaction**

Plaintiff moves to exclude Dr. Stuart Silverman and Dr. Kevin Stone from testifying that their patients reported joint health benefits from glucosamine. Dr. Silverman's anecdotal opinions about consumer satisfaction with glucosamine were previously excluded. *See* Order on Motions to Exclude Expert Testimony and Motion to Decertify Class, p.16. The motion is denied as to Dr. Stone's experience hearing from patients regarding glucosamine and chondroitin use. That testimony is relevant to Dr. Stone's decision to create the Joint Juice product and his decisions while working at the company, and when offered for that purpose the testimony is not hearsay because it is offered for the effect on Dr. Stone, not the truth of the matter asserted. Should Plaintiff believe that Defendant is seeking testimony from Dr. Stone for a purpose beyond the one stated above, Plaintiff may re-raise this objection at trial.

**5. Motion to Exclude Evidence and Argument Regarding Regulatory Inaction**

Plaintiff moves to exclude evidence and argument concerning "lack of regulatory action, regulatory approval or endorsement relating to Joint Juice, its advertising and labeling, or its

ingredients." Plaintiff's Fifth Motion in Limine, p. 1. Defendant does not oppose Plaintiff's motion as to "remarks or arguments to the effect that the FDA or FTC has . . . approved or endorsed Joint Juice, its advertising, including its labelling, its uses, or its ingredients." Opposition to Plaintiff's Fifth Motion in Limine, p.1. As for Plaintiff's arguments concerning FDA and FTC inaction, Premier argues that such information is relevant to rebut Plaintiff's argument that "Premier intended to communicate an implied message of pain and/or arthritis relief." *Id.* at 3. Information concerning Defendant's intent in complying with regulations is therefore relevant, and thus this motion is denied as to evidence concerning regulatory inaction. The Court cautions, however, that argument implying that FDA or FTC inaction amounts to a finding by those agencies that Premier's labels were not misleading is improper, and will exclude any such argument.

**6. Motion to Exclude Evidence and Argument Regarding Attorney Fees, Enhanced Damages, and Interest**

Plaintiff seeks to exclude any evidence or argument concerning "treble damages, statutory damages (together "enhanced damages"), pre-judgment interest, post-judgment interest, or attorneys' fees." Plaintiff's Sixth Motion in Limine, p. 1. Defendant stipulates not to present evidence or make argument concerning attorneys' fees or judgment interest, but opposes the rest of Plaintiff's motion. At the pretrial conference, Plaintiff stated she will no longer pursue actual, treble, or punitive damages.

As a threshold matter, Plaintiff is required to prove actual damages at trial. The relevant statutes allow a plaintiff to recover the greater of actual damages or statutory damages. *See* N.Y. Gen. Bus. Law § 349(h) ("[A]ny person who has been injured by reason of any violation of this section may bring . . . an action to recover his actual damages or fifty dollars, whichever is greater[.]"; *id.* at § 350-e(3) (explaining that a person may bring "an action to recover his or her actual damages or five hundred dollars, whichever is greater"). In this case, it is clear that statutory damages will be higher. That fact, however, does not obviate the need for Plaintiff to prove up the amount of actual damages. A determination of the amount of actual damages is necessary to

ensure that the amount of statutory damages is indeed higher. An attorney representing absent class members may not simply pick and choose whether to pursue actual or statutory damages; indeed, in a case where statutory damages may not be higher than actual damages, such a choice could present adequacy of representation concerns.[1]

The determination of whether statutory damages or actual damages should be awarded, however, is a question for the Court and not the jury. Once the jury has made a finding as to the number of units sold and the amount of actual damages, it can be readily determined if the actual damages or statutory damages is higher, and such a question is a legal question. *Cf. Negrete v. Allianz Life Ins. Co. of N. Am.*, No. CV 05-6838 CAS MANX, 2013 WL 6535164, at *2 (C.D. Cal. Dec. 9, 2013) (excluding reference to treble damages and attorneys' fees when "the award of treble damages and attorneys' fee is a matter of law, and thus irrelevant to the jury questions of liability and damages" (internal quotation marks omitted)). Further, Defendant's argument that the Seventh Amendment requires a jury determination as to statutory damages is unpersuasive. *Feltner v. Columbia Pictures Television*, 523 U.S. 340 (1998) concerns section 504(c) of the Copyright Act of 1976, which "permits a copyright owner 'to recover, instead of actual damages and profits, an award of statutory damages . . ., in a sum of not less than $500 or more than $20,000 as the court considers just.'" *Id.* at 342 (quoting 17 U.S.C. § 504(c)(1)). Here, GBL §§

---

[1] A determination on actual damages may also be necessary to assess the constitutionality of an award of statutory damages. In the punitive damages context, the amount of actual damages is necessary to determine whether an award of punitive damages is unconstitutional. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In earlier briefing and in briefing on this motion, Defendant has pointed to cases which suggest a similar inquiry may be needed in cases in which the amount of statutory damages is immense in comparison to the actual damages. *See Parker v. Time Warner Ent. Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003) (noting that in a class action in which statutory damages are awarded as a matter of strict liability, "the due process clause might be invoked, not to prevent certification, but to nullify [a distortedly high award of statutory damages] and reduce the aggregate damage award" in a "sufficiently serious case"); *Moeller v. Taco Bell Corp.*, No. C 02-5849 MJJ, 2004 WL 5669683, at *3 (N.D. Cal. Dec. 7, 2004) (recognizing that "statutory damages may, in [a] severe case, raise due process concerns"). As noted in *Parker*, the proper time to consider due process implications of the award of statutory damages is at the time of the damage award. The Court takes no position at this time on the applicability of *Parker* to this case. A determination of actual damages, however, may be necessary to consider any possible application.

349 and 350 proscribe specific statutory damages amounts, with no room for variation, making the imposition of statutory damages a legal question once the jury has determined the number of units sold and the amount of actual damages.[2] The motion is therefore granted as to evidence and argument concerning statutory damages.

### III. Defendant's Motions in Limine

**1. Motion to Exclude Reference to Other Joint Juice Lawsuits**

Defendant filed a motion to exclude reference to the other lawsuits filed by Plaintiff's counsel pending before this Court and in Alameda County Superior Court. Evidence concerning the other lawsuits is irrelevant. As explained in the order on the motion to exclude witnesses who were not timely disclosed, testimony from named plaintiffs in the other lawsuits will be excluded. As for Plaintiff's concern that some documents, such as expert reports, contain the case name and number for other lawsuits pending before this Court, the Court will provide an instruction concerning the other lawsuits to alleviate any confusion. The motion is therefore granted.

**2. Motion to Exclude Reference to Post Holdings, Inc. at Trial**

Defendant, a subsidiary of Post Holdings, Inc. ("Post Holdings"), seeks to exclude reference to Post Holdings. Contrary to Defendant's argument, mention of Post Holdings is relevant as the Post name appears on documents that Plaintiff wishes to introduce at trial. Plaintiff may thus make reference to Post Holdings, but only as it relates to documents in which Post Holdings is referenced. Defendant's motion is therefore denied.[3]

---

[2] The specified amount of statutory damages contrasts with the treble damages provisions of GBL §§ 349(h) and 350-e. GBL § 349(h) allows for "treble" damages, stating that "[t]he court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section." N.Y. Gen. Bus. Law § 349(h); *see also* N.Y. Gen. Bus. Law § 350-e(3) ("The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages, up to ten thousand dollars, if the court finds that the defendant willfully or knowingly violated this section."). The requirement that there be a finding that a defendant "willfully or knowingly" violated this statute indicates that the imposition of treble damages is an issue for the jury. *See Koch v. Greenberg*, 14 F. Supp. 3d 247 (S.D.N.Y. 2014), *aff'd*, 626 F. App'x 335 (2d Cir. 2015) (noting that jury imposed treble damages of $1,000 per violation in a GBL § 349 case).

[3] As explained in the motion concerning financial condition of the parties, any reference to Post

**3. Motion to Preclude References to the Financial Condition of Any Party**

Premier moves to exclude any reference to the financial condition of any party. A jury may consider "the financial position of the defendant" when deciding whether to impose punitive damages, and in what amount. *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1991). At the pretrial conference, Plaintiff indicated she will no longer pursue punitive damages. The financial condition of any party is therefore irrelevant, and this motion is granted.

**4. Motion to Exclude Reference to Google AdWords**

Premier seeks to exclude any evidence related to its use of Google AdWords to market its product. Premier used Google AdWords to increase product visibility in web searches, seeking to display ads to people who searched terms such as "arthritis" and "pain." This evidence is relevant and highly probative to Plaintiff's arguments concerning Premier's marketing strategies. Additionally, the evidence is not substantially more prejudicial than probative, nor is it impermissibly cumulative of other evidence Plaintiff seeks to present related to marketing strategies. The motion is therefore denied.

**5. Motion to Exclude Reference to Minimal Clinically Important Difference**

Premier seeks to exclude reference by Timothy McAlindon, M.D., to the term "minimal clinically important difference" ("MCID") and terms its says are related, "clinical significance[,]" "clinically meaningful[,]" and "meaningful clinical improvement." Any concerns about how these terms are used by different scientists and physicians, or drawbacks of using these terms to assess studies, may be addressed on cross-examination, and are not grounds for exclusion of these topics. This motion is therefore denied.

**6. Motion to Preclude Mischaracterization of Premier's Internal Studies as Evidence of Consumer Perception at Trial**

Premier seeks to exclude evidence and testimony concerning the consumer preference

---

Holdings's financial condition is irrelevant because Plaintiff has decided not to pursue punitive damages.

studies it conducted. Contrary to Premier's arguments, the studies are relevant to the topic of Premier's marketing strategies, and not unduly prejudicial. The motion is therefore denied. Should Plaintiff refer to these studies as evidence of consumer perceptions of the Joint Juice label, however, Defendant may re-raise this objection at trial.

### 7. Motion to Preclude Medical Experts From Testifying as to Consumer Perceptions of Joint Juice Advertising

Defendant seeks to exclude all medical experts "from testifying as to how they believe consumers or their patients interpret Joint Juice's advertising." Defendant's Seventh Motion in Limine, p.3. Plaintiff states she has offered to stipulate to the following: "The parties stipulate that none of the physicians will testify at trial as to how he or she thinks consumers or their patients interpret Joint Juice's advertising or whether or not their patients think glucosamine or chondroitin works." Opposition to Defendant's Seventh Motion in Limine, p.1. Plaintiff's stipulation is appropriate, except with the modifier that the exclusion of testimony on "whether or not their patients think glucosamine or chondroitin works" applies only to expert witnesses. As explained above, Dr. Stone's proposed testimony about patient views on glucosamine or chondroitin is relevant to his explanation of why he created the Joint Juice company, and thus his testimony on this topic is not excluded as to that limited purpose.

## IV. Conclusion

The motions in limine are denied and granted as described above.

**IT IS SO ORDERED**.

Dated: May 9, 2022

RICHARD SEEBORG
Chief United States District Judge