UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY BETH MONTERA,

    Plaintiff,

v.

PREMIER NUTRITION CORPORATION,

    Defendant.

Case No. 16-cv-06980-RS

**ORDER ON ADDITIONAL MOTIONS IN LIMINE**

### I. Introduction

In this consumer class action alleging violations of New York false advertising law, Lead Plaintiff Mary Beth Montera and Defendant Premier Nutrition Corporation ("Premier") each bring an additional motion in limine in advance of the May 23, 2022 trial. Plaintiff's motion to exclude evidence and argument concerning Premier's affirmative defense is denied. Defendant's motion to exclude evidence and argument concerning alleged omissions on the Joint Juice label is granted concerning argument on an omissions-based theory of liability, but Plaintiff may nonetheless present evidence about what information or statements were not included on the Joint Juice label.

### II. Plaintiff's Motion in Limine

Plaintiff brings a motion to preclude evidence and argument regarding Premier's affirmative defense of compliance with FDA regulations and requests an offer of proof pursuant to Federal Rule of Evidence 104. The order addressing Plaintiff's earlier motion to exclude evidence and argument concerning FDA drug or supplement standards stated that "Defendant is entitled to

present a safe harbor defense." Order on Motions in Limine, p.2. It is a separate question, however whether Defendant will be able to put forth adequate evidence to require submission of this affirmative defense to the jury. Plaintiff argues that Defendant cannot satisfy the legal prerequisites to establish a safe harbor defense. In particular, Plaintiff argues that Defendant was not in compliance with federal regulations because it did not give notice of its structure/function statement on the label within 30 days, as required by statute. *See* 21 U.S.C. § 343(r)(6)(C) ("If the manufacturer of a dietary supplement proposes to make a [structure/function] statement described in the first sentence of this subparagraph in the labeling of the dietary supplement, the manufacturer shall notify the Secretary no later than 30 days after the first marketing of the dietary supplement with such statement that such a statement is being made."). Defendant does not contest that it did not provide notice within 30 days of the first marketing; instead, Defendant appears to argue—without citing any authority—that notification before the beginning of the class period in this case somehow suffices to satisfy the statute's requirement. Plaintiff's motion to preclude evidence of the defense is denied, but Plaintiff may renew her argument that there is insufficient evidence to support the affirmative defense at the close of evidence when decisions on final jury instructions are made.[1]

### III. Defendant's Motion in Limine

Defendant brings a motion in limine to exclude evidence and argument that Joint Juice's label is deceptive or misleading under New York law because of omissions from the label. Plaintiff has proposed jury instructions which would instruct the jury to consider both claims on the label and omissions. As Defendant notes, the joint health claims on the Joint Juice label have always been the core of this litigation. Plaintiff argues that evidence and instruction on omissions is appropriate because there is reference to omissions in her operative complaint, and that

---

[1] It is also noted that evidence concerning FDA standards for dietary supplements is relevant to the context in which Premier developed marketing and advertising for Joint Juice, and thus the type of evidence Plaintiff seeks to exclude would be admissible even if Defendant was not allowed to pursue a safe harbor defense.

omissions are intertwined with her theory of liability concerning affirmative misrepresentations. Instructing the jury on the omission theory, however, is inappropriate when this case has proceeded through litigation—including class certification—with a focus on the statements on the Joint Juice label. Plaintiffs may present evidence regarding omissions because the question of what was not on the Joint Juice label is intertwined with the question of what was on the label, but instructing the jury on an omissions theory of liability is inappropriate and risks confusing the jury as to the core question in this litigation: whether the statements on the Joint Juice label are deceptive and misleading.

## IV. Conclusion

The motions in limine are denied and granted as described above.

**IT IS SO ORDERED**.

Dated: May 19, 2022

_____
RICHARD SEEBORG
Chief United States District Judge