BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:16-CV-06980 RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 58(d)**<br><br>**<u>CLASS ACTION</u>**<br><br>Date:         July 14, 2022<br>Time:        1:30 p.m.<br>Judge:       Honorable Richard Seeborg<br>Courtroom: Courtroom 3, 17th Floor<br><br>Complaint Filed:  December 5, 2016<br>Trial Date:           May 23, 2022 |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on July 14, 2022, at 1:30 p.m. in Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, in accordance with Federal Rule of Civil Procedure 58(d), Plaintiff will and hereby does move this Court for entry of judgment in the amount of $8,312,450.00 in statutory damages under New York General Business Law (GBL) § 349(h), $83,124,500 in statutory damages under GBL § 350-e, $4,416,983.25 in prejudgment interest on Plaintiff's and the Class's GBL § 349 claims, $44,169,832.49 in prejudgment interest on Plaintiff's and the Class's GBL § 350 claims, and attorneys' fees and reimbursement of expenses in an amount to be determined by the Court.

This motion is based upon this notice of motion, the accompanying memorandum of law, the declaration of Timothy G. Blood, and such other evidence and argument as may be presented at or before the hearing on this motion.

Respectfully submitted,

Dated: June 9, 2022              BLOOD HURST & O'REARDON, LLP

                                 By:    *s/ Timothy G. Blood*
                                        TIMOTHY G. BLOOD

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...............................................................................................................1

II.   ARGUMENT .....................................................................................................................1

     A.    Statutory Damages ................................................................................................1

     B.    Prejudgment Interest .............................................................................................7

III.  CONCLUSION ..................................................................................................................8

Plaintiff Mary Beth Montera submits this memorandum in support of her Motion for Entry of Final Judgment Pursuant to Federal Rules of Civil Procedure 58(d).

## I. INTRODUCTION

On June 7, 2022, after two weeks of trial, the jury returned a verdict within two hours in favor of Plaintiff and the Class on their claims under New York General Business Law (GBL) sections 349 and 350. ECF No. 268. The jury found that Plaintiff established by a preponderance of the evidence each element of her claims, including that Joint Juice was valueless for its advertised purpose. *Id.* at 2–3. As part of its verdict, the jury also found that Defendant sold 166,249 units of Joint Juice in New York during the Class Period (between December 5, 2013 and December 28, 2021, inclusive of those dates), and Plaintiff and the Class suffered actual damages in the amount of $1,488,078.49, representing full refunds of the money they paid for Joint Juice. *Id.* at 4.

The Court previously held that once the jury determined an amount of actual damages and units sold, the Court would then determine whether statutory damages should be awarded and, if so, enter judgment in that amount. ECF No. 215 at 5. Accordingly, Plaintiff moves based on the jury's verdict for entry of judgment of statutory damages and prejudgment interest, which is mandatory under New York law, as described below and reflected in her [Proposed] Final Judgment.[1]

## II. ARGUMENT

### A. Statutory Damages

"The relevant statutes allow a plaintiff to recover the greater of actual damages or statutory damages." ECF No. 215 at 4. Having proven that statutory damages are higher than actual damages, Plaintiff requests that judgment be entered for statutory damages under GBL sections 349(h) and 350-e.

Regarding determination of statutory damages, the Court previously held: "The determination of whether statutory damages or actual damages should be awarded, however, is a

---

[1] Plaintiff's [Proposed] Final Judgment is modeled after the judgment entered by the court in *Perez v. Rash Curtis & Assoc.*, No. 4:16-cv-03396-YGR (N.D. Cal.) on September 9, 2019, which was a case involving calculation of statutory damages under the TCPA after a jury verdict. Blood Decl., Ex. 1.

question for the Court and not the jury. Once the jury has made a finding as to the number of units sold and the amount of actual damages, it can be readily determined if the actual damages or statutory damages is higher, and such a question is a legal question." ECF No. 215 at 5; *see also* ECF No. 180 at 19 ("To award statutory damages, there must still be evidence at trial of the amount of actual damages, so that a determination can be made based on the evidence that statutory damages are indeed higher.").

The jury found Plaintiff and the Class suffered actual damages in the amount of $1,488,078.49, which is less than statutory damages. *See also* Reporters Transcript of Proceedings, Vol. 6, May 31, 2022, Direct Examination of Colin Weir at 1090:15–24 (average retail price of products ranged from $4.78 to $16.78). Statutory damages under GBL section 349(d) are $50 per unit sold. Based on the jury's determination that Defendant sold 166,249 units of Joint Juice in New York during the relevant time period, statutory damages to the Plaintiff and the Class for Defendant's violation of Section 349 are $8,312,450.

Similarly, statutory damages under Section 350-e are $500 per unit of Joint Juice sold. Based on the jury's determination that Defendant sold 166,249 units of Joint Juice in New York during the relevant time period, statutory damages to the Plaintiff and the Class for Defendant's violation of Section 350 are $83,124,500. Accordingly, statutory damages for Defendant's violations of Sections 349 and 350 are more than actual damages and so, must be awarded.

In providing for statutory damages, the New York legislature was clear that consumers are entitled to recover the statutory amount under Sections 349 and 350 when their actual damages are less, or even significantly less. GBL section 349(h) unambiguously provides that "any person who has been injured" is entitled to "actual damages or $50, whichever is greater." GBL section 350-e similarly provides that "any person who has been injured" is entitled to "actual damages or $500, whichever is greater." Use of the phrase "whichever is greater" indicates that a plaintiff is entitled to "an award of actual monetary loss *or*, as a baseline" the statutory amount for each violation, "whichever is greater." *Perez v. Rash Curtis & Assocs.*, No. 4:16-cv-03396-YGR, 2020 U.S. Dist. LEXIS 68161, at *20–21 (N.D. Cal. Apr. 17, 2020) (rejecting argument that $267 million judgment

based on statutory damages of $500 per phone call was "unconstitutionally excessive") (emphasis in original).

The Ninth Circuit's decision in *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2013) is instructive. In *Bateman*, plaintiff appealed the district court's denial of class certification on the basis that a class action was not superior because the potential statutory damages under FACTA were disproportionate to the actual harm suffered. *Id.* at 711. In reversing, the Ninth Circuit held that Congress intended statutory damages under FACTA to be compensatory because under the statute plaintiffs are entitled to either actual damages or statutory damages.[2] *Id*. at 718. The court also found "Congress, in its legislative judgment, specified the range of damages that it considered sufficient to have a deterrent effect." *Id*. at 719. As a result, the *Bateman* court concluded that because Congress made clear what amount it believed fairly compensated consumers and deterred businesses, consideration of proportionality to actual harm was improper:

> [T]he plain text of the statute makes absolutely clear that, in Congress's judgment, the $100 and $1000 range *is* proportionate and appropriately compensates the consumer. That proportionality does not change as more plaintiffs seek relief; indeed, the size of [defendant]'s potential liability expands at exactly the same rate as the class size. In the absence of any showing that courts have the discretion to modify this remedial scheme, we agree with the Seventh Circuit that "it is not appropriate to use procedural devices to undermine laws of which a judge disapproves." *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

*Id.* at 719 (emphasis in original).

"Where a fundamental right is not implicated [by statute] … government action need only have a rational basis to be upheld against a substantive due process attack. If a statute is not arbitrary, but implements a means of achieving a legitimate governmental end, it satisfies due process." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1045 (9th Cir. 2012) (citation omitted). Where the legislature has a "valid and rationale reason" in enacting a statute including statutory damages,

---

[2]  The *Bateman* court also recognized that the availability of "punitive damages in addition to any actual or statutory damages [under FACTA] … suggests that the statutory damages provision has a compensatory, not punitive, purpose." 623 F.3d at 718. Similarly, here, punitive damages are permitted under GBL sections 349 and 350 in addition to statutory damages and so, statutory damages are compensatory. *Wilner v. Allstate Ins. Co.*, 893 N.Y.S.2d 208, 218 (App. Div. 2nd Dept. 2010).

due process is not violated. *Perez*, 2020 U.S. Dist. LEXIS 68161, at *27; *see also Wakefield v. Visalus, Inc.*, No. 3:15-cv-1857-SI, 2020 U.S. Dist. LEXIS 146959, at *8–12 (D. Or. Aug. 14, 2020) ("declin[ing] to conclude that [the $925 million] aggregate damages award should be reduced simply because [defendant] committed almost two million violations of the TCPA." "Here, the jury found that [defendant] committed a stratospheric number of TCPA violations. It is no surprise that the TCPA's constitutionally-valid minimum penalty of $500 for each violation has catapulted [defendant's] penalty into the mesosphere.").

The New York legislature was aware that statutory damages of $50 and $500 under Sections 349 and 350 may amount to 50 or 500 times the actual damages suffered by a consumer. In setting statutory damages as the mandatory replacement for actual damages when actual damages are less, the legislature intended to set a minimum damage amount to compensate consumers for injury caused by a business' deceptive conduct. In addition to promoting a legislative policy to discourage false advertising and the very type of corporate dishonesty revealed at this trial, statutory damages also compensate consumers the intangible harm caused by corporate wrongdoing – the embarrassment of being duped and the lack of trust and confidence in the marketplace false advertising fosters. As a result of this valid and rational reasoning, due process is not violated.

Even where statutory damages are punitive, "[a] statutorily prescribed penalty violates due process rights 'only where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.'" *U.S. v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S.R. Co. v. Williams*, 251 U.S. 63, 66–67 (1919)). But unlike with punitive damages, whether statutory damages are proportional to actual damages does not matter to this analysis: "Nor does giving the penalty to the aggrieved [party] require it to be confined or proportioned to his loss or damages; for, as it is imposed as a punishment for the violation of a public law, the Legislature may adjust its amount to the public wrong rather than the private injury, just as if it were going to the State." *Williams*, 251 U.S. at 66; *see also Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) (rejecting district court's conclusion that "statutory damages must still bear some relation to actual damages") (citation omitted); *Sony BMG Music Ent. v. Tenenbaum*, 719 F.3d 67, 70–71 (1st Cir. 2013) (applying

*Williams* to affirm jury award under Copyright Act and disregarding punitive damages factors because "the Supreme Court held in *Williams* that statutory damages are not to be measured but way"). The Supreme Court's decision in *Williams* makes clear that statutory damages are unlike punitive damages and should not be assessed by comparison to actual damages. 251 U.S. at 67; *see also Two Plus Two Publ'g, LLC v. Jacknames.com*, 572 Fed. Appx. 466, 467 (9th Cir. 2014) (recognizing that Supreme Court authority on punitive damages has not been applied to statutory damages).

District courts in this Circuit agree that even where statutory damages are more than actual damages and significant enough to deter misconduct, due process is not violated where the aggregate statutory award simply reflects the number of violations multiplied by the statutory amount intended by Congress or the legislature.

In *Wakefield*, a jury awarded the statutory minimum of $500 per telephone call made by defendant in violation of the TCPA for a total award of $925,220,000 to plaintiff and the class. 2020 U.S. Dist. LEXIS 146959, at *1–2. Defendant subsequently challenged the award as unconstitutionally excessive. *Id.* at *6. In rejecting this argument, the *Wakefield* court held:

> The damages award here reflects the large number of separate violations of the TCPA and that statute's minimum penalty of $500 per violation. The large aggregate number comes from simple arithmetic: the total damage award equals the number of violations multiplied by the minimum statutory penalty for each violation. The jury found that [defendant] violated the TCPA 1,850,440 times. The aggregate dollar amount is determined by taking the jury's findings and applying arithmetic.
>
> The Court declines to conclude that [defendant]'s aggregate damages award should be reduced simply because [defendant] committed almost two million violations of the TCPA. [Defendant]'s understanding of the limitations on damages imposed by due process implies that a constitutional penalty for a single violation becomes unconstitutional if the defendant commits the violation enough times. As discussed above, that proposition is at odds with the Supreme Court's decision in *Williams* and would effectively immunize illegal conduct if a defendant's bad acts cross a certain threshold.

*Id.* at *11–12.

Similarly, in *Perez*, 2020 U.S. Dist. LEXIS 68161, at *29, the Honorable Yvonne Gonzalez Rogers from this District declined to reduce a statutory damages award of $267 million, finding that Congress had a rational basis for enacting the TCPA and its statutory damages provisions and "the

harm occurred over a multi-year period totaling more than 500,000 telephone calls without express consent." *Id.* at *29. As a result, the *Perez* court applied *Williams* and concluded that "the amount here cannot be said to be either 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable,' or that such an award would violate the statute's goal of deterring the business practice at issue." *Id.* (citation omitted).

The Court previously noted *Parker v. Time Warner Ent. Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003) without determination of its applicability here. *See* ECF No. 215 at 5 n.1. In *Parker*, the Second Circuit expressed concern with cases unlike this one in which no or little actual harm is suffered but statutory damages were still permitted. Citing Supreme Court authority on punitive damages, the *Parker* court observed that "[s]uch a combination may expand the potential statutory damages so far beyond the actual damages suffered that the statutory damages come to resemble punitive damages – yet ones that are awarded as a matter of strict liability, rather than egregious conduct typically necessary to support a punitive damages award." *Parker*, 331 F.3d at 22.

Here, the jury rejected Premier's argument that Joint Juice had some value. The jury found that Joint Juice is valueless and that Plaintiff and the Class suffered actual damage in the amount of the full purchase price. Additionally, as discussed above, unlike with punitive damages, comparison of statutory damages to actual damages is not part of the analysis.

Likewise, the fact that, as a procedural matter, New York Civil Practice Law & Rules § 901(b) does not permit recovery of statutory damages in state class actions is irrelevant here. In *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399 (2010), the Supreme Court held that New York CPLR § 901(b), which has been applied to prohibit class actions for statutory damages under GBL sections 349 and 350, is a procedural and not substantive rule and so does not apply in federal court. Under *Shady Grove*, consumers in federal court are permitted to seek classwide statutory damages under Sections 349 and 350. *See, e.g., In re Scotts EZ Seed Litig.*, No. 12 CV 4727 (VB), 2017 U.S. Dist. LEXIS 125621, at *16 (S.D.N.Y. Aug. 7, 2017) (recognizing that "GBL sections 349 and 350 do not on their face prohibit statutory damages in class actions" and CPLR "[s]ection 901(b) is no longer valid in federal court after *Shady Grove*"). Since *Shady*

*Grove* twelve years ago, the New York legislature has not amended Sections 349 or 350 to expressly eliminate statutory damages in GBL §§ 349 or 350 class actions.

Similarly, the statutory damage amount should not be reduced. Reducing a mandatory statutory damages amount is arbitrary. As the court in *Perez* explained:

> [T]he unilateral slashing of an award does not only ignore the plain words of the statute, the task is devoid of objectivity. [Defendant]'s request that the award be reduced from $267 million to $534,698 begs the question: why is *that amount* fair or constitutional? Why is $1.5 million not more fair? Or $15 million? Or $150 million? At a certain point it becomes too big to collect. We still know not where that threshold is, nor is it the Court's province to speculate. However, "[s]omeone whose maximum penalty reaches the mesosphere only because the number of violations reaches the stratosphere can't complain about the consequences of its own extensive misconduct."

2020 U.S. Dist. LEXIS 68161, at *30–31 (quoting *U.S. v. Dish Network LLC*, 954 F.3d 970, 979–80 (7th Cir. 2020) (emphasis in original)).

Accordingly, the Court should enter the statutory damages amounts set by GBL sections 349(h) and 350-e.

### B. Prejudgment Interest

As prayed for in the Complaint, Plaintiff also requests that the Court enter the mandatory prejudgment interest under New York law.

"It is well settled that prejudgment interest is a substantive part of a plaintiff's claim, rather than a merely procedural mechanism." *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). "The purpose of awarding prejudgment interest is to compensate a plaintiff for the loss of use of the money from the date of injury until the date of judgment." *Id.* (internal citations omitted). In diversity actions where only state law claims are at issue, state law governs awards of prejudgment interest. *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988).

Under New York law mandatory prejudgment interest "shall be recovered upon a sum awarded … because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property…." NY CPLR § 5001(a). Interest, which is fixed at a statutory rate of 9%, is calculated "from the earliest ascertainable date the cause of action existed, except that

interest upon damages incurred thereafter shall be computed from the date incurred." NY CPLR §§ 5001(b) and 5004.

Plaintiff's expert calculated interest through the date of trial (May 23, 2022) and beginning from the purchase date, where available, and where sales data was aggregated over a longer time period, from the last day of the reported period. Blood Decl., Ex. B (Weir Report, ¶ 10). For example, for a retailer that reported sales monthly, Mr. Weir calculated interest beginning on the last day of the month in which the sales occurred, as if all sales were made on the last day. If the retailer reported sales for September, interest was calculated for all sales for the month of September beginning on September 30. This resulted in a conservative prejudgment interest calculation.

Accordingly, Plaintiff requests prejudgment interest in the amount of $4,416,983.25 for Plaintiff's and the Class's GBL § 349 claims and $44,169832.49 for the GBL § 350 claims. Ex. B (Weir Supplemental Report) at Table 3.

Plaintiff and the Class are also entitled to post-judgment interest as set forth in 28 U.S.C. § 1961 to accrue from the date of the entry of the judgment until the judgment is satisfied in full. *See Nat'l Fire Ins. Co. v. Shangri La Constr.*, No. CV 17-7664-R, 2018 U.S. Dist. LEXIS 238427, at *7 (C.D. Cal. June 7, 2018).

## III.   CONCLUSION

For the foregoing reasons Plaintiff requests entry of the concurrently submitted Proposed Final Judgment, which includes entry of judgment in the total amount of $140,023,765.74 based on the jury's verdict as follows:

1. The Court enter judgment against Premier in the amount of $8,312,450.00 in statutory damages under GBL § 349(h).

2. The Court enter judgment against Premier in the amount of $83,124,500 in statutory damages under GBL § 350-e.

3. The Court award prejudgment interest in the amount of $4,416,983.25 on Plaintiff's and the Class's GBL § 349 claims; and

///

///

4.     The Court award prejudgment interest in the amount of $44,169,832.49 on Plaintiff's and the Class's GBL § 350 claims.

Respectfully submitted,

Dated: June 9, 2022

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)

By:        s/ Timothy G. Blood
          TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

IREDALE & YOO, APC
EUGENE G. IREDALE (75292)
GRACE JUN (287973)
105 W. F Street, Floor 4
San Diego, CA 92101
Tel: 619/233-1525
619/233-3221 (fax)
egiredale@iredalelaw.com
gjun@iredalelaw.com

LYNCH CARPENTER, LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA  92101
Tel: 619/762-1910
619/756-6991 (fax)
todd@lcllp.com

*Additional Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

Executed on June 9, 2022.

s/ *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com