# Exhibit 1

MORRISON & FOERSTER LLP
Jessica L. Grant (SBN 178138)
JGrant@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

VENABLE LLP
Angel A. Garganta (SBN 163957)
agarganta@venable.com
Steven E. Swaney (SBN 221437)
seswaney@venable.com
Amit Rana (SBN 291912)
arana@venable.com
Antonia I. Stabile (SBN 329559)
aistabile@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.653.3750

Attorneys for Defendant
PREMIER NUTRITION COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>Defendant. | Case No.   3:16-cv-06980-RS<br><br>**PREMIER NUTRITION'S PROPOSED JUDGMENT**<br><br>Date:    July 15, 2022<br>Time:   10:00 a.m.<br>Ctrm:   3 – 17th Floor<br>            Hon. Richard Seeborg<br><br>Complaint Filed: December 5, 2016<br>Trial Date:         May 23, 2022 |

## [PROPOSED] FINAL JUDGMENT

Following trial and a jury verdict on June 7, 2022, the Court hereby enters final judgment in this action against Defendant Premier Nutrition Corporation (now known as Premier Nutrition Company, LLC), and in favor of the Plaintiff and the Class defined as "all persons who purchased Joint Juice in the State of New York from December 6, 2013 to December 28, 2021."

Pursuant to the jury's verdict, the Class's total actual damages are $1,488,078.49. Although the jury found that Premier violated both New York General Business Law ("GBL") § 349 and § 350, Plaintiff and the Class may not recover statutory damages under both statutes, as this would constitute an impermissible double recovery. *See Time Warner Cable v. Barnes*, 13 F. Supp. 2d 543, 549 (S.D.N.Y. 1998).

Moreover, awarding the class statutory damages of $500 per unit of Joint Juice sold under GBL § 350 would violate Premier's due process rights under *St. Louis I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919). These statutory damages, which would amount to $83,124,500 under GBL § 350-e alone (based on the jury's finding of 166,249 units of Joint Juice sold in New York during the class period), are "wholly disproportioned to the offense" and "obviously unreasonable." *See Williams*, 251 U.S. at 67. This amount of statutory damages is also inconsistent with the New York legislature's intent that statutory damages under the GBL are unavailable in class actions.

Accordingly, the Court shall reduce the aggregate amount of statutory damages as necessary to comply with due process. The Court finds that class members may recover $50 each (or their actual damages if they exceed $50) under GBL § 349(h), subject to a claims administration process to be determined after entry of judgment. This amount of statutory damages is appropriate and constitutional in this case, and is consistent with the New York legislature's intent and the language of the statute.

The Court finds that Plaintiff and the Class are not entitled to prejudgment interest under New York law for their statutory damages. However, Plaintiff and the Class are entitled to prejudgment interest at a rate of 9% on their actual damages beginning on the final day of the class period, December 28, 2021.

Judgment is hereby entered against Premier and in favor of Plaintiff and the Class in the amount of at least $1,488,078.49, plus prejudgment interest, with class members entitled to recover their actual damages or $50, whichever is greater, pursuant to GBL § 349(h).

Pursuant to 28 U.S.C. § 1961, from the date of entry of this Final Judgment and until this Final Judgment is satisfied in full, Plaintiff and the Class are also entitled to post-judgment interest at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of this Final Judgment.

Pursuant to Rule 23(h)(1) and 54(d) of the Federal Rules of Civil Procedure and Local Rule 54, any motion for attorneys' fees, expenses, costs, and incentive awards shall be filed no later than 14 days after entry of this Final Judgment. Class members may object to the motion pursuant to Rule 23(h)(2) of the Federal Rules of Civil Procedure.

Plaintiff shall file a motion for a proposed notice plan and claims administration plan within 28 days of the entry of Final Judgment.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Richard Seeborg
United States District Judge