IREDALE & YOO, APC
EUGENE G. IREDALE (75292)
GRACE JUN (287973)
105 W. F Street, Floor 4
San Diego, CA 92101
Tel: 619/233-1525
619/233-3221 (fax)
egiredale@iredalelaw.com
gjun@iredalelaw.com

*Plaintiff's Counsel*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated, | Case No. 3:16-CV-06980 RS |
| Plaintiff, | **DECLARATION OF EUGENE G. IREDALE IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS FOR CLASS REPRESENTATIVE** |
| v. | |
| PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC., | **CLASS ACTION** |
| Defendant. | |

Judge:        Honorable Richard Seeborg
Courtroom:   Courtroom 3, 17th Floor

Complaint Filed:   December 5, 2016
Trial Date:         May 23, 2022

00194176

DECLARATION OF EUGENE G. IREDALE ISO MOTION FOR ATTORNEYS' FEES, EXPENSES

I, EUGENE G. IREDALE, declare:

1.    I am a principal at the law firm Iredale & Yoo, APC, and an attorney duly licensed to practice before United States Supreme Court, the United States Courts of Appeals for the Ninth and Second Circuits, the United States District Courts for the Southern, Central, Eastern and Northern Districts of California and the courts of the State of California and Massachusetts. I am Plaintiff's counsel in the above-entitled matter. I have personal knowledge of the matters stated in this declaration except those stated on information and belief, and as to those, I believe them to be true. If called upon, I could and would competently testify to them.

2.    I submit this declaration in support of Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and a Service Award for the Class Representative.

3.    The following is a summary of my education, training, and experience:

    a.    I graduated *magna cum laude* from Columbia College in 1973.

    b.    I graduated *cum laude* from Harvard Law School in 1976.

    c.    I began work at Federal Defenders of San Diego, Inc. as a trial attorney in January 1977. I worked at Federal Defenders for six- and one-half years. From January 1982 to June 1983, I was the Chief Trial Attorney.  While at Federal Defenders, I edited the publication, "Defending a Criminal Case," which was distributed to federal defenders and CJA attorneys throughout the United States.

    d.    From July 1, 1983 to the present, I have been engaged in the private practice of law.  From 1983 until approximately 1996, I practiced almost exclusively in criminal defense, primarily in federal court. Beginning in approximately 1996, I began to do civil litigation as well, with an emphasis on civil rights and police misconduct litigation under 42 U.S.C. § 1983, the Federal Tort Claims Act, and *Bivens* actions.

    e.    I have tried more than 200 cases to verdict, both civil and criminal, state and federal, in California and throughout the United States. I have argued in the California Court of Appeal, the Ninth and Second Circuits and twice before the United States Supreme Court.

    f.    I am a fellow in the American College of Trial Lawyers, an invitation only fellowship of exceptional trial lawyers.

g.      I have an AV rating in Martindale-Hubbell.

h.      I have been recognized in Best Lawyers in America (Naifeh and Smith, 2020) in the fields of Criminal Defense, and Criminal Defense – White Collar, and as of August 2015, recognized in the field of Civil Rights Litigation.

i.      I have been listed in the publication, Best Lawyers in America, for over thirty years.

j.      I have lectured on topics relating to trial practice throughout the United States. This includes a recent lecture for DRI's 2020 Civil Rights and Governmental Tort Liability program.  For more than a decade I taught at the two-week summer trial practice program put on by the National Criminal Defense College, first in Houston and later in Macon, Georgia.

k.      I have lectured on trial practice for the National Association of Criminal Defense Lawyers (NACDL), the California Attorneys for Criminal Justice (CACJ), the Federal Bar Association, the San Diego County Bar Association, the Federal Public Defenders, the California Public Defender Association, and the National Police Accountability Project.

4.      I believe that the requested fees and costs are fair and reasonable under controlling law, particularly considering the results realized for the Class.

5.      In February 2022, my firm associated as trial counsel in this matter.  On March 8, 2022, Ms. Jun and I filed formal notices of appearance.  My firm prosecuted this litigation on a contingent basis with no guarantee of recovery. My firm, along with co-counsel, incurred 100% of the risk in pursuing the litigation. My firm advanced expenses with the understanding that we would be paid a fee and receive reimbursement for expenses only if successful.

6.      My associate, Grace Jun, and I have been involved in every aspect of the trial from trial preparation to post-trial proceedings. I oversaw each aspect of the trial and had responsibility for overall trial strategy and trial presentation.  Ms. Jun and I prepared extensively for trial.  This is a complex case.  Preparing for trial entailed familiarizing ourselves with the scientific literature and empirical research related to physiology and the efficacy (or lack thereof) of glucosamine and chondroitin; reviewing expert reports and depositions from approximately ten retained experts; reviewing and understanding the underlying data forming the basis of these experts' opinions;

00194176      DECLARATION OF EUGENE G. IREDALE ISO MOTION FOR ATTORNEYS' FEES, EXPENSES

becoming familiar with principles of brand development, marketing, and advertising; reviewing tens of thousands of pages of discovery provided by Premier related to the development of Joint Juice, and the marketing and advertising of Joint Juice; and reviewing the depositions of multiple witnesses, including corporate officials at Premier.

7.    My firm is composed of two partners, Ms. Yoo and me, one associate, Ms. Jun, one contract attorney, and one legal assistant.  Ms. Jun and I had less than three months to prepare for the trial in this matter.  Because of the breadth of discovery in this case, and the complexity of the scientific evidence, Ms. Jun and I devoted substantial time to prepare for trial.  For this reason, my firm passed on other employment opportunities, and turned down multiple cases, to devote the time and resources necessary to conduct trial in this matter.

8.    To the extent possible, Ms. Jun and I divided responsibilities according to our relative expertise and experience to minimize duplicate billing or overbilling.  For example, Ms. Jun was tasked with reviewing the tens of thousands of pages of corporate documents provided by Premier to create the trial exhibit list and reviewed the deposition transcripts of the witnesses to help prepare the examination of the witnesses at trial.  Ms. Jun organized the cross-examination of Premier's corporate officers, prepared impeachment material for use at trial, organized the use of exhibits during witness examinations, and helped prepare the content of the opening statement and closing argument.  I conducted juror *voir dire* in this matter.  I presented Plaintiffs' opening statement and closing argument.  I directed Plaintiffs' primary medical expert witness, Dr. McAlindon, and cross-examined Defendants' medical expert, Dr. Silverman.  I cross-examined the corporate officials at Premier Nutrition, including the current CEO of Bell-Ring Brands, Darcy Horn; the former director of marketing, Lance Palumbo; and the founder of Joint Juice, Dr. Kevin Stone.

9.    Since becoming a licensed attorney in 2012, my associate, Ms. Jun, has assisted me in many cases at trial.  As such, she has prepared cases for trial, examined witnesses during trial, prepared jury instructions and verdict forms, and litigated evidentiary issues.  Ms. Jun has also been responsible for litigating post-trial motions, interlocutory appeals, appeals after favorable verdicts and judgments, and petitions for *certiorari* made to the United States Supreme Court.  In this case, Ms. Jun was responsible for meeting repeatedly with Plaintiffs' expert witnesses to prepare them

for trial; preparing Mary Beth Montera, the lead plaintiff, to testify at trial; and conducting three witness examinations at trial.

10.    The following information regarding my firm's time and out-of-pocket expenses is taken from time and expense records prepared and maintained by the firm in the ordinary course of business. Ms. Jun and I prepared the time records.  The expense records are prepared from receipts, expense vouchers, check records and other documents, and are an accurate record of the expenses. I have reviewed and approved for payment all out-of-pocket expenses. I have reviewed the printouts and corresponding documentation where necessary. I reviewed this material to confirm the accuracy of the entries on these records as well as the reasonableness of the time and expenses committed to the litigation.

11.    The schedule below provides a summary of the hours Ms. Jun and I expended to conduct trial in this case.  I have listed the hourly billing rates, the number of hours expended, the resulting lodestar, and the bar passage year for Ms. Jun and me.

| Attorney | Hours | Rate | Lodestar | Bar Admission |
|---|---|---|---|---|
| Eugene Iredale | 354.2 | $1050 | $371,910 | 1978 |
| Grace Jun | 452.6 | $500 | $226,300 | 1995 |
| **TOTALS** | **806.8** | | **$598,210** | |

12.    Ms. Jun and I spent a total number of 806.8 hours on this litigation. Our total lodestar is $598,210.  This lodestar figure is based on our billing rates, which do not include charges for expense items.

13.    As detailed below, my firm has incurred a total of $24,795.44 in unreimbursed expenses in connection with the prosecution of this trial. The expenses incurred in this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

00194176    DECLARATION OF EUGENE G. IREDALE ISO MOTION FOR ATTORNEYS' FEES, EXPENSES

| Expense Category | Total |
|---|---|
| Photocopying / Printing | $100.53 |
| Transportation, Hotels & Meals | $23,851.06 |
| **TOTAL** | **$24,795.44** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 26, 2022, at San Diego, California.

By:          *s/  Eugene G. Iredale*
EUGENE G. IREDALE

5                                    Case No. 3:16-cv-06980-RS

DECLARATION OF EUGENE G. IREDALE ISO MOTION FOR ATTORNEYS' FEES, EXPENSES

00194176

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

Executed on August 26, 2022.

s/ *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

6                                      Case No. 3:16-cv-06980-RS

DECLARATION OF EUGENE G. IREDALE ISO MOTION FOR ATTORNEYS' FEES, EXPENSES

00194176