VENABLE LLP
Angel A. Garganta (SBN 163957)
Email: agarganta@venable.com
Steven E. Swaney (SBN 221437)
seswaney@venable.com
Amit Rana (SBN 291912)
Email: arana@venable.com
Antonia I. Stabile (329559)
Email: aistabile@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

MORRISON & FOERSTER LLP
Jessica L. Grant (178138)
Email: jgrant@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone:    415.268.7000
Facsimile:    415.268.7522

Attorneys for Defendant
PREMIER NUTRITION COMPANY, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>Defendant. | Case No. 3:16-cv-06980-RS<br><br>Hon. Richard Seeborg<br><br>**DECLARATION OF STEVEN E. SWANEY IN SUPPORT OF PREMIER NUTRITION COMPANY, LLC'S OPPOSITION TO PLAINITFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS FOR CLASS REPRESENTATIVE**<br><br>Complaint Filed:  December 5, 2016<br>Trial Date:        May 23, 2022 |

I, Steven E. Swaney, declare as follows:

1.    I am an attorney admitted to practice in the State of California and before this Court. I am a Partner at Venable LLP, counsel of record for Defendant Premier Nutrition Company, LLC ("Premier") in the above-entitled action. I have personal knowledge of the matters set forth in this declaration and if called as a witness, I could and would testify competently to them under oath.

2.    Attached as **Exhibit A** is a true and correct copy of my e-mail correspondence with Class Counsel dated September 1, 2022.

3.    It appears that Class Counsel seek to recover fees for at least five attorneys attending trial, two of whom (Mr. O'Reardon and Mr. Straub) sat in the gallery during trial and took no active role in presenting the case to the jury. Premier had no more than three attorneys billing their time throughout trial.

4.    I have reviewed the declarations of Class Counsel submitted with Plaintiff's Motion for Attorneys' Fees (Dkt. No. 296). As discussed in Premier's opposition, Class Counsel should not recover any expert fees for the following experts:

| Expense Category | Amount Sought |
| --- | --- |
| Dr. Graboff | $30,062.50 |
| Dr. Silbert | $37,655.00 |
| Dr. Willis | $26,500.00 |
| Mr. Keegan | $68,159.09 |
| Mr. Weir | $73,691.80 |
| **TOTAL** | **$236,068.39** |

5.    Moreover, the following expenses should be apportioned across the eleven related actions Class Counsel has against Premier:

- Service of Process: Plaintiff seeks $5,102.30 for the service of subpoenas on Joint Juice retailers, seeking sales data of all states at issue, and marketing companies. These costs should be reduced to $463.85.

-1-
DECLARATION OF STEVEN E. SWANEY
Case No. 3:16-cv-06980

- Depositions / Transcripts / Videographers: As discussed further in Premier's objections to Plaintiff's bill of costs, Class Counsel impermissibly seeks to recover costs related to depositions of Premier's employees which will be used and were taken in connection with all the related pending actions. Class Counsel also seeks to recover the full costs of expert depositions taken throughout the litigation for experts whose opinions and testimony will be applicable to all actions. While Class Counsel seeks most of those deposition expenses as taxable costs, Class Counsel asks that the Court award these costs pursuant to this motion "if the Clerk deems any portion of $93,475.27 as nontaxable depositions costs." Blood Decl. ¶ 67(e). Any costs awarded in connection with those depositions (whether as taxable or nontaxable) must be apportioned among the eleven related actions. A spreadsheet detailing the deposition costs and the apportioned amounts (based on both the taxable amount sought and the additional non-taxable amount sought) is attached in **Exhibit B**.

- Experts / Consultants: Class Counsel seek the full reimbursement for experts whose opinions and testimony are applicable to all actions. These fees should be apportioned among the eleven pending related actions as follows:

| Expert Witness | Fees Sought | Apportioned Fee |
|---|---|---|
| Timothy McAlindon | $121,256.94 | $11,023.36 |
| Farshid Guilak | $20,400.00 | $1,854.55 |
| Derek Rucker | $98,700.75 | $8,972.80 |
| J. Michael Dennis | $87,516.50 | $7,956.05 |
| **TOTAL** | **$327,874.20** | **$29,806.75** |

- Electronic Document Management: Class Counsel seeks to recover $113,276.62 in "monthly hosting, storage and management of documents produced in this litigation." This amount should be reduced to $10,297.87, if allowed at all.

- Online Research: Class Counsel seeks to recover $14,246.57 total in research expenses. Again, Class Counsel provides no description that would permit the Court to determine whether this research is specific to this action. Accordingly, this amount should be

-2-

reduced to $1,295.14, if allowed at all.

- Miscellaneous: Class Counsel seeks $1,077.98 in "miscellaneous" expenses, which includes obtaining scientific publications. These publications are applicable to all actions (and are even applicable to Class Counsel's other glucosamine-related lawsuits). These expenses should be reduced to $98.00, if allowed at all.

- Class Notice and Outreach: Class Counsel seeks $35,667.86 for "class notice and outreach." Presumably some of these expenses are possibly specific to this action, but without any supporting documentation provided, it is impossible to tell. For example, Class Counsel admits that $8,300 of this cost is related to advertisements on "Top Class Actions" and Facebook (where the class representatives in related actions were solicited). These advertising expenses should be reduced to $754.55, if allowed at all.

- Mediation Fees: The mediations for which Class Counsel seeks reimbursement of $24,300.00 applied to all related actions. Accordingly, these fees should be reduced to $2,209.09, if allowed at all.

- Travel Expenses (BHO): BHO seeks $120,523.24 in travel-related expenses. Premier presumes some of these expenses were incurred for the trial in this action, but without any receipts or documentation, it is impossible to ascertain whether any of this amount is reasonable. Moreover, Class Counsel admit that this amount includes travel expenses for "deposing or defending 45 witnesses," and "participat[ing] in two mediations," indicating that at least some of these expenses are related to all actions and must be apportioned (or disallowed altogether). If the Court is inclined to award any travel-related expenses for BHO, they should be reduced to $10,956.66.

- Travel Expenses (Carpenter): Todd Carpenter seeks $4,177.76 in travel-related expenses. Mr. Carpenter did not appear at trial in this action. Accordingly, these expenses must relate to *Mullins* and/or the related actions. If the Court is inclined to award any travel-related expenses for Mr. Carpenter, they should be reduced to $379.80.

- Reproduction/Duplication/Copies (Carpenter): Todd Carpenter also seeks reimbursement for "copies of exhibits and binders used in FRCP Rule 30(b)(6), Rule 30(b)(1)

DECLARATION OF STEVEN E. SWANEY
Case No. 3:16-cv-06980

depositions and preparation of a mediation binder file. These costs should be reduced to $242.03, if allowed at all.

6.    Charts detailing the costs and expenses to which Premier objects, and the apportioned amount of the costs detailed above, are also included in Exhibit B.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 16, 2022 at San Francisco, California.

_____
Steven E. Swaney

-4-