# Exhibit C

**IIIORRISON FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

September 1, 2022

Writer's Direct Contact
+1 (415) 268-7670
JGrant@mofo.com

Timothy G. Blood
Thomas J. O'Reardon
BLOOD HURST & O'REARDON LLP
501 West Broadway, Suite 1490
San Diego, CA 92101

Re: *Montera v. Premier Nutrition*: Plaintiff's Bill of Costs/Motion for Attorneys' Fees

Counsel:

We write to meet and confer regarding the costs and expenses requested in Plaintiff's Bill of Costs (ECF No. 295) and Motion for Attorneys' Fees (ECF No. 296).

Plaintiff seeks reimbursement for $1,005,705.60 in non-taxable expenses. While Mr. Blood has submitted a declaration vaguely describing some of these expenses, Plaintiff has produced no receipts or records whatsoever for many of these expenses, so Premier and the Court cannot adequately assess whether they are reasonable or actually were incurred in the *Montera* case. Mr. Blood states that expense records were "prepared and maintained by the firm in the ordinary course of business," and were "prepared from receipts, expense vouchers, check records and other documents," so Plaintiff should have no difficulty providing these records to Premier's counsel. Without records to support these expenses, Premier objects to the following expenses:

- $5,102.30 in Service of Process

- $4,489.54 in Postage / FedEx / Messenger

- $13,055.57 in Online Research

- $303.25 in Conference Calls

- $49,140.07 in VideoTrack Litigation & Trial Support

- $113,276.62 in Electronic Document Management

IIIORRISON FOERSTER

Timothy G. Blood
September 1, 2022
Page Two

- $120,523.24 in Transportation, Hotels & Meals for BHO. Not only did Plaintiff provide no records whatsoever of these expenses, but you appear to have included costs for traveling to all depositions, including depositions of witnesses completely unrelated to this case. *See* Blood Decl. ¶ 67(k).

- $23,851.06 in Transportation, Hotels & Meals for Iredale & Yoo, APC

- $35,667.86 in Class Notice and Outreach

- $1,420.58 in Miscellaneous

From the limited descriptions that were provided in Mr. Blood's declaration and the Bill of Costs, Premier further objects to several categories of costs and expenses that are improper in this action. These include:

- All costs and expenses related solely to the *Mullins* litigation, as Premier was the prevailing party in that action, and Plaintiff may not recover these costs here:

    o $127.80 sought to obtain transcripts from the January 27, 2016 hearing on class certification, summary judgment, and motions to exclude expert testimony.

    o $73,691.80 in fees for Colin Weir's work, as the description you provided includes his work related to the *Mullins* action. While some of the expert work in *Mullins* was reused in this action, Weir's opinions and report in *Mullins* related solely to his rebuttal of Dr. Choi. Mr. Weir did not rebut Dr. Choi's opinions in this case, and his opinions in *Mullins* are wholly unrelated to the only opinion Weir did offer in this case, which was the calculation of sales, damages, and interest. Accordingly, the $73,691.80 Plaintiff seeks for Weir's fees is unreasonable and improperly seeks fees unrelated to this litigation.

    o $3,193.92 in costs for Mr. Weir's 2017 deposition, for the same reasons discussed above.

- All costs and expenses related to experts who were not disclosed in this action, including:

    o $30,062.50 in fees for Dr. Graboff

IIIORRISON FOERSTER

Timothy G. Blood
September 1, 2022
Page Three

- o $973.63 in costs for Dr. Graboff's deposition

- o $37,655.00 in fees for Dr. Silbert

- o $1,124.60 in costs for Dr. Silbert's deposition

- o $26,500.00 in fees for Dr. Willis

- o $1,204.56 in costs for Dr. Willis's deposition

- o $68,159.09 in fees for Mr. Keegan

- o $1,253.17 in costs for Mr. Keegan's deposition

- • All costs and expenses related to the depositions of named plaintiffs other than Ms. Montera, including:

  - o $1,588.75 in costs for Ms. Avery's deposition

  - o $1,279.75 in costs for Ms. Dent's deposition

  - o $1,084.25 in costs for Ms. Lux's deposition

  - o $878.00 in costs for Ms. Trudeau's deposition

  - o $425.00 in costs for Ms. Ravinsky's deposition

  - o $425.00 in costs for Ms. Caiazzo's deposition

  - o $1,279.75 in costs for Ms. Spencer's deposition

  - o $1,297.55 in costs for Ms. Bland's deposition

  - o $1,393.00 in costs for Mr. White's deposition

  - o $1,384.66 in costs for Mr. Fishon's deposition, as Plaintiff subsequently petitioned the Court to remove Mr. Fishon as class representative.

***

**MORRISON FOERSTER**

Timothy G. Blood
September 1, 2022
Page Four


Please let us know if Plaintiff will agree to withdraw any of these costs and expenses, and/or if Plaintiff will provide records for the requested expenses regarding service of process, postage, research, transportation, hotels, electronic document management, trial support, and other non-taxable expenses. Otherwise, Premier intends to object to the above-described categories of costs and expenses by the Parties' agreed deadline of September 16.



Sincerely,



Jessica L. Grant