# Exhibit I

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-03529-VC |
| Plaintiffs, | **DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS FOR CLASS REPRESENTATIVES** |
| v. | |
| RECKITT BENCKISER LLC, | **CLASS ACTION** |
| Defendant. | |

Hrg Date: October 28, 2021
Time: 2:00 p.m.

District Judge Vince Chhabria
Courtroom 4, 17th Floor

Complaint Filed: June 19, 2017

**JURY TRIAL DEMANDED**

Case No. 3:17-cv-03529-VC

DECLARATION OF TIMOTHY G. BLOOD ISO MTN FOR ATTYS' FEES, EXPENSES AND SERVICE AWARDS

00182361

I, TIMOTHY G. BLOOD, declare:

1. I am the managing partner of the law firm Blood Hurst & O'Reardon, LLP, and an attorney duly licensed to practice before the courts of the State of California and this Court. I am court-appointed class counsel pursuant to Federal Rule of Civil Procedure 23(g) in the above-entitled matter and in *Carrigan v. Reckitt Benckiser LLC*, pending in the United States District Court for the Northern District of Illinois. This action and *Carrigan* are referred to as the litigation. I have personal knowledge of the matters stated in this declaration except those stated on information and belief, and as to those, I believe them to be true. If called upon, I could and would competently testify to them.

2. I submit this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for Class Representatives.

3. I previously submitted a declaration in support of Plaintiffs' motion for preliminary approval where I described the history of these lawsuits, which I incorporate by reference. *See* ECF No. 221-1 (the "Blood Preliminary Approval Decl.").

4. The Stipulation of Settlement (the "Settlement Agreement" or "SA") is attached as Exhibit A to the Blood Preliminary Approval Declaration. *See* ECF No. 221-2. Terms that are capitalized in this declaration are intended to refer to matters defined in the Settlement Agreement.

5. I believe that the requested fees and costs are fair and reasonable under controlling law, particularly considering the results realized for the Settlement Class. I also believe that the requested service awards are fair compensation for the services rendered by the Class Representatives. Attached as **Exhibit 1** is a compendium of declarations from each Class Representative in support of the application for service awards. *See also* ECF No. 221-2 at ¶ 55 (my prior declaration also described efforts and responsibilities undertaken by each of the Class Representatives).

6. My firm prosecuted this litigation on a contingent basis with no guarantee of recovery. My firm, along with co-counsel, incurred 100% of the risk in pursuing the litigation. My firm advanced expenses with the understanding that we would be paid a fee and receive

reimbursement for expenses only if successful. My firm also passed on other employment opportunities in order to devote the time and resources necessary to pursue this litigation.

7. My firm has been involved in every aspect of the litigation from inception through the present. I oversaw each aspect of the litigation and had primary responsibility for overall litigation strategy and ultimately negotiating the Settlement. I was personally involved in drafting every substantive pleading in these actions, including finalizing Plaintiffs' briefing concerning class certification and summary judgment, took the lead role at all oral arguments and during every settlement mediation, closely coordinated with Thomas O'Reardon and Craig Straub about discovery and expert strategy to efficiently delegate and allocate responsibilities, deposed one of Defendant's outside marketing experts who provided a Rule 26 report, worked with each of Plaintiffs' retained experts, and assisted with trial preparation where I was preparing to take a lead role.

8. My partner, Thomas O'Reardon also played a primary role in prosecuting this litigation and was responsible for day-to-day litigation of these actions, including pursuing discovery from Defendant and third parties, responding to and drafting motions, including at the summary judgment and class certification stages, and working with each of Plaintiffs' experts in preparing declarations and Rule 26 reports. Mr. O'Reardon took the lead role on eighteen (18) depositions of party and non-party witnesses and outside experts. Mr. O'Reardon took the depositions of Defendant's current and former employees and Rule 30(b)(6) designees who played various roles in the marketing, sales, scientific substantiation, and regulatory compliance of Move Free Advanced, third-parties who marketed and supplied one of the main ingredients of Move Free Advanced, third-parties involved in the design, implementation and publication of scientific studies relied on by Defendant, taking the depositions of Defendant's outside experts on matters of science and biostatistics, and defending the depositions of experts on matters of damages and science. Mr. O'Reardon also took the lead role on subpoenas to 18 third parties (with many receiving multiple subpoenas), and negotiating with each of their retained counsel to obtain relevant information. The information obtained from the third parties was utilized in connection with fact witness and expert depositions, expert reports, class certification, summary judgment, trial

BLOOD HURST & O' REARDON, LLP

preparation, and in ultimately obtaining Class Member contact information to enable the Settlement Administrator to send Class Notice directly to millions of Class Members. Mr. O'Reardon has substantial experience litigating consumer product false advertising cases, including over fifteen years working with scientific experts on matters of scientific efficacy of health benefit claims. As a result of this experience, which includes years of experience litigating deceptively labeled dietary supplement cases in general and glucosamine product cases in particular, Mr. O'Reardon was able to litigate this matter efficiently and effectively from the filing of the complaint, through discovery, class certification, summary judgment, expert retention and workup of their reports and the review of opposing expert work, trial preparation, and settlement negotiations.

9. My partner, Leslie Hurst, is an appellate attorney who has authored numerous trial and appellate briefs on relevant issues relating to scientific substantiation and efficacy, structure / function and implied disease claims, the scope of preemption under the Dietary Supplement Health and Education Act of 1994 ("DSHEA"), and rights to pursue equitable relief in federal courts. For instance, Ms. Hurst argued before the Ninth Circuit Court of Appeals in *Sonner v. Schwabe North America, Inc.*, No. 17-55261 (argued May 16, 2018; op. filed Dec. 26, 2018), *Sonner v. Premier Nutrition Corp.*, No. 18-15890 (argued Dec. 3, 2019; amended op. filed Aug. 20, 2020), *Kroessler v. CVS Health Corp.*, No. 19-55671 (argued July 8, 2020; op. filed Oct. 9, 2020), and *Seegert v. Rexall Sundown, Inc.*, No. 20-55486 (argued Sept. 3, 2021). Here, Ms. Hurst worked on briefing relating to Defendant's summary judgment, Defendant's motion for interlocutory appeal, the motion for class certification in *Carrigan*, preparing motions to strike expert evidence and motions in limine, and initial drafts of the stipulation of settlement.

10. Paula Brown is a partner at BHO. Ms. Brown has significant experience litigating false advertising cases relating to dietary supplements. Ms. Brown's experience also includes trying certified class actions. In this litigation, Ms. Brown stepped in on discrete tasks when there was a specific need for additional support on matters where she has particular expertise. For example, Ms. Brown (along with Ms. Hurst) prepared motions in limine as the rest of the team was working simultaneously on 14 expert depositions and settlement-related efforts, and worked on the summary judgment-related briefing, including as primary drafter of motions to exclude the testimony of

BLOOD HURST & O' REARDON, LLP

00182361

BLOOD HURST & O' REARDON, LLP

Defendant's experts Dr. Daniel Grande and Dr. Zb Pietrzkowski. Ms. Brown also took the deposition of Defendant's marketing experts, Dr. On Amir, concerning his Rule 26 report and in turn helped prepare Plaintiffs' marketing strategy expert for his deposition as well.

11. Jennifer MacPherson is Of Counsel at BHO where she has works as a full-time salaried attorney. Before joining BHO in 2012, Ms. MacPherson spent years litigating class actions, including at the law firm Milberg Weiss (now Robbins Geller Rudman & Dowd, LLP). Ms. MacPherson's work on this litigation included assisting with obtaining discovery from subpoenaed retailers of Move Free Advanced (a unique task she has experience with from other consumer product class actions), drafting briefing relating to evidence submitted at summary judgment, and assisting Ms. Hurst in opposing Defendant's motion for interlocutory appeal and preparing the class certification reply in *Carrigan*.

12. Craig Straub is an associate at BHO. Mr. Straub, along with Mr. O'Reardon, were the attorneys at BHO responsible for the day-to-day litigation of these cases. In these actions, Mr. Straub was tasked with reviewing the hundreds of thousands of pages of documents produced by Defendant and third parties. Mr. Straub had primary responsibility for organizing this large volume of data and identifying "hot" documents in connection with class certification, summary judgment, fact and expert depositions, expert review, focus groups, and trial preparation including organizing trial exhibits. Mr. Straub drafted numerous memoranda about these key documents and other factual and evidentiary issues he identified and met with the other attorneys on the team throughout the litigation to apprise them of these facts. Mr. Straub was also the primary attorney tasked with organizing and preparing potential exhibits for nearly every deposition conducted by my firm and co-counsel in this litigation. Mr. Straub assisted with propounding subpoenas and discovery requests, meeting and conferring to obtain relevant discovery from Defendant and third parties, speaking with dozens of Class Members including retaining most of the Class Representatives, working with Plaintiffs' retained experts on matters of science, sales and marketing, analyzing data for settlement purposes, attending mediation sessions, and following up with Class Members about the Settlement and claims submission. Since joining BHO in 2016, Mr. Straub has spent most of his time on class actions involving the health benefit advertising of

4            Case No. 3:17-cv-03529-VC

consumer products in general and glucosamine supplements in particular. Thus, while Mr. Straub had a significant load of responsibility in this litigation, I believe his knowledge, background and experience, and by closely working with my partner, Thomas O'Reardon to identify issues and avoid duplicative efforts, allowed him to accomplish these tasks efficiently and effectively.

13. The services rendered and work performed by my firm's attorneys and staff covered every aspect of this extensive, hard-fought litigation. My firm took the lead at every stage of the Action from propounding and pursing discovery, class certification, summary judgment, fact depositions, document review, third-party subpoenas, discovery motions, expert declarations and reports, trial preparation, settlement, and settlement administration. The motion practice in this litigation was substantial and related to, *inter alia*, motions to compel discovery responses, Plaintiffs' motions for class certification in both *Yamagata* and *Carrigan*, cross-motions to exclude expert testimony submitted by the parties in connection with class certification and summary judgment, Defendant's motion for interlocutory appeal and for stay, and Defendant's motion for summary judgment. Even as to the sealing of evidence and scheduling matters, these motions were heavily contested. This litigation also involved substantial discovery. Plaintiffs' counsel conducted significant pre-suit investigation and analysis of the scientific basis for Defendant's advertising claims; conducted and defended 30 depositions, including those of Defendant's corporate designees, current and former marketing, science and regulatory employees, scientific experts, and third-party scientists; reviewed over 303,000 pages of documents produced by Defendant; and subpoenaed documents and testimony from 18 third parties who produced thousands of pages of documents. Plaintiffs' counsel also responded to extensive discovery served on Plaintiffs, defended the depositions of Plaintiffs Yamagata, Pelardis, and Carrigan, and worked with more than seven of their own expert witnesses and additional consultants to prepare for class certification, summary judgment, and trial, including preparing and exchanging expert reports and conducting and defending expert depositions.

14. My firm also took the lead on the significant mediation efforts needed to reach this Settlement. Throughout the course of this litigation, before and after class certification and while engaging in substantial discovery and motion practice, there were numerous formal and informal

BLOOD HURST & O' REARDON, LLP

attempts to reach a settlement. These attempts included use of three separate mediators, seven formal mediation sessions, numerous informal settlement meetings between the Parties, and continued negotiations about every aspect of the Settlement and its exhibits even after a memorandum of understanding was reached. We also interviewed and solicited bids from numerous settlement administrators, vetted the Settlement Administrator, drafted preliminary approval briefing, assisted with claims administration and notice outreach efforts, have taken the lead on this motion for fees and expenses, and will have responsibility for final approval briefing, and litigating any appeals.

15. I am thoroughly familiar with the quality and quantity of work done in this case by all lawyers representing Plaintiffs and the Settlement Class. I have endeavored to ensure there was no unnecessary work or duplication of effort. The Settlement Agreement authorizes my firm as Class Counsel to allocate any fees and costs award among Plaintiffs' Counsel, and I believe we are well-suited to this task.

16. I believe the time expended by my firm in this litigation was reasonable and necessary considering the amount of work required to litigate this action for more than four years in this Court and in the related *Carrigan* class action we filed in the United States District Court for the Northern District of Illinois. My firm was lead counsel and played the leading role in briefing and arguing every motion, pursuing discovery, working with experts, preparing for trial, and negotiating the Settlement. There has been no unreasonable duplication of services for which my firm and my co-counsel now seek compensation. In the situations in which two or more attorneys participated in any matter, the participation was reasonable because of the complexity of the issues involved and the time constrains which existed. Tasks were delegated appropriately among senior attorneys, junior attorneys, and paralegals according to their complexity.

17. The following information regarding my firm's time and out-of-pocket expenses is taken from time and expense records prepared and maintained by the firm in the ordinary course of business. The time records were prepared daily or shortly thereafter by each attorney or paralegal working on the litigation. The expense records are prepared from receipts, expense vouchers, check records and other documents, and are an accurate record of the expenses. Throughout the litigation I reviewed and approved for payment all out-of-pocket expenses. I also reviewed the printouts and

BLOOD HURST & O' REARDON, LLP

00182361

also reviewed the backup documentation where necessary. The purpose of these reviews was to confirm the accuracy of the entries on the printouts as well as the reasonableness of the time and expenses committed to the litigation.

18. The schedule below provides a summary of the hours expended by timekeepers from my firm who performed work in this litigation. The schedule includes the name of each person who worked on the case, hourly billing rates, the number of hours expended, the resulting lodestar, and the bar passage year for each timekeeper. The backgrounds and qualifications of the BHO attorneys who worked on the matter are set forth in the Firm Resume, which was attached as Exhibit C to my previously filed declaration in support of preliminary approval. *See* ECF No. 221-4. In addition to BHO attorneys listed in the Firm Resume, BHO's senior paralegal, Dafne Maytorena, has extensive experience. Prior to joining BHO in 2018, Ms. Maytorena spent six years with the law firm Kessler Topaz Meltzer & Check LLP, focusing on class action litigation. Before that, Ms. Maytorena gained additional experience as a paralegal at several other law firms that also specialize in class action litigation: Robbins Arroyo, LLP, Faruqi & Faruqi, LLP, and Bernstein, Litowitz, Berger & Grossman, LLP. Ms. Maytorena earned her Paralegal Certificate from the University of San Diego in 2002, and her bachelor's degree from the University of California, San Diego in 2002. Joseph Tull obtained his bachelor's degree from Princeton University in 2015, and his Juris Doctor from the University of San Diego in 2021. Mr. Tull will join the class action firm Robbins Geller Rudman & Dowd LLP as an associate following the California Bar. Mr. Tull was a paid, full-time summer law clerk at BHO in 2020. As instructed and overseen by my partner, Thomas O'Reardon, Mr. Tull conducted relevant legal and factual research and prepared related memoranda that was used to prepare for expert depositions, draft legal claims sections of the multi-state complaint served on Defendant in the Summer of 2020, and follow up on discovery disputes.

19. The lodestar calculation is based on the firm's current billing rates, other than those no longer employed by the firm, in which event their billing rate at the time they stopped working at the firm is used. These rates have been determined to be reasonable by numerous other courts in class action litigations. A sample of courts that have approved BHO's standard billing rates and attorneys' fees as reasonable include:

BLOOD HURST & O' REARDON, LLP

Case No. 3:17-cv-03529-VC
00182361
DECLARATION OF TIMOTHY G. BLOOD ISO MTN FOR ATTYS' FEES, EXPENSES AND SERVICE AWARDS

- *Warner v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-2171 FMO (FFMx), 2017 U.S. Dist. LEXIS 77576, at *42-43 (C.D. Cal. May 21, 2017) (approving BHO rates as reasonable given "the prevailing rates in the community for lawyers of comparable skill, experience, and reputation");

- *In re Hydroxycut Mktg. & Sales Practices Litig.*, MDL No. 2087, 2014 U.S. Dist. LEXIS 162106, at *192 (S.D. Cal. Nov. 18, 2014) (approving hourly rates of Blood Hurst & O'Reardon, LLP as "typical rates for attorneys of comparable experience");

- *Hartless v. Clorox Company*, 273 F.R.D. 630, 644 (S.D. Cal. 2011) (overruling objections to hourly rates, stating that BHO's hourly rates "have been accepted in other class action cases and are comparable to rates approved by other district courts in class action litigation");

- *In re Skechers Toning Shoe Prods. Liab. Litig.*, MDL No. 2308, 2013 U.S. Dist. LEXIS 67441, at *51-52 (W.D. Ky. May 13, 2013) (approving BHO's hourly rates, stating that "a lodestar cross-check demonstrates the reasonableness of the fees award");

- *Dennis v. Kellogg Co.*, No. 09-cv-1786-L (WMC), 2013 U.S. Dist. LEXIS 163118, at *22-23 (S.D. Cal. Nov. 14, 2013) (approving BHO's hourly rates as "fall[ing] within typical rates for attorneys of comparable experience");

- *Johnson v. General Mills, Inc.*, No. SACV 10-00061-CJC(ANx), 2013, U.S. Dist. LEXIS 90338, at *19-21 (C.D. Cal. June 17, 2013) (approving hourly rates and time spent by BHO, stating "[t]he Court has considered class counsel's rates and finds they are reasonable because of the experience of the attorneys and prevailing market rates") (citing BHO firm resume);

- *Blessing v. Sirius XM Radio, Inc.*, No. 09 CV 10035 (HB), 2011 U.S. Dist. LEXIS 94723, at *17 (S.D.N.Y. Aug. 24, 2011) (approving fee award as "reasonable under both the lodestar and percentage method of calculation");

- *In re Adobe Systems Inc. Privacy Litig.*, No. 5:13-cv-05226-LHK, Doc. No. 107 (N.D. Cal. Aug. 13, 2015) (approving hourly rates and time spent by BHO, finding "counsel's hourly rates to be reasonable and in line with the prevailing rates in the community for complex litigation").

BLOOD HURST & O' REARDON, LLP

8     Case No. 3:17-cv-03529-VC

20. Further, based on my knowledge of the class action plaintiff's bar nationwide, the rates charged by my firm are in line with or lower than the rates charged by other firms that handle class actions of similar size and complexity. *See Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 U.S. Dist. LEXIS 213045, at *38 (N.D. Cal. Dec. 17, 2018) (approving rates from $650 to $1,250 for partners or senior counsel, $400 to $650 for associates); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 U.S. Dist. LEXIS 39115, at * (N.D. Cal. Mar. 17, 2017) ($275 to $1,600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals); *Schneider v Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 601 (N.D. Cal. Nov. 4, 2020) ($830 to $1,275 for partners and $425 to $695 for associates); *Carlotti v. Asus Comput. Int'l*, No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917, at *15 (N.D. Cal. June 22, 2020) ($950 and $1,025 for partners); *Dickey v. Advanced Micro Devices, Inc.*, No. 15-cv-04922-HSG, 2020 U.S. Dist. LEXIS 30440, at *22 (N.D. Cal. Feb. 21, 2020) ($615-$1,000 for partners and $275-$575 for associates); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-5923, 2015 U.S. Dist. LEXIS 67298, at *15 (N.D. Cal. May 21, 2015) ($475-$975 for partners, $300-$490 for associates, $150-$430 for paralegals, and $250-$340 for litigation support); *In re Animation Workers Antitrust Litig.*, No. 14-CV-4062-LHK, 2016 U.S. Dist. LEXIS 156720, at *20 (N.D. Cal. Nov. 11, 2016) (up to $1,200 for senior attorneys and $290 for paralegals); *In re High-Tech Emple. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 U.S. Dist. LEXIS 118052, at *33-34 (N.D. Cal. Sept. 2, 2015) ($490-$975 for partners, $310-$800 for non-partner attorneys, and $190-$430 for paralegals, law clerks, and litigation support staff); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 U.S. Dist. LEXIS 140137, at *122-23 (N.D. Cal. Aug. 17, 2018) ($400-$975 for partners, $185-$900 for non-partner attorneys, $95-$440 for paralegals, law clerks, and litigation support staff, and $270-$345 for summer law clerks). A copy of the 2015 National Law Journal Billing Rate Survey (the most recent year the survey was published), which is attached as **Exhibit 2**, reports the following hourly rates for California-based attorneys and staff: $200-$1,080 for partners; $300-$950 for associates; $175-$595 for Of Counsel attorneys; and $25-$325 for paralegals. **Exhibit 3**, which is a copy of the 2014 National Journal Billing Rate Survey—the last year individual law firm rates were published—reports rates for Latham & Watkins ($895-$1,100 for partners; $465-$725 for

BLOOD HURST & O' REARDON, LLP

9
Case No. 3:17-cv-03529-VC

DECLARATION OF TIMOTHY G. BLOOD ISO MTN FOR ATTYS' FEES, EXPENSES AND SERVICE AWARDS

associates); Manatt, Phelps & Phillips ($640-$795 for partners); and Perkins Coie ($330-$1,000 for partners; $215-$610 for associates). This latter survey demonstrates that BHO's hourly rates also compare favorably to reported rates charged by the law firms Defendant hired in this action. Each of the BHO attorneys who have worked on this litigation has practiced for the following number of years: Mr. Blood – 31 years; Ms. Hurst – 26 years; Mr. O'Reardon – 15 years; Ms. Brown – 14 years; Ms. MacPherson – 22 years; and Mr. Straub – 14 years. Based on the years and depth of experience of each of the attorneys and staff, the hourly rates of $215.00 to $960.00 are reasonable.

21. The total number of hours spent on this litigation by professional staff at my firm as of September 13, 2021, was 6,442.00 hours. The total lodestar for the professional staff is $4,196,685.00.

| Attorney/Paralegal | Hours | Rate | Lodestar | Bar Admission |
|---|---|---|---|---|
| Timothy G. Blood (Partner) | 610.00 | $960 | $585,600.00 | 1990 |
| Leslie E. Hurst (Partner) | 138.50 | $810 | $112,185.00 | 1995 |
| Thomas J. O'Reardon II (Partner) | 2,274.25 | $710 | $1,614,717.50 | 2006 |
| Paula R. Brown (Partner) | 122.50 | $660 | $80,850.00 | 2007 |
| Jennifer MacPherson (Of Counsel) | 43.00 | $585 | $25,155.00 | 1999 |
| Craig W. Straub (Associate) | 2,955.50 | $575 | $1,699,412.50 | 2007 |
| Joseph J. Tull (Law Clerk) | 100.00 | $215 | $21,500.00 | (2021 graduate pending admission) |
| Dafne Maytorena (Paralegal) | 194.75 | $280 | $54,530.00 | |
| **TOTALS** | **6,442.00** | | **$4,196,685.00** | |

22. The hours and lodestar incurred by my firm will increase because, as Class Counsel, my firm is responsible for any further briefing in this case, attending the final approval hearing, and the post hearing work, including claims administration. To date, my firm has received and personally

BLOOD HURST & O' REARDON, LLP

00182361

responded to calls and emails from over 350 Class Members about the Settlement. On an ongoing basis, my firm will continue to be in regular contact with Defendant's counsel and the Settlement Administrator regarding any Class Member inquiries, will continue to oversee the administration process, and will continue to regularly review and act on the reports provided by the Settlement Administrator.

23.     My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

24.     As detailed below, my firm has incurred a total of $612,744.39 in unreimbursed expenses in connection with the prosecution of this litigation from inception through August 31, 2021. The expenses incurred in this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

25.     The out-of-pocket litigation expenses incurred by BHO are reasonable in amount and were necessary for the effective and efficient prosecution of the litigation. In addition, I believe the expenses are of a type that normally would be charged to a fee-paying client in the private legal marketplace and have been charged by my firm to fee-paying clients. They are also the categories of expenses that have been awarded to my firm and other plaintiff's counsel in other class action settlements, including in the following cases: *Warner v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-2171 FMO (FFMx) (C.D. Cal. 2017); *Murr v. Capital One Bank (USA), N.A.*, No. 1:13-cv-01091-LMB-TCB (E.D. Va. 2015); *In re: Hydroxycut Mktg. and Sales Prac. Litig.*, MDL No. 2086 (S.D. Cal. 2014); *Serochi v. Bosa*, No. 2009-00096686 (S.D. Super. Ct. 2014); *Hartless v. Clorox Co.*, No. 06-cv-02705 (S.D. Cal. 2011); *Johnson v. Gen. Mills, Inc.*, No. 10-cv-00061 (C.D. Cal. 2013); *Grabowski v. Skechers U.S.A., Inc.*, No. 12-cv-00204 (W.D. Ky. 2013); *Schwartz v. Reebok Int'l Ltd.*, No. 10-cv-12018 (D. Mass. 2012); *Nelson v. Mead Johnson & Co., LLC*, No. 09-cv-61625 (S.D. Fla. 2012); and *Gemelas v. The Dannon Co., Inc.*, No. 08-cv-00236 (N.D. Ohio 2011).

26.     As of September 10, 2021, my firm's out-of-pocket litigation expenses are $612,744.39:

11                                                    Case No. 3:17-cv-03529-VC

| Expense Category | Total |
|---|---|
| Photocopying / Printing | $8,932.35 |
| Service of Process | $5,097.40 |
| Experts / Consultants | $300,713.44 |
| Depositions / Transcripts / Videographers | $103,722.07 |
| Mediation Fees | $20,750.00 |
| Electronic Document Management | $42,942.51 |
| Postage / FedEx / Messenger | $1,746.89 |
| Online Research (LexisNexis, PACER, TransUnion) | $8,862.26 |
| Conference Calls | $271.02 |
| Transportation, Hotels & Meals | $14,233.31 |
| Miscellaneous | $4,239.85 |
| Class Notice and Outreach | $101,233.29 |
| **TOTAL** | **$612,744.39** |

27.     The following is additional information regarding these expenses:

(a)     Photocopying/Printing: The requested copy costs were incurred in connection with providing the Court with hard copies of filings and additional in-house copies, printing case law when necessary, analyzing certain documents produced in discovery, and printing copies of documents for use in the many depositions throughout this case. For example, 403 exhibits were introduced during the 25 depositions taken by Plaintiffs, and class certification involved 136 exhibits. In order to help minimize copy expenses, we agreed with counsel for Defendant to serve documents by electronic mail only and used electronic copies of exhibits at some depositions. Each time our copy machine is used, our billing system requires that a case code be entered. For each page copied or printed, my firm charges 35 cents. This is the rate charged to all clients, including non-contingency clients. The rate is determined by calculating the approximate cost to my firm per page, without any mark-up. The calculation includes the monthly copy machine rental, the price-per-page charged by our vendor and paper and toner costs, which are not included in the price-per-page cost. The average is approximate because it varies each month depending upon the number of photocopies made for a particular month, but 35 cents is an accurate approximate average over time. The per-page amount is higher than an outside copy service because we print relatively few copies

BLOOD HURST & O' REARDON, LLP

00182361

as part of an effort to use less paper. While the per-page amount may be higher, the overall cost is lower than if we printed more copies at a rate that would lower the per-page cost.

(b) <u>Postage / FedEx / Messenger</u>: These costs relate to messenger and overnight delivery services, including providing courtesy copies of filings as required by the courts in this action, mailing potential deposition exhibits to witnesses and opposing counsel for certain remotely-conducted depositions, and sending documents for expert witnesses and Plaintiffs to review.

(c) <u>Service of Process</u>: These costs relate to service of process of Plaintiffs' subpoenas for documents and/or testimony on the major retailers of Move Free Advanced (Walmart, Walgreens, Costco, Target, BJ's Wholesale Club, Rite Aid, CVS, and Amazon.com), the company that supplied Defendant with one of the main ingredients at issue (VDF Futureceuticals), authors of some of the scientific studies at issue in this litigation (Tania Reyes-Izquierdo, Michael Phelan, and Robert Keller), and two of Defendant's former employees who would not authorize Defendant's counsel to accept service on their behalf (Luke Bucci and Jason Bortz). Service costs were minimized because certain of these retailers agreed to accept email service of subsequent subpoenas in this action.

(d) <u>Depositions / Transcripts / Videographers</u>: These costs include court reporter and/or videographer fees in connection with twenty-six (26) videotaped depositions taken in this litigation. The Parties saved significantly on deposition costs by taking twenty-one (21) of these depositions remotely.

(e) <u>Experts / Consultants</u>: This cost includes fees charged by experts and consultants Plaintiffs retained and relied on in this litigation:

(i) <u>Timothy McAlindon, MD, MPH</u>: Plaintiffs retained Dr. McAlindon to provide analysis of scientific issues, including the use of Move Free Advanced and its various ingredients to support joint health and treat arthritis and its symptoms, and to provide trial testimony in this litigation. Dr. McAlindon is a physician rheumatologist at Tufts Medical Center, where he holds the positions of Chief of the Division of Rheumatology and Natalie V. Zucker and Milton O. Zucker Chair in Rheumatology. He charges $500/hour for his expert services. Dr. McAlindon's medical, clinical and academic experience is in the fields of arthritis and rheumatic disease,

00182361

BLOOD HURST & O' REARDON, LLP

including studying potential interventions for arthritis and its symptoms. Dr. McAlindon also worked directly on a number of the scientific studies and medical professional guidelines at issue in this litigation. Dr. McAlindon provided Rule 26 reports and his work product and expert declarations were used in connection with fact witness and expert depositions, in support of Plaintiffs' motions for class certification and in opposition to Defendant's motion for summary judgment.

(ii) <u>Farshid Guilak, Ph.D.</u>: Plaintiffs retained Dr. Guilak to provide analysis of scientific issues, design and conduct studies on Move Free Advanced, and to provide trial testimony in this litigation. Dr. Guilak is a Professor in the Department of Orthopaedic Surgery at Washington University and Director of Research for the Shriners Hospitals for Children – St. Louis Shriners. I am also the co-director of the Washington University Center of Regenerative Medicine and have appointments in the Departments of Developmental Biology and Biomedical Engineering. He charges $500/hour for his expert services. Dr. Guilak's scientific and academic experience is in the fields of osteoarthritis, tissue engineering, and biomechanics, including studying the etiology and pathogenesis of osteoarthritis, as a basis for the development of new therapies. Dr. Guilak designed and conducted in vitro studies on the Move Free Advanced products as part of his work in this litigation, he provided Rule 26 reports, and his work product and expert declarations were used in connection with fact witness and expert depositions, in support of Plaintiffs' motions for class certification, in opposition to Defendant's motion for summary judgment, and in connection with motions to strike expert testimony.

(iii) <u>Derek D. Rucker, Ph.D.</u>: Plaintiffs retained Dr. Rucker to provide analysis of marketing and advertising issues and trial testimony in this litigation. Dr. Rucker is the Sandy & Morton Goldman Professor of Entrepreneurial Studies in Marketing, Northwestern University and a Professor of Marketing at the Kellogg School of Management, Northwestern University. He charges $900/hour for his expert services. Dr. Rucker is a highly published researcher, has been a reviewer for more than 25 journals, served as an Associate Editor for the *Journal of Consumer Research* and the *Journal of Consumer Psychology*, and is currently the co-editor for *Consumer Psychology Review*. Dr. Rucker received his Ph.D. in psychology from The Ohio State University and his academic research interests include the study of advertising,

14        Case No. 3:17-cv-03529-VC

DECLARATION OF TIMOTHY G. BLOOD ISO MTN FOR ATTYS' FEES, EXPENSES AND SERVICE AWARDS

persuasion, and consumer behavior. Dr. Rucker provided Rule 26 reports in this matter and also assisted with trial preparation and deposition strategy.

(iv) David Madigan, Ph.D.: Plaintiffs retained Dr. Madigan to provide analysis of scientific issues, perform forensic analysis of scientific study data, and to provide trial testimony in this litigation. Dr. Madigan is Provost and Senior Vice-President for Academic Affairs at Northeastern University. From 2007 to 2020 he was Professor of Statistics at Columbia University in New York City. He was also chair of the Columbia Department of Statistics from 2008 to 2013 and Executive Vice-President of Arts of Sciences and Dean of the Faculty of Arts and Sciences from 2013 to 2018. He charges $800/hour for his expert services. Dr. Madigan, who was Editor of the highest impact journal in statistics and was one of the most cited mathematicians in the world for a decade, has published more than 180 technical papers in the fields of Bayesian statistics, biostatistics, pharmacovigilance, statistical graphics, Monte Carlo methods, computer-assisted learning, information retrieval, and text mining. Dr. Madigan has considerable statistical experience with clinical studies including the design and analysis of pain studies, and more generally as a statistical consultant to multiple internal and external clients. Dr. Madigan provided a Rule 26 report, assisted with expert deposition strategy, and his work product and expert declarations were used in support of class certification in *Carrigan*, and in opposition to Defendant's motion for summary judgment in this Action.

(v) Colin B. Weir: Mr. Weir holds a Masters of Business Administration, with honors, from the High Technology program at Northeastern University. He has qualified as an economic damage expert witness on many occasions in various state and federal courts. He has consulted on a variety of consumer and wholesale products cases, calculating damages relating to food products, household appliances, herbal remedies, health/beauty care products, electronics, furniture, and computers. We are charged $725/hour for Mr. Weir's services in this action. Mr. Weir provided expert analysis and an expert report relating to economic damages, and assisted with rebutting and deposing Defendant's damages expert.

(vi) Heather L. Rosing: Ms. Rosing is currently the Chairperson of the Professional Liability Department and the Ethics and Risk Management Department at Klinedinst

Case No. 3:17-cv-03529-VC

BLOOD HURST & O' REARDON, LLP

00182361

PC. Ms. Rosing is certified as a specialist in Legal Malpractice Law by the State Bar of California Board of Legal Specialization. She has represented lawyers, law firms, and other professionals in hundreds of cases and matters in State Court, Federal Court, State Bar Court, and arbitration proceedings, including fee disputes. She has also represented judges and commissioners in matters before the Commission on Judicial Performance and advised judicial officers on matters pertaining to judicial ethics. In addition, she regularly provides ethics and risk management advice and guidance to a number of lawyers and law firms, and serves as an expert witness on issues pertaining to the Rules of Professional Conduct, attorney conduct, standard of care, attorneys fees, and otherwise, as it pertains to lawyers. We are charged $500/hour for Ms. Rosing's services in this action. Ms. Rosing provided expert analysis and an expert rebuttal report in successfully countering alleged improper communications with scientific journals and associated scientists relating to studies published about one of the major ingredients in Move Free Advanced.

(vii)     J. Michael Dennis, Ph.D.: We engaged Dr. Dennis to conduct a consumer survey concerning the advertising message conveyed by Move Free Advanced. We were charged $450/hour for his services. Dr. Dennis has designed and conducted hundreds of statistical surveys using the internet mode of data collection for over 19 years. Since joining in 2014, Dr. Dennis has been a Senior Vice President leading the online panel survey research business for National Opinion Research Center ("NORC") – affiliated with the University of Chicago. Dr. Dennis' survey and expert analysis, including his expert reports were critical to one of the major issues in the case and to rebutting Defendant's multiple marketing and survey experts.

(f)     Electronic Document Management: This is for amounts paid to e-discovery specialists, Epiq (f/k/a DTI Global) and Ankura Consulting, for monthly hosting, storage and management of documents produced in the Action in response to discovery requests. Defendant and various third parties produced over 303,000 pages of discovery, including emails. Thus, it was necessary for my firm and co-counsel to be able to search, review, code, and organize these documents on secure, Internet-based electronic databases. The Relativity and Casepoint platforms hosted by Epiq and Ankura are standard ESI tools used in complex litigation involving large data productions. The online platforms also allowed us to efficiently coordinate document review and

BLOOD HURST & O' REARDON, LLP

00182361

coding with co-counsel and access the documents in connection with motions, depositions, experts, and trial preparation.

(g)     Online Research: $6,112.34 was paid to LexisNexis for legal research, $2,180.60 was paid to the Administrative Office of the United States Courts for PACER research of federal court filings, and $405 was paid to TransUnion for background research on deponents and witnesses. LexisNexis is used to obtain access to legal research, factual databases, and for cite-checking of briefs. The expense amount detailed herein represents the out-of-pocket costs incurred by my firm in connection with use of these services in connection with this litigation. My firm has a flat-rate contract with LexisNexis for use of its services. When my firm utilizes LexisNexis services, a billing code is entered for the specific case being researched. At the end of each billing period in which a service is used, BHO's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period. As a result of the flat fee we negotiated with LexisNexis, we do not charge the "market rate" for *a la carte* use of online legal research services, which some law firms charge their clients. We also do not otherwise mark-up LexisNexis bills, as some firms do.

(h)     Conference Calls: Conference call charges were incurred to make or host conference calls in this litigation. The conference call charges are allocated to each case by punching in a case code after accessing the conference call number. The case code is mandatory to host a conference call. At the end of each billing period, the conference call charges for each case are entered into our billing system.

(i)     Transportation, Hotels and Meals: These travel costs were in connection with hearings, mediations, and depositions in this litigation. Attorneys at BHO took the lead role in each hearing before this Court, had first-chair responsibility for deposing 20 witnesses, and assisted in each deposition. My partner, Thomas O'Reardon, traveled to take several of these depositions in-person: two different times in Roseland, NJ, and one that was held in Salt Lake City, UT. Mr. O'Reardon and I also traveled to take the lead role in status conferences and oral argument with this Court, for a discovery hearing with Mag. Judge Robert Illman, and to participate in a mediation before Mag. Judge Jacqueline Corley. Mr. O'Reardon and I also traveled to Chicago for a mediation

17     Case No. 3:17-cv-03529-VC

before Hon. Wayne R. Anderson (ret.). When practicable and reasonable, my firm minimized travel costs by taking depositions of out-of-town deponents via videoconference. Mediation sessions during the pandemic were conducted via videoconference.

(j)       Miscellaneous: This includes charges incurred to obtain thirty Move Free Advanced-related scientific publications from peer-reviewed journals and their publishers (e.g., Elsevier, Inc.). These publications were used throughout the litigation, including in connection with expert discovery. This also includes costs for product exemplars used in connection with factual research, depositions, and trial preparation. Two of the subpoenaed parties also charged us for their time and expenses for pulling responsive materials, including retail sales data reports and gathering Class Member contact information used for purposes of sending out Class Notice.

(k)       Class Notice and Outreach: On June 15, 2019, the Court granted class certification and ordered notice of pendency to be sent pursuant to Fed. R. Civ. P. 23(c)(2)(B). Plaintiffs retained JND Legal Administration, an experienced class notice and claims administrator, to implement and disseminate the class notice and opt-out requests. *See* ECF No. 165. Pursuant to the Court's Order, the Court-approved notice of pendency was disseminated via print and online publication methods and included a class notice website that remained operational until the Settlement was reached. JND charged $86,233.29 for these services. In addition, we publicized the pendency of this litigation on Top Class Actions website three times during the litigation, which also permitted us to collect relevant information and testimony from Move Free Advanced consumers. For the three separate month-long campaign services, we were charged $15,000. In response to our efforts we received feedback from over 3,000 Class Members. This provided valuable information in connection with prosecuting the litigation, assisted in developing themes for discovery, supplied a large number of witnesses to testify at trial, and representatives for various states.

(l)       Mediation Fees: These costs were paid by my firm relating to the May 2018 mediation with Hon. Wayne R. Anderson (Ret.) (JAMS) and 2020 mediations with Robert A. Meyer, Esq. (JAMS).

28. Collectively, Plaintiffs' Counsel seek reimbursement of $660,287.31 in out-of-pocket expenses from this litigation. As stated in their respective declarations, the firms have each expended the following amounts:

| Firm | Expenses Requested |
|---|---|
| Blood Hurst & O'Reardon, LLP | $612,744.39 |
| Carlson Lynch, LLP | $27,774.25 |
| Altair Law | $17,881.60 |
| Barnow & Associates, P.C. | $1,887.07 |
| **TOTAL** | **$660,287.31** |

29. Based on the information provided in the concurrently filed declarations of Plaintiffs' Counsel, the total number of hours spent on this litigation by Plaintiffs' Counsel is 8,278.65, for a total lodestar of $5,497,241.75.

| Firm | Hours | Lodestar |
|---|---|---|
| Blood Hurst & O'Reardon, LLP | 6,442.00 | $4,196,685.00 |
| Carlson Lynch, LLP | 1,605.40 | $1,112,088.00 |
| Altair Law | 143.25 | $128,208.75 |
| Barnow & Associates, P.C. | 88.00 | $60,260.00 |
| **TOTAL** | **8,278.65** | **$5,497,241.75** |

30. As of September 13, 2021, I am aware of two potential objections, and I am informed by the Settlement Administrator there are 71 opt-outs. *See* ECF Nos. 228, 229. The deadline to object or opt out is October 14, 2021. Class Counsel will substantively address in detail any objections and requests for exclusion on October 21, 2021, in connection with the reply to this motion and the forthcoming motion for final approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 14, 2021, at San Diego, California.

By: *s/ Timothy G. Blood*
TMOTHY G. BLOOD

BLOOD HURST & O' REARDON, LLP

00182361

# Exhibit 1

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>**DECLARATION OF GORDON NOBORU YAMAGATA IN SUPPORT OF APPLICATION FOR A SERVICE AWARD**<br><br>**CLASS ACTION**<br><br>Hrg Date: October 28, 2021<br>Time: 2:00 p.m.<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>Complaint Filed: June 19, 2017 |

Case No. 3:17-cv-03529-VC

DECLARATION OF GORDON YAMAGATA IN SUPPORT OF SERVICE AWARD APPLICATION

I, Gordon Noboru Yamagata, declare as follows:

1. I am a named plaintiff in the case called *Yamagata v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Cal.). I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $7,500 service award. I have personal knowledge of the facts stated below and, if called upon to testify, would be competent to do so.

2. On March 22, 2017, I purchased Move Free Advanced at a Target store located on 1555 4th Avenue, Emeryville, CA 94608. I purchased the product because I believed based on the Move Free Advanced labeling that it would relieve my back pain and occasional shoulder pain and increase my mobility. I stopped using Move Free Advanced because it did not do anything for me.

3. I later learned that Move Free Advanced also did not work for others and contacted Class Counsel to share my experience and offer my assistance with a potential lawsuit. As a result, I have been actively involved in this case from the beginning. Before the case was filed, I assisted in the case investigation by providing details of and the reason for my purchase of Move Free Advanced. I supplied my attorneys with purchase information and explained my health issues to them so they could more fully understand my reason for purchasing and using Move Free Advanced. From the very beginning, I was aware of my obligations as a class representative, including the need to respond to requests, to participate in depositions and other matters throughout the case, and to testify at trial. I understood and agreed that I was not promised any compensation other than sharing in any recovery along with other class members. I agreed to file this lawsuit and act as a class representative because I believe I was misled about Move Free Advanced and wanted to stand up for others like me.

4. I have worked hard to fulfill my obligations and believe I have acted in the best interests of the other class members. I have responded to all of the many inquiries my attorneys have made for further information, reviewed the complaint before it was filed to ensure the facts related to my purchase were accurate, reviewed and responded to two sets of written questions sent by Defendant, sat for deposition, and have spoken and emailed with my attorneys on many occasions to stay up to date on the status of the case.

BLOOD HURST & O' REARDON, LLP

1                                                         Case No. 3:17-cv-03529-VC

DECLARATION OF GORDON YAMAGATA IN SUPPORT OF SERVICE AWARD APPLICATION

5.      On October 4, 2018, I had my deposition taken in San Francisco. I met in person with my attorneys to review documents and prepare for the deposition. To attend the deposition, I traveled from my home in Emeryville, California to the office in San Francisco where my deposition was taken. The deposition lasted several hours. After my deposition, I reviewed the deposition transcript for accuracy and followed up with my attorneys about questions I had about specific portions of the transcript.

6.      I discussed settlement proposals with my attorneys and have reviewed the Settlement Agreement. My attorneys provided me with a copy of the Settlement Agreement and explained it to me. I fully approve and endorse the Settlement. I have submitted a claim to receive a cash award under the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 9, 2021, at Emeryville, California.

By: _____

GORDON YAMAGATA

2                                          Case No. 3:17-cv-03529-VC

DECLARATION OF GORDON YAMAGATA IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>**DECLARATION OF STAMATIS F. PELARDIS IN SUPPORT OF APPLICATION FOR A SERVICE AWARD**<br><br>**CLASS ACTION**<br><br>Hrg Date: October 28, 2021<br>Time: 2:00 p.m.<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>Complaint Filed: June 19, 2017 |

Case No. 3:17-cv-03529-VC

DECLARATION OF STAMATIS F. PELARDIS IN SUPPORT OF SERVICE AWARD APPLICATION

I, Stamatis F. Pelardis, declare as follows:

1.      I am a named plaintiff in the case called *Yamagata v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Cal.). I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $7,500 service award. I have personal knowledge of the facts stated below and, if called upon to testify, would be competent to do so.

2.      In March 2017, I purchased a bottle of Move Free Advanced Plus MSM at the Walgreens/Duane Reade located on 931 1st Avenue, New York, New York 10022. I purchased the product because I believed based on the Move Free Advanced labeling that it would relieve my shoulder pain and improve my joint mobility. I used the product for about a month and stopped taking it because it did not work.

3.      I later learned that Move Free Advanced also did not work for others and contacted Class Counsel to share my experience and offer my assistance with a potential lawsuit. As a result, I have been actively involved in this case from the beginning. Before the case was filed, I assisted in the case investigation by providing details of and the reasons for my purchase of Move Free Advanced. I supplied my attorneys with purchase information and explained my health issues to them so they could more fully understand my reason for purchasing and using Move Free Advanced. From the very beginning, I was aware of my obligations as a class representative, including the need to respond to requests, to participate in depositions and other matters throughout the case, and to testify at trial. I understood and agreed that I was not promised any compensation other than sharing in any recovery along with other class members. I agreed to become a class representative because I believe I was misled about Move Free Advanced and wanted to stand up for others like me.

4.      I have worked hard to fulfill my obligations and believe I have acted in the best interests of the other class members. I have responded to all of the many inquiries my attorneys have made for further information, reviewed the complaint before it was filed to ensure the facts related to my purchase were accurate, reviewed and responded to two sets of written questions sent by Defendant, sat for deposition, and have spoken and emailed with my attorneys on many occasions to stay up to date on the status of the case.

Case No. 3:17-cv-03529-VC

DECLARATION OF STAMATIS F. PELARDIS IN SUPPORT OF SERVICE AWARD APPLICATION

5. On October 25, 2018, I had my deposition taken in New York City. I met in person with my attorneys to review documents and prepare for the deposition. To attend the deposition, I traveled to the office in New York where my deposition was taken. After my deposition, I reviewed the deposition transcript for accuracy and followed up with my attorneys about questions I had about specific portions of the transcript.

6. I discussed settlement proposals with my attorneys and have reviewed the Settlement Agreement. My attorneys provided me with a copy of the Settlement Agreement and explained it to me. I fully approve and endorse the Settlement. I have submitted a claim to receive a cash award under the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 9, 2021, at New York, New York.

By: _____

STAMATIS F. PELARDIS

BLOOD HURST & O' REARDON, LLP

2                                  Case No. 3:17-cv-03529-VC

DECLARATION OF STAMATIS F. PELARDIS IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>**DECLARATION OF MAUREEN CARRIGAN IN SUPPORT OF APPLICATION FOR A SERVICE AWARD**<br><br><u>**CLASS ACTION**</u><br><br>Hrg Date: October 28, 2021<br>Time: 2:00 p.m.<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>Complaint Filed: June 19, 2017 |

Case No. 3:17-cv-03529-VC

I, Maureen Carrigan, declare as follows:

1. I am a named plaintiff in the case called *Yamagata v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Cal.). I am also the named plaintiff in the related case *Carrigan v. Reckitt Benckiser* LLC, Case No. 1:18-cv-07073 (N.D. Ill.) which is currently stayed pending final approval of the class action settlement in *Yamagata*. I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $7,500 service award. I have personal knowledge of the facts stated below and, if called upon to testify, would be competent to do so.

2. In the middle of 2016 until 2018, I purchased Move Free Advanced at a Walgreens retail store located at 466 Nelson Road, New Lenox, Illinois 60451. I purchased the product because I believed based on the Move Free Advanced labeling that it would relieve my knee pain and stiffness. I stopped using Move Free Advanced because it did not work.

3. I later learned that Move Free Advanced also did not work for others and contacted Class Counsel to share my experience and offer my assistance with a potential lawsuit. As a result, I have been actively involved in this case from the beginning. Before the case was filed, I assisted in the case investigation by providing details of and the reason for my purchase of Move Free Advanced. I supplied my attorneys with purchase information and explained my health issues to them so they could more fully understand my reason for purchasing and using Move Free Advanced. From the very beginning, I was aware of my obligations as a class representative, including the need to respond to requests, to participate in depositions and other matters throughout the case, and to testify at trial. I understood and agreed that I was not promised any compensation other than sharing in any recovery along with other class members. I agreed to file this lawsuit and act as a class representative because I believe I was misled about Move Free Advanced and wanted to stand up for others like me.

4. I have worked hard to fulfill my obligations and believe I have acted in the best interests of the other class members. I have responded to all of the many inquiries my attorneys have made for further information, reviewed the complaint before it was filed to ensure the facts related

1

BLOOD HURST & O' REARDON, LLP

to my purchase were accurate, sat for deposition, and have spoken and emailed with my attorneys on many occasions to stay up to date on the status of the case.

5. On November 22, 2019, I had my deposition taken in Chicago. I met in person with my attorneys to review documents and prepare for the deposition. To attend the deposition, I traveled from my home in New Lennox, Illinois to the office in Chicago where my deposition was taken. The deposition lasted several hours. After my deposition, I reviewed the deposition transcript for accuracy and followed up with my attorneys about questions I had about specific portions of the transcript.

6. I discussed settlement proposals with my attorneys and have reviewed the Settlement Agreement. My attorneys provided me with a copy of the Settlement Agreement and explained it to me. I fully approve and endorse the Settlement. I have submitted a claim to receive a cash award under the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 2, 2021, at New Lennox, Illinois.

By: _____
MAUREEN CARRIGAN

BLOOD HURST & O' REARDON, LLP

2    Case No. 3:17-cv-03529-VC

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>**DECLARATION OF LORI COLETTI IN SUPPORT OF APPLICATION FOR A SERVICE AWARD**<br><br><u>**CLASS ACTION**</u><br><br>Hrg Date: October 28, 2021<br>Time: 2:00 p.m.<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>Complaint Filed: June 19, 2017 |

Case No. 3:17-cv-03529-VC

DECLARATION OF LORI COLETTI IN SUPPORT OF SERVICE AWARD APPLICATION

I, Lori Coletti, declare as follows:

1.    I am a named plaintiff in the case called *Yamagata v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Cal.). I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $500 service award. I have personal knowledge of the facts stated below and, if called upon to testify, would be competent to do so.

2.    From approximately 2015 to 2018, I purchased Move Free Advanced and Move Free Advanced Plus MSM at a Walmart located on 1399 Nat Washington Way, Ephrata, WA 98823. I purchased the product because I believed based on the Move Free Advanced labeling that it would help relieve my back pain. I stopped using the product because it did not work.

3.    I later learned that Move Free Advanced also did not work for others and contacted Class Counsel to share my experience and offer my assistance with a potential lawsuit. As a result, I have been actively involved in this case from the beginning. Before the case was filed, I assisted in the case investigation by providing details of and the reason for my purchase of Move Free Advanced. I supplied my attorneys with purchase information and explained my health issues to them so they could more fully understand my reason for purchasing and using Move Free Advanced. I was aware of my obligations as a class representative, including the need to respond to requests, to participate in depositions and other matters throughout the case, and to testify at trial. I understood and agreed that I was not promised any compensation other than sharing in any recovery along with other class members. I agreed to file this lawsuit and act as a class representative because I believe I was misled about Move Free Advanced and wanted to stand up for others like me.

4.    I have worked hard to fulfill my obligations and believe I have acted in the best interests of the other class members. I have responded to all of the inquiries my attorneys have made for further information, reviewed the complaint before it was filed to ensure the facts related to my purchase were accurate, and have spoken and emailed with my attorneys on many occasions to stay up to date on the status of the case.

5.    I discussed settlement proposals with my attorneys and have reviewed the Settlement Agreement. My attorneys provided me with a copy of the Settlement Agreement and explained it to

BLOOD HURST & O' REARDON, LLP

me. I fully approve and endorse the Settlement. I have submitted a claim to receive a cash award under the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on _____09 / 02 / 2021_____ at Ephrata, Washington.

By: _____

LORI COLETTI

2                          Case No. 3:17-cv-03529-VC

DECLARATION OF LORI COLETTI IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O' REARDON, LLP

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>**DECLARATION OF ANN-MARIE MAHER IN SUPPORT OF APPLICATION FOR A SERVICE AWARD**<br><br>**CLASS ACTION**<br><br>Hrg Date: October 28, 2021<br>Time: 2:00 p.m.<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>Complaint Filed: June 19, 2017 |

Case No. 3:17-cv-03529-VC

DECLARATION OF ANN-MARIE MAHER IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O' REARDON, LLP

I, Ann-Marie Maher, declare as follows:

1.    I am a named plaintiff in the case called *Yamagata v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Cal.). I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $500 service award. I have personal knowledge of the facts stated below and, if called upon to testify, would be competent to do so.

2.    From approximately 2016 through the end of 2019, I purchased Move Free Advanced at a Rite Aid store located in Winooski, Vermont. I purchased the product because I believed based on the Move Free Advanced labeling that it would relieve my joint pain and improve my joint mobility. I stopped using Move Free Advanced because it did not work.

3.    I later learned that Move Free Advanced also did not work for others and contacted Class Counsel to share my experience and offer my assistance with a potential lawsuit. As a result, I have been actively involved in this case from the beginning. Before the case was filed, I assisted in the case investigation by providing details of and the reason for my purchase of Move Free Advanced. I supplied my attorneys with purchase information and explained my health issues to them so they could more fully understand my reason for purchasing and using Move Free Advanced. I was aware of my obligations as a class representative, including the need to respond to requests, to participate in depositions and other matters throughout the case, and to testify at trial. I understood and agreed that I was not promised any compensation other than sharing in any recovery along with other class members. I agreed to file this lawsuit and act as a class representative because I believe I was misled about Move Free Advanced and wanted to stand up for others like me.

4.    I have worked hard to fulfill my obligations and believe I have acted in the best interests of the other class members. I have responded to all of the inquiries my attorneys have made for further information, reviewed the complaint before it was filed to ensure the facts related to my purchase were accurate, and have spoken and emailed with my attorneys on many occasions to stay up to date on the status of the case.

5.    I discussed settlement proposals with my attorneys and have reviewed the Settlement Agreement. My attorneys provided me with a copy of the Settlement Agreement and explained it to

BLOOD HURST & O' REARDON, LLP

1                           Case No. 3:17-cv-03529-VC

DECLARATION OF ANN-MARIE MAHER IN SUPPORT OF SERVICE AWARD APPLICATION

me. I fully approve and endorse the Settlement. I have submitted a claim to receive a cash award under the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 14, 2021, at Burlington, Vermont.

By:      *s/ Ann-Marie Maher*
ANN-MARIE MAHER

BLOOD HURST & O' REARDON, LLP

DECLARATION OF ANN-MARIE MAHER IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>**DECLARATION OF CAROL MARSHALL IN SUPPORT OF APPLICATION FOR A SERVICE AWARD**<br><br>**CLASS ACTION**<br><br>Hrg Date: October 28, 2021<br>Time: 2:00 p.m.<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>Complaint Filed: June 19, 2017 |

Case No. 3:17-cv-03529-VC

DECLARATION OF CAROL MARSHALL IN SUPPORT OF SERVICE AWARD APPLICATION

I, Carol Marshall, declare as follows:

1. I am a named plaintiff in the case called *Yamagata v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Cal.). I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $500 service award. I have personal knowledge of the facts stated below and, if called upon to testify, would be competent to do so.

2. Throughout the Class Period, I purchased Move Free Advanced on amazon.com and at other retail stores like Walgreens, CVS, and Costco. I purchased the product because I believed based on the Move Free Advanced labeling that it would relieve my knee and back pain. I stopped using Move Free Advanced because it did not do anything for me.

3. I later learned that Move Free Advanced also did not work for others and contacted Class Counsel to share my experience and offer my assistance with a potential lawsuit. As a result, I have been actively involved in this case from the beginning. Before the case was filed, I assisted in the case investigation by providing details of and the reason for my purchase of Move Free Advanced. I supplied my attorneys with purchase information and explained my health issues to them so they could more fully understand my reason for purchasing and using Move Free Advanced. I was aware of my obligations as a class representative, including the need to respond to requests, to participate in depositions and other matters throughout the case, and to testify at trial. I understood and agreed that I was not promised any compensation other than sharing in any recovery along with other class members. I agreed to file this lawsuit and act as a class representative because I believe I was misled about Move Free Advanced and wanted to stand up for others like me.

4. I have worked hard to fulfill my obligations and believe I have acted in the best interests of the other class members. I have responded to all of the inquiries my attorneys have made for further information, reviewed the complaint before it was filed to ensure the facts related to my purchase were accurate, and have spoken and emailed with my attorneys on many occasions to stay up to date on the status of the case.

5. I discussed settlement proposals with my attorneys and have reviewed the Settlement Agreement. My attorneys provided me with a copy of the Settlement Agreement and explained it to

1          Case No. 3:17-cv-03529-VC

DECLARATION OF CAROL MARSHALL IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O' REARDON, LLP

me. I fully approve and endorse the Settlement. I have submitted a claim to receive a cash award under the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on _____09 / 02 / 2021_____ at Mathews, North Carolina.

By: _Carol Marshall_____

CAROL MARSHALL

2               Case No. 3:17-cv-03529-VC

DECLARATION OF CAROL MARSHALL IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O' REARDON, LLP

Doc ID: 5951911cafc413759064b9aede98a112fe9c166c

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>**DECLARATION OF DEBORAH A. RAWLS IN SUPPORT OF APPLICATION FOR A SERVICE AWARD**<br><br>**CLASS ACTION**<br><br>Hrg Date: October 28, 2021<br>Time: 2:00 p.m.<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>Complaint Filed: June 19, 2017 |

Case No. 3:17-cv-03529-VC

DECLARATION OF DEBORAH A. RAWLS IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O' REARDON, LLP

I, Deborah A. Rawls, declare as follows:

1. I am a named plaintiff in the case called *Yamagata v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Cal.). I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $500 service award. I have personal knowledge of the facts stated below and, if called upon to testify, would be competent to do so.

2. From approximately 2015 to 2017, I purchased Move Free Advanced for around $22 per bottle at Walgreens, CVS, and Walmart retail stores located in Jacksonville, Florida. I purchased the product because I believed based on the Move Free Advanced labeling that it would relieve my knee pain and stiffness. I stopped using Move Free Advanced because it did not do anything for me.

3. I later learned that Move Free Advanced also did not work for others and contacted Class Counsel to share my experience and offer my assistance with a potential lawsuit. As a result, I have been actively involved in this case from the beginning. Before the case was filed, I assisted in the case investigation by providing details of and the reason for my purchase of Move Free Advanced. I supplied my attorneys with purchase information and explained my health issues to them so they could more fully understand my reason for purchasing and using Move Free Advanced. I was aware of my obligations as a class representative, including the need to respond to requests, to participate in depositions and other matters throughout the case, and to testify at trial. I understood and agreed that I was not promised any compensation other than sharing in any recovery along with other class members. I agreed to file this lawsuit and act as a class representative because I believe I was misled about Move Free Advanced and wanted to stand up for others like me.

4. I have worked hard to fulfill my obligations and believe I have acted in the best interests of the other class members. I have responded to all of the inquiries my attorneys have made for further information, reviewed the complaint before it was filed to ensure the facts related to my purchase were accurate and have spoken, and emailed with my attorneys on many occasions to stay up to date on the status of the case.

5. I discussed settlement proposals with my attorneys and have reviewed the Settlement Agreement. My attorneys provided me with a copy of the Settlement Agreement and explained it to

1

Case No. 3:17-cv-03529-VC

DECLARATION OF DEBORAH A. RAWLS IN SUPPORT OF SERVICE AWARD APPLICATION

me. I fully approve and endorse the Settlement. I have submitted a claim to receive a cash award under the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on ____09 / 02 / 2021____, at Jacksonville, Florida.

By: _____
            DEBORAH A. RAWLS

DECLARATION OF DEBORAH A. RAWLS IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O' REARDON, LLP

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RECKITT BENCKISER LLC,<br><br>Defendant. | Case No. 3:17-cv-03529-VC<br><br>**DECLARATION OF ONEITA STEELE IN SUPPORT OF APPLICATION FOR A SERVICE AWARD**<br><br>**CLASS ACTION**<br><br>Hrg Date: October 28, 2021<br>Time: 2:00 p.m.<br><br>District Judge Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>Complaint Filed: June 19, 2017 |

Case No. 3:17-cv-03529-VC
DECLARATION OF ONEITA STEELE IN SUPPORT OF SERVICE AWARD APPLICATION

I, Oneita Steele, declare as follows:

1. I am a named plaintiff in the case called *Yamagata v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Cal.). I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $500 service award. I have personal knowledge of the facts stated below and, if called upon to testify, would be competent to do so.

2. From approximately May 2015 to 2019, I purchased Move Free Advanced at a Walmart store located on 4145 Dowlen Road, Beaumont, TX 77706. I purchased the product because I believed based on the Move Free Advanced labeling that it would relieve my knee, hip, and back pain. I stopped using Move Free Advanced because it did not work.

3. I later learned that Move Free Advanced also did not work for others and contacted Class Counsel to share my experience and offer my assistance with a potential lawsuit. As a result, I have been actively involved in this case from the beginning. Before the case was filed, I assisted in the case investigation by providing details of and the reason for my purchase of Move Free Advanced. I supplied my attorneys with purchase information and explained my health issues to them so they could more fully understand my reason for purchasing and using Move Free Advanced. I was aware of my obligations as a class representative, including the need to respond to requests, to participate in depositions and other matters throughout the case, and to testify at trial. I understood and agreed that I was not promised any compensation other than sharing in any recovery along with other class members. I agreed to file this lawsuit and act as a class representative because I believe I was misled about Move Free Advanced and wanted to stand up for others like me.

4. I have worked hard to fulfill my obligations and believe I have acted in the best interests of the other class members. I have responded to all of the inquiries my attorneys have made for further information, reviewed the complaint before it was filed to ensure the facts related to my purchase were accurate, and have spoken and emailed with my attorneys on many occasions to stay up to date on the status of the case.

5. I discussed settlement proposals with my attorneys and have reviewed the Settlement Agreement. My attorneys provided me with a copy of the Settlement Agreement and explained it to

1          Case No. 3:17-cv-03529-VC

DECLARATION OF ONEITA STEELE IN SUPPORT OF SERVICE AWARD APPLICATION

me. I fully approve and endorse the Settlement. I have submitted a claim to receive a cash award under the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on ____09 / 07 / 2021____ at Beaumont, Texas.

By: _____
ONEITA STEELE

DECLARATION OF ONEITA STEELE IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O' REARDON, LLP

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Class Counsel

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GORDON NOBORU YAMAGATA and STAMATIS F. PELARDIS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RECKITT BENCKISER LLC, <br><br> Defendant. | Case No. 3:17-cv-03529-VC <br><br> **DECLARATION OF MAXINE TISHMAN IN SUPPORT OF APPLICATION FOR A SERVICE AWARD** <br><br> <u>**CLASS ACTION**</u> <br><br> Hrg Date:  October 28, 2021 <br> Time:  2:00 p.m. <br><br> District Judge Vince Chhabria <br> Courtroom 4, 17th Floor <br><br> Complaint Filed:  June 19, 2017 |

Case No. 3:17-cv-03529-VC

DECLARATION OF MAXINE TISHMAN IN SUPPORT OF SERVICE AWARD APPLICATION

I, Maxine Tishman, declare as follows:

1.    I am a named plaintiff in the case called *Yamagata v. Reckitt Benckiser LLC*, Case No. 3:17-cv-03529 (N.D. Cal.). I make this declaration in support of Plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $500 service award. I have personal knowledge of the facts stated below and, if called upon to testify, would be competent to do so.

2.    From approximately 2015 to 2017, I purchased Move Free Advanced for around $22 per bottle at a Walgreens retail store on 81 U.S. 9, Englishtown, New Jersey and a CVS retail store on 4008 U.S. 9, Morganville, New Jersey. I purchased the product because I believed based on the Move Free Advanced labeling that it would relieve my joint pain and stiffness. I stopped using Move Free Advanced because it did not do anything for me.

3.    I later learned that Move Free Advanced also did not work for others and contacted Class Counsel to share my experience and offer my assistance with a potential lawsuit. As a result, I have been actively involved in this case from the beginning. Before the case was filed, I assisted in the case investigation by providing details of and the reason for my purchase of Move Free Advanced. I supplied my attorneys with purchase information and explained my health issues to them so they could more fully understand my reason for purchasing and using Move Free Advanced. I was aware of my obligations as a class representative, including the need to respond to requests, to participate in depositions and other matters throughout the case, and to testify at trial. I understood and agreed that I was not promised any compensation other than sharing in any recovery along with other class members. I agreed to file this lawsuit and act as a class representative because I believe I was misled about Move Free Advanced and wanted to stand up for others like me.

4.    I have worked hard to fulfill my obligations and believe I have acted in the best interests of the other class members. I have responded to all of the inquiries my attorneys have made for further information, reviewed the complaint before it was filed to ensure the facts related to my purchase were accurate and have spoken and emailed with my attorneys on many occasions to stay up to date on the status of the case.

DECLARATION OF MAXINE TISHMAN IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O' REARDON, LLP

5. I discussed settlement proposals with my attorneys and have reviewed the Settlement Agreement. My attorneys provided me with a copy of the Settlement Agreement and explained it to me. I fully approve and endorse the Settlement. I have submitted a claim to receive a cash award under the Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on _____09 / 04 / 2021_____, at Monroe Township, New Jersey.

By: _____
MAXINE TISHMAN

Case No. 3:17-cv-03529-VC

DECLARATION OF MAXINE TISHMAN IN SUPPORT OF SERVICE AWARD APPLICATION

BLOOD HURST & O' REARDON, LLP

# Exhibit 2



**2015 NLJ Billing Survey**

**Source: National Law Journal**
**Category: National Law Journal**

---

ALM Legal Intelligence, in association with The National Law Journal, collected 2015 hourly billing rates for partners, associates, of counsel and paralegals. The data sources include the published rates from the 20 largest federal bankruptcy jurisdictions and a survey of the nation's 350 largest firms conducted during October and November of 2015.  Individual firm rates are not identified.

**Hourly Billing Rates for 2015**

| | Partner | | | Associate | | |
|---|---|---|---|---|---|---|
| | High | Low | Median | High | Low | Median |
| Overall Hourly Rates | $1,295 | $90 | $395 | $950 | $50 | $350 |

**Rates by Firm Size**

| | High | Low | Median | High | Low | Median |
|---|---|---|---|---|---|---|
| 1 - 25 lawyers | $1,080 | $90 | $350 | $950 | $90 | $300 |
| 26 - 150 lawyers | $1,050 | $190 | $460 | $900 | $100 | $300 |
| 151 or more lawyers | $1,295 | $100 | $595 | $975 | $125 | $325 |

**Rates by State**

| | High | Low | Median | High | Low | Median |
|---|---|---|---|---|---|---|
| AL | $725 | $200 | $375 | $375 | $175 | $300 |
| AZ | $750 | $125 | $375 | $750 | $175 | $250 |
| CA | $1,080 | $200 | $495 | $950 | $300 | $350 |
| CO | $893 | $350 | $443 | $642 | $150 | $325 |
| CT | $1,200 | $295 | $350 | $625 | $175 | $350 |
| DC | $1,095 | $975 | $1,035 | $655 | $350 | $375 |
| DE | $1,050 | $295 | $650 | $850 | $260 | $388 |
| FL | $625 | $175 | $375 | $525 | $100 | $300 |
| GA | $500 | $250 | $358 | $450 | $110 | $275 |
| IL | $985 | $200 | $420 | $710 | $150 | $300 |
| IN | $400 | $250 | $305 | $400 | $200 | $275 |
| KY | $340 | $200 | $290 | $350 | $200 | $275 |
| LA | $575 | $150 | $333 | $500 | $100 | $250 |
| MA | $650 | $300 | $475 | $500 | $260 | $350 |
| MD | $560 | $250 | $363 | $580 | $150 | $325 |
| MI | $375 | $190 | $265 | $400 | $125 | $275 |
| NC | $675 | $250 | $425 | $435 | $150 | $275 |

1

| | High | Low | Median | High | Low | Median |
|---|---|---|---|---|---|---|
| NJ | $880 | $250 | $400 | $400 | $150 | $298 |
| NM | n/a | n/a | n/a | $350 | $175 | $200 |
| NV | $450 | $295 | $375 | $500 | $200 | $325 |
| NY | $1,295 | $100 | $420 | $975 | $90 | $350 |
| OH | $545 | $250 | $313 | $330 | $155 | $250 |
| OR | $485 | $315 | $370 | $325 | $230 | $300 |
| PA | $875 | $200 | $350 | $565 | $86 | $257 |
| PR* | $300 | $100 | $200 | $350 | $100 | $200 |
| TN | $735 | $225 | $300 | $350 | $150 | $250 |
| TX | $925 | $90 | $395 | $650 | $150 | $298 |
| VA | $545 | $220 | $335 | $495 | $175 | $295 |
| WA | $965 | $275 | $460 | $375 | $150 | $350 |
| WI | $595 | $560 | $578 | n/a | n/a | n/a |

| | Of Counsel | | | Paralegal | | |
|---|---|---|---|---|---|---|
| | **High** | **Low** | **Median** | **High** | **Low** | **Median** |
| **Overall Hourly Rates** | $1,120 | $125 | $350 | $325 | $25 | $125 |

### Rates by Firm Size

| | High | Low | Median | High | Low | Median |
|---|---|---|---|---|---|---|
| 1 - 25 lawyers | $645 | $125 | $350 | $325 | $25 | $115 |
| 26 - 150 lawyers | $620 | $225 | $393 | $305 | $75 | $173 |
| 151 or more lawyers | $1,120 | $270 | $610 | $325 | $35 | $220 |

### Rates by State

| | High | Low | Median | High | Low | Median |
|---|---|---|---|---|---|---|
| AL | $495 | $290 | $393 | n/a | n/a | n/a |
| AZ | $750 | $250 | $300 | $250 | $75 | $125 |
| CA | $595 | $175 | $450 | $325 | $25 | $150 |
| CO | $400 | $325 | $363 | $285 | $75 | $158 |
| CT | $550 | $325 | $438 | $290 | $75 | $100 |
| DC | $775 | $275 | $750 | n/a | n/a | n/a |

| | | | | | | |
|---|---|---|---|---|---|---|
| DE | $525 | $260 | $275 | $305 | $125 | $235 |
| FL | n/a | n/a | n/a | $255 | $65 | $123 |
| GA | $250 | $240 | $245 | $160 | $50 | $120 |
| IL | $1,120 | $395 | $430 | $215 | $75 | $120 |
| IN | $300 | $225 | $295 | $220 | $90 | $100 |
| KY | n/a | n/a | n/a | $150 | $75 | $105 |
| LA | $425 | $200 | $350 | $285 | $45 | $83 |
| MA | n/a | n/a | n/a | n/a | n/a | n/a |
| MD | $350 | $250 | $275 | $280 | $75 | $125 |
| MI | n/a | n/a | n/a | $125 | $75 | $103 |
| NC | n/a | n/a | n/a | $180 | $75 | $110 |
| NJ | $565 | $225 | $325 | $195 | $65 | $120 |
| NM | n/a | n/a | n/a | n/a | n/a | n/a |
| NV | n/a | n/a | n/a | $240 | $75 | $152 |
| NY | $930 | $250 | $573 | $325 | $60 | $130 |
| OH | n/a | n/a | n/a | $135 | $85 | $100 |
| OR | $450 | $310 | $380 | $220 | $145 | $185 |
| PA | $440 | $300 | $325 | $325 | $75 | $105 |
| PR* | $250 | $125 | $188 | $150 | $45 | $75 |
| TN | $300 | $270 | $300 | $150 | $50 | $90 |
| TX | $740 | $225 | $320 | $290 | $35 | $100 |
| VA | $400 | $300 | $350 | $325 | $75 | $95 |
| WA | n/a | n/a | n/a | $215 | $125 | $143 |
| WI | n/a | n/a | n/a | n/a | n/a | n/a |

n/a: data not available

*Puerto Rico is a U.S. Territory

3

# Exhibit 3

Case 1:17-cv-06980-RSVC Document 30-13 Filed 09/16/22 Page 55 of 73



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| Year | Firm Name | Location | Average FTE Attorneys | Partner Billing Rate High | Partner Billing Rate Low | Partner Billing Rate Avg | Associate Billing Rate High | Associate Billing Rate Low | Associate Billing Rate Avg | Counsel Avg | Counsel Low | Counsel High | NLJ Billing Source | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Adams and Reese | New Orleans, LA | 318 | $700.00 | $305.00 | $420.00 | $315.00 | $220.00 | $270.00 | $500.00 | $425.00 | $575.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Akerman | Miami, FL | 523 | $880.00 | $360.00 | $535.00 | $465.00 | $205.00 | $305.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Akin Gump Strauss Hauer & Feld | Washington, DC | 809 | $1220.00 | $615.00 | $785.00 | $660.00 | $365.00 | $525.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Allen Matkins Leck Gamble Mallory & Natsis | Los Angeles, CA | 181 | $680.00 | $525.00 | $615.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Alston & Bird | Atlanta, GA | 789 | $875.00 | $495.00 | $675.00 | $575.00 | $280.00 | $425.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Andrews Kurth | Houston, TX | 337 | $1090.00 | $745.00 | $890.00 | $1090.00 | $265.00 | $670.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Archer & Greiner | Haddonfield, NJ | 194 | $460.00 | $330.00 | $400.00 | $295.00 | $200.00 | $245.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Arent Fox | Washington, DC | 330 | $860.00 | $500.00 | $650.00 | $595.00 | $275.00 | $395.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved. 1



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| Year | Firm | City | | | | | | | | | | | | Source | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Arnall Golden Gregory | Atlanta, GA | 140 | $520.00 | $430.00 | $490.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Arnold & Porter | Washington, DC | 720 | $950.00 | $670.00 | $815.00 | $610.00 | $345.00 | $500.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Arnstein & Lehr | Chicago, IL | 144 | $595.00 | $350.00 | $465.00 | $350.00 | $175.00 | $250.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Baker & Hostetler | Cleveland, OH | 798 | $670.00 | $275.00 | $449.00 | $350.00 | $210.00 | $272.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Baker & McKenzie | Chicago, IL | 4087 | $1130.00 | $260.00 | $755.00 | $925.00 | $100.00 | $395.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Baker, Donelson, Bearman, Caldwell & Berkowitz | Memphis, TN | 588 | $495.00 | $340.00 | $400.00 | $465.00 | $245.00 | $295.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Ballard Spahr | Philadelphia, PA | 483 | $650.00 | $395.00 | $475.00 | $495.00 | $235.00 | $315.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Barnes & Thornburg | Indianapolis, IN | 522 | $580.00 | $330.00 | $480.00 | $370.00 | $260.00 | $320.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Benesch, Friedlander, Coplan & Aronoff | Cleveland, OH | 150 | $635.00 | $360.00 | $455.00 | $475.00 | $155.00 | $280.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Best Best & Krieger | Riverside, CA | 176 | $655.00 | $340.00 | $455.00 | $385.00 | $235.00 | $280.00 | $439.83 | $340.00 | $595.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved.  2



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Bingham McCutchen | Boston, MA | | 795 | $1080.00 | $220.00 | $795.00 | $605.00 | $185.00 | $450.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Blank Rome | Philadelphia, PA | | 447 | $940.00 | $445.00 | $640.00 | $565.00 | $175.00 | $350.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Bond, Schoeneck & King | Syracuse, NY | | 198 | $520.00 | $240.00 | $355.00 | $310.00 | $160.00 | $225.00 | $360.00 | $275.00 | $485.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Bowles Rice | Charleston, WV | | 140 | $285.00 | $165.00 | $230.00 | $180.00 | $115.00 | $135.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Bracewell & Giuliani | Houston, TX | | 441 | $1125.00 | $575.00 | $760.00 | $700.00 | $275.00 | $440.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Bradley Arant Boult Cummings | Birmingham, AL | | 413 | $605.00 | $325.00 | $430.00 | $340.00 | $200.00 | $260.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Broad and Cassel | Orlando, FL | | 150 | $465.00 | $295.00 | $380.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Brown Rudnick | Boston, MA | | 187 | $1045.00 | $650.00 | $856.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Brownstein Hyatt Farber Schreck | Denver, CO | | 214 | $700.00 | $310.00 | $520.00 | $345.00 | $265.00 | $305.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Bryan Cave | St. Louis, MO | | 985 | $900.00 | $410.00 | $620.00 | $595.00 | $220.00 | $405.00 | $635.00 | $355.00 | $865.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved. 3



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Buchalter Nemer | Los Angeles, CA | 139 | $695.00 | $475.00 | $605.00 | $375.00 | $350.00 | $365.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Burr & Forman | Birmingham, AL | 261 | $525.00 | $300.00 | $371.00 | $275.00 | $200.00 | $241.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Butler Snow | Ridgeland, MS | 280 | $335.00 | $235.00 | $302.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Cadwalader, Wickersham & Taft | New York, NY | 437 | $1050.00 | $800.00 | $930.00 | $750.00 | $395.00 | $605.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Carlton Fields | Tampa, FL | 272 | $840.00 | $455.00 | $600.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Cole, Schotz, Meisel, Forman & Leonard | Hackensack, NJ | 118 | $730.00 | $590.00 | $653.00 | $340.00 | $275.00 | $302.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Connell Foley | Roseland, NJ | 129 | $575.00 | $275.00 | $425.00 | $325.00 | $200.00 | $265.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Cooley | Palo Alto, CA | 673 | $990.00 | $660.00 | $820.00 | $640.00 | $335.00 | $515.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Covington & Burling | Washington, DC | 760 | $890.00 | $605.00 | $780.00 | $565.00 | $320.00 | $415.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Cozen O'Connor | Philadelphia, PA | 495 | $1135.00 | $275.00 | $570.00 | $640.00 | $180.00 | $355.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved. 4



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Curtis, Mallet-Prevost, Colt & Mosle | New York, NY | 323 | $860.00 | $730.00 | $800.00 | $785.00 | $345.00 | $480.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Davis Graham & Stubbs | Denver, CO | 145 | $635.00 | $315.00 | $435.00 | $350.00 | $200.00 | $255.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Davis Polk & Wardwell | New York, NY | 810 | $985.00 | $850.00 | $975.00 | $975.00 | $130.00 | $615.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Debevoise & Plimpton | New York, NY | 595 | $1075.00 | $955.00 | $1055.00 | $760.00 | $120.00 | $490.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Dechert | New York, NY | 845 | $1095.00 | $670.00 | $900.00 | $735.00 | $395.00 | $530.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Dentons | New York, NY | 2503 | $1050.00 | $345.00 | $700.00 | $685.00 | $210.00 | $425.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Dickstein Shapiro | Washington, DC | 254 | $1250.00 | $590.00 | $750.00 | $585.00 | $310.00 | $475.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Dinsmore & Shohl | Cincinnati, OH | 415 | $850.00 | $250.00 | $411.00 | $365.00 | $160.00 | $238.00 | $360.00 | $150.00 | $615.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | DLA Piper | New York, NY | 3962 | $1025.00 | $450.00 | $765.00 | $750.00 | $250.00 | $510.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Dorsey & Whitney | Minneapolis, MN | 501 | $585.00 | $340.00 | $435.00 | $510.00 | $215.00 | $315.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| Year | Firm | City | | | | | | | | | | | | Source | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Duane Morris | Philadelphia, PA | 613 | $960.00 | $415.00 | $589.00 | $585.00 | $280.00 | $373.00 | $638.00 | $460.00 | $1015.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Edwards Wildman Palmer | Boston, MA | 540 | $765.00 | $210.00 | $535.00 | $415.00 | $245.00 | $325.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Faegre Baker Daniels | Minneapolis, MN | 673 | $580.00 | $355.00 | $455.00 | $315.00 | $110.00 | $260.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Foley & Lardner | Milwaukee, WI | 844 | $860.00 | $405.00 | $600.00 | $470.00 | $210.00 | $335.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Foley Hoag | Boston, MA | 221 | $775.00 | $590.00 | $670.00 | $385.00 | $290.00 | $325.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Fox Rothschild | Philadelphia, PA | 531 | $750.00 | $335.00 | $530.00 | $500.00 | $245.00 | $310.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Fried, Frank, Harris, Shriver & Jacobson | New York, NY | 450 | $1100.00 | $930.00 | $1000.00 | $760.00 | $375.00 | $595.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Frost Brown Todd | Cincinnati, OH | 414 | $600.00 | $220.00 | $387.00 | $315.00 | $150.00 | $234.00 | $417.00 | $350.00 | $540.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Gardere Wynne Sewell | Dallas, TX | 218 | $775.00 | $430.00 | $635.00 | $330.00 | $290.00 | $303.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Gibbons | Newark, NJ | 201 | $865.00 | $440.00 | $560.00 | $475.00 | $295.00 | $360.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved.   6



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| Year | Firm | City | | | | | | | | | | | | Source | Notes |
|------|------|------|------|------|------|------|------|------|------|------|------|------|------|--------|-------|
| 2014 | Gibson, Dunn & Crutcher | New York, NY | 1154 | $1800.00 | $765.00 | $980.00 | $930.00 | $175.00 | $590.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Gordon Rees Scully Mansukhani | San Diego, CA | 478 | $475.00 | $375.00 | $420.00 | $325.00 | $285.00 | $300.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Greenberg Traurig | New York, NY | 1690 | $955.00 | $535.00 | $763.00 | $570.00 | $325.00 | $470.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Harris Beach | Rochester, NY | 198 | $400.00 | $298.00 | $348.00 | $285.00 | $175.00 | $230.00 | $287.50 | $175.00 | $400.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Harter Secrest & Emery | Rochester, NY | 132 | $465.00 | $300.00 | $385.00 | $290.00 | $195.00 | $250.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Haynes and Boone | Dallas, TX | 483 | $1020.00 | $450.00 | $670.00 | $580.00 | $310.00 | $405.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Hogan Lovells | Washington, DC | 2313 | $1000.00 | $705.00 | $835.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Holland & Hart | Denver, CO | 423 | $725.00 | $305.00 | $442.00 | $425.00 | $175.00 | $277.00 | $363.00 | $225.00 | $535.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Holland & Knight | Washington, DC | 956 | $1085.00 | $355.00 | $625.00 | $595.00 | $210.00 | $340.00 | $575.00 | $420.00 | $910.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Honigman Miller Schwartz and Cohn | Detroit, MI | 231 | $560.00 | $290.00 | $390.00 | $225.00 | $205.00 | $220.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Hughes Hubbard & Reed | New York, NY | 351 | $995.00 | $725.00 | $890.00 | $675.00 | $365.00 | $555.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Husch Blackwell | St. Louis, MO | 539 | $785.00 | $250.00 | $449.00 | $440.00 | $190.00 | $275.00 | $418.00 | $240.00 | $625.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Ice Miller | Indianapolis, IN | 291 | $530.00 | $335.00 | $450.00 | $305.00 | $245.00 | $270.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Irell & Manella | Los Angeles, CA | 166 | $975.00 | $800.00 | $890.00 | $750.00 | $395.00 | $535.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Jackson Kelly | Charleston, WV | 179 | $535.00 | $270.00 | $345.00 | $315.00 | $200.00 | $243.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Jackson Lewis | Los Angeles, CA | 724 | $440.00 | $310.00 | $380.00 | $315.00 | $275.00 | $290.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Jackson Walker | Dallas, TX | 333 | $675.00 | $575.00 | $622.00 | $385.00 | $255.00 | $335.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Jeffer, Mangels, Butler & Mitchell | Los Angeles, CA | 125 | $875.00 | $560.00 | $690.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Jenner & Block | Chicago, IL | 434 | $925.00 | $565.00 | $745.00 | $550.00 | $380.00 | $465.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Jones Day | New York, NY | 2464 | $975.00 | $445.00 | $745.00 | $775.00 | $205.00 | $435.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved. 8



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| 2014 | Jones Walker | New Orleans, LA | 363 | $425.00 | $275.00 | $385.00 | $240.00 | $200.00 | $225.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
|------|--------------|-----------------|-----|---------|---------|---------|---------|---------|---------|--|--|--|-------------------------------------|------------------------------------------------------------------------------------------------------------------------------------|
| 2014 | Kasowitz, Benson, Torres & Friedman | New York, NY | 372 | $1195.00 | $600.00 | $835.00 | $625.00 | $200.00 | $340.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Katten Muchin Rosenman | Chicago, IL | 612 | $745.00 | $500.00 | $615.00 | $595.00 | $340.00 | $455.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Kaye Scholer | New York, NY | 392 | $1250.00 | $725.00 | $860.00 | $795.00 | $370.00 | $597.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Kelley Drye & Warren | New York, NY | 293 | $815.00 | $435.00 | $640.00 | $600.00 | $305.00 | $430.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Kilpatrick Townsend & Stockton | Atlanta, GA | 561 | $775.00 | $400.00 | $550.00 | $475.00 | $315.00 | $385.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | King & Spalding | Atlanta, GA | 874 | $995.00 | $545.00 | $775.00 | $735.00 | $125.00 | $460.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Kirkland & Ellis | Chicago, IL | 1554 | $995.00 | $590.00 | $825.00 | $715.00 | $235.00 | $540.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Knobbe Martens Olson & Bear | Irvine, CA | 260 | $810.00 | $450.00 | $575.00 | $455.00 | $305.00 | $360.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Kramer Levin Naftalis & Frankel | New York, NY | 313 | $1100.00 | $745.00 | $921.00 | $815.00 | $515.00 | $675.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved.  9



## 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Lane Powell | Seattle, WA | 170 | $675.00 | $375.00 | $516.00 | $425.00 | $260.00 | $331.00 | $477.00 | $300.00 | $650.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Latham & Watkins | New York, NY | 2060 | $1110.00 | $895.00 | $990.00 | $725.00 | $465.00 | $605.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Lathrop & Gage | Kansas City, MO | 283 | $700.00 | $285.00 | $420.00 | $375.00 | $195.00 | $250.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Lewis Roca Rothgerber | Phoenix, AZ | 228 | $695.00 | $380.00 | $505.00 | $525.00 | $205.00 | $400.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Lindquist & Vennum | Minneapolis, MN | 178 | $600.00 | $460.00 | $520.00 | $470.00 | $275.00 | $365.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Littler Mendelson | San Francisco, CA | 1002 | $615.00 | $395.00 | $550.00 | $420.00 | $245.00 | $290.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Lowenstein Sandler | Roseland, NJ | 261 | $990.00 | $600.00 | $765.00 | $650.00 | $300.00 | $450.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Manatt, Phelps & Phillips | Los Angeles, CA | 329 | $795.00 | $640.00 | $740.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | McCarter & English | Newark, NJ | 371 | $625.00 | $450.00 | $530.00 | $370.00 | $220.00 | $300.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | McDermott Will & Emery | Chicago, IL | 1021 | $835.00 | $525.00 | $710.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved. 10



## 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | McElroy, Deutsch, Mulvaney & Carpenter | Morristown, NJ | 274 | $560.00 | $325.00 | $445.00 | $335.00 | $200.00 | $295.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | McGuireWoods | Richmond, VA | 931 | $725.00 | $450.00 | $595.00 | $525.00 | $285.00 | $360.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | McKenna Long & Aldridge | Atlanta, GA | 518 | $650.00 | $480.00 | $530.00 | $425.00 | $375.00 | $395.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Michael, Best & Friedrich | Milwaukee, WI | 189 | $650.00 | $235.00 | $445.00 | $425.00 | $200.00 | $283.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Miles & Stockbridge | Baltimore, MD | 226 | $740.00 | $340.00 | $478.00 | $425.00 | $230.00 | $290.00 | $419.00 | $225.00 | $695.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Moore & Van Allen | Charlotte, NC | 274 | $870.00 | $315.00 | $490.00 | $430.00 | $190.00 | $280.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Morgan, Lewis & Bockius | Philadelphia, PA | 1363 | $765.00 | $430.00 | $620.00 | $585.00 | $270.00 | $390.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Morris, Manning & Martin | Atlanta, GA | 148 | $575.00 | $400.00 | $480.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Morrison & Foerster | San Francisco, CA | 1020 | $1195.00 | $595.00 | $865.00 | $725.00 | $230.00 | $525.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Nelson Mullins | Columbia, SC | 466 | $800.00 | $250.00 | $444.00 | $395.00 | $215.00 | $271.00 | $376.00 | $195.00 | $600.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| 2014 | Nixon Peabody | Boston, MA | 584 | $850.00 | $295.00 | $520.00 | $550.00 | $180.00 | $300.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Norris McLaughlin & Marcus | Bridgewater, NJ | 128 | $505.00 | $485.00 | $495.00 | $365.00 | $185.00 | $275.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Norton Rose Fulbright | Houston, TX | 3537 | $900.00 | $525.00 | $775.00 | $515.00 | $300.00 | $400.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Nossaman | Los Angeles, CA | 148 | $800.00 | $370.00 | $579.00 | $490.00 | $255.00 | $340.00 | $495.00 | $440.00 | $550.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Nutter McClennen & Fish | Boston, MA | 146 | $715.00 | $470.00 | $575.00 | $460.00 | $295.00 | $375.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Ogletree Deakins | Atlanta, GA | 668 | $650.00 | $250.00 | $360.00 | $365.00 | $200.00 | $260.00 | $315.00 | $230.00 | $555.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | O'Melveny & Myers | Los Angeles, CA | 721 | $950.00 | $615.00 | $715.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Orrick Herrington & Sutcliffe | New York, NY | 954 | $1095.00 | $715.00 | $845.00 | $375.00 | $710.00 | $560.00 | $735.00 | $685.00 | $850.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Parker Poe Adams & Bernstein | Charlotte, NC | 185 | $500.00 | $425.00 | $450.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Paul Hastings | New York, NY | 889 | $900.00 | $750.00 | $815.00 | $755.00 | $335.00 | $540.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved. 12



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Paul, Weiss, Rifkind, Wharton & Garrison | New York, NY | | 854 | $1120.00 | $760.00 | $1040.00 | $735.00 | $595.00 | $678.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Pepper Hamilton | Philadelphia, PA | | 510 | $950.00 | $465.00 | $645.00 | $525.00 | $280.00 | $390.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Perkins Coie | Seattle, WA | | 861 | $1000.00 | $330.00 | $615.00 | $610.00 | $215.00 | $425.00 | $635.00 | $280.00 | $800.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Pillsbury Winthrop Shaw Pittman | Washington, DC | | 591 | $1070.00 | $615.00 | $865.00 | $860.00 | $375.00 | $520.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Polsinelli | Kansas City, MO | | 616 | $775.00 | $325.00 | $435.00 | $350.00 | $235.00 | $279.00 | $376.00 | $300.00 | $450.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Proskauer Rose | New York, NY | | 712 | $950.00 | $725.00 | $880.00 | $675.00 | $295.00 | $465.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Quarles & Brady | Milwaukee, WI | | 422 | $625.00 | $425.00 | $519.00 | $600.00 | $210.00 | $335.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Quinn Emanuel Urquhart & Sullivan | New York, NY | | 673 | $1075.00 | $810.00 | $915.00 | $675.00 | $320.00 | $410.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Reed Smith | Pittsburgh, PA | | 1555 | $890.00 | $605.00 | $737.00 | $530.00 | $295.00 | $420.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Richards, Layton & Finger | Wilmington, DE | | 124 | $800.00 | $600.00 | $678.00 | $465.00 | $350.00 | $414.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Riker Danzig Scherer Hyland & Perretti | Morristown, NJ | 146 | $495.00 | $430.00 | $455.00 | $295.00 | $210.00 | $250.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Robinson & Cole | Hartford, CT | 201 | $700.00 | $295.00 | $500.00 | $445.00 | $215.00 | $300.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Rutan & Tucker | Costa Mesa, CA | 147 | $675.00 | $345.00 | $490.00 | $500.00 | $230.00 | $320.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Saul Ewing | Philadelphia, PA | 240 | $875.00 | $375.00 | $546.00 | $590.00 | $225.00 | $344.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Schiff Hardin | Chicago, IL | 317 | | | | $415.00 | $250.00 | $333.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Sedgwick | San Francisco, CA | 342 | $615.00 | $305.00 | $425.00 | $475.00 | $250.00 | $325.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Seward & Kissel | New York, NY | 143 | $850.00 | $625.00 | $735.00 | $600.00 | $290.00 | $400.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Seyfarth Shaw | Chicago, IL | 779 | $860.00 | $375.00 | $610.00 | $505.00 | $225.00 | $365.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Sheppard Mullin Richter & Hampton | Los Angeles, CA | 549 | $875.00 | $490.00 | $685.00 | $535.00 | $275.00 | $415.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Shumaker Loop & Kendrick | Toledo, OH | 224 | $595.00 | $305.00 | $413.00 | $330.00 | $160.00 | $256.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved. 14

 

# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Shutts & Bowen | Miami, FL | | 230 | $660.00 | $250.00 | $430.00 | $345.00 | $195.00 | $260.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Skadden, Arps, Slate, Meagher & Flom | New York, NY | | 1664 | $1150.00 | $845.00 | $1035.00 | $845.00 | $340.00 | $620.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Snell & Wilmer | Phoenix, AZ | | 411 | $845.00 | $325.00 | $525.00 | $470.00 | $180.00 | $280.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Spilman Thomas & Battle | Charleston, WV | | 131 | | | | | | | $280.00 | $215.00 | $350.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Squire Patton Boggs | | | | $950.00 | $350.00 | $655.00 | $530.00 | $250.00 | $355.00 | | | | National Law Journal, December 2014 | Location data not available due to merger in 2014. Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Sterne, Kessler, Goldstein & Fox | Washington, DC | | 122 | $795.00 | $450.00 | $577.00 | $470.00 | $265.00 | $346.00 | $483.57 | $450.00 | $520.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Stevens & Lee | Reading, PA | | 154 | $800.00 | $525.00 | $625.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Stoel Rives | Portland, OR | | 365 | $800.00 | $300.00 | $492.00 | $465.00 | $205.00 | $287.00 | $312.00 | $280.00 | $510.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Strasburger & Price | Dallas, TX | | 217 | $690.00 | $290.00 | $435.00 | $365.00 | $210.00 | $270.00 | $475.00 | $300.00 | $690.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Stroock & Stroock & Lavan | New York, NY | | 285 | $1125.00 | $675.00 | $960.00 | $840.00 | $350.00 | $549.00 | $979.00 | $745.00 | $1095.00 | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved.


## 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| 2014 | Taft Stettinius & Hollister | Cincinnati, OH | 357 | $535.00 | $285.00 | $415.00 | $475.00 | $200.00 | $285.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | Thompson & Knight | Dallas, TX | 290 | $740.00 | $425.00 | $535.00 | $610.00 | $240.00 | $370.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Thompson Coburn | St. Louis, MO | 317 | $510.00 | $330.00 | $440.00 | $350.00 | $220.00 | $270.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Troutman Sanders | Atlanta, GA | 567 | $975.00 | $400.00 | $620.00 | $570.00 | $245.00 | $340.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Ulmer & Berne | Cleveland, OH | 178 | $415.00 | $315.00 | $380.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Varnum | Grand Rapids, MI | 133 | $465.00 | $290.00 | $390.00 | | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Venable | Washington, DC | 533 | $1075.00 | $470.00 | $660.00 | $575.00 | $295.00 | $430.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Vinson & Elkins | Houston, TX | 650 | $770.00 | $475.00 | $600.00 | $565.00 | $275.00 | $390.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Waller Lansden Dortch & Davis | Nashville, TN | 178 | $600.00 | $350.00 | $460.00 | $335.00 | $190.00 | $245.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Weil, Gotshal & Manges | New York, NY | 1157 | $1075.00 | $625.00 | $930.00 | $790.00 | $300.00 | $600.00 | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

Copyright 2014 ALM Media properties, LLC. All rights reserved.



# 2014 NLJ Billing Survey

Copyright © ALM Media Properties, LLC. All rights reserved.

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2014 | White & Case | New York, NY | 1895 | $1050.00 | $700.00 | $875.00 | $1050.00 | $220.00 | $525.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Wiley Rein | Washington, DC | 277 | $950.00 | $550.00 | $665.00 | $535.00 | $320.00 | $445.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Williams Mullen | Richmond, VA | 233 | $410.00 | $360.00 | $385.00 | $350.00 | $260.00 | $295.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Willkie Farr & Gallagher | New York, NY | 526 | $1090.00 | $790.00 | $950.00 | $790.00 | $350.00 | $580.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Wilmer Cutler Pickering Hale and Dorr | Washington, DC | 988 | $1250.00 | $735.00 | $905.00 | $695.00 | $75.00 | $290.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Winston & Strawn | Chicago, IL | 822 | $995.00 | $650.00 | $800.00 | $590.00 | $425.00 | $520.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Wolff & Samson | West Orange, NJ | 125 | $450.00 | $325.00 | $400.00 | $450.00 | $225.00 | $340.00 | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Womble Carlyle Sandridge & Rice | Winston-Salem, NC | 492 | $640.00 | $470.00 | $554.00 | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |
| 2014 | Wyatt Tarrant & Combs | Louisville, KY | 202 | $500.00 | $280.00 | $418.00 | | | | | | National Law Journal, December 2014 | Full-time equivalent (FTE) attorneys at the firm and the city of the firm's largest U.S. office as listed in the 2014 NLJ 350 report |

# 2014 Associate Class Billing Survey

Copyright 2014 ALM Media properties, LLC. All rights reserved.　　17

# CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for defendant Reckitt Benckiser LLC to the e-mail addresses denoted on the Electronic Mail Notice List, and that I have mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 14, 2021.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BLOOD HURST & O' REARDON, LLP

Case No. 3:17-cv-03529-VC

00182361