MORRISON & FOERSTER LLP
Jessica L. Grant (SBN 178138)
JGrant@mofo.com
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

VENABLE LLP
Angel A. Garganta (SBN 163957)
agarganta@venable.com
Steven E. Swaney (SBN 221437)
seswaney@venable.com
Amit Rana (SBN 291912)
arana@venable.com
Antonia I. Stabile (SBN 329559)
aistabile@venable.com
101 California Street, Suite 3800
San Francisco, CA  94111
Telephone:  415.653.3750

Attorneys for Defendant
PREMIER NUTRITION COMPANY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>Defendant. | Case No.     3:16-cv-06980-RS<br><br>**PREMIER NUTRITION'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**<br><br>Hearing Date:  October 20, 2022<br>Time:                    1:30 p.m.<br><br>Judge: Honorable Richard Seeborg<br>Location: Courtroom 3, 17th Floor<br><br>Complaint Filed:  December 5, 2016<br>Trial Date:              May 23, 2022 |

## TABLE OF CONTENTS

INTRODUCTION ..............................................................................................................................1

LEGAL STANDARD.......................................................................................................................1

ARGUMENT ...................................................................................................................................2

      I.      PLAINTIFF SHOULD NOT RECOVER DEPOSITION COSTS FOR
             *MULLINS*-SPECIFIC EXPERT DISCOVERY.......................................................2

      II.     PLAINTIFF SHOULD NOT RECOVER DEPOSITION COSTS OF CLASS
             REPRESENTATIVES OTHER THAN MS. MONTERA ..................................4

      III.    OTHER DEPOSITION COSTS SHOULD BE APPORTIONED AMONG THE
             PENDING RELATED ACTIONS.........................................................................6

PREMIER NUTRITION'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS
Case No. 3:16-cv-06980

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Air Crash Disaster at John F. Kennedy Intern. Airport on June 24, 1975*,
  687 F.2d 626 (2d Cir. 1982) ............................................................................................. 6, 7

*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*,
  2012 WL 177566 (N.D. Cal. Jan. 23, 2012) ........................................................................ 2

*EEOC v. W & O, Inc.*,
  213 F.3d 600 (11th Cir. 2000) ............................................................................................. 2

*Hynix Semiconductor Inc. v. Rambus Inc.*,
  697 F. Supp. 2d 1139 (N.D. Cal. 2010) ............................................................................... 6

*K-S-H Plastics, Inc. v. Carolite, Inc.*,
  408 F.2d 54 (9th Cir. 1969) ................................................................................................. 2

*Marmo v. Tyson Fresh Meats, Inc.*,
  457 F.3d 748 (8th Cir. 2006) ............................................................................................... 6

*Terry v. Allstate Ins. Co.*,
  2007 WL 3231716 (E.D. Cal. Nov. 1, 2007) ...................................................................... 2

*Thein v. Feather River Cmty. Coll.*,
  2013 WL 4012637 (E.D. Cal. Aug. 6, 2013) ...................................................................... 4

*TransPerfect Glob., Inc. v. MotionPoint Corp.*,
  2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) .................................................................. 1, 2

*Winter v. Novartis Pharms. Corp.*,
  739 F.3d 405 (8th Cir. 2014) ............................................................................................... 6

**Statutes**

28 U.S.C. § 1920 .......................................................................................................................... 2

Premier Nutrition Company, LLC ("Premier") respectfully submits these objections and opposition to Plaintiff's bill of costs (Dkt. No. 295).[1]

**INTRODUCTION**

Plaintiff's bill of costs, like its request for attorneys' fees and expenses, overreaches by impermissibly seeking to recover costs incurred in connection with *Mullins v. Premier Nutrition Corp.*, No. 3:13-cv-01271-RS (the "*Mullins* action"), and ten other pending related actions.[2] Most of the costs incurred in connection with these related actions have nothing to do with the instant action. For example, Plaintiff should not be permitted to recover costs related to experts not used in this action or related to class representatives from other actions (who this Court has already ruled are irrelevant to this case). Other costs relate to discovery that was shared between the *Mullins* action and the related actions. Equity, common sense, and the law dictate that those costs should be equally apportioned among the eleven cases in which they will be used, to prevent unjust enrichment to Class Counsel and avoid duplicative or inconsistent cost recovery. Accordingly, Premier respectfully requests that the Court deduct at least $82,611.20 from Plaintiff's bill of costs.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d) provides that, following entry of judgment, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he party seeking costs bears the burden of 'establish[ing] the amount of compensable costs and expenses to which it is entitled.'" *TransPerfect Glob., Inc. v. MotionPoint Corp.*, 2014 WL 1364792, at *1 (N.D. Cal. Apr. 4, 2014) (quoting *City of Alameda v. Nuveen*

---

[1] Pursuant to Local Rule 54-2(b), counsel met and conferred in an attempt to resolve the disagreements about the costs Plaintiff seeks to recover.

[2] Eight of which are pending before this Court and two of which are pending in Alameda County Superior Court. *See Caiazzo v. Premier Nutrition Corp.*, No. 3:16-cv-06685 (Florida class); *Lux v. Premier Nutrition Corp.*, No. 3:16-cv-06703 (Connecticut class); *Ravinsky v. Premier Nutrition Corp.*, No. 3:16-cv-06704 (Pennsylvania class); *Sandoval v. Premier Nutrition Corp.*, No. 3:16-cv-06708 (uncertified New Mexico class); *Dent v. Premier Nutrition Corp.*, No. 3:16-cv-06721 (Illinois class); *Simmons v. Premier Nutrition Corp.*, No. 3:16-cv-07078 (Michigan class); *Spencer v. Premier Nutrition Corp.*, No. 3:16-cv-07090 (Maryland class); *Schupp v. Premier Nutrition Corp.*, No. 3:17-cv-00054 (Massachusetts class); *Bland v. Premier Nutrition Corp.*, No. RG19002714 (California class, later class period); *Sonner v. Premier Nutrition Company, LLC*, No. RG20072126 (California class, same class period as *Mullins*).

*Mun. High Income Opportunity Fund*, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012)). The scope of taxable costs is set forth in 28 U.S.C. § 1920, and "Civil Local Rule 54-3 provides guidance regarding the taxable costs in each category allowed under section 1920." *Id.* at *2. "Courts have 'wide discretion' in determining whether and to what extent prevailing parties may be awarded costs." *Id.* (citing *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969)).

## ARGUMENT

### I.    PLAINTIFF SHOULD NOT RECOVER DEPOSITION COSTS FOR *MULLINS*-SPECIFIC EXPERT DISCOVERY

Civil Local Rule 54-3(c)(1) provides that "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose ***in connection with the case*** is allowable." (emphasis added); *see also Terry v. Allstate Ins. Co.*, 2007 WL 3231716, at *3 (E.D. Cal. Nov. 1, 2007) ("Section 1920(2) authorizes the taxation of costs for" transcripts, including deposition transcripts, where "'necessarily obtained for use in the case.'") (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). Nonetheless, Plaintiff seeks deposition costs related to expert discovery conducted in the *Mullins* action, which was not reused in this action. Plaintiff cannot recover costs that are specific to that action—particularly given that Premier was the prevailing party in *Mullins*.[3] *See Mullins*, Dkt. No. 319.

First, Plaintiff seeks to recover deposition costs for several experts who were not used or disclosed in this action ***at all***: Dr. Graboff, Dr. Silbert, Dr. Willis, and Mr. Keegan. Plaintiff cannot recover those costs here for several reasons. First, as this Court has held, Premier was the prevailing party in *Mullins*. Thus, any costs in connection with that case should be presumptively unrecoverable. As discussed further in Premier's opposition to Plaintiff's motion for attorneys' fees and expenses, Plaintiff cannot recover fees and costs related to the *Mullins* summary judgment or class certification briefing because they have nothing to do with this action. Plaintiff

---

[3] Premier's concurrently filed opposition to Plaintiff's motion for attorneys' fees contains an explanation of the complex procedural history regarding *Mullins* and the related federal actions.

therefore should not recover any costs for the following *Mullins*-specific experts:

| Deponent | Deposition Date | Amount[4] |
|----------|-----------------|-----------|
| Mark Keegan | 6/10/2015 | **$1,253.17** |
| Jeremiah E. Silbert | 7/2/2015 | **$1,124.60** |
| Lynn R. Willis | 7/10/2015 | **$1,204.56** |
| Steven R. Graboff | 7/28/2015 | **$957.63** |
| | **TOTAL:** | **$4,539.96** |

Additionally, Plaintiff seeks to recover significant costs related to the *Mullins* depositions of two experts, Colin Weir and Hal Poret, who testified in this action—but whose opinions in *Mullins* were specific to that case and were not used in *Montera*. In this action, Mr. Weir was retained by Plaintiff only to provide an opinion regarding the calculations of New York sales of Joint Juice, statutory damages, and prejudgment interest. In *Mullins*, by contrast, Mr. Weir was disclosed as a rebuttal expert to Premier's economic expert, Dr. Choi, and Mr. Weir gave much broader opinions about Dr. Choi's hedonic regression analysis, and the applicability of "full refund" damages—***none*** of which were used in this action. Mr. Weir's 2017 deposition is therefore wholly the issues in Montera and thus was not conducted "in connection with t[his] case." Civil Local Rule 54-3(c)(1).

Mr. Poret was retained in *Mullins* to conduct a nationwide survey to defeat certification of a nationwide class, and he later provided a report before trial. In the instant action, Mr. Poret conducted an entirely new survey regarding only New York consumers. Thus, like Mr. Weir's 2017 deposition, Mr. Poret's *Mullins*-related depositions are unrelated to this action.

Importantly, both Mr. Poret and Mr. Weir were deposed again in 2022 regarding their opinions in this action, and Premier does not dispute that the costs from those 2022 depositions

---

[4] The amounts in the tables herein reflect only the amount in "taxable" deposition costs Plaintiff seeks. Plaintiff has asked that the Court to award any nontaxable portion of these deposition costs in its motion for attorneys' fees. *See*, *e.g.*, Dkt. No. 296-1 at ¶ 66 (seeking $21,607.15 in nontaxable deposition costs). As discussed in Premier's opposition to that motion, any nontaxable costs should be disallowed or apportioned as well.

-3-

are recoverable here. But it is clear that *Mullins* depositions of Mr. Poret and Mr. Weir were not obtained for use in this case, so Plaintiff should not recover any of these costs:

| Deponent | Deposition Date | Amount |
|---|---|---|
| Colin Weir | 7/20/2017 | $3,193.92 (stenographic) + $1,888.00 (video) = **$5,081.92** |
| Hal Poret | 6/11/2015 | **$2,449.15** |
| Hal Poret | 7/19/2017 | **$1,970.25** |
| | TOTAL: | **$9,501.32** |

## II.    PLAINTIFF SHOULD NOT RECOVER DEPOSITION COSTS OF CLASS REPRESENTATIVES OTHER THAN MS. MONTERA

Plaintiff further seeks to recover costs for the depositions of class representatives in the related pending actions, even though those depositions were not obtained for use in this case and are irrelevant to his action. Indeed, the Court has already held that "[t]his trial concerns purported violations of New York law experienced by New York consumers. Testimony from purchasers from various other states is not relevant, and the class representatives from other Joint Juice lawsuits are therefore excluded." Dkt. No. 214 at 3. Because these class representatives were deposed in connection with their own respective cases, not this action, Plaintiff should not recover costs for these depositions here. *See*, *e.g.*, *Thein v. Feather River Cmty. Coll.*, 2013 WL 4012637, at *3 (E.D. Cal. Aug. 6, 2013) (excluding costs related to the deposition of a witness who "was deposed in connection with a completely different case"). The class representatives may seek to recover costs for their depositions in their respective cases if they prevail in those cases. But Ms. Montera—the prevailing party in this case—cannot recover them.

Accordingly, the Court should exclude all costs associated with the following depositions:

| Deponent | Deposition Date | Amount |
|---|---|---|
| Beverly Avery | 8/23/2019 | $871.25 (stenographic) + $425.00 (video) = **$1,296.25** |
| Sandra Dent | 9/17/2019 | $634.25 (stenographic) + $50.00 (video) = **$684.25** |
| Donna Lux | 9/18/2019 | $551.75 (stenographic) + $50.00 (video) = **$601.75** |
| Mary Trudeau | 9/19/2019 | $578.00 (stenographic) + $50.00 (video) = **$628.00** |
| Annette Ravinsky | 9/19/2019 | **$50.00** |
| Susan Caiazzo | 9/20/2019 | **$425.00** |
| Marilyn Spencer | 9/25/2019 | $634.25 (stenographic) + $50.00 (video) = **$684.25** |
| Patricia Bland | 5/5/2020 | $910.05 (stenographic) + $387.50 (video) = **$1,297.55** |
| Edward White | 5/6/2020 | $986.75 (stenographic) + $406.25 (video) = **$1,393.00** |
| | **TOTAL:** | **$7,060.05** |

Further, Plaintiff should not recover the deposition costs for Eric Fishon, the former class representative in this action who Plaintiff's counsel petitioned the Court to remove. Accordingly, the Court should exclude the costs associated with Mr. Fishon's deposition:

| Deponent | Deposition Date | Amount |
|---|---|---|
| Eric Fishon | 8/21/2019 | **$1,384.66** |

### III.   OTHER DEPOSITION COSTS SHOULD BE APPORTIONED AMONG THE PENDING RELATED ACTIONS

Many of the other deposition costs Plaintiff seeks must be apportioned among all the related actions. "Where litigation costs are incurred in connection with more than one proceeding, the district court should allocate the costs." *Winter v. Novartis Pharms. Corp.*, 739 F.3d 405, 411-12 (8th Cir. 2014). "[T]he court has broad discretion in determining whether, and on what conditions, to apportion costs." *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1143 (N.D. Cal. 2010); *Winter*, 739 F.3d at 412 (apportionment proper when several cases are consolidated for discovery but tried separately); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763-64 (8th Cir. 2006) (same).

*Marmo* is analogous and instructive. There, as here, several cases were "consolidated for discovery and pretrial purposes . . . but each case [was] to be tried individually." 457 F.3d at 753. The first case proceeded to trial, and the jury returned a verdict for the plaintiff. *Id.* at 755. Plaintiff then sought various costs, including $129,914.47 in "exemplification and photocopy costs." *Id.* at763. "Because this case was one of thirteen consolidated for pretrial purposes, the district court apportioned these costs among the thirteen cases," reasoning that these materials would "be useful in the other twelve cases." *Id.* The Eighth Circuit held that this apportionment was "equitable," reasoning that the "plaintiffs in each of these cases have incurred costs, and the district court may not award Marmo costs for expenses that other plaintiffs incurred. Moreover, the apportionment reduced the risk of duplicative cost recovery." *Id.* at 764.

Similarly, in *Winter*, the Eighth Circuit reversed the district court and held that it is an abuse of discretion to "award[] the plaintiff full costs for litigation-wide depositions," in a MDL matter where the expenses incurred would benefit the other cases. 739 F.3d at 412.

The Second Circuit has also found error when expenses are not apportioned among plaintiffs. In *In re Air Crash Disaster at John F. Kennedy Intern. Airport on June 24, 1975*, 687 F.2d 626 (2d Cir. 1982), the court considered a cost award to both settling and non-settling groups of plaintiffs. The Second Circuit held that the district court erred in failing to apportion the cost

award, expressing concern that parties would receive more than their fair share of recoverable costs:

> If none of the plaintiffs had settled, each would be entitled to recover and receive payments of those allowable expenses incurred on his or her behalf, which would be a proportionate share of all expenses incurred generally on behalf of all plaintiffs plus any allowable expenses incurred specially for him alone. To award one plaintiff costs incurred on behalf of another runs counter to the cost-taxing provisions of the Federal Rules of Civil Procedure and of the U.S. Code, which are designed to reimburse a party for specified expenses incurred in successfully litigating a claim, not to punish the unsuccessful party or to award a bonanza to the winner. A district judge has wide discretion to determining whether a prevailing party should or should not be compensated for some or all of the allowable expenses it has incurred. But the judge does not have discretion to award a party costs for expenses that have been incurred on behalf of another party.

*Id.* at 629-30. Thus, the court concluded that the non-settling plaintiffs were "entitled only to their proportionate share of allowable expenses incurred on behalf of all plaintiffs. . . . That the same total costs incurred for all probably would have been incurred if only one plaintiff had gone to trial[,] and that the consolidation of these cases saved the parties and the court time and money[,] are irrelevant." *Id.* at 630.

The same logic must apply here. The vast majority of depositions for which Plaintiff seeks to recover costs are depositions to be used throughout all the related cases. The fact that Plaintiff and her counsel agreed to share this discovery across the related actions weighs heavily in favor of apportionment across those actions. *See* Dkt. No. 28, Joint Stipulation and Proposed Order Governing the Use of *Mullins* Discovery in Related Actions (defining "*Mullins* Discovery" as Premier's production of "thousands of pages of documents" and "deponents pursuant to Fed. R. Civ. P. 30(b)(1) and 30(b)(6)").

Consequently, to the extent Plaintiff seeks to recover costs related to fact depositions of Premier's officers and employees from the *Mullins* action, those costs must be apportioned among the eleven pending related actions:

-7-

| Deponent | Deposition Date | Taxable Deposition Cost Sought | Apportioned Cost |
|---|---|---|---|
| David Ritterbush | 6/6/2014 | $2,648.30 | $240.75 |
| Katrina Taft | 6/12/2014 | $1,602.85 | $145.71 |
| Kevin R. Stone | 6/26/2014 | $2,471.35 | $224.67 |
| Darcy Horn Davenport | 7/25/2014 | $2,768.10 | $251.65 |
| Lance Palumbo, Volume I | 11/18/2014 | $2,595.15 | $235.92 |
| Lance Palumbo, Volume II | 11/19/2014 | $2,349.90 | $213.63 |
| Stewart Irving | 12/5/2014 | $1,866.90 | $169.72 |
| Lance Palumbo, Volume III | 12/9/2014 | $2,479.35 | $225.40 |
| | **TOTAL:** | **$18,781.90** | **$1,707.45** |

Plaintiff also seeks to recover the full costs of the fact depositions of Premier's officers and employees taken in 2020 and early 2021. However, those depositions were noticed and taken in connection with all the related pending actions. The testimony of Premier's officers and employees is relevant to and will be used in all these actions. Accordingly, those costs must also be apportioned among the eleven pending related actions:

| Deponent | Deposition Date | Taxable Deposition Cost Sought | Apportioned Cost |
|---|---|---|---|
| Darcy Horn Davenport | 1/9/2020 | $2,178.75 (stenographic) + $1,878.75 (video) = **$4,057.50** | **$368.86** |
| Nicholas Stiritz | 1/16/2020 | $1,715.70 (stenographic) + $1,751.25 (video) = **$3,466.95** | **$315.18** |
| Douglas Cornille | 1/31/2020 | $1,472.40 (stenographic) + $850.50 (video) = **$2,342.90** | **$212.99** |
| Donna Imes | 2/13/2020 | $1,284.55 (stenographic) + $947.75 (video) = **$2,232.30** | **$202.94** |

| Kevin R. Stone | 2/16/2022 | **$2,454.95** | **$223.18** |
|---|---|---|---|
| | **TOTAL:** | **$14,554.60** | **$1,323.15** |

Finally, Plaintiff seeks to recover the full costs of expert depositions taken throughout the litigation for experts whose opinions and testimony is and will be applicable to all actions. For example, the scientific experts—Dr. Silverman, Dr. McAlindon, Dr. Grande, and Dr. Guilak—provided opinions and testimony regarding the efficacy of the ingredients in Joint Juice. These opinions are relevant and will be used in all related actions.[5] Premier's economic expert, Dr. Choi provided testimony regarding his hedonic regression analysis and the appropriateness of Plaintiff's full refund method of damages and similarly is applicable to all actions, as all plaintiffs seek full refunds. Further, the parties' marketing experts—Dr. Steckel and Dr. Rucker—opined regarding Premier's alleged marketing strategy and marketing documents, which Plaintiff's counsel seeks to use across all actions. Premier disagrees that internal marketing strategy is relevant to any action, but regardless, these experts were retained for the benefit of all related actions. Finally, Plaintiff's consumer perception expert, Dr. Dennis, conducted a nationwide survey, which can be re-used in all the related actions. Accordingly, those costs must also be apportioned among the eleven pending related actions[6]:

| **Deponent** | **Deposition Date** | **Taxable Deposition Cost Sought** | **Apportioned Cost** |
|---|---|---|---|
| Stuart L. Silverman | 6/29/2017 | **$513.50** | **$46.68** |
| William S. Choi | 7/7/2017 | **$2,493.15** | **$226.65** |
| Stuart L. Silverman | 7/12/2017 | **$3,012.20** | **$273.84** |

[5] Indeed, the parties relied on both the *Mullins* depositions and the *Montera* depositions of Dr. Silverman, Dr. McAlindon, and Dr. Grande in the briefing on the parties' motions to exclude those experts.

[6] Premier does not dispute that Plaintiff may recover the full taxable costs for the 2022 depositions of Colin Weir and Mr. Poret. Mr. Weir's opinions in this action were specific to New York sales of Joint Juice, and Mr. Poret surveyed only New York consumers.

-9-

| Timothy McAlindon | 7/14/2017 | $1,982.18 (stenographic) + $1,257.50 (video) = **$3,239.68** | **$294.52** |
|---|---|---|---|
| Daniel A. Grande | 8/16/2017 | **$2,407.05** | **$218.82** |
| William S. Choi | 2/23/2022 | $2,380.65 (stenographic) + $1,463.00 (video) = **$3,843.65** | **$349.42** |
| Daniel A. Grande | 2/24/2022 | $1,955.65 (stenographic) + $2,117.00 (video) = **$4,072.65** | **$370.24** |
| Stuart L. Silverman | 3/4/2022 | $2,081.35 (stenographic) + $1,845.00 (video) = **$3,926.35** | **$356.94** |
| Joel Steckel | 3/7/2022 | $976.75 (stenographic) + $1,031.00 (video) = **$2,007.75** | **$182.52** |
| Farshid Guilak | 3/7/2022 | $1,023.60 (stenographic) + $50.00 (video) = **$1,073.60** | **$97.60** |
| Timothy McAlindon | 3/8/2022 | $1,934.75 (stenographic) + $925.00 (video) = **$2,859.75** | **$259.98** |
| Derek D. Rucker | 3/9/2022 | $1,190.40 (stenographic) + $550.00 (video) = **$1,740.40** | **$158.22** |
| J. Michael Dennis | 3/10/2022 | $1,061.50 (stenographic) $550.00 (video) = **$1,611.50** | **$146.50** |
| | **TOTAL:** | **$32,801.23** | **$2,981.93** |

Plaintiff should not benefit from more than her fair share of recoverable costs merely because this case was tried first. All the above depositions occurred during consolidated discovery and will be used in the ten remaining cases to be tried. These expenses were incurred

for the progression of all the pending cases, not just Ms. Montera's case. Thus, if Class Counsel receives the full cost for these depositions, they will be unjustly enriched. Further, if these costs are not apportioned, there is significant risk of duplicative or inconsistent recovery. For example, if Premier is successful in *Bland*, which is set to be tried in June 2023, Premier will be entitled to seek costs from the losing plaintiffs. If each individual case in these eleven related actions brought with it a full cost award to the prevailing party, whomever that might be, the end result will be inconsistent and unjust.

Accordingly, the above-described costs incurred for the benefit of all eleven pending related actions should not be awarded in full to Plaintiff and her counsel now. If the Court finds that any of these costs are recoverable in this action, Plaintiff should be awarded only her share: 1/11th of the total cost.

In sum, Plaintiff requested $93,475.52 in deposition-related costs in her bill of costs. As discussed above, at least $22,485.99 should be deducted from that amount as nonrecoverable in this action. The $66,137.73 Plaintiff seeks related to depositions that apply to all related actions should be reduced to at most $6,012.52, by apportioning those deposition costs among the eleven related cases. Thus, the total amount of deposition costs to be taxed should not exceed $10,864.32.

## CONCLUSION

For the foregoing reasons, Premier respectfully requests that the Court deduct at least $82,611.20 from Plaintiff's bill of costs, and that the Court tax deposition costs in an amount not to exceed $10,864.32.

Dated:  September 16, 2022

VENABLE LLP

By: */s/ Steven E. Swaney*
      STEVEN E. SWANEY

MORRISON & FOERSTER LLP
Jessica L. Grant

Attorneys for Defendant
PREMIER NUTRITION COMPANY, LLC