BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:16-CV-06980 RS<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S BILL OF COSTS**<br><br>**DATE:** **October 20, 2022**<br>**TIME:** **1:30 p.m.**<br><br><u>**CLASS ACTION**</u><br><br>Judge:  Honorable Richard Seeborg<br>Courtroom:  Courtroom 3, 17th Floor<br><br>Complaint Filed:  December 5, 2016<br>Trial Date:  May 23, 2022 |

BLOOD HURST & O' REARDON, LLP

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................................1

II. RELEVANT LEGAL STANDARDS ..................................................................................2

III. ARGUMENT ...........................................................................................................................2

    A. Plaintiff Excluded *Mullins*-Only Expert Deposition Costs ........................................2

    B. Named Plaintiff Deposition Costs Are Recoverable ...................................................7

    C. As the Prevailing Party, Plaintiff Is Entitled to the Statutory Deposition Costs – Not 1/11th Those Costs ............................................................................................9

IV. CONCLUSION .......................................................................................................................12

BLOOD HURST & O' REARDON, LLP

00194819

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*,
  687 F.2d 626 (2d Cir. 1982) ...................................................................................... 11

*Asyst Techs. v. Emtrak Inc.*,
  No. C 98-20451 JF (HRL), 2009 U.S. Dist. LEXIS 23834
  (N.D. Cal. Mar. 13, 2009) .......................................................................................... 6

*Atwood v. Or. DOT*,
  No. CV-06-1726-ST, 2008 U.S. Dist. LEXIS 138624
  (D. Or. July 8, 2008) .................................................................................................. 6

*Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*,
  No. 2:16-cv-02367-ODW-FFM, 2018 U.S. Dist. LEXIS 29009
  (C.D. Cal. Feb. 14, 2018) ........................................................................................... 2

*Crane-McNab v. Cnty. of Merced*,
  No. 1:08-1218 WBS SMS, 2011 U.S. Dist. LEXIS 25544
  (E.D. Cal. Feb. 28, 2011) ........................................................................................... 6

*Davis v. Williams*,
  No. CV 508-041, 2010 U.S. Dist. LEXIS 47703
  (N.D. Ga. May 13, 2010) ........................................................................................ 5, 7

*F.B.T. Prods., LLC v. Aftermath Records*,
  No. CV 07-3314 PSG (MANx), 2009 U.S. Dist. LEXIS 134998
  (C.D. Cal. June 25, 2009).......................................................................................... 8

*Fernandez v. Elder Care Option, Inc.*,
  No. 03-21998-CIV-LENARD-KLEIN, 2006 U.S. Dist. LEXIS 103942
  (S.D. Fla. June 8, 2006)............................................................................................. 8

*Fishon v. Premier Nutrition Corp.*,
  No. 16-cv-06980-RS, 2022 U.S. Dist. LEXIS 58655
  (N.D. Cal. Mar. 30, 2022) ..................................................................................... 3, 4

*Glenayre Elecs., Inc. v. Jackson*,
  No. 02 C 0256, 2003 U.S. Dist. LEXIS 14046
  (N.D. Ill. Aug. 8, 2003) ............................................................................................. 5

*Gustave v. Sbe Ent Holdings*,
  No. 19-23961-Civ-SCOLA/TORRES, 2021 U.S. Dist. LEXIS 173711
  (S.D. Fla. Sept. 10, 2021)......................................................................................... 12

BLOOD HURST & O' REARDON, LLP

BLOOD HURST & O' REARDON, LLP

*Haldeman v. Golden*,
No. 05-00810 DAE-KSC, 2010 U.S. Dist. LEXIS 54111
(D. Haw. May 28, 2010) ........................................................................................... 7

*Hynix Semiconductor Inc. v. Rambus Inc.*,
697 F. Supp. 2d 1139 (N.D. Cal. 2010) ................................................................. 11

*Indep. Iron Works, Inc. v. U.S. Steel Corp.*,
322 F.2d 656 (9th Cir. 1963) ..................................................................................... 5

*Kilopass Tech. Inc. v. Sidense Corp.*,
No. C 10-02066 SI, 2013 U.S. Dist. LEXIS 31945
(N.D. Cal. Mar. 6, 2013) ......................................................................................... 11

*Estate of Le Blanc v. City of Lindsay*,
No. CV-F-04-5971-DLB, 2007 U.S. Dist. LEXIS 76428
(E.D. Cal. Sept. 28, 2007) ......................................................................................... 6

*Marmo v. Tyson Fresh Meats*,
Case No. 8:00-cv-00527-LSC-FG3 (D. Neb.) ....................................................... 11

*Marmo v. Tyson Fresh Meats, Inc.*,
457 F.3d 748 (8th Cir. 2006) ................................................................................... 11

*Mendoza v. Lithia Motors, Inc.*,
No. 6:16-CV-01264-AA, 2021 U.S. Dist. LEXIS 19664
(D. Or. Feb. 2, 2021) ................................................................................................. 6

*Montera v. Premier Nutrition Corp.*,
No. 16-cv-06980-RS, 2022 U.S. Dist. LEXIS 75843
(N.D. Cal. Apr. 26, 2022).................................................................................*passim*

*Most v. Am. Fed'n of Musicians of the U.S.*,
7 Fed. Appx. 551 (9th Cir. 2001) .............................................................................. 7

*Mullins v. Premier Nutrition Corp.*,
No. 13-cv-01271-RS, 178 F. Supp. 3d 867
(N.D. Cal. 2016) ............................................................................................ 1, 2, 3, 4

*Mullins v. Premier Nutrition Corp.*,
No. 13-cv-01271-RS, 2016 U.S. Dist. LEXIS 51140
(N.D. Cal. Apr. 15, 2016)........................................................................................... 4

*Mullins v. Premier Nutrition Corp.*,
No. 13-cv-01271-RS, 2019 U.S. Dist. LEXIS 153698
(N.D. Cal. Aug. 29, 2019) ......................................................................................... 3

*Mullins v. Premier Nutrition Corp.*,
No. 13-cv-01271-RS, 2019 U.S. Dist. LEXIS 229365
(N.D. Cal. Dec. 17, 2019) .......................................................................................... 3

00194819

*Phathong v. TESCO Corp. (US)*,
 No. 10-cv-00780-WJM-MJW, 2012 U.S. Dist. LEXIS 142973
 (D. Colo. Oct. 3, 2012) ............................................................................................ 9, 10

*Robinson v. Kia Motors Am., Inc.*,
 No. 2:10-cv-03187-SOM, 2016 U.S. Dist. LEXIS 114272
 (E.D. Cal. Aug. 25, 2016) ............................................................................................. 5, 6

*Save Our Valley v. Sound Transit*,
 335 F.3d 932 (9th Cir. 2003) .......................................................................................... 2

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
 334 F.R.D. 443 (D. Kan. 2019) ....................................................................................... 7

*Surface v. Commerce Bank of Hutchinson*,
 No. 85-4092-R, 1990 U.S. Dist. LEXIS 11638
 (D. Kan. Aug. 17, 1990) ................................................................................................. 5

*Thein v. Feather River Community College*,
 No. 2:06-CV-1777 KJM GGH, 2013 U.S. Dist. LEXIS 110690
 (E.D. Cal. Aug. 6, 2013) ................................................................................................. 8

*U.S. EEOC v. W&O Inc.*,
 213 F.3d 600 (11th Cir. 2000) ........................................................................................ 9

*Weco Supply Co. v. Sherwin-Williams Co.*,
 No. 1:10-CV-00171 AWI BAM, 2013 U.S. Dist. LEXIS 1572
 (E.D. Cal. Jan. 2, 2013) .................................................................................................. 7

*Winter v. Novartis Pharms. Corp.*,
 739 F.3d 405 (8th Cir. 2014) .......................................................................................... 11

**Statutes**

28 U.S.C.
 § 1920 .................................................................................................................... 1, 2, 7, 11
 § 1920(2) ...................................................................................................................... 2, 12

**Rules**

Civil L.R.
 54-3 ................................................................................................................................... 2
 54-3(c)(1) ................................................................................................................. 2, 8, 12

Fed. R. Civ. Proc. 26 ...................................................................................................... 3

BLOOD HURST & O' REARDON, LLP

iv                                  Case No. 3:16-cv-06980-RS

00194819

## I.   INTRODUCTION

Plaintiff seeks $132,096.80 in taxable costs. Premier does not oppose taxation of filing fees ($400), reporters' transcripts ($34,117.70), trial exhibits ($3,760.97) or visual aids ($342.60), which total $38,621.27.

Instead, the opposition is limited to certain deposition costs. Premier does not dispute that Plaintiff can generally recover deposition costs. Instead, it agrees to pay just $10,864.32 of the $93,475.52 of deposition costs sought, asserting that only those taken specifically in *Montera* are recoverable even if they were used in *Montera*. This ignores that *Montera* was the bellwether trial for the related actions, that by agreement of the parties the discovery taken in any one action was to be used in all actions, including *Montera*, and each of the deposition costs sought were for depositions in connection with *Montera*. These depositions were used in motion practice, in trial, or both. Meanwhile, Plaintiff excluded deposition costs not related to or used in *Montera*.

Premier makes three arguments. First, that Plaintiff should not recover *Mullins*-specific expert deposition costs. As explained below, Plaintiff does not do so.

Second, Premier argues that Plaintiff cannot recover the deposition costs for the named plaintiffs other than Ms. Montera because the Court did not permit the other plaintiffs to testify at trial. Testifying at trial is not the standard. Under both the district's Civil Local Rules and 28 U.S.C. § 1920, the standard is far more permissive. The depositions were used in *Montera* in connection with motion practice and were cited by Plaintiff and the Court in connection with motion practice in *Montera*. Under the correct standard, this is sufficient.

Third, Premier argues for an apportionment theory. According to Premier, because there are eleven related actions, "equity" requires awarding Plaintiff just 1/11th the requested costs for all the remaining depositions. An apportionment approach is used, if at all, in multiple defendant lawsuits involving partial victories on some claims against certain defendants, and often where the actions are pending before many different judges. None of these circumstances exist here. Tellingly, when Premier obtained a judgment in the related *Mullins* matter, Premier did not limit its request for costs to 1/11th of the costs it sought against Mr. Mullins. Of course not. It sought all the costs even though

BLOOD HURST & O' REARDON, LLP

some of them were costs common to all the related actions. Under 28 U.S.C. § 1920 and Civil Local Rule 54-3, Plaintiff is entitled to the full amount of disputed deposition costs as the prevailing party.

The bill of costs should be entered in the requested amount.

## II.   RELEVANT LEGAL STANDARDS

There is a "strong presumption in favor of awarding costs to the prevailing party." *Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*, 2018 U.S. Dist. LEXIS 29009, at \*15 (C.D. Cal. Feb. 14, 2018) (citing *Save Our Valley v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003)). "[T]he district court needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." *Save Our Valley*, 335 F.3d at 946.

## III.   ARGUMENT

Civil Local Rule 54-3(c)(1) provides that "the cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." Likewise, 28 U.S.C. § 1920(2) permits recovery of deposition "transcripts necessarily obtained for use in the case." Given these rules and the parties' discovery sharing agreement and reliance on common briefing and orders in these related actions, Plaintiff sought taxation of the depositions costs for experts used or relied on in connection with *Montera*. As demonstrated below, Plaintiff's straightforward logic was employed consistently and adheres to Section 1920 and the Civil Local Rules. Premier tries to pick around the edges using inconsistent arguments, none of which are grounded in applicable authority.

### A.   Plaintiff Excluded *Mullins*-Only Expert Deposition Costs

Premier's first argument is that Plaintiff cannot recover costs for depositions of experts that only benefitted the *Mullins* action. Plaintiff does not seek such costs.

**Wallace, Maronick and Lippiello:** To illustrate the expert deposition costs Plaintiff does not seek, Plaintiff directs the Court to Robert Wallace, Dr. Thomas Maronick, and Dr. Louis Lippiello.

Plaintiff retained two experts in connection with *Mullins* that provided only *Mullins*-specific testimony. Robert Wallace testified about the retail sales of Joint Juice in California. Dr. Thomas

BLOOD HURST & O' REARDON, LLP

00194819

BLOOD HURST & O' REARDON, LLP

Maronick about advertising and marketing issues. Because Mr. Wallace and Dr. Maronick only provided *Mullins*-specific testimony and their opinions have not been used or relied on in *Montera*, Plaintiff did not seek costs for their depositions (or any other costs associated with them).

Premier also retained Dr. Louis Lippiello, who like Dr. Maronick, only provided a Rule 26 report in connection with the *Mullins* trial. Similarly, Plaintiff's Counsel deposed Dr. Lippiello in 2017, but is not seeking those deposition costs because Dr. Lippiello was used only in connection with the *Mullins* trial.

**Silbert, Graboff, Willis and Keegan:** Plaintiff seeks only a portion of the deposition costs associated with two of her previous experts: Drs. Silbert and Graboff. Drs. Silbert and Graboff were first deposed in connection with declarations they provided in support of class certification and in opposition to summary judgment. The Court cited these depositions in its decisions on these motions. *See Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 886-87, 893, 895-98 (N.D. Cal. 2016) (discussing Silbert); *id.* at 885, 893 (discussing Graboff). The decisions on both motions have been cited extensively in *Montera*. *See Montera v. Premier Nutrition Corp.*, 2022 U.S. Dist. LEXIS 75843, at *39 (N.D. Cal. Apr. 26, 2022) (order denying decertification relying on *Mullins* class certification order and summary judgment order); *Mullins v. Premier Nutrition Corp.*, 2019 U.S. Dist. LEXIS 229365, at *3 (N.D. Cal. Dec. 17, 2019) (related actions class certification order relying on *Mullins* class certification order); *Fishon v. Premier Nutrition Corp.*, 2022 U.S. Dist. LEXIS 58655, at *8 n.2 (N.D. Cal. Mar. 30, 2022) (order granting motion for leave to file second amended complaint relying on *Mullins* class certification order); *Mullins v. Premier Nutrition Corp.*, 2019 U.S. Dist. LEXIS 153698, at *6, 12 (N.D. Cal. Aug. 29, 2019) (order denying motion on the pleadings in the related actions relying on the *Mullins* summary judgment order). Accordingly, those deposition costs are taxable.[1]

---

[1] Drs. Silbert and Graboff were deposed for a second time with their subsequent Rule 26 merits reports in *Mullins*. These depositions were only ever used in connection with the anticipated *Mullins* trial and these experts were not designated in *Montera*. Accordingly, Plaintiff's Counsel does *not* seek taxation of those costs.

00194819

Dr. Willis and Mr. Keegan also were deposed in connection with their declarations submitted in support of class certification and in opposition to summary judgment. Plaintiff cited and the Court relied on the opinions they gave in connection with these motions. *See Mullins*, 178 F. Supp. at 879-92 (discussing Keegan); *id.* at 883-86, 895 (discussing Willis); *Mullins v. Premier Nutrition Corp.*, 2016 U.S. Dist. LEXIS 51140, at *9 (N.D. Cal. Apr. 15, 2016) (discussing Keegan). These opinions also have been used and relied on extensively in *Montera*. *See Mullins*, *Montera*, and *Fishon* citations in the paragraph above. Accordingly, these related deposition costs are taxable.

**Weir and Poret:** Premier argues that Plaintiff cannot recover costs relating to the 2015 and 2017 depositions of Colin Weir or Hal Poret. Opp. at 3-4. Both experts testified at trial in *Montera*. Mr. Weir was deposed in 2017 and 2022. Mr. Poret was deposed in 2015, 2017, and 2022. Premier does not challenge reimbursement of Mr. Weir or Mr. Poret's 2022 deposition costs.

| Table 1 | | | |
|---|---|---|---|
| **Deponent** | **Deposition Date** | **Premier's Position** | **Taxable Cost[2]** |
| Hal Poret | 6/11/15 | $0 | **$2,449.15** (stenographic + video) |
| Hal Poret | 7/19/17 | $0 | **$1,970.25** (stenographic + video) |
| Hal Poret | 3/2/22 | Yes, taxable in full. *See* Opp. at 9 n.6. | $2,102.95 (stenographic) + $1,475.00 (video) = **$3,577.95** |
| Colin Weir | 7/20/17 | $0 | $3,193.92 (stenographic) + $1,888.00 (video) = **$5,081.92** |
| Colin Weir | 3/11/22 | Yes, taxable in full. *See* Opp. at 9 n.6. | $798.85 (stenographic) + $425.00 (video) = **$1,223.85** |

In opposing taxation of the 2015 and 2017 Poret deposition costs, Premier argues that Mr. Poret "conducted an entirely new survey regarding New York consumers" for *Montera*. Opp. at 3. Premier's argument is highly misleading. Mr. Poret's 2022 report about this supposedly new survey states, "The survey herein is methodologically the same as the [first] survey I conducted in connection with the Mullins matter…" *See* ECF No. 120-2 (Poret Report) at 3 n.1. The only

---

[2]    These amounts are the taxable amounts sought. These depositions also include non-taxable costs that Plaintiff seeks in connection with her fee and expense motion.

BLOOD HURST & O' REARDON, LLP

00194819

significant difference between the two surveys is that the second one surveyed only New York residents. However, the failings with Poret's study is not with the numbers it generated, but with the methodology, structure and questions asked in the surveys, which were identical. Mr. Poret's analysis did not differ. Accordingly, Mr. Poret's 2015 and 2017 depositions covered most of the necessary topics that arose with his 2022 report and survey and the testimony from those earlier depositions were essential to preparing for and examining him at trial.

To avoid reploughing the same 2015 and 2017 deposition topics, Plaintiff's Counsel confirmed with Mr. Poret that he used the same methodology and if so, whether his testimony about methodology and his analysis given in 2015 and 2017 was the same with respect to the 2022 survey. Mr. Poret confirmed that it was. O'Reardon Reply Decl., Ex. 1 (3/22/22 Poret Depo.) at 15:21-18:7;[3] *see also Surface v. Commerce Bank of Hutchinson*, 1990 U.S. Dist. LEXIS 11638, at *17 (D. Kan. Aug. 17, 1990) (allowing costs for depositions and testimony in other cases involving the same parties and issues; noting that obtaining such transcripts "was entirely proper and probably was less expensive than the taking of new depositions"); *Glenayre Elecs., Inc. v. Jackson*, 2003 U.S. Dist. LEXIS 14046, at *8 (N.D. Ill. Aug. 8, 2003) ("A party may recover costs for deposition transcripts even where that deposition was taken for a different case.") (collecting cases).

Because the surveys were the same, Plaintiff's Counsel used these earlier depositions to prepare the cross examination and, if necessary, to impeach Mr. Poret at trial using them. O'Reardon Reply Decl., ¶ 3. Deposition costs are taxable if the deposition is anticipated to be used as impeachment at trial. *See Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 679 (9th Cir. 1963) ("[T]he possibility that the deposition would be used to impeach the party created a reasonable necessity for his purchase of a copy in order to hold the impeachment within proper limits."); *Davis v. Williams*, 2010 U.S. Dist. LEXIS 47703, at *5-6 (N.D. Ga. May 13, 2010) (taxing deposition costs where it was "likely that Defendants obtained a copy of the deposition transcript for impeachment purposes"); *Robinson v. Kia Motors Am., Inc.*, 2016 U.S. Dist. LEXIS 114272, at *7 (E.D. Cal. Aug. 25, 2016) (deposition costs appropriately awarded in anticipation of impeachment during trial);

---

[3]    "O'Reardon Reply Decl." refers to the concurrently submitted Declaration of Thomas J. O'Reardon II in support of this reply.

BLOOD HURST & O' REARDON, LLP

*Atwood v. Or. DOT*, 2008 U.S. Dist. LEXIS 138624, at *5-6 (D. Or. July 8, 2008) (same and citing *Independent Iron Works*).

Depositions transcript costs are recoverable if they "were used in support of" motion practice. *See Atwood*, 2008 U.S. Dist. LEXIS 138624, at *6 (deposition costs were taxable because the). This testimony was used and relied on extensively throughout this litigation. *See*, *e.g.*, ECF No. 224 at 8 (Plaintiff's Motion in Limine citing 2015 and 2017 deposition transcripts); ECF No. 184 at 8 (Plaintiff's Opposition to Motion to Exclude citing 2015 deposition transcript); ECF No. 183 at 3 (Plaintiff's Motion to Exclude citing 2015 and 2017 deposition transcripts); ECF No. 162 at 5, 9, 15 (Plaintiff's decertification opposition citing 2017 deposition transcript); ECF No. 147 at 8 (Plaintiff's Opposition to Motion to Exclude citing 2015 deposition).

As the basis for opposing taxation of the 2017 Weir deposition costs, Premier argues that in 2017 Mr. Weir "gave much broader opinions about Dr. Choi's hedonic regression analysis, and the applicability of 'full refund' damages—none of which were used in this action." Opp. at 3. First, Weir provided testimony in *Montera* as to what a full refund would be. Second, it was Weir's 2017 rebuttal report and corresponding deposition critiquing Dr. Choi's hedonic regression that eliminated the need for Weir to provide expert rebuttal testimony in *Montera*. These materials were used to highlight Dr. Choi's flawed expert opinions when he was deposed again in 2022 because Dr. Choi never changed his approach.[4] Armed with the Weir materials, Dr. Choi was forced to concede numerous points at his 2022 deposition. This led to the ineffective direct testimony the jury rejected and hurtful cross examination testimony at trial. *See also Crane-McNab v. Cnty. of Merced*, 2011

---

[4] Additionally, Mr. Weir's 2017 deposition transcript would have been obtained anyway for the *Montera* trial. *See Robinson*, 2016 U.S. Dist. LEXIS 114272, at *6 ("The cost of a deposition not used at trial still may be recovered if taking the deposition was reasonable as part of the pretrial preparation of the case …") (citation omitted); *Estate of Le Blanc v. City of Lindsay*, 2007 U.S. Dist. LEXIS 76428, at *7 (E.D. Cal. Sept. 28, 2007) ("depositions were 'reasonably necessary' for defendant's trial preparation"); *Asyst Techs. v. Emtrak Inc.*, 2009 U.S. Dist. LEXIS 23834, at *8 (N.D. Cal. Mar. 13, 2009) ("stenographic and video deposition copies were necessary in this case, as both types of copies were used extensively during trial preparation"); *Mendoza v. Lithia Motors, Inc.*, 2021 U.S. Dist. LEXIS 19664, at *5 (D. Or. Feb. 2, 2021) ("Deposition transcripts are necessarily obtained under § 1920(2) if the depositions … was reasonable as part of pretrial preparation[.]").

BLOOD HURST & O' REARDON, LLP

00194819

U.S. Dist. LEXIS 25544, at *5 (E.D. Cal. Feb. 28, 2011) ("Since plaintiffs could have used the depositions to impeach those witnesses at trial, it was reasonably necessary for defendant to obtain a copy of the transcripts.").

Accordingly, the full amount of these deposition costs should be taxed in the amount of $18,843.08.[5]

## B.    Named Plaintiff Deposition Costs Are Recoverable

Premier next argues the deposition costs of named plaintiffs other than Ms. Montera are not recoverable. Opp. at 4. Nothing in 28 U.S.C. § 1920 requires that the deposition from which the transcript is made be taken in the case, although here the cases are related, and the parties expressly agreed all discovery could be used in *Montera* as if taken in *Montera*. "The operative statute does not require that the transcripts be for proceedings in the instant case; rather, it requires only that they be 'necessarily obtained for use' in the instant case." *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 334 F.R.D. 443, 447 (D. Kan. 2019) (quoting 28 U.S.C. § 1920(2)); *see also Davis*, 2010 U.S. Dist. LEXIS 47703, at *5 ("Nothing in 28 U.S.C. § 1920, however, requires 'that the deposition from which the transcript is made be taken in the case'") (citation omitted).

Here, Premier bears the burden of showing that the cost of a deposition transcript was not necessary for use in the case. *Most v. Am. Fed'n of Musicians of the U.S.*, 7 Fed. Appx. 551, 553 (9th Cir. 2001) (The "burden is on the party opposing costs to demonstrate 'impropriety on the part of the prevailing party that would justify a denial of costs[.]'") (quoting *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997)); *Weco Supply Co. v. Sherwin-Williams Co.*, 2013 U.S. Dist. LEXIS 1572, at *11 (E.D. Cal. Jan. 2, 2013) ("The strong presumption in favor of awarding costs enumerated in 28 U.S.C. § 1920 effectively places the burden on the losing party to establish proper grounds for denying statutorily authorized costs."); *Haldeman v. Golden*, 2010 U.S. Dist. LEXIS

---

[5]    This total amount consists of the taxable costs identified in Table 1 plus the taxable costs portion of the following depositions discussed in this section: $1,253.17 (Mr. Keegan, June 10, 2015), $1,124.60 (Dr. Silbert, July 2, 2015), $1,204.56 (Dr. Willis, July 10, 2015), and $957.63 (Dr. Graboff, July 28, 2015).

54111, at *21 (D. Haw. May 28, 2010) ("[T]he non-prevailing party should carry the burden to explain why the court should not grant deposition costs."). Premier fails to meet its burden.

Premier argues that since the other named plaintiffs were not permitted to testify at the *Montera* trial, their testimony was irrelevant and not taxable. Again, testifying at trial is not the standard. The appropriate question is whether the testimony had "any purpose" in the litigation. Civ. LR 54-3(c)(1). Here they did. The named plaintiffs' testimony has been used throughout the litigation, including by Plaintiff and the Court in connection with the motion for leave to substitute Ms. Montera as the Class Representative. *Montera*, ECF No. 134 at 5-6. That the Court did not permit these plaintiffs to testify at trial does not mean their depositions had no purpose. *F.B.T. Prods., LLC v. Aftermath Records*, 2009 U.S. Dist. LEXIS 134998, at *6 (C.D. Cal. June 25, 2009) (awarding deposition costs for excluded witness reasoning that "Plaintiffs included him on their witness list, necessitating Defendants' motion in limine that led to the exclusion of his testimony"); *see also Fernandez v. Elder Care Option, Inc.*, 2006 U.S. Dist. LEXIS 103942, at *3 (S.D. Fla. June 8, 2006) ("It is well established that deposition costs are taxable under 28 U.S.C. §1920 even when they are not specifically used in motions or at trial, so long as they appeared reasonably necessary at the time the depositions were taken.").

Premier cites one case, *Thein v. Feather River Community College*, 2013 U.S. Dist. LEXIS 110690 (E.D. Cal. Aug. 6, 2013). In *Thein*, the prevailing defendant sought reimbursement for a deposition taken in an unrelated case. The defendant did not identify the deposed person by name and so the court had to piece it together. The defendant also did "not discuss [the deponent] or explain the reference to a wholly different case and its relation, if any, to [the] cases [at issue]." *Id.* at *7. The *Thein* court held that "[c]osts for deposition transcripts and transcripts from other court proceedings are taxable only if they were 'necessarily obtained' for use in the case" and that defendant failed to demonstrate this. *Id.* (citation omitted). Unlike the prevailing party in *Thein*, Plaintiff necessarily obtained the transcripts at issue and used them in *Montera*, just as the parties agreed. Plaintiff cited and the Court relied on those deposition transcripts in *Montera*.

Premier then makes an argument as to Mr. Fishon. Premier argues that because "Plaintiff's counsel petitioned the Court to remove" Mr. Fishon as the class representative, the Court should not

8                                                    Case No. 3:16-cv-06980-RS

BLOOD HURST & O' REARDON, LLP

00194819

tax the costs associated with his deposition. Opp. at 5. This again is not the standard. Mr. Fishon's deposition had a purpose in this lawsuit. He was the named plaintiff, deposed by Premier, and then used by Plaintiff in obtaining class certification. Subsequent events do not change the fact that his deposition had a purpose in this case. *See U.S. EEOC v. W&O Inc.*, 213 F.3d 600, 622 (11th Cir. 2000) (taxing costs of a deposition because it was relevant when it was taken).

Accordingly, these costs should be taxed in the full amount of $8,444.71.

### C. As the Prevailing Party, Plaintiff Is Entitled to the Statutory Deposition Costs – Not 1/11th Those Costs

Last, Premier argues that Plaintiff is entitled to recover only 1/11th of the $66,137.73 sought for every other fact and expert deposition. Opp. at 6-11. Premier does not argue these depositions were unnecessary for *Montera* and the New York Class, were excessive in amount, or had no purpose. Rather, Premier's only argument is that since there are eleven related actions Plaintiff may only recover 1/11th the cost. According to Premier, "Plaintiff should not benefit from more than her fair share of recoverable costs merely because this case was tried first." Opp. at 10. There is no legal basis for this argument. It also ignores the reality of this litigation and the importance of the first trial to the related actions.

Citing the parties' discovery sharing stipulation (ECF No. 28), Premier argues that because Plaintiff agreed to share discovery across the related actions means the costs of depositions must somehow also be shared across the related actions. Opp. at 7. The premise does not permit the conclusion. The parties reached this stipulation to avoid the time, burden, and expense of taking the same deposition repeatedly. *See* ECF No. 28 ("[T]o avoid unnecessary duplication and expenses associated with discovery in the Related Actions"). If eleven depositions of the same person had been taken, Premier would have been arguing Plaintiff is only entitled to the cost of one – which is exactly the amount Plaintiff is entitled to, not one-eleventh of a deposition.

*Phathong v. TESCO Corp. (US)*, 2012 U.S. Dist. LEXIS 142973 (D. Colo. Oct. 3, 2012) is instructive. There, the clerk awarded costs after plaintiffs prevailed at trial. Plaintiffs moved for reconsideration of costs denied by the clerk, including "costs for obtaining transcripts from four

BLOOD HURST & O' REARDON, LLP

depositions taken in the related [] state court action." *Id.* at *2. The court reversed the clerk's denial and explained why related case deposition costs were properly taxed:

> Plaintiffs represent, and Defendant does not dispute, that the parties stipulated to the use of these depositions in this action. Plaintiffs argue that, had the parties not so stipulated, the depositions would have been retaken in this action, and the costs of obtaining those transcripts would have been incurred in this action. …
>
> Although the parties do not cite to any relevant case law, the Court has found several instances in which courts have awarded costs under similar circumstances. *See E.E.O.C. v. Sears, Roebuck and Co.*, 138 F.R.D. 523, 527 (N.D. Ill. 1991) (awarding copying costs for depositions taken in other actions, explaining, "Sears and EEOC stipulated that these depositions may be used [in this case]. It plainly appears from the stipulation that the depositions were intended for use in this action no less than in other actions." Public policy considerations also support this result: to rule otherwise and disallow these costs would encourage parties to re-depose witnesses in later, similar litigation, rather than arriving at stipulations, such as the one at issue, designed to streamline and reduce the costs of litigation.

*Id.* at *2-3. As in *Phathong*, had the parties not stipulated to the use of this discovery in *Montera*, Plaintiff would have taken the fact witness depositions for this case specifically. The same public policies supporting the full award in *Phathong* support the award of costs here.

Next, Premier argues that equity dictates that Plaintiff may recover only a 1/11th share of the costs of each expert deposition. This assumes that each expert will be used in all the related actions. That is very unlikely. The jury quickly returned a unanimous verdict against Premier. Because this was a resounding defeat, Premier now will be forced to alter its theories and find new expert witnesses for the next trial. Premier just retained new counsel and may retain still others, who will almost certainly take a different approach in the next trial. *See Montera v. Premier Nutrition Corp.*, No. 22-16375 (9th Cir.), ECF No. 2. If these experts are not used again for any reason, there will be no opportunity to recover the remaining 10/11ths of the deposition costs. This result would be particularly unjust since it was these depositions that were used to obtain this litigation result.

Likewise, Premier's Drs. Steckel and Grande provided expert reports and depositions before the *Montera* trial, Premier listed them on its witness list, but did not call either at trial. Dr. Grande used to be the face of Premier's defense, but through depositions, Plaintiff's counsel made him a vulnerable, compromised witness to the point Premier was forced to abandon him. Premier also

BLOOD HURST & O' REARDON, LLP

00194819

abandoned Dr. Steckel probably for the same reasons. Section 1920 plainly permits recovery of deposition costs for transcripts "obtained for use in the case." The time to recover these costs is now.

Premier cites three cases that are each unique and inapposite. Opp. at 6-7. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 764 (8th Cir. 2006) and *Winter v. Novartis Pharms. Corp.*, 739 F.3d 405, 411-12 (8th Cir. 2014), were personal injury actions where the courts expressed concern over "the risk of duplicative cost recovery" if certain costs were not allocated across all proceedings. The courts were concerned that the cost of one deposition would be recovered multiple times. *Marmo*, 457 F.3d at 764 ("apportionment reduced the risk of duplicative cost recovery."); *Winter*, 739 F.3d at 412 (same, quoting *Marmo*). That is not a problem here where counsel are the same, the defendant is the same, and there are only two courts involved.

The limited nature of the ruling in *Marmo* is further revealed in the district court's order. The district court rejected defendant's argument that all costs should blindly be apportioned 1/13th among all related individual actions. *See* O'Reardon Reply Decl., Ex. 2 at 4 (July 7, 2005 Order on Costs in *Marmo v. Tyson Fresh Meats*, Case No. 8:00-cv-00527-LSC-FG3 (D. Neb.)). It merely apportioned copy costs for exhibits that were to be used in future trials, based on the Eighth Circuit's "handbook on costs" and found that "this is not the type of case where routine copy expenses should be awarded," and that the plaintiff's substantiation provided little information and that the descriptions that were provided demonstrated the copying expenses included costs that had nothing to do with the prevailing plaintiff's case. *Id.* at 8-9. None of those facts apply to the deposition costs incurred in this case.

Premier's other citation is to *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 687 F.2d 626 (2d Cir. 1982). In *Air Crash*, 17 of the 36 individual plaintiffs had settled "without costs" and so the district court's decision to later award all costs plaintiffs incurred amounted to altering the settlement agreements. *Id.* at 629-30.

Premier's apportionment argument also fails here because the questions asked of these central fact and expert witnesses "would have been asked in this case[] regardless of the existence of any other case." *Kilopass Tech. Inc. v. Sidense Corp.*, 2013 U.S. Dist. LEXIS 31945, at *6 (N.D. Cal. Mar. 6, 2013); *see also Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1148

BLOOD HURST & O' REARDON, LLP

00194819

11

Case No. 3:16-cv-06980-RS

REPLY IN SUPPORT OF PLAINTIFF'S BILL OF COSTS

(N.D. Cal. 2010) (citing N.D. Cal. Local Civ. Rule 53-4(c)(1) and finding apportionment improper when discovery related to "common claims and defenses").

Premier does not dispute that these costs were incurred to obtain deposition transcript "for use in the case." 28 U.S.C. § 1920(2). It also does not dispute these costs were for depositions "taken for any purpose in connection with the case." Civ. LR 54-3(c)(1). Accordingly, there is no basis to reduce the requested award and the full amount of these costs at issue should be taxed: $66,137.73. *See Gustave v. Sbe Ent Holdings*, 2021 U.S. Dist. LEXIS 173711, at *14-15 (S.D. Fla. Sept. 10, 2021) (collecting cases and holding when a defendant "acknowledge[s] that both actions are related and fail[s] to show that they were unnecessary for the purposes of this case[,]" deposition costs should be awarded).

## IV.    CONCLUSION

Plaintiff respectfully requests the Court to direct the Clerk to enter the bill of costs in the full requested amount.

Respectfully submitted,

Dated: September 30, 2022

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)

By:         *s/  Timothy G. Blood*
TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

IREDALE & YOO, APC
EUGENE G. IREDALE (75292)
GRACE JUN (287973)
105 W. F Street, Floor 4
San Diego, CA 92101
Tel: 619/233-1525
619/233-3221 (fax)
egiredale@iredalelaw.com
gjun@iredalelaw.com

BLOOD HURST & O' REARDON, LLP

00194819

LYNCH CARPENTER, LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA  92101
Tel: 619/762-1910
619/756-6991 (fax)
todd@lcllp.com

*Additional Attorneys for Plaintiff*

BLOOD HURST & O' REARDON, LLP

Case No. 3:16-cv-06980-RS

REPLY IN SUPPORT OF PLAINTIFF'S BILL OF COSTS

00194819

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

Executed on September 30, 2022.

s/ *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BLOOD HURST & O' REARDON, LLP

14                                                      Case No. 3:16-cv-06980-RS
REPLY IN SUPPORT OF PLAINTIFF'S BILL OF COSTS

00194819