BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:16-CV-06980 RS<br><br>**REPLY DECLARATION OF TIMOTHY G. BLOOD IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS FOR CLASS REPRESENTATIVE**<br><br>**DATE:      October 20, 2022**<br>**TIME:        1:30 p.m.**<br><br>**CLASS ACTION**<br><br>Judge:           Honorable Richard Seeborg<br>Courtroom:    Courtroom 3, 17th Floor<br><br>Complaint Filed:    December 5, 2016<br>Trial Date:            May 23, 2022 |

BLOOD HURST & O' REARDON, LLP

Case No. 3:16-cv-06980-RS

I, TIMOTHY G. BLOOD, declare:

1.      I am a partner at the law firm of Blood Hurst & O'Reardon, LLP, and am court appointed class counsel. I am an attorney duly licensed to practice before all courts of the State of California. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      I make this reply declaration in further support of Plaintiff Mary Beth Montera's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for Class Representative.

3.      My previous declaration identified that Class Counsel's lodestar of $5,418,781.25 was based on 8,261.25 hours. As identified in my previous declaration (¶ 60), this amount excludes a significant amount of lodestar incurred in one or more of these related cases ($2,401,386.25; 3,651.00 hours), even though some of that work benefitted the class in *Montera*. For example, all time spent from February 10, 2017 (when the related actions were stayed and *Mullins* was set for trial) through August 11, 2018 (after costs were taxed in *Mullins*) was excluded. Thus, examples of work benefitting *Montera*, but excluded from the lodestar reported in connection with the *Montera* fee motion, include review of scientific studies and preparing related demonstratives, working with Dr. McAlindon, selecting documents for use at trial, reviewing reports from Premier's experts Dr. Grande, Dr. Silverman and Dr. Choi, and deposing Dr. Grande, Dr. Silverman, and Dr. Choi. These tasks required hundreds of hours of work that are not being claimed in *Montera*.

4.      Colin Weir charged a total of $73,691.80 for his services in this litigation. $56,835.55 was charged by Mr. Weir for his 2017 rebuttal report and deposition, and $16,856.25 was charged by Mr. Weir for his work in 2022.

5.      Ms. Brown billed 102.5 hours in connection with class representative depositions, including 11.5 hours in connection with Mr. Fishon's deposition that took place in San Francisco.

6.      My prior declaration stated the number of hours by professional staff at my firm through August 25, 2022. Between August 26, 2022 and September 29, 2022, Class Counsel has devoted over 200 hours to *Montera*. Most of that time has been spent opposing Premier's various motions attempting to undo or reduce the judgment.

BLOOD HURST & O' REARDON, LLP

00194817

REPLY DECLARATION OF TIMOTHY BLOOD ISO PLTFS MOTION FOR AWARD OF ATTORNEYS' FEES

7. Any costs that benefitted only *Mullins* and were not incurred in connection with achieving the result in *Montera* were excluded from the expense request. For example, Class Counsel excluded their travel costs relating to the depositions of Dr. Thomas Maronick and Dr. Louis Lippiello, travel to the *Sonner* appeal, all fees charged by Dr. Maronick, all costs relating to the 2017 *Mullins* trial testimony by Drs. Silbert and Graboff, class notice costs in *Mullins*, costs for providing courtesy copies in *Mullins*, and all filing fees other than in *Montera*.

8. Paragraph 5 of the Declaration of Steven E. Swaney in Support of Premier's Opposition (ECF No. 306-1) lists certain expenses Premier contends should be apportioned evenly across the eleven related actions. Premier's position as reflected in the Swaney Declaration is pasted below. Plaintiff's response is also included.

| Premier's Opp. (Swaney Decl., ¶ 5) | Plaintiff's Reply |
|---|---|
| <u>Service of Process</u>: Plaintiff seeks $5,102.30 for the service of subpoenas on Joint Juice retailers, seeking sales data of all states at issue, and marketing companies. These costs should be reduced to $463.85. | These subpoenas were served to obtain sales and marketing information that directly benefitted *Montera*. Costs to serve subpoenas to obtain California-specific sales data for the *Bland* state court matter are not included. This also includes costs of serving subpoenas on James Speed (who sent documents to CalRecycle on behalf of Premier) and certain of Premier's experts and former employees: Hal Poret, Kevin Stone, David Ritterbush, Stewart Irving, William Choi, and Booker Lucas. |
| <u>Depositions / Transcripts / Videographers</u>: As discussed further in Premier's objections to Plaintiff's bill of costs, Class Counsel impermissibly seeks to recover costs related to depositions of Premier's employees which will be used and were taken in connection with all the related pending actions. Class Counsel also seeks to recover the full costs of expert depositions taken throughout the litigation for experts whose opinions and testimony will be applicable to all actions. While Class Counsel seeks most of those deposition expenses as taxable costs, Class Counsel asks that the Court award these costs pursuant to this motion "if the Clerk deems any portion of $93,475.27 as nontaxable depositions costs." | Each of the depositions for which costs are sought directly benefitted the *Montera* litigation. They were used in motion practice, in preparation for trial, to cross examine witnesses, or for all three of these purposes. Plaintiff's Counsel is not seeking expenses associated with depositions that only benefitted *Mullins*. |

BLOOD HURST & O' REARDON, LLP

00194817   REPLY DECLARATION OF TIMOTHY BLOOD ISO PLTFS MOTION FOR AWARD OF ATTORNEYS' FEES

BLOOD HURST & O' REARDON, LLP

| Premier's Opp. (Swaney Decl., ¶ 5) | Plaintiff's Reply |
|---|---|
| Blood Decl. ¶ 67(e). Any costs awarded in connection with those depositions (whether as taxable or nontaxable) must be apportioned among the eleven related actions. A spreadsheet detailing the deposition costs and the apportioned amounts (based on both the taxable amount sought and the additional nontaxable amount sought) is attached in Exhibit B. | |
| Experts / Consultants: Class Counsel seek the full reimbursement for experts whose opinions and testimony are applicable to all actions. These fees should be apportioned among the eleven pending related actions as follows: | These four experts provided testimony that benefitted *Montera*. They were each deposed in connection with *Montera*, provided Rule 26 reports in *Montera*, and were listed as expert witnesses in *Montera*. Dr. Guilak, Dr. Rucker and Dr. Dennis have only provided testimony in *Montera*. Dr. McAlindon's testimony was never specific to *Mullins* and his Rule 26 report in *Montera* was an update that was built off his prior testimony in these actions. Of the $121,256.94 charged by Dr. McAlindon, $52,506.94 related to his work performed between February 1, 2022, and May 25, 2022. |
| Electronic Document Management: Class Counsel seeks to recover $113,276.62 in "monthly hosting, storage and management of documents produced in this litigation." This amount should be reduced to $10,297.87, if allowed at all. | This directly benefitted *Montera*. These costs are for hosting documents produced in this litigation. The costs include document hosting for 91 months at per-Gigabyte rates ranging from $10 to $25. More than 500,000 pages of documents were loaded by third-party vendors onto standard e-discovery platforms common in complex litigation with discovery productions of this volume. *See* Blood Decl., ¶ 67(h). Premier used a similar platform to host documents and asked the Court award those costs. *See Mullins*, ECF No. 249-10. |
| Online Research: Class Counsel seeks to recover $14,246.57 total in research expenses. Again, Class Counsel provides no description that would permit the Court to determine whether this research is specific to this action. Accordingly, this amount should be reduced to $1,295.14, if allowed at all. | As previously declared: "$5,961[.]52 was paid to LexisNexis for legal research, $4,206.00 was paid to the Administrative Office of the United States Courts for PACER research of federal court filings, and $2,680.00 was paid to TransUnion and $208.05 to White Pages Premium for background research on deponents, witnesses and Class Members." *See* Blood Decl., ¶ 67(i). |

Within the first table cell for Experts / Consultants:

| Expert Witness | Fees Sought | Apportioned Fee |
|---|---|---|
| Timothy McAlindon | $121,256.94 | $11,023.36 |
| Farshid Guilak | $20,400.00 | $1,854.55 |
| Derek Rucker | $98,700.75 | $8,972.80 |
| J. Michael Dennis | $87,516.50 | $7,956.05 |
| **TOTAL** | **$327,874.20** | **$29,806.75** |

00194817

REPLY DECLARATION OF TIMOTHY BLOOD ISO PLTFS MOTION FOR AWARD OF ATTORNEYS' FEES

BLOOD HURST & O' REARDON, LLP

| Premier's Opp. (Swaney Decl., ¶ 5) | Plaintiff's Reply |
|---|---|
| | Premier's proposal of 1/11th recovery of the LexisNexis research ($541.96) is less than just the charges for LexisNexis research incurred between February 1, 2022 and July 31, 2022 in this matter ($1,430.77). |
| <u>Miscellaneous</u>: Class Counsel seeks $1,077.98 in "miscellaneous" expenses, which includes obtaining scientific publications. These publications are applicable to all actions (and are even applicable to Class Counsel's other glucosamine-related lawsuits). These expenses should be reduced to $98.00, if allowed at all. | The $442.20 to obtain scientific publications was specific to needs that arose in this litigation. This amount is modest. Up through July 2017, Premier purportedly spent ***$37,957.01*** to purchase 629 scientific journal articles. *See* ECF No. 252-01 at ¶ 4.<br><br>If a need arose for scientific journal publications in different glucosamine lawsuits, Class Counsel did not charge those costs for publications to this litigation. Nor did Class Counsel charge any portion of this $442.20 to other glucosamine lawsuits. |
| <u>Class Notice and Outreach</u>: Class Counsel seeks $35,667.86 for "class notice and outreach." Presumably some of these expenses are possibly specific to this action, but without any supporting documentation provided, it is impossible to tell. For example, Class Counsel admits that $8,300 of this cost is related to advertisements on "Top Class Actions" and Facebook (where the class representatives in related actions were solicited). These advertising expenses should be reduced to $754.55, if allowed at all. | Premier does not oppose full reimbursement of the notice of pendency costs in this action ($27,367.86). The remaining costs relate to advertising on Top Class Actions and Facebook and was not specific to *Mullins*. |
| <u>Mediation Fees</u>: The mediations for which Class Counsel seeks reimbursement of $24,300.00 applied to all related actions. Accordingly, these fees should be reduced to $2,209.09, if allowed at all. | These mediations were not specific to *Mullins* and there is no risk of duplicative recovery in the other actions. The most recent mediation took place before the Hon. Layn Phillips (ret.) and cost Plaintiff's Counsel $17,500. |
| <u>Travel Expenses (BHO)</u>: BHO seeks $120,523.24 in travel-related expenses. Premier presumes some of these expenses were incurred for the trial in this action, but without any receipts or documentation, it is impossible to ascertain whether any of this amount is reasonable. Moreover, Class Counsel admit that this amount includes travel expenses for "deposing or defending 45 witnesses," and "participat[ing] in two | Travel costs associated with depositions or hearings specific to *Mullins*, *Bland* and *White* were not included. These excluded events consisted of depositions of Drs. Thomas Maronick and Louis Lippiello in Baltimore, the motion to dismiss hearing in *Sonner* on December 21, 2017, a case management conference in *Sonner* on March 1, 2018, the Ninth Circuit oral argument in *Sonner* on |

Case No. 3:16-cv-06980-RS

00194817          REPLY DECLARATION OF TIMOTHY BLOOD ISO PLTFS MOTION FOR AWARD OF ATTORNEYS' FEES

| Premier's Opp. (Swaney Decl., ¶ 5) | Plaintiff's Reply |
|---|---|
| mediations," indicating that at least some of these expenses are related to all actions and must be apportioned (or disallowed altogether). If the Court is inclined to award any travel-related expenses for BHO, they should be reduced to $10,956.66. | December 3, 2019, and conferences in *Bland* on December 11, 2019 and March 10, 2020. Premier is correct that much of the $120,523.24 total in travel-related expenses was incurred specifically for trial. For instance, $47,003.00 for hotel accommodations alone during trial between May 21, 2022 and June 8, 2022. This amount was paid for five standard rooms for Timothy Blood, Thomas O'Reardon, Craig Straub, Mary Beth Montera, and for Debbie Burke who provided litigation and trial support. Class Counsel spent an additional $9,503.48 on airfare, meals and local transportation during trial for themselves, witnesses and co-counsel. |
| Travel Expenses (Carpenter): Todd Carpenter seeks $4,177.76 in travel-related expenses. Mr. Carpenter did not appear at trial in this action. Accordingly, these expenses must relate to *Mullins* and/or the related actions. If the Court is inclined to award any travel-related expenses for Mr. Carpenter, they should be reduced to $379.80. | Mr. Carpenter has already provided support and explanation for these charges in his previously submitted declaration. *See* ECF No. 296-3 (Declaration of Todd D. Carpenter) at ¶¶ 10, 23(a), 23(e) (Mr. Carpenter took depositions of Premier witnesses on five days in this litigation and attended mediation). |
| Reproduction/Duplication/Copies (Carpenter): Todd Carpenter also seeks reimbursement for "copies of exhibits and binders used in FRCP Rule 30(b)(6), Rule 30(b)(1) depositions and preparation of a mediation binder file. These costs should be reduced to $242.03, if allowed at all. | Mr. Carpenter has already provided support and explanation for these charges in his previously submitted declaration. *See* ECF No. 296-3 (Declaration of Todd D. Carpenter) at ¶¶ 10, 23(a), 23(e) (Mr. Carpenter took depositions of Premier witnesses on five days in this litigation and attended mediation). |

9.    Attached hereto is a true and correct copy of the following exhibit:

**Exhibit 1:**   Expert Declaration of William B. Rubenstein in Support of the Plaintiffs' Motion for Attorney's Fees and Expenses dated April 29, 2018 in *Krakauer v.*

///

///

///

///

///

BLOOD HURST & O' REARDON, LLP

Case No. 3:16-cv-06980-RS

00194817

REPLY DECLARATION OF TIMOTHY BLOOD ISO PLTFS MOTION FOR AWARD OF ATTORNEYS' FEES

*Dish Network, L.L.C.*, Case No. 1:14-cv-00333-CCE-JEP (M.D.N.C.) at ECF No. 461-01.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 30, 2022, at San Diego, California.

By:   *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O' REARDON, LLP

00194817

6                                          Case No. 3:16-cv-06980-RS
REPLY DECLARATION OF TIMOTHY BLOOD ISO PLTFS MOTION FOR AWARD OF ATTORNEYS' FEES

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

Executed on September 30, 2022.

s/  *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BLOOD HURST & O' REARDON, LLP

Case No. 3:16-cv-06980-RS
00194817
REPLY DECLARATION OF TIMOTHY BLOOD ISO PLTFS MOTION FOR AWARD OF ATTORNEYS' FEES