LYNCH CARPENTER, LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA  92101
Tel: 619/762-1910
619/756-6991 (fax)
todd@lcllp.com

*Plaintiff's Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:16-CV-06980 RS<br><br>**DECLARATION OF TODD D. CARPENTER IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF NONTAXED EXPENSES**<br><br>**CLASS ACTION**<br><br>Date:  May 11, 2023<br>Time:  1:30 p.m.<br>Judge:  Honorable Richard Seeborg<br>Courtroom:  Courtroom 3, 17th Floor<br><br>Complaint Filed:  December 5, 2016<br>Trial Date:  May 23, 2022 |

Case No. 3:16-cv-06980-RS

I, TODD D. CARPENTER, declare:

1. I am a shareholder in the law firm Lynch Carpenter, LLP, one of Plaintiff's counsel in this litigation. I am an attorney duly licensed to practice before the courts of the State of California and this Court. I have personal knowledge of the matters stated in this declaration except those stated on information and belief, and as to those, I believe them to be true. If called upon, I could and would competently testify to them.

2. I submit this declaration in support of Plaintiff's Renewed Motion for an Award of Attorneys' Fees and Reimbursement of Nontaxed Expenses.

3. My firm prosecuted this litigation on a contingent basis with no guarantee of recovery. My firm, along with co-counsel, incurred 100% of the risk in pursuing the litigation. My firm advanced expenses with the understanding that we would be paid a fee and receive reimbursement for expenses only if successful.

4. My firm's resume, which includes a description of my background and experience, is attached as **Exhibit A**.

5. I have been recognized as a semi-finalist as a "Top Corporate Litigation Attorney," by the San Diego Daily Transcript in 2012, and I have been named a San Diego "Super Lawyer" from 2015 to 2023.

6. Since 2000, my practice has focused exclusively on consumer class action and complex litigation, representing plaintiff classes in major insurance fraud, unfair business practices, false and deceptive advertising, product liability and anti-trust violations. I have represented plaintiffs in numerous class action proceedings in California and throughout the country, in both state and federal courts. I have represented thousands of purchasers of consumer products, food, food supplements and over-the-counter drugs in state and federal courts throughout the United States in cases arising out of various false advertising claims made by manufacturers and retailers, including: Proctor & Gamble, General Mills, Bayer, Clorox, WD-40, Dean Foods, Botanical Laboratories, Inc., Irwin Naturals, Inc. General Nutrition Corporation and Pharmavite. As a shareholder, I was also counsel of record at my prior firm in the MDL proceeding, *In re: Hydroxycut Marketing and Sales Practices Litigation*, Case No. 09-02087 (S.D. Cal.), wherein my previous firm

was designated as co-lead counsel for the class. I was also class counsel for the settlement classes in consumer law cases against Hugo Boss, U.S.A. Inc.: *Travis Benware v. Hugo Boss, U.S.A., Inc.*, Case No. 3:12-cv-01527-L-MDD (S.D. Cal.) and Southwest Airlines (*Lumos v. Southwest Airlines, Co.*, Case No. C-13-1429-CRB (N.D. Cal.)) and *Mocek, Varoz, et al v. AllSaints USA Limited*, Case No. 2016-CH-10056 (Cir. Ct. Cook Cnty. Ch. Div.).

7.      I have represented thousands of consumers against several major retailers arising from violations of the Song-Beverly Credit Card Action section 1747.08 and have achieved excellent results, including, but not limited to a class benefit of a retail gift valued between $40 and $120 in a class action settlement with Gucci America, Inc. I have also represented thousands of consumer debit card holders against major commercial banks, including assuming a leadership role as prosecuting counsel in *In re: Checking Account Overdraft Litigation, Larsen v. Union Bank* and *Dee v. Bank of the West*, MDL No. 2036 (S.D. Fla.). I have filed similar actions against several other banks and credit unions across the country, alleging that each institution manipulated the processing of customer debit card purchases to maximize overdraft fees, including actions against Northwest Savings Bank, (*Toth v. Northwest Savings Bank*, Case No. GD-12-8014 (Ct. Com. Pl. Allegheny Cnty.), Pinnacle National Bank (*John Higgins v. Pinnacle Bank*, Case No. 11-C4858 (Cir. Ct. 12th Jud. Dist.) and Mission Federal Credit Union (*Taylor v. Mission Federal Credit Union*, Case No. 37-2012-00092073-CU-BT-CTL (Super. Ct. San Diego Cnty.).

8.      I was also appointed class counsel in *Plantier, et al. v. Ramona Municipal Water District*, Case No. 37-2014-00083195-CU-BT-CTL (Super. Ct. San Diego Cnty.), and *Mendoza v. The Gar Wood Restaurant, LLP*, Case No. SCV 0034158 (Super. Ct. Placer Cnty.).

9.      In addition to litigation involving Joint Juice, I have been involved in numerous false advertising lawsuits relating to glucosamine and chondroitin supplements, including against the makers of Schiff Move Free Advanced, Osteo Bi-Flex, Wellesse Joint Movement, Cosamin, and Nature Made Triple Flex.

10.      Lynch Carpenter has devoted the time and resources of its attorneys and staff to ensure the vigorous prosecution of the claims brought on behalf of the class in this litigation. I was the attorney from Lynch Carpenter primarily tasked with prosecuting this litigation. Throughout this

litigation, I worked closely with Timothy Blood and Thomas O'Reardon to manage litigation tasks efficiently and effectively. My firm has worked with Class Counsel on many cases, including as Court-appointed co-lead class counsel with Blood Hurst & O'Reardon on numerous successful class action matters. Particularly given our longstanding history working together, my firm successfully coordinated with Class Counsel to efficiently delegate work and avoid duplication or other inefficiencies. I was personally involved in discovery efforts in this litigation, including taking the depositions of Defendant's witnesses, Lance Palumbo (for three days in FRCP 30(b)(1) and separately, 30(b)(6) capacities), Katrina Taft, and Douglas Cornille, and coordinating with Mr. Blood and Mr. O'Reardon about discovery, experts, mediation and trial strategy.

11.    Additionally, Tiffine Malamphy is a senior associate at Lynch Carpenter, LLP. Ms. Malamphy has significant experience litigating false advertising cases and Prop. 65 matters. Ms. Malamphy stepped in on discrete tasks when there was a specific need for additional research on issues related to the Motions Limine preceding trial and the preparation for cross-examination of Mr. Palumbo. For example, Ms. Malamphy researched discrete issues related to the jury's knowledge of the application of N.Y. GBL, Section 340-350; and provided summaries of various documents relevant to Mr. Polumbo's testimony.

12.    My partner, Edward Ciolko also worked on this litigation. Mr. Ciolko works out of our Pennsylvania office. Mr. Ciolko assisted with the preparation of and defended the two depositions that took place in Pennsylvania: plaintiffs Annette Ravinsky and Susan Caiazzo. Mr. Ciolko concentrates his practice in the areas of complex Consumer Protection, ERISA, Antitrust, and RESPA litigation. Prior to joining my firm in 2018, Mr. Ciolko was a Partner at the plaintiff's-side class action firm, Kessler Topaz Meltzer & Check, LLP where he was one of two lawyers to create and expand a nationally recognized and feared ERISA/Consumer/Antitrust Department and ultimately managed a division that would reap hundreds of millions of dollars for aggrieved pensioners, workers, investors, borrowers and everyday consumers. He obtained his B.A. from Wesleyan University, his MBA from Yale School of Management, and his law degree in 2002 from Georgetown University Law Center. My previous declaration mistakenly omitted Mr. Ciolko's 24.2 hours on this litigation and inadvertently attributed those hours to my time. As reflected below, the

overall number of hours and total lodestar for my firm is the same as previously reported.

13.    I believe the time expended by Lynch Carpenter, LLP and my previous firm, "Carpenter Law Group," in this litigation was reasonable and necessary considering the amount of work required to litigate this action since its inception, and the filing of the related action *Mullins* in 2013. There has been no unreasonable duplication of services for which my firm now seeks compensation. In the situations in which two or more attorneys participated in any matter, the participation was reasonable because of the complexity of the issues involved and the time constrains which existed. Tasks were delegated appropriately among attorneys and staff according to their complexity.

14.    The following information regarding my firm's time and out-of-pocket expenses is taken from time and expense records prepared and maintained by the firm in the ordinary course of business. The time records were prepared daily or shortly thereafter by each attorney or paralegal working on the litigation. The expense records are prepared from receipts, expense vouchers, check records and other documents, and are an accurate record of the expenses. I reviewed the printouts and reviewed the backup documentation where necessary. The purpose of these reviews was to confirm the accuracy of the entries on the printouts as well as the reasonableness of the time and expenses committed to the litigation.

15.    Only time and expenses incurred to the benefit of the Class and that advanced the claims resolved by the jury have been included in the time presented and costs submitted. Meetings were held to efficiently delegate work, monitor work, and to avoid duplication or other inefficiencies. This was a necessity given the large amount of work involved over the years and the need to be efficient with and conserve available resources over this long-fought litigation.

16.    The schedule below provides a summary of the hours expended by the four individuals who worked on this case at my firm, Maggie Rabalindo (paralegal), Tiffine Malamphy (Senior Associate), Edward Ciolko (Partner) and myself, Todd Carpenter (Equity Partner). The schedule includes the name of each person who worked on the case, hourly billing rates, the number of hours expended, and the resulting lodestar for each timekeeper.

17.    The lodestar calculation below is based on the firm's current billing rates at the firm's

4                    Case No. 3:16-cv-06980-RS

customary hourly rates charged to our fee-paying clients. For attorneys and employees no longer employed by the firm, their customary rates when last employed by the firm are used. We set the billing rates of attorneys and paralegals/law clerks through a process of continual monitoring of prevailing market rates charged by both defense and plaintiffs' law firms, for individuals with similar levels of skill and experience who are doing comparable work as our attorneys and staff. We gather this information from surveys and the review of other fee applications. We set the billing rates for our firms to be consistent with the prevailing market rates in the private sector for attorneys and staff of comparable skill, qualifications, and experience. Further, based on my knowledge of the class action plaintiff's bar nationwide, the rates charged by my firm are in line with the rates charged by other firms that handle class actions of similar size and complexity. The legal authority cited in the concurrently filed attorneys' fee motion and the declaration of Thomas J. O'Reardon in support of the renewed motion demonstrate that based on the years of experience of each of my firm's employees, the hourly rates are reasonable.

18.    My hourly rate of $750.00 per hour is in line with comparable hourly rates charged by other law firms that handle class action litigation in California. My hourly rate and the hourly rates of other attorneys and staff at Lynch Carpenter have been approved by numerous courts in connection with consumer class action cases, including in *Yamagata v. Reckitt Benckiser, LLC*, Case No. 3:17-cv-03529-VC, 2021 U.S. Dist. LEXIS 244276, at *12-13 (N.D. Cal. Oct. 28, 2021) (approving hourly rates of Lynch Carpenter and Blood Hurst & O'Reardon), *Smith v. Univ. of Pennsylvania*, Case No. 20-2086, 2023 U.S. Dist. LEXIS 9094, at *8 (E.D. Pa. Jan. 18, 2023) (approving hourly rates of Lynch Carpenter attorneys, including Edward Ciolko), *Rael v. RTW Retailwinds, Inc., et al*, Case No. 37-2019-00003850-CUMC-CTL (Super. Ct. San Diego Cnty.) (Sept. 27, 2019), *Dennis v. Ralph Lauren Corporation, et al.*, Case No. 37-2018-00058462-CU-MC-CTL (Super. Ct. San Diego Cnty.) (July 12, 2019), *Mocek, Varoz, et al v. AllSaints USA Limited*, Case No. 2016-CH-10056 (Cir. Ct. Cook Cnty. Ch. Div.) (April 5, 2019), and *Manner v. Summit Pizza West, LLC*, Case No. 37-2015-5909-CUMC-CTL (Super. Ct. San Diego Cnty.) (2017). My hourly rate is consistent with my level of expertise in consumer class actions. I have extensive experience in class actions: During the course of my career, I have taken and defended

over 150 depositions in personal injury, complex and class action cases. I have successfully participated in mediations resulting in more than $400,000,000 in settlements or awards in class action cases. I have drafted, filed, and argued multiple motions in complex consumer class actions, including all forms of discovery, dispositive and certification motions.

19.    The total number of hours spent on this litigation by my firm as of August 23, 2022 was 567.0. The total lodestar for attorney and paralegal time is $392,392.50. The detailed time entries for which my firm seeks compensation are in **Exhibit B** attached. The time entries are organized chronologically by date and for each entry includes the date, timekeeper name, hourly rate, a detailed description of the work performed, and the number of hours. The chart below lists the names, titles, years of experience, hourly billing rates, and cumulative hours and lodestars for all attorneys and professional support staff who contributed to this litigation.

| Attorney/Paralegal | Year Admitted to Practice | Hours | Rate | Lodestar |
|---|---|---|---|---|
| Todd Carpenter (Partner) | 2004 | 472.1 | $750 | $354,075.00 |
| Edward Ciolko (Partner) | 2002 | 24.2 | $750 | $18,150.00 |
| Tiffine Malamphy (Associate) | 2016 | 41.2 | $400 | $16,480.00 |
| Maggie Robalindo (Paralegal) | | 29.5 | $125 | $3,687.50 |
| **Totals** | | **567.00** | | **$392,392.50** |

20.    My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

21.    As detailed below, my firm has incurred a total of $8,709.80 in unreimbursed expenses in connection with the prosecution of this litigation from inception through August 23, 2022. The expenses incurred in this litigation are reflected in the books and records of my firm and that of my previous firm, "Carpenter Law Group". These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

00201228                  DECLARATION OF TODD D. CARPENTER ISO RENEWED MOTION FOR ATTORNEYS' FEES AND NONTAXED EXPENSES

22.    The costs and expenses for which reimbursement is sought are reasonable in amount and were necessary for the effective and efficient litigation of the case. All of the expenses are of a type that, in my view, would normally be charged to a fee-paying client in the private legal marketplace. My firm has received reimbursement for similar costs and expenses in numerous cases.

23.    My firm's out-of-pocket litigation expenses in the amount of $8,709.80 are summarized below:

| Expense Category | Total |
| --- | --- |
| Computer Research (Westlaw, etc.) | $1,191.00 |
| Reproduction/Duplication/Copies | $2,662.30 |
| Teleconference Fees | $336.00 |
| Postage/FedEx | $342.74 |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $4,177.76 |
| **TOTAL** | **$8,709.80** |

24.    The following is additional information regarding these expenses:

(a)    Outside Copying: This amount was paid to Litivate Court Reporting for the copies of exhibits and binders used in FRCP Rule 30(b)(6), Rule 30(b)(1) depositions and preparation of a mediation binder file. These binders were prepared for the depositions that I personally took in this litigation and for mediation that I personally attended and participated in.

(b)    Postage / FedEx: These costs relate to postage and FedEx services, including delivery of exhibits for use during the depositions I took in this litigation.

(c)    Electronic Research: The amount of $1,191.00 was paid to Westlaw for legal research. Westlaw is used to obtain access to legal research, factual databases, and for cite-checking of briefs. The expense amount detailed herein represents the out-of-pocket costs incurred by my firm in connection with use of these services in connection with this litigation. My firm has a flat-rate contract with Westlaw for use of its services. When my firm utilizes Westlaw services, the case name is entered for the specific case being researched. At the end of each billing period in which a service is used, my firm's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period. As a result of the

contract negotiated by my firm, the Class enjoys substantial savings in comparison with the market-rate for *a la carte* use of online legal research services, which some law firms pass on to their clients.

(d)     Teleconference Fees: These conference call charges were incurred to make or host conference calls with Plaintiffs' Counsel to discuss assignments, strategy, and other matters. At my firm, each conference call is allocated to the relevant case shortly before or after the call occurs, and the conference call charges for each case are entered into our billing system.

(e)     Transportation, Hotels and Meals: These costs ($4,177.76) were in connection with travel to the FRCP Rule 30(b)(6) and Rule 30(b)(1) depositions in San Francisco concerning this Action. In particular, these costs are for my airfare (via Southwest Airlines), lodging and meal expenses incurred in connection with the following depositions I took of Premier's employees in San Francisco:

- Katrina Taft – June 12, 2014
- Lance Palumbo – November 18, 2014
- Lance Palumbo – November 19, 2014
- Lance Palumbo – December 9, 2014

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 3, 2023, at San Diego, California.

LYNCH CARPENTER, LLP

By:          *s/ Todd D. Carpenter*
             TODD D. CARPENTER

1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel: 619/762-1900
619/756-6991 (fax)
todd@lcllp.com

*Plaintiff's Counsel*

8                                    Case No. 3:16-cv-06980-RS
DECLARATION OF TODD D. CARPENTER ISO RENEWED MOTION FOR ATTORNEYS' FEES AND NONTAXED EXPENSES

00201228

# EXHIBIT A



# FIRM SUMMARY

With offices in Pittsburgh, San Diego, Los Angeles, Philadelphia, and Chicago, Lynch Carpenter is a national firm specializing in complex class and collective actions, and is involved in several high-profile multidistrict litigation proceedings. The attorneys of Lynch Carpenter have litigated class-action matters involving financial fraud (including securities fraud, derivative actions, and lending fraud), data breach, privacy, consumer fraud, breach of contract, labor and employment, antitrust, and civil rights, in federal and state courts throughout the country. Litigation prosecuted by Lynch Carpenter and its attorneys has resulted in substantial monetary recoveries and injunctive benefits on behalf of class members, described in more detail below. In addition, the Lynch Carpenter team has generated seminal legal authority in both trial and appellate courts.

Lynch Carpenter represents a wide variety of clients, including individual consumers and employees, small businesses, banks and credit unions, non-profits, issue advocacy groups, and governmental entities. Lynch Carpenter attorneys have been a national leader in payment card data breach litigation since 2014, recovering over $100 million for financial institutions that suffered fraud losses and card reissuance costs in the wake of payment card data compromises at major retailers such as Target, Home Depot, Eddie Bauer, and Wendy's. Lynch Carpenter partner Gary Lynch has worked closely with the Independent Community Bankers of America, the Credit Union National Association, and state-level associations and leagues to prosecute these cases. The firm also advocates for and consults with these groups outside of the court system, such as by drafting proposed legislation and hosting educational seminars about data breach litigation and privacy laws.

Lynch Carpenter currently has 22 attorneys practicing nationwide. Lynch Carpenter's attorneys are recipients of numerous additional individual awards, as described in more detail in the individual biographies on the firm's website.

**LYNCH CARPENTER**

## REPRESENTATIVE CASES

### CONSUMER PROTECTION/PRODUCTS LIABILITY

***In re Robinhood Outage Litig.***, No. 20-cv-1626 (N.D. Cal.). In July 2020, Jamisen Etzel was appointed to the executive committee overseeing consolidated actions brought by consumers who sustained losses when the trading application Robinhood suffered severe service outages in early 2020 during a period of intense market volatility. A consolidated amended complaint was filed in August 2020, and rulings on Robinhood's initial dispositive motion is expected in early 2021.

***Morrow v. Ann Inc.***, 16-cv-3340 (S.D.N.Y.). Lynch Carpenter attorneys were co-class counsel in a case alleging deceptive pricing practices by a major national retail chain. After plaintiffs overcame a motion to dismiss, the case settled for $6.1 million worth of class benefits. The settlement was approved in April 2018.

***Luca v. Wyndham Hotel Group, LLC***, 2:16-cv-746 (W.D. Pa.). Lynch Carpenter attorneys were co-lead counsel in a class action against the Wyndham hotel companies for violations of New Jersey consumer protection statutes. Plaintiffs alleged that Wyndham's websites deceptively masked the resort fees charged at certain hotels and forced patrons to agree to illegal terms and conditions. In 2017, plaintiffs defeated a motion to dismiss filed by two of the primary operating subsidiaries. A class settlement worth up to $7.6 million was reached in 2019 and approved later that year.

***Van v. LLR, Inc.***, 3:18-cv-0197 (D. Ak.); 962 F.3d 1160 (9th Cir. 2020). Lynch Carpenter partners Jamisen Etzel and Kelly Iverson won a significant consumer rights ruling from the United States Court of Appeals for the Ninth Circuit. The action alleged the defendant's overcharged customers over the course of more than a year; however, after notice of the suit but before it was filed, the defendant refunded the entire class – but only the amount overcharged without interest or other statutory damages. The district judge dismissed the action based on lack of subject matter jurisdiction after finding that the consumers' lost time value of money was "too little" to be a constitutionally recognizable harm. The appeals court reversed and, in a published decision, held that the temporary loss of money is a sufficient "injury-in-fact" under Article III of the Constitution to confer standing on a consumer to file a federal lawsuit. In September 2021, the District of Alaska certified a class of consumers asserting claims under Alaska's Unfair Trade Practices and Consumer Protection Act.

**LYNCH CARPENTER**

***Robert Brown, et al. v. Electrolux Home Products, Inc., d/b/a Frigidaire***, No. 15-11455 (11th Cir.). In July 2015, Lynch Carpenter attorneys co-authored a brief on behalf of Public Justice, P.C.; the National Association of Consumer Advocates; U.S. PIRG (United States Public Interest Research Group); Consumer Action; and the Consumer Federation of California, appearing as *amici curiae* to the Eleventh Circuit and arguing in support of affirmance of a district court's certification of a class of purchasers of defective washing machines.

***Kobylanski v. Motorola Mobility, Inc., et al.***, No. 2:13-cv-1181 (W.D. Pa.). Lynch Carpenter attorneys represented purchasers of MOTOACTV wearable fitness devices who alleged that the devices, although marketed as "sweat-proof" and "rain-resistant," were in fact susceptible to damage from even slight amounts of moisture. A settlement was reached which provided for full refunds for class members who had previously submitted a claim for water damage to Motorola but were denied a repair or replacement, and additional forms of relief for class members who had not previously complained of water damage. The settlement was approved in October 2014.

***Quinn et al. v. Walgreen Co., Wal-Mart Stores, Inc., Supervalu, Inc., and Perrigo Company of South Carolina, Inc.***, No. 7:12-cv-8187 (S.D.N.Y.). Lynch Carpenter attorneys served as co-lead counsel on behalf of purchasers of glucosamine/chondroitin products manufactured by Perrigo and sold by various retailers. A settlement was reached in 2014 which provided for a total settlement fund of $2.8 million and provided for full or partial refunds to class members who submitted valid claims. Final approval was granted in March 2015.

***In re Nutramax Cosamin Marketing and Sales Practices Litigation – MDL No. 2498***, (D. Md.). Lynch Carpenter attorneys represented several plaintiffs in nationwide litigation regarding Nutramax's false and misleading marketing of glucosamine/chondroitin supplements, which multiple studies have determined to be without efficacy for the conditions they purport to treat. After the cases were consolidated for pre-trial proceedings, Lynch Carpenter partner Ed Kilpela was appointed to the Executive Committee overseeing the litigation.

***Howard's Towing Unfair Trade Practices Litigation***, (C.P. Allegheny County, Pennsylvania). Lynch Carpenter partner Kelly Iverson is currently co-lead counsel representing individuals in a series of coordinated cases against various property operators and a towing company alleged to be charging more than allowed by law for the return of vehicles that were towed from parking lots. In June 2021, Judge Ignelzi granted the Plaintiffs' motions for class certification.

*In re Wireless Phone Equipment Replacement Insurance Litigation,* (C.P. Allegheny County, Pennsylvania). Lynch Carpenter attorneys were lead counsel in this national litigation alleging consumer fraud in connection with wireless phone equipment replacement insurance. In November 2004, the Court approved a class settlement and entered Findings of Fact and Conclusions of Law which commented on the adequacy of Lynch Carpenter attorney Gary Lynch as co-lead counsel as follows:

> "Class counsel have abundant experience as lead counsel in consumer class action litigation. Indeed, class counsel have frequently appeared before this Court. Other courts have routinely recognized class counsels' adequacy . . . . This Court readily agrees with these other courts, and finds that Bruce Carlson and Gary Lynch are more than adequate counsel, and indeed are capable and diligent class action attorneys."

*Mednick v. Precor, Inc.*, No. 14-cv-03624 (N.D. Ill.): Lynch Carpenter partner Katrina Carroll served as court-appointed Co-Lead Counsel in this products liability matter concerning the heart rate monitoring feature on Precor fitness machines. Due to Ms. Carroll's efforts, the plaintiffs defeated a contested class certification motion and obtained class certification for a multi-state consumer class. Ms. Carroll was instrumental in negotiating a class settlement providing meaningful relief for class members shortly thereafter, for which the Court recently issued final approval.

*Bishop et al. v. Behr Process Corp. et al.*, No. 1:17-cv-4464 (N.D. Ill.): Katrina Carroll currently serves as court-appointed Co-Lead Counsel in this national products liability class action matter relating to defective deck paint. Together with her co-counsel, Ms. Carroll obtained a substantial settlement for the class, which has been finally approved by the Court and is currently being administered.

*In re Rust-Oleum Restore Marketing, Sales Practices and Prods. Liab. Litig.* No. 1:15-cv-1364 (N.D. Ill.): In this sprawling products liability MDL relating to defective deck resurfacing products, Katrina Carroll was instrumental in negotiating a $9.3 million settlement providing meaningful relief to consumers, which received final approval in March of 2017 by the Honorable Amy J. St. Eve of the United States District Court for the Northern District of Illinois, now a sitting Judge of the Court of Appeals for the Seventh Circuit. Over the course of the litigation, among other things, the court resolved an extremely challenging motion to dismiss substantially in plaintiffs' favor, issuing a sixty-page opinion, oft-cited in warranty and consumer fraud class actions across the country. Katrina oversaw the plaintiffs' briefing on that motion.

**LYNCH CARPENTER**

**FINANCIAL FRAUD, LENDING PRACTICES, AND SECURITIES**

***In re: FedLoan Student Loan Servicing Litigation – MDL No. 2833***, (E.D. Pa.). Lynch Carpenter serves as court-appointed co-lead counsel on behalf of student loan borrowers and federal grant recipients in this multidistrict litigation. The claims relate to widespread and systemic failures on the part of a student loan servicer and the U.S. Department of Education to adequately service the programs and advise its participant. A consolidated complaint was filed in November 2019. As of January 2020, a motion to dismiss is fully briefing and currently awaiting resolution by the Court.

***CitiMortgage SCRA Litigation***, (S.D.N.Y.). Lynch Carpenter attorneys were tri-lead counsel in this class action against CitiMortgage on behalf of Sergeant Jorge Rodriguez in the Southern District of New York. This case alleges that CitiMortgage improperly foreclosed upon Mr. Rodriguez's home (and the homes of similarly situated individuals) while he was serving his country in Iraq, in violation of the Servicemembers Civil Relief Act. The case settled and received final approval in October 2015, securing a total recovery of $38.2 million for members of our military service.

***Pitts v. NovaStar Home Loans, Inc. et al.*** , (S.D. Ga.). Lynch Carpenter attorneys were co-lead counsel for plaintiffs in this national RESPA class action. The Southern District of Georgia was the MDL court for this litigation. After the Court denied defendant's motion to dismiss, after the Court denied defendants' motion for summary judgment and granted plaintiffs' motion for class certification in a related Maryland state court action – where Lynch Carpenter attorneys were also co-lead counsel -- and after extensive discovery including the video depositions of several of defendants' top executives, the parties participated in multiple mediation sessions and ultimately arrived at a national cash settlement on behalf of class members for $17.3 million.

***In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Secondary Mortgage Loan Litigation***, (W.D. Pa./3d Cir.). Lynch Carpenter attorneys were co-lead class counsel in this national litigation on behalf of second mortgage borrowers under the Real Estate Settlement Procedures Act. The class was certified by the district court and affirmed by the Third Circuit, 795 F.3d 380 (2015). A class settlement was finalized in early 2017 and obtained a total recovery of $24 million.

***Kahrer v. Ameriquest Mortgage Co.***, (W.D. Pa./MDL N.D. Ill.). Lynch Carpenter attorneys were counsel for plaintiff in connection with this consolidated group of class actions alleging the existence of a kick-back scheme in violation of RESPA, along with numerous other unfair lending

**LYNCH CARPENTER**

practices. The specific case being handled by Lynch Carpenter attorneys created new law under RESPA. Specifically, Lynch Carpenter attorneys filed this action as a test case to challenge what they viewed as a negative trend in the law regarding how federal trial courts were determining whether a consumer has standing to sue under RESPA, as well as the manner in which damages are calculated under RESPA. Every prior federal trial court to consider these issues had sided with defendants. In opposing the Ameriquest motion to dismiss that was filed in this case, Lynch Carpenter attorneys argued that these other federal trial courts had fundamentally misinterpreted the legislative history of RESPA in their decisions to dismiss the prior cases. In a seminal decision, the United States District Court for the Western District of Pennsylvania departed from the holdings issued by these other federal courts, denying the motion to dismiss. *See Kahrer v. Ameriquest Mortgage Co.*, 418 F.Supp.2d 748 (W.D. Pa. 2006) (Hay, J.). Multiple federal courts of appeals have adopted the *Kahrer* reasoning, including at least the Sixth and Third Circuits. This case was ultimately settled as part of MDL proceedings against Ameriquest in the Northern District of Illinois, and final approval of the settlement was granted.

**Bannon v. First One Lending, Inc.,** (C.P., Allegheny County, Pennsylvania). Lynch Carpenter attorneys were co-lead counsel in this class action filed on behalf of Pennsylvania second mortgage loan borrowers alleging that they were charged excessive settlement fees in violation of the Pennsylvania Secondary Mortgage Loan Act. After the court denied defendant's motion to dismiss, the case ultimately settled, and plaintiffs and the class were refunded 100% of the alleged overcharges.

**In re Tenet Healthcare Corp. Securities Litigation**, 02-cv-8462 (C.D. Cal.). Prior to joining the firm, Katrina Carroll represented the State of New Jersey's Division of Investment in this securities class action against Tenet Healthcare and its outside auditor, KPMG, related to false and misleading public statements those entities made between 2000 and 2002 about Tenet's financial health. Katrina played a large role in drafting motions *in limine* briefing issues regarding the admissibility of plaintiff's expert witness report. Tenet settled in 2006 for $215 million, and KPMG settled in 2008 for $65 million.

**In re Motorola Securities Litig.**, 03-cv-287 (N.D. Ill.). Katrina Carroll represented the State of New Jersey's Division of Investment in this securities class action against Motorola, stemming from misrepresentations made by the company regarding a $2 billion loan it made to a Turkish entity that was not repaid. The case settled a few days before trial for $190 million.

PRIVACY & DATA BREACH LITIGATION

***In re Equifax, Inc. Customer Data Security Breach Litig.***, MDL 2800 (N.D. Ga.). The Equifax data breach compromised the nation's entire credit reporting system. Lynch Carpenter founder Gary Lynch was retained by the Independent Community Bankers of America, along with several banks and credit unions, to institute litigation against Equifax on behalf of a class of all financial institutions in the nation for damages resulting from the data breach. The financial institutions, as providers and purchasers of information within the credit reporting system, were severely impacted by the Equifax data breach, in which 147.9 million U.S. consumers – roughly 46% of the U.S. population and nearly 60% of all adults in the U.S. – had their highly sensitive personally identifying information ("PII") and payment card data ("PCD") compromised between May and July 2017 (the "Data Breach"). More than 400 lawsuits filed by consumers and financial institutions were consolidated in the MDL. Gary Lynch was appointed co-lead counsel for financial institution plaintiffs in this multidistrict litigation. After significant dispositive motions practice and initial rounds of discovery, the parties negotiated a settlement of the financial institution class action that provides up to $7.75 million in cash benefits, plus additional injunctive relief. The court granted preliminary approval of the settlement in June 2020 and final approval in October 2020.

***In re Target Corporation Customer Data Breach Litig.***, 0:14-md-02522, MDL 2522 (D. Minn.). This multidistrict litigation arose out of the massive data breach that occurred in late 2013. Judge Magnuson appointed Gary Lynch to the five-member Plaintiffs' Executive Committee that managed the litigation on behalf of all Plaintiffs' tracks (consumer, financial institution, and shareholder). A settlement agreement which provided $10 million to affected individual customers was granted final approval in November 2015. A separate settlement providing approximately $39 million in relief to plaintiff financial institutions was granted final approval in May 2016.

***In re TikTok, Inc., Consumer Privacy Litig.***, No. 20-cv-4699 (MDL No. 2948) (N.D. Ill.).  Judge Lee appointed Katrina Carroll as Co-Lead Counsel in this multidistrict litigation alleging that one of the world's biggest social media platforms captured, collected, and transmitted personal data from TikTok users and   their   devices   without   their   consent and/or   knowledge, including private  information  and  biometric  information  within  the  meaning  of  the  Illinois Biometric Information Privacy Act.

***First Choice Federal Credit Union v. The Wendy's Company et al***, 2:16-cv-0506, (W.D. Pa.). This class action arose out of a data breach alleged to have begun in October 2015, when computer hackers installed malware on the point-of-sale systems of Wendy's franchised restaurants for the purpose of capturing and ex-filtrating customer payment card data (the "Data Breach"). It is estimated that approximately 18 million payment cards were exposed in the Data

# LYNCH CARPENTER

Breach. The United States District Court for the Western District of Pennsylvania consolidated several proposed class actions and appointed Gary Lynch as Co-Lead Counsel on behalf of the Plaintiff financial institutions. Plaintiffs filed an early motion seeking to apply *Ohio law to Plaintiffs' claims on a nationwide basis, proposing to the Court that the choice of* law issue, which is normally not decided until the class certification or summary judgment stage, could be decided early, under Rule 1's mandate that the rules be interpreted to "secure the just, speedy and inexpensive determination of every action and proceeding." Wendy's opposed the motion. On June 6, 2018, the Court adopted the Magistrate's Report and Recommendation to grant the motion and to apply Ohio law to the negligence and negligence *per se* claims. In November 2018, after three rounds of in-person mediation, Wendy's agreed to pay $50 million into a non-reversionary fund and to adopt and/or maintain certain reasonable safeguards to manage its data security risks. When the settlement received final approval in November 2019, the Honorable Maureen P. Kelly noted Class Counsel's "national reputation," "significant experience in these types of class actions and in data breach litigation," and "high level of skill and efficiency." Judge Kelly further explained:

> This case has gone on for three and a half years…This was a very involved case and everyone brought to the table an incredible wealth of knowledge, was always prepared, really was thorough and professional in everything that was provided to the Court. And as involved as this case was, if every case I had was as well organized and professionally presented as this case has been, my life would be much easier… The briefs I got in this case and any filings were just so well-done and detailed. And my law clerks and I have discussed that a number of times. I want to thank counsel for the way you have conducted yourselves and the way you've all presented this case.

***In re Home Depot Customer Data Breach Litig.***, 1:14-md-02583, MDL 2583 (N.D. Ga.). In this multidistrict litigation, Lynch Carpenter attorneys represented financial institutions in litigation related to the major data breach at the retailer which continued for almost six months in 2014 and resulted in the compromise of approximately 56 million payment card accounts. Gary Lynch was appointed by Judge Thrash to be one of three lead counsel managing the financial institution track of the litigation. Over forty financial institutions and seventeen credit union associations filed a consolidated complaint in May 2015. Judge Thrash denied the majority of Home Depot's motion to dismiss on May 18, 2016. In September 2017, the Court granted final approval to a comprehensive class settlement that provides over $27 million in relief to the financial institution class.

*Veridian Credit Union v. Eddie Bauer LLC*, 2:17-cv-356 (W.D. Wash.). Gary Lynch served as co-lead counsel on behalf of a class of financial institutions in this class action against Eddie Bauer arising out of payment card data breach of the retailer's point-of-sale systems in 2016, which led to the exposure of up to 1.4 million payment cards. After overcoming a motion to dismiss and engaging in substantial discovery, the parties negotiated a class action settlement, which was approved in 2019. The agreement made up to $2.8 million available in direct cash relief to class members and provided for an addition $7 million worth of injunctive relief and other benefits.

*In Re: Solara Medical Supplies Data Breach Litigation*, 19-cv-02284 (S.D. Cal.). In January 2020, Judge Marilyn Huff appointed Kelly Iverson to the Plaintiffs' Steering Committee in this data breach action that affected both the personally identifiable information as well as protected health information of Plaintiffs' and the classes.

*In re Wawa, Inc. Data Security Litig*, 2:19-cv-6019 (E.D. Pa.). Gary Lynch was appointed co-lead counsel for a putative class of financial institution plaintiffs in consolidated actions brought against Wawa, Inc. arising out of a 2019 payment card data breach involving the convenience store's point-of-sale systems. A consolidated amended complaint was filed in July 2020, and as of February 2021, the defendant's motion to dismiss is fully briefed and awaiting disposition.

*Greater Chautauqua Federal Credit Union et al v. Kmart Corporation et al*, No. 15-cv-02228 (N.D. Ill.). In this consolidated data breach case in which financial institutions were seeking recovery for losses sustained as a result of a 2014 data breach at one of the nation's largest discount retail chains, Judge Lee appointed Gary Lynch to the Plaintiffs' Executive Committee, and Katrina Carroll to serve as Liaison Counsel. A settlement was reached and approved in June 2017.

*In re Marriott International Customer Data Security Breach Litigation,* MDL No. 2879 (D. MD.). Gary Lynch was appointed to the Plaintiffs' Steering Committee in this multidistrict litigation related to the data breach involving Starwood guest information dating back to at least 2014. The MDL includes more than 100 cases and is in pretrial litigation.

*Dittman et al v. UPMC d/b/a The University of Pittsburgh Medical Center and UPMC McKeesport*, (Allegheny Cty., Pa. No. GD-14-003285). Lynch Carpenter is representing several employees of the health care group UPMC in a class action stemming from a breach of UPMC's personnel files. On November 21, 2018, the Supreme Court of Pennsylvania issued a landmark decision, reversing two lower courts, regarding the viability of common law negligence claims in the wake of a data breach. The Court found that UPMC engaged in affirmative conduct by

collecting and storing employee data, and that general principles of negligence support holding actors to "a duty to others to exercise the care of a reasonable man to protect [others] against an unreasonable risk of harm to them arising out of the act." As to the economic loss doctrine, the Court agreed with Plaintiffs' interpretation of Pennsylvania legal precedent on the issue, finding that the question of whether the economic loss doctrine applies necessarily turns on the "source of the duty alleged," and, accordingly, a plaintiff may seek pecuniary damages under a negligence theory if the duty sought to be enforced arises independently of any contractual relationship between the parties. After remand to the trial court, additional motions practice, and initiating discovery, the parties reached a settlement that received preliminary approval.

***In re Anthem, Inc. Customer Data Security Breach Litig.***, No. 5:15-md-02617, MDL 2617 (N.D. Cal.). Lynch Carpenter attorneys represented customers of a national health insurer which experienced a data breach involving the personal information, including social security numbers, of up to an estimated 80 million customers. The case was consolidated and transferred to the Northern District of California in June 2015. Lynch Carpenter attorneys participated in discovery related to Highmark, the Pennsylvania-based member of the Blue Cross Blue Shield Association and a co-defendant in the MDL. The parties reached a settlement valued at $117 million, which was approved by the Court.

***In re Community Health Systems, Inc., Customer Data Security Breach Litigation***, 2:15-cv-00222, MDL 2595 (N.D. Ala.). Gary Lynch served as a member of the plaintiffs' steering committee in consolidated multidistrict litigation stemming from a 2014 data breach involving one of the nation's largest hospital chains. The breach affected over 200 hospitals and the sensitive personal information of approximately 4.5 million patients was compromised. The action settled on a class basis for up to $3.1 million.

***In re Arby's Restaurant Group***, 1:17-mi-55555 (N.D. Ga.). In October 2016, computer hackers accessed Arby's inadequately protected point-of-sale system and installed malware that infected nearly 1,000 Arby's restaurant locations. Gary Lynch was appointed by Judge Totenberg as Chair of the Financial Institution Plaintiffs' Executive Committee. The case settled and received final approval in November 2020.

***In re Ashley Madison Customer Data Security Breach Litig.***, MDL No. 2669 (E.D. Mo.). In this well-publicized data breach case Lynch Carpenter attorneys represented individuals whose highly sensitive account information was leaked from a social media company. The case was consolidated and transferred to the Eastern District of Missouri in December 2015. Judge Ross appointed Gary Lynch and Katrina Carroll (while with her prior firm) to the Executive Committee. A class settlement for $11.2 million was given final approval in November 2017.

LYNCH CARPENTER

***In re Vizio, Inc. Consumer Privacy Litig.***, MDL No. 2693 (C.D. Cal.). This action was filed on behalf of individuals who purchased Vizio "Smart TVs," which contained software that collected information about the users in a manner that allegedly violates numerous consumer protection statutes. The case was consolidated and transferred to the Central District of California in April 2016, and Gary Lynch was appointed to the Plaintiffs' Steering Committee. In March 2017, District Judge Staton granted in part and denied in part a motion to dismiss, leaving the most significant claims intact and granting plaintiffs leave to re-plead the dismissed counts. After plaintiffs filed a second consolidated amended complaint, a second motion to dismiss was denied in July 2017. Vizio's attempt to certify an interlocutory appeal was denied in October 2017. The case was settled and received final approval in 2019, providing for a $17 million common fund.

***Vance v. International Business Machines Corp.***, 1:20-cv-577 (N.D. Ill.). Lynch Carpenter attorneys were appointed Co-Lead Counsel in this class action claiming IBM violated Illinois's Biometric Information Privacy Act when it collected, obtained, disclosed, redisclosed, disseminated, and otherwise profited from Illinois residents' unique facial geometric measurements without providing notice or obtaining consent. In September 2020, Lynch Carpenter defeated nearly all of the arguments raised in IBM's motion to dismiss, allowing the case to proceed forward toward class certification.

***In Re: Clearview AI, Inc., Consumer Privacy Litig.***, 1:21-cv-00135 (N.D. Ill.). Lynch Carpenter attorneys served as counsel in this multidistrict litigation on behalf of a proposed class of Illinois citizens alleging that Clearview, in violation of the Illinois Biometric Information Privacy Act, scraped over 3 billion facial images from the internet, scanned the facial images' biometrics, and built a searchable database of the scanned images and biometrics, allowing users to instantly identify an unknown individual with only a photograph. Clearview then sold or otherwise gave access to these biometrics to hundreds of law enforcement agencies, private entities, and individuals.

***Storm et al. v. Paytime, Inc.***, No. 1:14-cv-011380-JEJ (M.D. Pa.). Lynch Carpenter attorneys represented individuals whose sensitive personal and financial information was stolen from the systems of a Pennsylvania payroll processing company. The case was appealed to the Third Circuit and settled on a class basis while the appeal was pending.

***In re SuperValu, Inc. Customer Data Security Breach Litig.***, 0-14-md-02586, MDL 2586 (D. Minn.). In April 2015, Ed Kilpela of Lynch Carpenter was appointed as interim co-lead counsel in this consolidated case. The litigation stems from a 2014 data breach that compromised the

sensitive personal and financial information of customers of approximately 1,000 grocery stores operating under a variety of brand names in over a dozen states.

***Sullivan v. Wenner Media LLC***, No. 1:16-cv-960 (M.D. Mich.). Lynch Carpenter attorneys were co-lead counsel for plaintiffs who brought claims against the publisher of *Rolling Stone* magazine. Plaintiffs allege that *Rolling Stone* sold subscriber information to marketing partners without the subscriber's consent, in violation of Michigan state privacy laws. The parties reached a proposed settlement including a $1.1 million settlement fund and alternative forms of relief. The settlement was approved in May 2018.

***Lewert v. PF Chang's China Bistro, Inc.***, No. 1:14-cv-04787 (N.D. Ill.): Katrina Carroll served as Court-appointed Co-Lead counsel representing P.F. Chang's customers who had their personal financial information compromised in a 2014 security breach. This matter was one of the first data breach cases on record. Ms. Carroll oversaw all of the appellate briefing in ultimately obtaining a landmark ruling in the Seventh Circuit on Article III standing, hailed by Law360 as one of the "top privacy cases" of 2016.

***Salam v. Lifewatch, Inc.***, No. 1:13-cv-09305 (N.D. Ill.):  In this hard-fought litigation, Lynch Carpenter partner Katrina Carroll is currently involved as court-appointed Co-Lead Counsel on behalf of a certified class in this privacy matter brought under the Telephone Consumer Protection Act ("TCPA"). Ms. Carroll has been directly involved in all aspects of litigation, including discovery and motion practice which culminated in a total victory for plaintiffs in contested class certification.

***Bakov v. Consolidated World Travel Inc.***, No. 1:15-cv-02980 (N.D. Ill.):  Katrina Carroll serves as court-appointed Co-Lead Counsel in this TCPA litigation for a certified class of consumers.

### GOVERNMENT COVID-19 CLOSURE ORDER LITIGATION

***In re Generali Covid-19 Travel Insurance Litig.***, No. 20-md-2968, MDL 2968 (S.D.N.Y). In January 2021, Jamisen Etzel was appointed co-lead counsel in this MDL comprising actions brought on behalf of consumers whose travel plans were cancelled as a result of the Covid-19 pandemic, and whose travel insurance provider either denied coverage or refused to return premiums paid for post-departure risks the insurer was not required to cover. As of February 2021, the MDL is in the initial pleading stage.

**Business Income Insurance Coverage Litigation**, various. Lynch Carpenter attorneys represents numerous business-policyholders who were forced to close or curtail their business operations as a result of government shut down orders in the wake of the Covid-19 pandemic and who have been denied insurance coverage under their "all risks" property insurance coverage.

### WAGE AND HOUR & EMPLOYMENT DISCRIMINATION LITIGATION

**Verma v. 3001 Castor Inc.**, (E.D. Pa.). As co-class counsel, Lynch Carpenter attorneys won a $4.59 million jury verdict in 2018 for misclassified workers at a Philadelphia nightclub. The claims were brought under the FLSA and Pennsylvania Minimum Wage Act. The trial verdict was fully affirmed by the Third Circuit in August 2019.

**Gardner v. Country Club, Inc.** (D.S.C.). Lynch Carpenter attorneys served as class counsel for a class of nightclub workers who were misclassified as independent contractors, subjected to deductions from their tip income, and denied wages. Lynch Carpenter attorneys won two significant dispositive motions, obtaining a ruling that the workers were legally employees, and a legal opinion determining as a matter of first impression under South Carolina wage laws that tip income was protected from employer deductions. The case then settled for a total of $1.5 million, and final approval was granted in 2019.

**Herron v. Investment Professionals Inc.** (W.D. Pa.). Lynch Carpenter attorneys secured a $450,000 settlement for 12 financial advisors who were misclassified by a financial services company and consequently did not receive overtime compensation. The settlement was approved in February 2018.

**Herzfeld v. 1416 Chancellor Inc.** (E.D. Pa.). Lynch Carpenter attorneys is class counsel for a litigation-certified Rule 23 class and FLSA collective of more than 100 nightclub entertainers alleging misclassification and violations of the FLSA and Pennsylvania wage and hour laws. A settlement for a total amount of $415,000 was reached and granted preliminary approval in January 2018. Final approval was granted following a fairness hearing in June 2018.

**Correll v. One Three Five, Inc.** (W.D. Pa.). Lynch Carpenter attorneys was class counsel for a class of several hundred nightclub performers who alleged that they were misclassified by the club's owner as independent contractors, resulting in violations of the Fair Labor Standards Act and Pennsylvania state wage laws. A class settlement was granted final approval in 2016 and provided $815,000 in total relief for the class.

LYNCH CARPENTER

***Genesis Healthcare v. Symczyk*** (U.S. Supreme Court). Gary Lynch served as Counsel of Record before the United States Supreme Court in an appeal addressing the application of mootness principles in a putative collective action filed under Section 216(b) of the Fair Labor Standards Act. When defendant served the plaintiff with a Rule 68 offer of judgment for "make whole" relief, the district court dismissed the case as moot. Gary Lynch successfully argued the appeal in the United States Court of Appeals for the Third Circuit, which held that the FLSA collective action did not become moot upon the plaintiff's receipt of a Rule 68 offer of judgment for full satisfaction of her individual claim. The Supreme Court reversed in a 5-4 opinion, with Justice Kagan writing a strong dissent on behalf of our client—a position which was subsequently adopted by the majority of the Court in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). Plaintiff's position before the Supreme Court was supported by the United States as Amicus Curiae.

***Gualano v. Abercrombie & Fitch Stores, Inc.***, (W.D. Pa). Lynch Carpenter attorneys was co-lead counsel in this wage and hour litigation alleging that defendant retail clothier was violating federal and state minimum wage laws. Following the fairness hearing in early 2005, where a multi-state settlement was presented to the Court for approval, the Court entered Findings of Fact and Conclusions of Law addressing lead counsels' adequacy as follows:

> "The Court finds the plaintiffs' counsel, Bruce Carlson and Gary Lynch, are experienced class counsel and that they have met all of the requirements of Rule 23(g)(1)(B) and (C). Consistent with the underlying purpose of Fed. R. Civ. P. 23, plaintiffs' counsel have achieved, with utmost efficiency, a quality result for the entire class and are commended for the diligence and effective advocacy they have displayed on behalf of their clients."

***Pasci v. Express, LLC***, (W.D. Pa.). This case was similar to the *Abercrombie* case discussed above and proceeded to a fairness hearing in November 2004, where a multi-state settlement was presented to the Court for approval. Regarding the adequacy of Lynch Carpenter attorneys, the Court issued Findings and Conclusions stating:

> "With respect to the adequacy of counsel, the Court finds that class counsel have capably and vigorously represented the class. Bruce Carlson and Gary Lynch have substantial experience in class-based litigation involving consumer fraud and employment claims . . . . Class counsel achieved an efficient and excellent result on behalf of the class."

***Ellis v. Edward Jones,*** (N.D. Ohio). Lynch Carpenter attorneys chaired the Plaintiffs' Leadership Committee in this wage and hour class action alleging that defendant stock brokerage company violated federal and state overtime laws. After Defendant filed an answer and after significant discovery wherein Defendant produced in excess of 500,000 pages of documents and hundreds of videotapes, the parties commenced mediation to pursue a potential global settlement. The first mediation, which occurred in Atlanta in March 2007, was unsuccessful. Ultimately, the parties participated in a second mediation in San Francisco, at which the parties arrived at the basic terms of a proposed settlement pursuant to which class members from multiple states received in excess of $19 million. After a fairness hearing on January 5, 2009, the Court granted final approval of the settlement.

***Byers v. PNC Financial Services Group, Inc.,*** (W.D. Pa.). Lynch Carpenter attorneys was lead plaintiff's counsel in this wage and hour class action alleging that defendant stock brokerage company violated federal and state overtime laws. A multi-state settlement was approved following a fairness hearing in June 2008.

***Steen v. A.G. Edwards, Inc.,*** (S.D. Cal.). Lynch Carpenter attorneys were co-class counsel for plaintiff in this wage and hour litigation alleging that defendant stock brokerage company violated federal and state overtime laws. A mediated national class-based settlement has been reached and preliminary approval has been granted. A fairness hearing was held on August 31, 2009 in Los Angeles, after which the Court entered an Order granting final approval of the settlement.

***Meola v. AXA Financial, Inc.,*** (N.D. Cal.). Lynch Carpenter attorneys were co-class counsel for plaintiff in this wage and hour litigation alleging that defendant financial services company violated federal and state overtime laws. A mediated national class-based settlement was negotiated in this matter, and final approval was granted following a fairness hearing in the fall of 2009.

***In re St. Francis Health System,*** (C.P., Allegheny County Pennsylvania). Lynch Carpenter attorneys were counsel for the class in connection with this wage and hour litigation on behalf of certain former employees of the St. Francis Health System in Pittsburgh. Plaintiff asserted that the class was deprived of severance benefits when St. Francis Health System was acquired by another hospital group in Western Pennsylvania. Prior to the disposition of Plaintiff's class certification motion, the parties engaged in extensive mediation before reaching a class-based settlement.

***Haag v. Janney Montgomery Scott,*** (E.D. Pa.). Lynch Carpenter partner Gary Lynch was a member of the Executive Committee in this wage and hour class action alleging that defendant

**LYNCH CARPENTER**

stock brokerage company violated federal and state overtime laws. After protracted litigation and two separate mediations, the parties reached a multi-state settlement. A fairness hearing was conducted in Philadelphia on June 30, 2009, where Gary Lynch appeared on behalf of the class. Following the hearing, the Court granted final approval of the settlement.

***Steinberg v. Morgan Stanley & Co.,*** (S.D. Cal.). Lynch Carpenter attorneys were co-class counsel for plaintiff in this wage and hour litigation alleging that defendant stock brokerage company violated federal and state overtime laws. A mediated national class-based settlement was reached, and final approval of the settlement was granted.

***Ramsey v. Ryan Beck, Inc.*** (S.D.N.Y.). Lynch Carpenter attorneys were co-class counsel in this wage and hour class action alleging that defendant stock brokerage company violated federal and state overtime laws. After protracted litigation, the parties reached a multi-state settlement, and final approval was granted in June 2010.

***Kniess v. Heritage Valley Health Systems, Inc.,*** (C.P., Allegheny County, Pennsylvania). Lynch Carpenter attorneys were lead counsel in this wage and hour class action alleging that the defendant hospital system failed to pay overtime compensation to its nurse practitioners and physician's assistants. The parties reached a mediated class settlement whereby class members received the majority of the back pay alleged.

***Leadbitter v. The Washington Hospital, Inc.,*** (W.D. Pa.). Lynch Carpenter attorneys were co-lead counsel in this wage and hour class action alleging the defendant hospital system failed to pay overtime compensation to its nurse practitioners and physician's assistants. The parties reached a mediated class settlement whereby class members will be eligible to receive the majority of the back pay alleged, and the settlement received final approval from the Court.

***Career Education Corporation Misclassification Litigation,*** (W.D. Pa.). In early 2011, Lynch Carpenter attorneys filed a putative collective action on behalf of admissions representatives employed by culinary schools operated by Career Education Corporation. Plaintiff alleged that these individuals were misclassified and improperly denied overtime benefits. A class settlement was negotiated and final approval of the settlement was granted in December 2011.

***Atrium Centers, LLC Automatic Meal Break Deduction Litigation,*** (N.D. Ohio). Lynch Carpenter attorneys were lead counsel in this collective action on behalf of hourly health care workers (primarily nurses) alleging improper pay practices in connection with automatic meal break deductions. After the court granted Plaintiffs' motion for conditional certification of a collective action under the FLSA, extensive discovery ensued. Following the close of discovery

in the fall of 2012, the Parties engaged in mediation with a former United States Magistrate Judge and reached an agreement to settle the case on a collective basis. The settlement was approved by the court in December 2012, and the settlement proceeds have been distributed.

***Northwestern Memorial Healthcare Automatic Meal Break Deduction Litigation,*** (N.D. Ill.), Lynch Carpenter attorneys were lead counsel in this collective/class action on behalf of hourly health care workers (primarily nurses) alleging improper pay practices in connection with automatic meal break deductions. After extensive discovery and the denial of Defendant's motion for summary judgment, the Parties reached a mediated class settlement in the fall of 2012. In December 2013, the Court granted final approval of the settlement, and the settlement proceeds have been distributed to the class.

***Crozer-Keystone Health System Overtime Litigation,*** (E.D. Pa.), Lynch Carpenter attorneys filed a putative collective action against Crozer-Keystone Health System in the Eastern District of Pennsylvania. The Complaint challenged pay practices related to nurse practitioners and/or physicians' assistants. The plaintiffs in these cases allege that they were illegally being denied overtime compensation by their employers. After discovery, the Parties filed cross motions for summary judgment. In a widely reported opinion issued on January 4, 2011, the Court granted Plaintiffs' motion for summary judgment, holding that Defendant had misclassified individuals in Plaintiff's job positions. Defendant's motion for reconsideration of the federal court's summary judgment decision was denied in a twenty-one page opinion and order issued on August 15, 2011. Following mediation, the settlement of this case was approved in August 2012.

***Ehrheart v. Verizon Wireless,*** No. 2:07-cv-01165 (W.D. Pa.), 609 F.3d 590 (3d Cir. 2010). Lynch Carpenter attorneys represented the Plaintiff/Appellant in this matter alleging violation of the Fair and Accurate Credit Transaction Act. A settlement was negotiated and preliminarily approved by the district court pursuant to Rule 23. Subsequent to the settlement, Congress passed the Credit and Debit Card Receipt Clarification Act, which had the effect of eliminating Plaintiff's cause of action. On motion of Verizon, the district court vacated its preliminary approval of the settlement and granted Verizon judgment on the pleadings. On appeal, the United States Court of Appeals for the Third Circuit reversed the district court, and in doing so clarified the role of the district court in evaluating class settlements under Rule 23, holding:

> It is essential that the parties to class action settlements have complete assurance that a settlement agreement is binding once it is reached. The fact that a settlement agreement is governed by Rule 23 does not diminish its enforceability as a contract. Where, as here, the parties have executed an agreement, a party cannot

avoid its independent contractual obligations simply because a change in the law confers upon it a benefit that could have altered the settlement calculus.

***White v. United Steel Workers of America****,* (W.D. Pa.), Gary Lynch was co-lead counsel in this age-discrimination class action against the U.S.W.A. After overcoming a motion to dismiss on a legal issue regarding a substantial split of authority, the defendant requested mediation to explore the possibility of settlement. After extensive mediation over a one-month period in June 2004, the case ultimately settled for an amount that defense counsel characterized as the highest ever paid by the U.S.W.A. in connection with civil litigation.

## ANTITRUST

***In Re Railway Industry Employee No-Poach Antitrust Litigation,*** **MDL 2850,** (W.D. Pa.), Chief Judge Joy Flowers Conti appointed Lynch Carpenter partner Kelly K. Iverson as Plaintiffs' Liaison Counsel on behalf of the class of employees who alleged the defendants and their co-conspirators entered into unlawful agreements to reduce and eliminate competition among them for employees and to suppress the compensation of those employees. The two defendants agreed to class settlements worth a combined $48.95 million, and final approval was granted in August 2020.

***In Re Blue Cross Blue Shield Antitrust Litigation,*** **MDL No. 2406**, (N.D. Ala.). Lynch Carpenter attorneys represent healthcare subscriber plaintiffs in four states in this nationwide class action challenging the anti-competitive practices of Blue Cross/Blue Shield's nationwide network of local insurers who do not compete with each other based on geographic boundaries. A $2.7 billion settlement received preliminary approval in early 2021.

## ENVIRONMENTAL LAW

***Steward et al. v. Honeywell Int'l, Inc.***, No. 3:18-cv-01124 (S.D. Ill.)  Lynch Carpenter is currently involved in this property damage class action involving nuclear and non-nuclear contamination of large swaths of the City of Metropolis and the County of Massac. Lynch Carpenter attorneys and co-lead counsel are prosecuting claims for injunctive relief, property damage, and medical monitoring in this extremely complicated environmental contamination case.

## CIVIL RIGHTS

**LYNCH CARPENTER**

***ADA (Americans with Disabilities Act) Accessibility Litigation****. Lynch Carpenter is currently counsel for plaintiffs in a substantial number of putative class actions filed on behalf of individuals with disabilities to enforce the ADA's accessibility requirements. Over the last eight years, Lynch Carpenter attorneys have represented the visually disabled in seeking improved access to ATMs, Point of Sale devices, automated retail kiosks, and websites.

In January 2016, Magistrate Judge Robert C. Mitchell of the United States District Court for the Western District of Pennsylvania recommended certification of a national class of mobility-disabled individuals who were denied full and equal access to Cracker Barrel stores due to the company's inadequate centralized ADA maintenance policies. Cracker Barrel has over 630 stores across the country. The report and recommendation was adopted by District Judge Mark Hornak in July 2016. The case subsequently settled, securing injunctive relief for the nationwide class.

More recently, Lynch Carpenter attorneys were representing an individual with a mobility disability in *Egan v. Live Nation Worldwide, Inc.*, 2:17-cv-445 (W.D. Pa.). The claims involve wheelchair inaccessibility and ticket unavailability at Pittsburgh-area concert events promoted by Live Nation and ticketed by Ticketmaster. In March 2018, Judge Mark Hornak denied Live Nation's attempt to force arbitration of the potential class action. On appeal, the Third Circuit remanded the arbitration question for trial on disputed factual issues. The case settled before trial.

Lynch Carpenter attorneys also recently defeated efforts by Uber Technologies to force individuals with mobility disabilities who are unable to use Uber's ride share services because they are not wheelchair accessible to arbitrate their case despite that none of the plaintiffs ever agreed to any terms of service. The Third Circuit rejected Uber's argument that there was agreement by estoppel. The case is currently being litigated in the district court.

# EXHIBIT B

| Timekeeper | Rate | Hours | Date | Description |
|---|---|---|---|---|
| Todd Carpenter | $750.00 | 1.6 | 2/1/2013 | Evaluated Richy F, Bruyere O, Ethgen O, Cucherat M, Henrotin Y, Reginster JY (July 2003). "Structural and symptomatic efficacy of glucosamine and chondroitin in knee osteoarthritis: a meta-analysis" . Archives of Internal Medicine. |
| Todd Carpenter | $750.00 | 2.1 | 2/4/2013 | Evaluated National Center for Complementary and Integrative Health (NCCIH). 2008-09-29. |
| Todd Carpenter | $750.00 | 1.9 | 2/4/2013 | Evaluated National Center for Complementary Alternative Medicine (2008). "The NIH Glucosamine/Chondroitin Arthritis Intervention Trial (GAIT)". |
| Todd Carpenter | $750.00 | 3.2 | 2/4/2013 | Evaluated Vlad SC, LaValley MP, McAlindon TE, Felson DT (2007). "Glucosamine for pain in osteoarthritis; why do trial results differ? |
| Todd Carpenter | $750.00 | 1.7 | 2/13/2013 | Evaluated Reginster 2007 |
| Todd Carpenter | $750.00 | 3.2 | 2/13/2013 | Evaluated NIH GAIT Trial 2006 |
| Todd Carpenter | $750.00 | 1.8 | 2/13/2013 | Research regarding Cochrane 2005 meta analysis |
| Todd Carpenter | $750.00 | 1.2 | 2/15/2013 | Research regarding West J Med. 2000 Feb; 172(2): 91–94. |
| Todd Carpenter | $750.00 | 1.4 | 2/19/2013 | Research regarding Journal of Am Acad of NP - Distler Oct. 2006 |
| Todd Carpenter | $750.00 | 5.6 | 2/19/2013 | Research regarding clinical trials on Glucosamine |
| Todd Carpenter | $750.00 | 0.8 | 2/20/2013 | Email JP regarding potential case; drafted jpa |
| Todd Carpenter | $750.00 | 6.3 | 2/21/2013 | Research regarding dosing of G&C for use as arthritis trtmnt |
| Todd Carpenter | $750.00 | 2.3 | 2/22/2013 | Research regarding org structure of JJ parent |
| Todd Carpenter | $750.00 | 1.3 | 2/26/2013 | Evaluated Review: Knee / Hip Osteo study;  ACP J. Club. 2007 |
| Todd Carpenter | $750.00 | 3.2 | 2/26/2013 | Preperation for and Teleconference with Silbert re: direction and interpretation of studies; review evaluation of product |
| Todd Carpenter | $750.00 | 1.8 | 2/26/2013 | Evaluated Glycobiology 2009; 19:564--end. Silbert |
| Todd Carpenter | $750.00 | 7.2 | 2/27/2013 | Drafted memo regarding lack of efficacy; summarizing positive study results |
| Todd Carpenter | $750.00 | 1.6 | 2/28/2013 | Drafted memo regarding lack of efficacy; summarizing positive study results |
| Todd Carpenter | $750.00 | 4.3 | 2/28/2013 | Drafted memo regarding lack of efficacy; summarizing positive study results |
| Todd Carpenter | $750.00 | 1.2 | 3/4/2013 | Calls to potential co-counsel; discussion of fee splitting; cost advancements |
| Todd Carpenter | $750.00 | 2.3 | 3/11/2013 | Drafted memo regarding lack of efficacy; summarizing positive study results |
| Todd Carpenter | $750.00 | 1.2 | 3/11/2013 | Met with Jim Patterson regarding co-counsel arrangement to prosecute JJ claims |
| Todd Carpenter | $750.00 | 3.4 | 3/11/2013 | Research regarding hiearchy of science; Federal Judicial Centerl Rules on scientific evidence; rating of studies |
| Todd Carpenter | $750.00 | 2.6 | 3/12/2013 | Met with potential client; research to determine viability of claim; proof of purchase |
| Todd Carpenter | $750.00 | 4.3 | 3/14/2013 | Drafted outline of complaint; claims |
| Todd Carpenter | $750.00 | 7.6 | 3/15/2013 | Drafted Complaint |
| Todd Carpenter | $750.00 | 6.3 | 3/18/2013 | Drafted Complaint |

| Name | Rate | Hours | Date | Description |
|------|------|-------|------|-------------|
| Todd Carpenter | $750.00 | 4.6 | 3/22/2013 | Revised Complaint; finalized selection of referenced studies for liability; teleconference with Silbert |
| Todd Carpenter | $750.00 | 0.6 | 3/24/2013 | Call with JP regarding related case; potential of combining forces -strategy thereof |
| Todd Carpenter | $750.00 | 2.3 | 3/24/2013 | Reviewed BHO Mullins Complaint |
| Todd Carpenter | $750.00 | 0.3 | 3/28/2013 | call with TO about related case strategy |
| Todd Carpenter | $750.00 | 0.8 | 4/1/2013 | Follow up meeting with JP and call to Sonner regarding potential strategy |
| Todd Carpenter | $750.00 | 1.1 | 4/2/2013 | Follow up meeting with JP regarding same |
| Todd Carpenter | $750.00 | 0.5 | 4/2/2013 | call with BHO about potential clients and related cases |
| Todd Carpenter | $750.00 | 2.1 | 4/4/2013 | Research regarding potential sales of JJ; market share |
| Todd Carpenter | $750.00 | 4.3 | 11/7/2013 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 0.5 | 12/9/2013 | call with BHO about potential settlement |
| Todd Carpenter | $750.00 | 4.3 | 6/2/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 4.6 | 6/2/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 5.2 | 6/3/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 3.8 | 6/3/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 4.4 | 6/4/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 1.2 | 6/4/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 3.2 | 6/4/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 4.6 | 6/4/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 4.3 | 6/5/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 3.9 | 6/5/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 4.1 | 6/6/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 0.6 | 6/6/2014 | Teleconference with Co counsel regarding documents and goals for depo |
| Todd Carpenter | $750.00 | 5.2 | 6/9/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 3.9 | 6/9/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 3.2 | 6/9/2014 | Drafted deposition outline for Taft |
| Todd Carpenter | $750.00 | 4.4 | 6/10/2014 | Evaluated document production and identified relevent docs for Taft deposition |
| Todd Carpenter | $750.00 | 4.4 | 6/10/2014 | Drafted deposition outline for Taft |
| Todd Carpenter | $750.00 | 0.3 | 6/10/2014 | Teleconference with Co counsel regarding documents and goals for depo |
| Todd Carpenter | $750.00 | 3.5 | 6/11/2014 | Meet with TO about Taft and Palumbo depositions |
| Todd Carpenter | $750.00 | 2.5 | 6/11/2014 | Drafted deposition outline for Taft |
| Todd Carpenter | $750.00 | 4.3 | 6/11/2014 | Drafted deposition outline for Taft |
| Todd Carpenter | $750.00 | 8.4 | 6/12/2014 | Finalized outline and took deposition of Katrina Taft |
| Todd Carpenter | $750.00 | 3.2 | 6/13/2014 | Returned to San Diego |
| Todd Carpenter | $750.00 | 1.1 | 7/3/2014 | Call with BHO about pltf deposition costs;  review filings related to denial of extension |

| Name | Rate | Hours | Date | Description |
|---|---|---|---|---|
| Todd Carpenter | $750.00 | 0.6 | 7/9/2014 | Call with BHO - TO - about depositions |
| Todd Carpenter | $750.00 | 2.6 | 7/9/2014 | Evaluated document production; identified hot and relevant docs |
| Todd Carpenter | $750.00 | 4.1 | 7/9/2014 | Evaluated document production; identified hot and relevant docs |
| Todd Carpenter | $750.00 | 3.2 | 7/10/2014 | Evaluated document production; identified hot and relevant docs |
| Todd Carpenter | $750.00 | 2.3 | 7/10/2014 | Evaluated document production; identified hot and relevant docs |
| Todd Carpenter | $750.00 | 2.3 | 7/10/2014 | Evaluated document production; identified hot and relevant docs |
| Todd Carpenter | $750.00 | 1.1 | 7/11/2014 | Evaluated document production; identified hot and relevant docs |
| Todd Carpenter | $750.00 | 4.3 | 7/11/2014 | Evaluated document production; identified hot and relevant docs |
| Todd Carpenter | $750.00 | 2.6 | 7/22/2014 | 4 Calls with TO about Palumbo deposition |
| Todd Carpenter | $750.00 | 0.6 | 8/15/2014 | Call with co-counsel about hearing and strategy going forward |
| Todd Carpenter | $750.00 | 0.2 | 8/20/2014 | Call with BHO about case statust |
| Todd Carpenter | $750.00 | 0.2 | 8/21/2014 | Conference call with TO about case and pltf status |
| Todd Carpenter | $750.00 | 1.2 | 8/27/2014 | Conference call with TO about clients; research substitution of plaintiff and draft memo in support of leave to amend to substitute |
| Todd Carpenter | $750.00 | 1.1 | 9/1/2014 | Reviewed status of Mullins |
| Todd Carpenter | $750.00 | 0.6 | 9/2/2014 | Call with JP regarding arrangment with BHO |
| Todd Carpenter | $750.00 | 0.2 | 9/3/2014 | Follow up with TO about substitution |
| Todd Carpenter | $750.00 | 1.6 | 9/4/2014 | exchange comms with TO about new plaintiff; Evaluate revisions to amended Complaint; provide additional edits |
| Todd Carpenter | $750.00 | 0.2 | 9/8/2014 | Conference call with TO about status of amended complaint and client. |
| Todd Carpenter | $750.00 | 2.6 | 9/10/2014 | Reviewed amended complaint; revised as to Sonner allegations |
| Todd Carpenter | $750.00 | 1.4 | 10/15/2014 | Revise and evaluate responses to RFPs and circulate to Sonner and TO |
| Todd Carpenter | $750.00 | 1.1 | 10/22/2014 | Call with co-counsel about disco responses and revisions to same |
| Todd Carpenter | $750.00 | 3.2 | 10/30/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 0.2 | 10/31/2014 | Call with co-counsel about Sonner and Palumbo Deposition |
| Todd Carpenter | $750.00 | 4.8 | 10/31/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 2.9 | 10/31/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 4.3 | 11/3/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 4.5 | 11/3/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 3.1 | 11/4/2014 | Return travel to SD |
| Todd Carpenter | $750.00 | 5.3 | 11/4/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 4.2 | 11/4/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 3.9 | 11/5/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 3.9 | 11/5/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 0.8 | 11/6/2014 | Emails with TO about further document review, hot docs and depo prep. |

| Todd Carpenter | $750.00 | 5.1 | 11/6/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 3.8 | 11/6/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 0.1 | 11/7/2014 | Email Sonner retainer to co counsel |
| Todd Carpenter | $750.00 | 3.9 | 11/7/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 4.3 | 11/7/2014 | Drafted deposition outline for Palumbo |
| Todd Carpenter | $750.00 | 0.9 | 11/9/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 3.9 | 11/9/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 3.3 | 11/9/2014 | Drafted deposition outline for Palumbo |
| Todd Carpenter | $750.00 | 4.5 | 11/10/2014 | Evaluated document production and identified relevent docs for Palumbo deposition |
| Todd Carpenter | $750.00 | 4.2 | 11/10/2014 | Drafted deposition outline for Palumbo |
| Todd Carpenter | $750.00 | 0.4 | 11/10/2014 | Teleconference with Co counsel regarding documents and goals for depo |
| Todd Carpenter | $750.00 | 4.2 | 11/11/2014 | Drafted deposition outline for Palumbo |
| Todd Carpenter | $750.00 | 4.4 | 11/11/2014 | Drafted deposition outline for Palumbo |
| Todd Carpenter | $750.00 | 6.3 | 11/12/2014 | Prepped Sonner for deposition; flew to SF |
| Todd Carpenter | $750.00 | 0.6 | 11/13/2014 | Call with co-counsel about  preparing for Palumbo dep |
| Todd Carpenter | $750.00 | 7.8 | 11/13/2014 | Met with Sonner; Defended Deposition of Sonner |
| Todd Carpenter | $750.00 | 9.3 | 11/17/2014 | Finalizing outline for Palumbo deposition; multiple conversations strategy sessions regarding questioning |
| Todd Carpenter | $750.00 | 11.3 | 11/18/2014 | Travel to SF and conduct  deposition of Palumbo;  meet with TO after about same and prepare for tomorrow's continuing deposition. |
| Todd Carpenter | $750.00 | 10.2 | 11/19/2014 | Depose Palumbo; final debrief with co counsel and travel to San Diego |
| Todd Carpenter | $750.00 | 0.9 | 11/29/2014 | Draft deposition outline for Palumbo |
| Todd Carpenter | $750.00 | 4.3 | 12/1/2014 | Evaluate hot docs for inclusion in Palumbo outline |
| Todd Carpenter | $750.00 | 0.6 | 12/2/2014 | Emails and phone convo with TO about amended disco responses; discussion of Irvin |
| Todd Carpenter | $750.00 | 6.3 | 12/2/2014 | Evaluate hot docs for inclusion in Palumbo outline |
| Todd Carpenter | $750.00 | 4.4 | 12/5/2014 | Evaluate hot docs for inclusion in Palumbo outline |
| Todd Carpenter | $750.00 | 1.6 | 12/5/2014 | Draft deposition outline for Palumbo |
| Todd Carpenter | $750.00 | 2.3 | 12/6/2014 | Draft deposition outline for Palumbo |
| Todd Carpenter | $750.00 | 1.4 | 12/8/2014 | Draft deposition outline for Palumbo |
| Todd Carpenter | $750.00 | 9.4 | 12/8/2014 | Travel to SF and preparation for Palumbo deposition |
| Todd Carpenter | $750.00 | 8.3 | 12/9/2014 | Final prep and deposition of Palumbo |
| Todd Carpenter | $750.00 | 0.4 | 12/17/2014 | Met with TO about disco responses and docs. |
| Todd Carpenter | $750.00 | 1.2 | 3/30/2015 | Evaluated Mediation brief |
| Todd Carpenter | $750.00 | 1.2 | 4/7/2015 | Evaluated relevant docs in prep for mediation |
| Todd Carpenter | $750.00 | 11.3 | 4/9/2015 | Travel to LA and attended mediation |

| Name | Rate | Hours | Date | Description |
|---|---|---|---|---|
| Todd Carpenter | $750.00 | 1.2 | 9/25/2015 | Evaluated relevant testimony and hot documents in support of class cert |
| Todd Carpenter | $750.00 | 2.1 | 9/29/2015 | Evaluated class cert brief and accompanying decs |
| Todd Carpenter | $750.00 | 0.4 | 9/30/2015 | Evalauted Giacovelli G, Rovati LC (2010). "Glucosamine and osteoarthritis. Conclusions not supported by methods and results". BMJ (Clinical Research Ed.). |
| Todd Carpenter | $750.00 | 4.3 | 10/22/2015 | Evaluated Grande declaration; research regarding most relevant, current Glucosamine and Chondtroitin studies |
| Todd Carpenter | $750.00 | 0.8 | 10/30/2015 | Review Opp |
| Todd Carpenter | $750.00 | 0.9 | 11/2/2015 | Review Mtn to exclude and MSJ opposition |
| Todd Carpenter | $750.00 | 0.7 | 12/11/2015 | Review Class Cert Reply |
| Todd Carpenter | $750.00 | 0.3 | 12/15/2015 | Reviewed opp to mtn to exclude Grande |
| Todd Carpenter | $750.00 | 0.3 | 1/5/2017 | Call with co-counsel to discuss settlement |
| Maggie Robalindo | $125.00 | 3.2 | 9/6/2019 | Assembled deposition prep binder for Ravinksy |
| Ed Ciolko | $750.00 | 4.6 | 9/9/2019 | Prepared to defend deposition of Ravinsky |
| Ed Ciolko | $750.00 | 7.9 | 9/10/2019 | Prepared client and Defended Deposition of Annette Ravinsky |
| Maggie Robalindo | $125.00 | 2.6 | 9/17/2019 | Assembled Deposition prep binder for Caiazzo |
| Ed Ciolko | $750.00 | 3.4 | 9/19/2019 | Prepared to defend deposition of Caiazzo |
| Ed Ciolko | $750.00 | 8.3 | 9/20/2019 | Prepared client and Defended Deposition of Susan Caiazzo |
| Todd Carpenter | $750.00 | 1.4 | 1/24/2020 | Call with co counsel about Cornille Deposition; discussion of hot docs; universe of docs to review, goals |
| Maggie Robalindo | $125.00 | 8.3 | 1/25/2020 | Assembled binders of hot documents and case file to update litigation portfolio |
| Todd Carpenter | $750.00 | 7.3 | 1/27/2020 | Evaluated hot documents and prepared for Cornille deposition |
| Maggie Robalindo | $125.00 | 2.9 | 1/28/2020 | Evaluated hot documents and drafted outline for Cornille |
| Todd Carpenter | $750.00 | 4.3 | 1/28/2020 | Review Cornille Documents; call with co counsel regarding prep for depo |
| Todd Carpenter | $750.00 | 4.4 | 1/28/2020 | Evaluated hot documents and prepared for Cornille deposition |
| Maggie Robalindo | $125.00 | 3.2 | 1/29/2020 | Evaluated hot documents and drafted outline for Cornille |
| Todd Carpenter | $750.00 | 3.7 | 1/29/2020 | Evaluated hot documents and prepared for Cornille deposition |
| Todd Carpenter | $750.00 | 3.2 | 1/29/2020 | Review Cornille Documents; meet with co counsel regarding prep for depo |
| Todd Carpenter | $750.00 | 3.3 | 1/30/2020 | Evaluated hot documents and drafted outline for Cornille |
| Todd Carpenter | $750.00 | 1.3 | 1/30/2020 | Evalauted scientific studies; memo from Co counsel in prep for Cornille |
| Todd Carpenter | $750.00 | 5.1 | 1/31/2020 | Prepped final outline and took deposition of Cornille |

| | | | | |
|---|---|---|---|---|
| Todd Carpenter | $750.00 | 1.2 | 7/1/2020 | Call with co counsel about potential mediators |
| Todd Carpenter | $750.00 | 0.4 | 7/14/2020 | Discussions about scheduling mediation; related issues |
| Todd Carpenter | $750.00 | 0.4 | 8/7/2020 | Call with Co counsel about status and settlement strategy |
| Todd Carpenter | $750.00 | 0.9 | 8/31/2020 | Discussion with Sonner about state court complaint; reviewed allegations. |
| Todd Carpenter | $750.00 | 0.2 | 9/14/2020 | Reviewed mediation response |
| Todd Carpenter | $750.00 | 1.7 | 9/18/2020 | Pre mediation call with co counsel; mediator |
| Todd Carpenter | $750.00 | 0.6 | 3/8/2021 | Evaluated disco requests to Sonner; discussion with co counsel |
| Todd Carpenter | $750.00 | 0.6 | 6/8/2021 | Discussion with Dan Werner about damages; call with co counsel to discuss same |
| Todd Carpenter | $750.00 | 0.3 | 3/1/2022 | Email and telephone conference with co counsel regarding trial prep assisgnments |
| Tiffine Malamphy | $400.00 | 6.8 | 3/8/2022 | Research regarding potential MILs prior to trial on damages issues |
| Tiffine Malamphy | $400.00 | 7.8 | 3/11/2022 | Assembled hot document binders for Polumbo and evaluated relevant deposition testmimony from Horn |
| Maggie Robalindo | $125.00 | 9.3 | 3/12/2022 | Assembled hot document binders and classified relevant deposition testmimony for trial files |
| Todd Carpenter | $750.00 | 2.7 | 3/14/2022 | Reviewed deposition transcript of Polumbo; initiated memo regarding cross examination |
| Tiffine Malamphy | $400.00 | 5.7 | 3/15/2022 | Gathered potential exhibits for cross examination of Polumbo; drafted cross exam memo |
| Tiffine Malamphy | $400.00 | 4.9 | 3/16/2022 | Research regarding potential MIL on statutory penalties/ damages pursuant to GBL 349-350 |
| Tiffine Malamphy | $400.00 | 2.3 | 3/16/2022 | Research regarding potential MIL on statutory penalties/ damages pursuant to GBL 349-350 |
| Tiffine Malamphy | $400.00 | 4.3 | 3/23/2022 | Research regarding potential MIL on statutory penalties/ damages pursuant to GBL 349-350 |
| Tiffine Malamphy | $400.00 | 3.2 | 3/23/2022 | Research regarding potential MIL on statutory penalties/ damages pursuant to GBL 349-350 |
| Tiffine Malamphy | $400.00 | 3.1 | 3/24/2022 | Drafted Memo regarding MIL on statutory penalties/ damages pursuant to GBL 349-350 |
| Tiffine Malamphy | $400.00 | 3.1 | 3/24/2022 | Drafted Memo regarding MIL on statutory penalties/ damages pursuant to GBL 349-350 |
| Todd Carpenter | $750.00 | 8.3 | 5/24/2022 | Travel to SF to attend Mcalindon and Palumbo testimony; met with team following trial to discuss |
| Todd Carpenter | $750.00 | 5.4 | 5/25/2022 | Observed trial; met with team to discuss testimony; return to San Diego |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

Executed on April 4, 2023.

s/ *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

DECLARATION OF TODD D. CARPENTER ISO RENEWED MOTION FOR ATTORNEYS' FEES AND NONTAXED EXPENSES