VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
Amit Rana (SBN 291912)
Email: arana@venable.com
Antonia I. Stabile (329559)
Email: aistabile@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendant
PREMIER NUTRITION COMPANY, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>Defendant. | Case No. 3:16-cv-06980-RS<br><br>Hon. Richard Seeborg<br><br>**DECLARATION OF STEVEN E. SWANEY IN SUPPORT OF PREMIER NUTRITION'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>Hearing Date: June 8, 2023<br>Time:                1:30 p.m.<br><br>Judge: Honorable Richard Seeborg<br>Location: Courtroom 3, 17th Floor<br><br>Complaint Filed:   December 5, 2016<br>Trial Date:        May 23, 2022 |

I, Steven E. Swaney, declare as follows:

1.    I am an attorney admitted to practice in the State of California and before this Court. I am a Partner at Venable LLP, counsel of record for Defendant Premier Nutrition Company, LLC ("Premier") in the above-entitled action. I have personal knowledge of the matters set forth in this declaration and if called as a witness, I could and would testify competently to them under oath.

2.    I have reviewed the declarations of Class Counsel submitted with Plaintiff's Renewed Motion for Attorneys' Fees (ECF 328). Based on my review, I have identified multiple time entries in BHO's billing records that are obvious duplicates. For example, on April 28, 2016, Ms. MacPherson has two entries for 6.75 hours with identical narratives. *See* ECF 328-3 at p. 43. On March 2, 2022, Mr. Straub has two entries for 9 hours with identical narratives. *See id.* at p. 141. On May 19, 2022, Mr. Blood has two entries for 9.5 hours with identical narratives ("trial preparation"), in addition to two other entries on the same day for a total of 27 hours in one day. *See id.* at p. 163. On May 25, 2022, Mr. Blood has two entries for 12 hours with identical narratives, for a total of 24 hours in a day. *See id.* at p. 165. The total for these duplicated entries is $67,207.50.

| Timekeeper | Hours | Rate | Lodestar | Date | Description |
|---|---|---|---|---|---|
| Macpherson | 6.75 | $585 | $3,948.75 | 4/28/16 | Reviewed LH draft of reply in support of motion for class certification and researched legislative history of state consumer protection statutes for damages conflicts analysis. |
| Macpherson | 6.75 | $585 | $3,948.75 | 4/28/16 | Reviewed LH draft of reply in support of motion for class certification and researched legislative history of state consumer protection statutes for damages conflicts analysis. |
| Straub | 9.00 | $575 | $5,175.00 | 3/2/22 | Edit and revise powerpoint presentation for trial counsel meeting; search, collect, and |

| Timekeeper | Hours | Rate | Lodestar | Date | Description |
|---|---|---|---|---|---|
| | | | | | summarize case law for jury instructions; edit and revise exhibit list prepare for expert depositions; attend deposition of Poret |
| Straub | 9.00 | $575.00 | $5,175.00 | 3/2/22 | Edit and revise powerpoint presentation for trial counsel meeting; search, collect, and summarize case law for jury instructions; edit and revise exhibit list prepare for expert depositions; attend deposition of Poret |
| Blood | 9.5 | $960 | $9,120.00 | 5/19/22 | Trial preparation |
| Blood | 9.5 | $960 | $9,120.00 | 5/19/22 | Trial preparation |
| Blood | 2.00 | $960 | $1,920.00 | 5/19/22 | Prepare for and participate in hearing with court regarding jury selection |
| Blood | 6.00 | $960.00 | $5,760.00 | 5/19/22 | Trial preparation |
| Blood | 12 | $960 | $11,520.00 | 5/25/22 | Trial and trial preparation |
| Blood | 12 | $960 | $11,520.00 | 5/25/22 | Trial and trial preparation |

3.     Based on my review of BHO's billing records, it appears that Paula Brown billed 83.25 hours relating to preparing for and defending class representative depositions (excluding time spent on Mr. Fishon's deposition, the original class representative in this case), for a total lodestar amount of $54,945.00.

4.     Based on my review and analysis of BHO's billing records, the entries relating to trial preparation in *Mullins* totals $528,627.50.

5.     Premier had only three attorneys billing during the trial in this action.

6.     Based on my review and analysis of BHO's billing records, in addition to Mr. Straub sitting in the courtroom to "take notes" for five hours, Mr. Straub billed an additional 6-7 hours every day of trial to attend meetings and prepare binders for trial counsel. *See* Dkt. 328-3

at p. 164-170.

7. Like Mr. Straub, Mr. O'Reardon billed 6-7 additional hours after he left the courtroom every day of trial. *See id.*

8. The total amount of fees included in BHO's billing records on or before November 1, 2021, is $3,496,066.25. After removing non-compensable fees relating to the depositions of the class representatives in the related actions and for *Mullins* trial preparation, the amount of compensative fees before November 1, 2021, is $2,912,493,75. Apportioning that amount among the 11 related actions produces a "per case" lodestar of $264,772.16. The total amount of fees included in BHO's billing records after November 1, 2021, is $2,714,823.75. When the "per case" number is added to BHO's time specific to this action, BHO's lodestar for the *Montera* action is $2,979,595.90.

9. As discussed in Premier's opposition, Class Counsel should not recover any expert fees or costs for the following experts, who were not disclosed in this action (*Montera*) and only did work in *Mullins*:

| Expert | Deposition Date | Deposition Cost (ECF 328-7) | Expert Fee Sought (ECF 328-8) | Total Expense That Should Be Disallowed |
|---|---|---|---|---|
| Mark Keegan | 6/10/2015 | $1,253.17 | $68,159.09 | $69,412.26 |
| Jeremiah E. Silbert | 7/2/2015 | $1,124.60 | $58,692.50 | $59,817.10 |
| Lynn R. Willis | 7/10/2015 | $1,204.56 | $26,500.00 | $27,704.56 |
| Steven R. Graboff | 7/28/2015 | $957.63 | $40,612.50 | $41,570.13 |
| | | | **TOTAL:** | **$198,504.05** |

10. Plaintiff's expert Colin Weir's opinions in *Mullins* were specific to that case and were not used in *Montera*. In this action, Mr. Weir was retained by Plaintiff only to provide an opinion regarding the calculations of New York sales of Joint Juice, statutory damages, and prejudgment interest. In *Mullins*, by contrast, Mr. Weir was disclosed as a rebuttal expert to Premier's economic expert, Dr. Choi, and gave much broader opinions about Dr. Choi's hedonic

regression analysis, and the applicability of "full refund"—none of which were used in this action. Ms. Weir's work prior to his 2017 deposition is therefore irrelevant to the issues in *Montera*. While Premier does not dispute that Plaintiff would be entitled to her reasonable fees for Mr. Weir's work in connection with this action, the records submitted by Plaintiffs in support of Mr. Weir's fees are insufficient. That is, there appears to be only a single $5,000 invoice, dated 2017, attributable to Mr. Weir included in Exhibit 7 to Mr. O'Reardon's declaration. Thus, neither Premier nor the Court has any way to reasonably isolate Mr. Weir's fees for *Mullins* versus this case. Thus, Class Counsel should not recover any fees or costs for Mr. Weir (or, at a minimum, his fees should be reduced to $5,000, the only documented amount for his services).

| Expert | Deposition Date | Deposition Cost (ECF No. 328-7) | Expert Fee Sought (ECF No. 328-8) | Total Expense That Should Be Disallowed |
|---|---|---|---|---|
| Colin B. Weir | 7/20/2017 | $5,081.92 | $73,691.80 | **$78,773.72** |

11.    Hal Poret was retained by Premier in in *Mullins* to conduct a nationwide survey to defeat certification of a nationwide class, and he later provided a report before trial. In the instant action, Mr. Poret conducted an entirely new survey regarding only New York consumers. Thus, like Mr. Weir's *Mullins* work, Mr. Poret's *Mullins* depositions are unrelated to this action.[1]

| Expert | Deposition Date | Deposition Cost (ECF 327-7) | Expert Fee Sought (ECF 328-8) | Total Expense That Should Be Disallowed |
|---|---|---|---|---|
| Hal Poret | 6/11/2015 | $2,819.65 | -- | $2,819.65 |
| Hal Poret | 7/19/2017 | $2,248.45 | $4,025.00[2] | $6,273.45 |

---

[1] Both Mr. Poret and Mr. Weir were deposed again in 2022 regarding their opinions in this action. Premier does not dispute that the costs from those 2022 depositions are recoverable here, as are Mr. Weir's reasonable expenses incurred in connection with his work in this case.

[2] Although Mr. Poret was Premier's expert, Plaintiff's counsel states they "paid $4,025.00 to … Hal Poret … for his time when being deposed." ECF 328-1, ¶ 81(g). Plaintiff does not state to which deposition or depositions that payment applied.

-4-

|  | **TOTAL:** | $9,093.10 |
|---|---|---|

12.    Plaintiff also seeks the following costs associated with the depositions of class representatives in the related actions. The Court should exclude these costs altogether here, as these depositions were not obtained for use in this case and are irrelevant to this action:

| Deponent | Deposition Date | Amount That Should Be Disallowed (ECF 328-7) |
|---|---|---|
| Beverly Avery | 8/23/2019 | $1,588.75 |
| Sandra Dent | 9/17/2019 | $1,279.75 |
| Donna Lux | 9/18/2019 | $1,084.25 |
| Mary Trudeau | 9/19/2019 | $878.00S |
| Annette Ravinsky | 9/19/2019 | $425.00 |
| Susan Caiazzo | 9/20/2019 | $425.00 |
| Marilyn Spencer | 9/25/2019 | $1,279.75 |
| Patricia Bland (CA state court) | 5/5/2020 | $1,442.55 |
| Edward White | 5/6/2020 | $1,393.00 |
|  | **TOTAL:** | **$9,796.05** |

13.    Plaintiff also seeks to recover the full costs of the fact depositions of Premier's officers and employees from the *Mullins* action. These deposition costs should be apportioned among the eleven pending related actions:

| Deponent | Deposition Date | Amount Sought (ECF 328-7) | Appropriately Apportioned Cost |
|---|---|---|---|
| David Ritterbush | 6/6/2014 | $3,551.00 | $322.82 |
| Katrina Taft | 6/12/2014 | $2,009.85 | $182.71 |

-5-

DECLARATION OF STEVEN E. SWANEY
Case No. 3:16-cv-06980

| Deponent | Deposition Date | Amount Sought (ECF 328-7) | Appropriately Apportioned Cost |
|---|---|---|---|
| Kevin R. Stone | 6/26/2014 | $3,177.70 | $288.88 |
| Darcy Horn Davenport | 7/25/2014 | $3,381.35 | $307.40 |
| Lance Palumbo, Volume I | 11/18/2014 | $3,442.15 | $312.92 |
| Lance Palumbo, Volume II | 11/19/2014 | $3,020.90 | $274.63 |
| Stewart Irving | 12/5/2014 | $2,441.65 | $221.97 |
| Lance Palumbo, Volume III | 12/9/2014 | $2,810.85 | $255.53 |
| | TOTAL: | $23,835.45 | **$2,166.86** |

14.    Plaintiff also seeks to recover the full costs of the fact depositions of Premier's officers and employees taken in 2020 and early 2021. However, these depositions were noticed and taken in connection with all the related pending actions. The testimony of Premier's officers and employees is relevant to and will be used in all these actions. Accordingly, those costs should also be apportioned among the eleven pending related actions:

| Deponent | Deposition Date | Amount Sought (ECF 328-7) | Appropriately Apportioned Cost |
|---|---|---|---|
| Darcy Horn Davenport | 1/9/2020 | $4,467.90 | $406.17 |
| Nicholas Stiritz | 1/16/2020 | $3,729.35 | $339.03 |
| Douglas Cornille | 1/31/2020 | $2,985.40 | $271.40 |
| Donna Imes | 2/13/2020 | $2,606.30 | $236.94 |
| Kevin R. Stone | 2/16/2022 | $2,454.95 | $223.18 |
| | TOTAL: | $16,243.90 | **$1,476.72** |

15.    Plaintiff also seeks to recover the full costs of expert depositions taken throughout the litigation for experts whose opinions and testimony is and will be applicable to all actions. For example, the scientific experts—Dr. Silverman, Dr. McAlindon, Dr. Grande, and Dr. Guilak—provided opinions and testimony regarding the efficacy of the ingredients in Joint Juice.

-6-
DECLARATION OF STEVEN E. SWANEY
Case No. 3:16-cv-06980

These opinions are relevant and will be used in all related actions. Premier's economic expert, Dr. Choi provided testimony regarding his hedonic regression analysis and the appropriateness of Plaintiff's full refund method of damages and similarly is applicable to all actions, as all plaintiffs seek full refunds. Further, the parties' marketing experts—Dr. Steckel and Dr. Rucker—opined regarding Premier's alleged marketing strategy and marketing documents, which Plaintiff's counsel seeks to use across all actions. Premier disagrees that internal marketing strategy is relevant to any action, but regardless, these experts were retained for the benefit of all related actions. Finally, Plaintiff's consumer perception expert, Dr. Dennis, conducted a nationwide survey, which can be re-used in all the related actions. Accordingly, they below costs should also be apportioned among the eleven pending related actions[3]:

| Deponent | Deposition Date | Amount Sought (ECF 328-7) | Appropriately Apportioned Cost |
|---|---|---|---|
| Stuart L. Silverman | 6/29/2017 | $513.50 | $46.68 |
| William S. Choi | 7/7/2017 | $2,990.35 | $271.85 |
| Stuart L. Silverman | 7/12/2017 | $3,165.40 | $287.76 |
| Timothy McAlindon | 7/14/2017 | $3,239.68 | $294.52 |
| Daniel A. Grande | 8/16/2017 | $3,378.05 | $307.10 |
| Daniel A. Grande | 8/22/2019 | $1,507.00 | $137.00 |
| William S. Choi | 2/23/2022 | $4,797.65 | $436.15 |
| Daniel A. Grande | 2/24/2022 | $7,084.95 | $644.09 |
| Stuart L. Silverman | 3/4/2022 | $5,370.60 | $488.24 |
| Joel Steckel | 3/7/2022 | $3,041.85 | $276.53 |
| Farshid Guilak | 3/7/2022 | $1,698.60 | $154.42 |
| Timothy McAlindon | 3/8/2022 | $2,859.75 | $259.98 |

[3] Premier does not dispute that Plaintiff may recover the full reasonable costs for the 2022 depositions of Colin Weir and Mr. Poret. Mr. Weir's opinions in this action were specific to New York sales of Joint Juice, and Mr. Poret surveyed only New York consumers.

-7-

| Deponent | Deposition Date | Amount Sought (ECF 328-7) | Appropriately Apportioned Cost |
|---|---|---|---|
| Derek D. Rucker | 3/9/2022 | $1,740.40 | $158.22 |
| J. Michael Dennis | 3/10/2022 | $1,611.50 | $146.50 |
| | **TOTAL:** | $42,999.28 | **$3,909.03** |

16.     Plaintiff also seeks full reimbursement for the professional fees of experts whose opinions and testimony are applicable to all actions. These fees should be apportioned among the even pending related actions as follows:

| Expert Witness | Fees Sought (ECF 328-8) | Appropriately Apportioned Fees |
|---|---|---|
| Timothy McAlindon | $121,256.94 | $11,023.36 |
| Farshid Guilak | $20,400.00 | $1,854.55 |
| Derek Rucker | $98,700.75 | $8,972.80 |
| J. Michael Dennis | $87,516.50 | $7,956.05 |
| **TOTAL** | $327,874.19 | **$29,806.74** |

17.     Moreover, the following BHO expenses should be apportioned across the eleven related actions:

| Expense Category | Amount Sought (ECF 328-1, ¶ 79) | Appropriately Apportioned Amount |
|---|---|---|
| Service of Process | $5,102.30 | $463.85 |
| Mediation Fees | $24,300.00 | $2,209.09 |
| Electronic Document Management | $110,682.95 | $10,062.09 |
| Postage / FedEx | $4,399.07 | $399.92 |
| Online Research | $11,360.97 | $1,032.82 |
| Conference Calls | $192.97 | $17.54 |

| Expense Category | Amount Sought (ECF 328-1, ¶ 79) | Appropriately Apportioned Amount |
|---|---|---|
| "Miscellaneous" | $1,882.22 | $171.11 |
| Class Notice and Outreach | $38,691.79 | $3,517.44 |
| **TOTAL:** | $196,612.27 | **$17,873.84** |

18.    BHO's in-house photocopying/printing charges of 20 cents per page is unreasonable. *See* Tasher Decl. ¶ 121. This amount should be reduced to 10 cents per page (at the most) for a total of $10,110.40, and further apportioned across the 11 related actions, for a total of $919.13.

19.    Mr. Carpenter's declaration admits the expenses he seeks concern work for the related actions, such as depositions. All of Mr. Carpenter's $8,709.80 in expenses should be apportioned across the 11 related actions, for a total of $791.80.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 4, 2023, at San Francisco, California.

_____
Steven E. Swaney