BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:16-CV-06980 RS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR AWARD OF ATTORNEYS' FEES, AND REIMBURSEMENT OF NONTAXED EXPENSES**<br><br>**CLASS ACTION**<br><br>Date:          June 29, 2023<br>Time:          1:30 p.m.<br>Judge:         Honorable Richard Seeborg<br>Courtroom:     Courtroom 3, 17th Floor<br><br>Complaint Filed:     December 5, 2016<br>Trial Date:          May 23, 2022 |

BLOOD HURST & O' REARDON, LLP

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ..................................................................................................1

II.  PLAINTIFF'S COUNSEL'S REASONABLE LODESTAR SHOULD BE
     SHIFTED ..............................................................................................................1

     A.   Premier's Generalized Arguments Do Not Satisfy its Rebuttal Burden ..................1

     B.   BHO's Voluntarily Reduced Lodestar Amount is Reasonable ...............................2

          1.   BHO's Lodestar Does Not Contain Non-Compensable Time .......................2

               a.   Defending Class Representative Depositions Is Compensable..........2

               b.   *Mullins*-Only Trial Preparation Was Not Included Here ...................3

          2.   Plaintiff's Counsel's Lodestar Should Not Be "Apportioned" 1/11th ...........3

          3.   Premier Makes Canned Arguments to Reduce the Balance By 40% .............5

               a.   BHO's Hourly Rates Are Reasonable ...............................................5

               b.   There Are No Impermissibly Vague or Block-Billed Entries............6

               c.   15-Minute Billing Is Common and No Reduction is
                    Warranted ........................................................................................8

               d.   There Was No Overstaffing or Needless Duplication.......................9

               e.   Plaintiff Will Exclude Erroneously Duplicated Time Entries..........11

               f.   The "Top-Heavy" Lodestar Argument Is Misleading......................11

               g.   Reasonable Fees on Fees Are Compensable ...................................11

               h.   Premier's Claim of "Limited Success" Is Meritless........................12

          4.   A Multiplier May Be Appropriate...............................................................12

     C.   Lynch Carpenter's Reasonable Lodestar.................................................................12

III. THE REQUESTED EXPENSES SHOULD BE AWARDED .........................................12

     A.   Plaintiff Excluded Mullins-Specific Expert Discovery...........................................13

     B.   Plaintiff's Expert Costs Are Reasonable ................................................................13

     C.   Named Plaintiff Deposition Costs Are Compensable .............................................14

     D.   Premier Misleads That Plaintiff Seeks "Extravagant" Expenses .............................14

     E.   Plaintiff's Expenses Should Not Be Apportioned 1/11th.........................................15

IV.  CONCLUSION .....................................................................................................15

BLOOD HURST & O' REARDON, LLP

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Anthem, Inc. Data Breach Litig.*,
  2018 U.S. Dist. LEXIS 140137 (N.D. Cal. Aug. 17, 2018) ........................................................5

*In re AOL Time Warner S'holder Derivative Litig.*,
  2009 U.S. Dist. LEXIS 124372 (S.D.N.Y. Nov. 9, 2009) ..........................................................6

*In re Bartenwerfer*,
  2019 Bankr. LEXIS 2007 (Bankr. N.D. Cal. July 1, 2019) ........................................................6

*Base v. FCA US LLC*,
  2019 U.S. Dist. LEXIS 166130 (N.D. Cal. Sep. 25, 2019) ........................................................8

*Bobol v. HP Pavilion Mgmt.*,
  2006 U.S. Dist. LEXIS 2115 (N.D. Cal. Apr. 10, 2006)............................................................8

*Brazitis v. Colvin*,
  2013 U.S. Dist. LEXIS 164601 (N.D. Ill. Nov. 19, 2013) .........................................................6

*Carlson v. Xerox Corp.*,
  596 F. Supp. 2d 400 (D. Conn. 2009) .......................................................................................6

*Estate of Casillas v. City of Fresno*,
  2020 U.S. Dist. LEXIS 31299 (E.D. Cal. Feb. 21, 2020) ..........................................................8

*Castellano v. Charter Communs., LLC*,
  2014 U.S. Dist. LEXIS 54253 (W.D. Wash. Apr. 17, 2014) .....................................................7

*Chaudhury v. City of Los Angeles*,
  751 F.3d 1096 (9th Cir. 2004).................................................................................................10

*Children's Hosp. & Med. Ctr. v. Bontá*,
  97 Cal. App. 4th 740 (2002).....................................................................................................4

*Cotton v. City of Eureka*,
  889 F. Supp. 2d 1154 (N.D. Cal. 2012) ....................................................................................7

*Davis v. City of San Francisco*,
  976 F.2d 1536 (9th Cir. 1992)..................................................................................................11

*Dytch v. Lazy Dog Rests., LLC*,
  2019 U.S. Dist. LEXIS 143298 (N.D. Cal. Aug. 16, 2019) .......................................................6

*In re Easysaver Rewards Litig.*,
  2020 U.S. Dist. LEXIS 77483 (S.D. Cal. Apr. 30, 2020) ..........................................................9

BLOOD HURST & O' REARDON, LLP

00202646    PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

BLOOD HURST & O' REARDON, LLP

*Edmo v. Idaho Dep't of Corr.*,
2022 U.S. Dist. LEXIS 207537 (D. Idaho Sept. 30, 2022) ................................................. 9, 10

*Elder v. Hilton Worldwide Holdings, Inc.*,
2021 U.S. Dist. LEXIS 204099 (N.D. Cal. Feb. 4, 2021) ........................................................ 9

*Ferland v. Conrad Credit Corp.*,
244 F.3d 1145 (9th Cir. 2001) ............................................................................................... 10

*Fischer v. SJP–P.D. Inc.*,
214 F.3d 1115 (9th Cir. 2000) .................................................................................................. 7

*Flitton v. Primary Residential Mortg., Inc.*,
2009 U.S. Dist. LEXIS 44235 (D. Utah May 7, 2009) ............................................................ 7

*In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*,
2021 U.S. Dist. LEXIS 138090 (C.D. Cal. July 22, 2021) ...................................................... 4

*Fox v. Vice*,
563 U.S. 826 (2011) ................................................................................................................. 2

*Franchek v. Workrite Ergonomics, LLC*,
2022 U.S. Dist. LEXIS 141979 (N.D. Cal. May 9, 2022) ........................................................ 2

*G & G Fire Sprinklers, Inc. v. Bradshaw*,
156 F.3d 893 (9th Cir. 1998) ................................................................................................... 4

*Garcia v. Resurgent Capital Servs.*,
2012 U.S. Dist. LEXIS 123889 (N.D. Cal. Aug. 30, 2012) ..................................................... 6

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) ............................................................................................. 1, 4

*Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*,
995 F.2d 414 (3d Cir. 1993) ................................................................................................... 15

*Jacobson v. Persolve, LLC*,
2016 U.S. Dist. LEXIS 173058 (N.D. Cal. Dec. 14, 2016) ..................................................... 8

*Kalani v. Starbucks Corp.*,
2016 U.S. Dist. LEXIS 12445 (N.D. Cal. Feb. 1, 2016) .......................................................... 8

*Lytle v. Carl*,
382 F.3d 978 (9th Cir. 2004) ................................................................................................... 7

*Marmo v. Tyson Fresh Meats, Inc.*,
457 F.3d 748 (8th Cir. 2006) ................................................................................................. 15

*McDonald v. Armontrout*,
860 F.2d 1456 (8th Cir. 1988) ................................................................................................. 4

00202646

PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

BLOOD HURST & O' REARDON, LLP

*McGrath v. County of Nevada*,
 67 F.3d 248 (9th Cir. 1995)................................................................................................4, 9

*Melendres v. Arpaio*,
 2017 U.S. App. LEXIS 28233 (9th Cir. Mar. 2, 2017) ................................................................6

*Moreno v. City of Sacramento*,
 534 F.3d 1106 (9th Cir. 2008).............................................................................2, 9, 10, 11

*Nevarez v. Forty Niners Football Co., LLC*,
 474 F. Supp. 3d 1041 (N.D. Cal. 2020) ...............................................................................5

*O'Bannon v. NCAA*,
 2016 U.S. Dist. LEXIS 44131 (N.D. Cal. Mar. 31, 2016) .........................................................7

*In re Optical Disk Drive Prods. Antitrust Litig.*,
 No. 3:10-md-2143 RS, 2016 U.S. Dist. LEXIS 175515
 (N.D. Cal. Dec. 19, 2016) ...............................................................................................5

*Pande v. ChevronTexaco Corp.*,
 2008 U.S. Dist. LEXIS 87584 (N.D. Cal. Mar. 31, 2008) .........................................................8

*Perdue v. Kenny A.*,
 559 U.S. 542 (2010) .......................................................................................................12

*Perez v. Rash Curtis & Assocs.*,
 2020 U.S. Dist. LEXIS 68161 (N.D. Cal. Apr. 17, 2020)........................................................9

*Pérez-Sosa v. Garland*,
 22 F.4th 312 (1st Cir. 2022) ..............................................................................................4

*Perfect 10, Inc. v. Giganews, Inc.*
 2015 U.S. Dist. Lexis 54063 (C.D. Cal. Mar. 24, 2015).......................................................6, 7

*Pierce v. County of Orange*,
 905 F. Supp. 2d 1017 (C.D. Cal. 2012)................................................................................6

*Rand-Whitney Containerboard L.P. v. Montville*,
 2006 U.S. Dist. LEXIS 75870 (D. Conn. Sept. 5, 2006) .........................................................7

*Resolute Forest Prods. v. Greenpeace Int'l*,
 2019 U.S. Dist. LEXIS 230211 (N.D. Cal. Sept. 24, 2019)......................................................1

*Ricksecker v. Ford Motor Co.*,
 2023 U.S. Dist. LEXIS 18521 (N.D. Cal. Feb. 3, 2023)..........................................................5

*Ridgeway v. Wal-Mart Stores Inc.*,
 269 F. Supp. 3d 975 (N.D. Cal. 2017) ...............................................................................11

Case No. 3:16-cv-06980-RS

00202646

PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

*S.F. Baykeeper v. W. Bay Sanitary Dist.*,
 2011 U.S. Dist. LEXIS 138093 (N.D. Cal. Dec. 1, 2011) ........................................................ 13

*SEC v. Billion Coupons, Inc.*,
 2010 U.S. Dist. LEXIS 22095 (D. Haw. Mar. 8, 2010) ........................................................... 15

*SEC v. San Francisco Reg'l Ctr. LLC*,
 2022 U.S. Dist. LEXIS 189090 (N.D. Cal. Oct. 17, 2022) ........................................................ 6

*Soler v. City of San Diego*,
 2021 U.S. Dist. LEXIS 114484 (S.D. Cal. June 18, 2021) ........................................................ 4

*Teutscher v. Riverside Sheriffs' Ass'n*,
 2013 U.S. Dist. LEXIS 202177 (C.D. Cal. July 15, 2013) ........................................................ 8

*In re Tyco Int'l Ltd.*,
 535 F. Supp. 2d 249 (D.N.H. 2007) ........................................................................................ 6

*U.S. v. Sixty-One Thousand Nine Hundred Dollars & No. Cents*,
 856 F. Supp. 2d 484 (E.D.N.Y. 2012) ..................................................................................... 6

*Van Gerwen v. Guarantee Mut. Life Co.*,
 214 F.3d 1041 (9th Cir. 2000) ................................................................................................. 3

*Welch v. Metro Life Ins. Co.*,
 480 F.3d 942 (9th Cir. 2007) ................................................................................................... 8

*In re Whirlpool*,
 2015 U.S. Dist. LEXIS 193975 (N.D. Ohio Feb. 18, 2015) ..................................................... 15

*Wit v. United Behav. Health*,
 578 F. Supp. 3d 1060 (N.D. Cal. 2022) .................................................................................. 11

*Zeleny v. Becerra*,
 2022 U.S. Dist. LEXIS 32868 (N.D. Cal. Feb. 24, 2022) ................................................... 10, 12

BLOOD HURST & O' REARDON, LLP

00202646
PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

BLOOD HURST & O' REARDON, LLP

## I.    INTRODUCTION

After demanding and receiving detailed time and expense records, Premier has been unable to show any actual problem with Plaintiff's Counsel's time and expenses. Trading snark for substance, it makes bold claims but backs up none of them. The most it does is make an allegation, claim the records are rife with the alleged problem, then cherry-picks one purported example. It never puts a dollar value on any specific allegations. Even with the small percentage of entries it selects, it overstates and misrepresents.

Premier's expert, Steven Tasher, likewise offers nothing but factually incorrect statements and meaningless generalizations. He fails to offer a detailed accounting that would flow from his criticisms. He contradicts testimony from other cases and ignores defense counsel's practices here.

Plaintiff's Counsel's request for an award equal to their unadorned lodestar is justified. Class Counsel has already cut over 3,000 hours of time and over $2 million in lodestar from the proposed fee. The proposed expense reimbursement is likewise justified, only requesting expenses that directly benefited *Montera*. Nevertheless, Premier suggests "apportioning" these expenses across eleven Joint Juice cases, leading to Class Counsel receiving less than 20% of its out-of-pocket expenses. Premier makes the irrelevant argument that unless fees and costs are "apportioned," Class Counsel will face "little risk" litigating the other cases. Of course, Premier has not similarly apportioned payment of its fees and expenses to its counsel.

Plaintiff's Counsel's proposed fee and expense award is reasonable and should be granted.

## II.    PLAINTIFF'S COUNSEL'S REASONABLE LODESTAR SHOULD BE SHIFTED

Premier aims to cut a whopping 71% of BHO's already reduced lodestar, and to slash Lynch Carpenter's by 95%.

### A.    Premier's Generalized Arguments Do Not Satisfy its Rebuttal Burden

Premier has "a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). "Conclusory and unsubstantiated objections are not sufficient to warrant a reduction in fees." *Resolute Forest Prods. v. Greenpeace Int'l*, 2019 U.S. Dist. LEXIS 230211, *23 (N.D. Cal. Sept.

1                                                              Case No. 3:16-cv-06980-RS

24, 2019); *see also Franchek v. Workrite Ergonomics, LLC*, 2022 U.S. Dist. LEXIS 141979, *25 (N.D. Cal. May 9, 2022) ("bald assertion" that hours are unreasonable is not enough).

The Ninth Circuit emphasizes deferring to the winning lawyer's judgment of necessary time spent because after all, "he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). This deference is also the reason courts should not become "green-eyeshade accountants," when reviewing fee applications where the purpose is to achieve the "essential goal in shifting fees" through "rough justice, not auditing perfection." *Fox v. Vice*, 563 U.S. 826, 888 (2011).

**B.     BHO's Voluntarily Reduced Lodestar Amount is Reasonable**

Ignoring the Court's previous ruling that "it would be patently unreasonable to award Plaintiff's counsel less than half of their proffered lodestar amount" (ECF 320 at 6), Premier now insists that less than **29%** of Class Counsel's already-narrowed lodestar should be awarded.[1]

**1.     BHO's Lodestar Does Not Contain Non-Compensable Time**

Premier seeks to reduce BHO's lodestar by $54,945.00 concerning depositions of named plaintiffs other than Ms. Montera and Mr. Fishon, and by $528,627.50 because it purportedly relates to trial preparation in *Mullins*. Opp. 6-8.

**a.     Defending Class Representative Depositions Is Compensable**

Premier proposes cutting Paula Brown's 83.25 hours ($54,627.50) for defending five class representatives' depositions. Opp. 6. Premier wrongly argues that because they did not testify at trial, time defending the depositions is not recoverable. The correct standard is whether a task contributed to the case's resolution, not trial testimony. These depositions were repeatedly used in *Montera* for motions and cited by Plaintiff and the Court. This work was crucial and the fruits of the work were used in this case. Plaintiff's counsel will not seek recovery of this time in future cases.

---

[1]     Premier's calculation method is as follows: (1) Begin by reducing BHO's submitted lodestar of $6,210,890.00 by $583,572.50 for "non-compensable time"; (2) Next, equally apportion "compensable" lodestar for work before November 2, 2021 among eleven cases ($264,772.15 each); (3) Add the 1/11th apportioned share to BHO's post-November 2, 2021 lodestar for a total of $2,979,595.90; (4) Fourth, cut 40% from that balance to result in a total BHO lodestar of $1,787,757.54; and (5) Last, award no multiplier. *See* O'Reardon Reply Decl. ¶¶ 3-4.

BLOOD HURST & O' REARDON, LLP

00202646

### b.    *Mullins*-Only Trial Preparation Was Not Included Here

Premier claims that none of BHO's 2017 work preparing for trial could have benefited *Montera* and so $528,627.50 must be deducted from its lodestar. Opp. 6-8. It is unclear how Premier calculated $528,627.50. BHO already excluded any *Mullins*-specific trial-related time and any time where the benefit to *Montera* was unclear, such as work on jury instructions. O'Reardon Decl. ¶ 74. BHO used conservative billing judgment to ensure that only time directly applicable to the facts, witnesses, documents, studies, and themes in *Montera* were included. O'Reardon Reply Decl. ¶ 7.

The best Premier can do is empty hyperbole: "It strains credibility" that 2017's work benefited *Montera* since an "equal" amount of time was spent in 2022. The 2017 work benefited the 2022 trial preparation, discovery, expert selection, and motion strategy. *Id*.

### 2.    Plaintiff's Counsel's Lodestar Should Not Be "Apportioned" 1/11th

*Mullins* was filed on behalf of a nationwide class on March 21, 2013. *Montera* was filed on behalf of a New York-only class on December 5, 2016. Premier concedes the New York Class benefitted from BHO's work done before November 1, 2021 when trial was set in *Montera*, but suggests spreading that time across eleven cases asserting that before then BHO's work did not solely benefit *Montera*.[2] Premier gets the standard wrong. Hours are only excludable if they are "excessive, redundant, or otherwise unnecessary" – not because the work also benefits other cases. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Premier argues that "*Mullins* was a different case that involved different laws and a different class" and so summary judgment and class certification "had no bearing on the New York law issues raised in this action." This is plainly wrong. The certification issues are virtually identical because all the cases arise from identical facts and the applicable consumer protection laws are very similar. The same broad class issues are presented: (1) is the advertising truthful and non-deceptive; and if not (2) is a full refund appropriate? This is why Premier did not file another summary judgment motion and its only class certification argument was about the class period length.

---

[2]    Even its apportionment math is wrong. Ten cases, not eleven, were certified. And apportioning all time before November 1, 2021, rather than just time before December 5, 2016, when *Montera* was filed, is unjustified. *See* O'Reardon Reply Decl. ¶ 5.

PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

BLOOD HURST & O' REARDON, LLP

00202646

Next, Premier makes an irrelevant argument for apportionment. It argues that absent apportionment, "BHO would face very little risk" in the other cases. Opp. 8. Premier's counsel is paid monthly regardless of outcome. "Risk" is not a basis for exclusion, only enhancement.

Premier relies on the readily distinguishable case, *In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 2021 U.S. Dist. LEXIS 138090 (C.D. Cal. July 22, 2021). *Ford* was an MDL proceeding involving 1,200 individual cases. There, some lawyers sought fees for cases in which they were not counsel and that had already settled. None of those facts exist here.

Courts award fees for work in collateral litigation if it contributed to the achieved result. *See Soler v. City of San Diego*, 2021 U.S. Dist. LEXIS 114484, *25-26 (S.D. Cal. June 18, 2021) (fees for work on related litigation that "helped advance the ultimate result achieved," including "because [the] Court relied on the denial of motions in the [related case]"); *Children's Hosp. & Med. Ctr. v. Bontá*, 97 Cal. App. 4th 740, 779-81 (2002) (fees for work in a collateral action that although "not [] a necessary precondition" nonetheless "materially contributed to the resolution of the [] issues" in the prevailing action); *Pérez-Sosa v. Garland*, 22 F.4th 312, 324 (1st Cir. 2022) (reversing exclusion of time plaintiff's counsel spent on other cases because "a court should award fees for all hours logged in connection with work that is 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation…This standard controls even when that work implicates some other case.") (quoting *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986)); *G & G Fire Sprinklers, Inc. v. Bradshaw*, 156 F.3d 893, 908 (9th Cir. 1998) (same).

Finally, Premier correctly asserts "it would be untenable for the Court and its staff to parse through hundreds of pages of time entries." Opp. 10. That was Premier's job. *McGrath v. County of Nevada*, 67 F.3d 248, 256 (9th Cir. 1995). Tellingly, after doing so it has been unable to produce the type of detailed accounting needed to meet its burden to substantively counter Plaintiff's evidence that the work benefitted *Montera. Gates*, 987 F.2d at 1397-98. Its inability to find fault with the time records does not justify a wholesale reduction or novel allocation theory. Plaintiff's Counsel did its job by deleting the time not beneficial to *Montera. See* O'Reardon Decl. ¶¶ 24, 73-74; *McDonald v. Armontrout*, 860 F.2d 1456, 1461 n.9 (8th Cir. 1988) (fees awarded for related prior work and crediting counsel's deletion of non-beneficial hours).

4

Case No. 3:16-cv-06980-RS

**3.      Premier Makes Canned Arguments to Reduce the Balance By 40%**

Next, Premier asks for a 40% ($1.2 million) reduction of BHO's remaining lodestar, claiming doing so is common in cases with large billing records. Premier demanded these records and the additional briefing and has come up empty handed. It should not now be allowed to change requests and seek a massive blanket reduction without specific quantification or justification.

**a.      BHO's Hourly Rates Are Reasonable**

Premier suggests BHO should not receive its current rates for prior work. Opp. 11. Premier does not quantify the relative hours over time or propose rates it believes are appropriate. Legally, the argument is wrong. "[F]ull compensation requires charging current rates for all work done in the litigation, or by using historical rates enhanced by an interest factor." *Ricksecker v. Ford Motor Co.*, 2023 U.S. Dist. LEXIS 18521, *8 (N.D. Cal. Feb. 3, 2023) (quoting *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994)); *see also* Pearl Decl. ¶ 14.[3]

Premier challenges the rate for Craig Straub from when he worked as a contract attorney. Opp. 11-12. Straub, a 10th-year lawyer when he began work on this case, properly performed associate-level tasks even before becoming an associate in August 2018. His work during that time belies Premier's label that he only performed "contract attorney work." The work he did included legal research, brief writing, preparing materials for depositions, and working with experts. *See* O'Reardon Reply Decl. ¶ 28. "Courts throughout the country have accepted the use of contract attorneys in [] complex litigation" and "[t]here is not the slightest justification to downgrade their billing rates or not apply a multiplier to them." *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-2143 RS, 2016 U.S. Dist. LEXIS 175515, *54-55, 70-71 (N.D. Cal. Dec. 19, 2016) (overruling objections and approving contract attorney rates of $300-$350); *In re Anthem, Inc. Data Breach Litig.*, 2018 U.S. Dist. LEXIS 140137, *127-29, 133 (N.D. Cal. Aug. 17, 2018) (rejecting any "rule that contract [] attorneys must be billed at cost," "recogniz[ing] that counsel may be entitled to a reasonable markup," and approving $240.00/hour because it was a "rate [that] has been previously judicially approved in this district"); *Nevarez v. Forty Niners Football Co., LLC*, 474 F.

_____

[3]      "Pearl Decl." refers to the concurrently filed expert Declaration of Richard M. Pearl.

BLOOD HURST & O' REARDON, LLP

00202646

Supp. 3d 1041, 1050 (N.D. Cal. 2020) (same and awarding $240/hour); Pearl Decl. ¶¶ 15-18.[4] Nevertheless, Class Counsel agrees to reduce Mr. Straub's pre-associate period rate to $240 per hour, for a lodestar reduction of $209,961.25. O'Reardon Reply Decl. ¶ 28.

**b.      There Are No Impermissibly Vague or Block-Billed Entries**

Premier and Tasher assert that "all" of BHO's time entries are block billed, but only identify 69 travel-related entries – merely 3% of the total. Opp. 13; Tasher Decl. ¶¶ 112-13.[5] "Nit-pick[ing]" a relatively few time entries "do[es] not warrant a 'haircut.'" *SEC v. San Francisco Reg'l Ctr. LLC*, 2022 U.S. Dist. LEXIS 189090, *13 and n.2 (N.D. Cal. Oct. 17, 2022).[6] First, improper block billing does not include entries that encompass time "devoted to associated tasks." *Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1043 (C.D. Cal. 2012). Next, "[b]lock-billing is not inappropriate per se when the party seeking fees meets the basic requirements of 'listing his hours and identifying the general subject matter of his time expenditures.'" *Garcia v. Resurgent Capital Servs.*, 2012 U.S. Dist. LEXIS 123889, *23 (N.D. Cal. Aug. 30, 2012) (quoting *Fischer v. SJP–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)).[7] The key is the overall time spent on the task, not its specific components. *See Perfect 10, Inc. v. Giganews, Inc.* 2015 U.S. Dist. Lexis 54063, *80 (C.D. Cal. Mar. 24, 2015); *U.S. v. Sixty-One Thousand Nine Hundred Dollars & No. Cents*, 856 F. Supp. 2d 484, 491 (E.D.N.Y. 2012) ("The attack on block billing as a concept in such circumstances is just a

[4]      *See also Brazitis v. Colvin*, 2013 U.S. Dist. LEXIS 164601, *5 (N.D. Ill. Nov. 19, 2013) (appropriate to add a surcharge to the cost of the contract attorneys); *Carlson v. Xerox Corp.*, 596 F. Supp. 2d 400, 409 (D. Conn. 2009) (rejecting objection to $300/hour contract attorney time, despite $55/hour pay); *In re Tyco Int'l Ltd.*, 535 F. Supp. 2d 249, 272 (D.N.H. 2007) ("It is therefore appropriate to bill a contract attorney's time at market rates and count these time charges toward the lodestar."); *In re AOL Time Warner S'holder Derivative Litig.*, 2009 U.S. Dist. LEXIS 124372, *77-78 (S.D.N.Y. Nov. 9, 2009) ("The Court should no more attempt to determine a correct spread between the contract attorney's cost and his or her hourly rate than it should pass judgment on the differential between a regular associate's hourly rate and his or her salary.").
[5]      Tasher (¶ 108) falsely states, "Class Counsel's time records are largely long blocks of 8-10 hours of time." O'Reardon Reply Decl. ¶ 30.
[6]      *See also In re Bartenwerfer*, 2019 Bankr. LEXIS 2007, *33 (Bankr. N.D. Cal. July 1, 2019) ("Where an opposing party challenges a fee award on the basis of block-billing, they must do more than assert a blanket objection to block-billed time."); *Dytch v. Lazy Dog Rests., LLC*, 2019 U.S. Dist. LEXIS 143298, at *17-18 (N.D. Cal. Aug. 16, 2019) (6 entry sample did not justify a haircut).
[7]      *See also Melendres v. Arpaio*, 2017 U.S. App. LEXIS 28233, *25-26 (9th Cir. Mar. 2, 2017) ("[a]lthough some of the time entries [] contain several tasks, Melendres's attorneys have met their burden of submitting evidence supporting the hours claimed by listing the hours and 'identify[ing] the general subject matter of [the] time expenditures'") (quoting *Hensley*).

tactic to limit the full effect of fee-shifting, and it fails when the time slips have [detail].").

Even Tasher's limited examples show why block-billing is a "typical practice in this district," and often "sufficient" for calculating fees. *O'Bannon v. NCAA*, 2016 U.S. Dist. LEXIS 44131, *26 (N.D. Cal. Mar. 31, 2016). This is the first entry he cites: Tim Blood, 12/3/13, 12.00 hours for "Prepare for and participate in mediation and travel to and from San Francisco." *See* ECF 331-8 at 2. Premier can readily determine the task performed and time spent – Mr. Blood's 12 hour-involvement in the all-day mediation. If it mattered, and clearly it does not, Premier knows the length of the mediation. The other "travel" entries Tasher cites also "reflect itemized statements of the specific tasks" requiring travel. *Perfect 10*, 2015 U.S. Dist. LEXIS 54063, *79-80; *see also Fischer*, 214 F.3d at 1121 (plaintiff's counsel can "simply list[] his hours and identify[] the general subject matter of his time expenditures"); *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) ("Although the time descriptions are minimal, they establish that the time was spent on matters for which the district court awarded attorneys' fees.") (citing *Hensley*).

Premier incorrectly asserts travel time is not billable. "[T]his district has long granted prevailing parties their full hourly rate for travel time." *Cotton v. City of Eureka*, 889 F. Supp. 2d 1154, 1177 (N.D. Cal. 2012); *see also* Pearl Decl. ¶¶ 72-73. Premier does not argue about the amount of travel time or dispute that the travel was necessary. O'Reardon Reply Decl. ¶ 31.

Premier's claim is baseless that the "trial preparation" entries of Mr. Blood and Ms. Brown are too vague. 5 to 8 hours on some days around the time of trial are reasonable. Courts routinely hold "trial prep" entries are sufficiently descriptive. *Flitton v. Primary Residential Mortg., Inc.*, 2009 U.S. Dist. LEXIS 44235, *17 (D. Utah May 7, 2009); *Castellano v. Charter Communs., LLC*, 2014 U.S. Dist. LEXIS 54253, *16 (W.D. Wash. Apr. 17, 2014); *Rand-Whitney Containerboard L.P. v. Montville*, 2006 U.S. Dist. LEXIS 75870, *59-60 (D. Conn. Sept. 5, 2006); Pearl Decl. ¶¶ 52-

57.[8] The time entries are sufficiently detailed and reflect reasonable hours.[9]

### c.   15-Minute Billing Is Common and No Reduction is Warranted

Premier argues billing in 15-minute increments "is not standard practice" and "obviously overstates" the lodestar. Opp. 14. First, quarter-hour billing is not prohibited, but is a common practice, including at Morrison & Foerster and other large firms with fee-paying clients. *See* O'Reardon Reply Decl. ¶ 37; *see also* Pearl Decl. ¶ 63 n.4. Using smaller increments can lead to a practice known as "chipping," i.e., billing for everything.[10] In *Base v. FCA US LLC*, 2019 U.S. Dist. LEXIS 166130, *9 (N.D. Cal. Sep. 25, 2019), the court explained that what matters is the total time spent, rather than billing increment. This Court has held the same. *Bobol v. HP Pavilion Mgmt.*, 2006 U.S. Dist. LEXIS 2115, *16-18 (N.D. Cal. Apr. 10, 2006) ("As the total number of hours allowed under this order are reasonable, there is no cause to assume that the quarter hour billing increments resulted in a net increase to a degree that would warrant further adjustment.").

Premier cites *Welch v. Metro Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007). But *Welch* did not hold that quarter-hour billing necessarily results in over-billing sufficient to justify a blanket reduction. Rather, any reduction must be "expressly correlated" to the actual over-billing. *Id.* at 949. In identifying just 11 examples out of 2,296 entries, Premier does not come close to justifying any blanket reduction. Premier resorts to "obviously overstates," which is a "conclusory challenge[]"

---

[8]   *See Teutscher v. Riverside Sheriffs' Ass'n*, 2013 U.S. Dist. LEXIS 202177, *15-16 (C.D. Cal. July 15, 2013) ("[I]t is reasonable for counsel to identify trial preparation in their billing description. Trial preparation can involve reviewing depositions, reviewing declarations, preparing opening and closing statements, preparing direct and cross-examinations, and reviewing exhibits. Many times this happens simultaneously, and to require counsel to keep detailed records of tasks at this critical stage in the proceedings would be counterproductive… the Court is able to determine the reasonableness of the time spent and does not doubt that the attorneys worked the hours stated.").

[9]   Ms. Brown's 27.5 hours and Mr. Blood's 47.75 hours for "trial preparation" are minimal. *See Estate of Casillas v. City of Fresno*, 2020 U.S. Dist. LEXIS 31299, *43-44 (E.D. Cal. Feb. 21, 2020) (133.4 for "trial preparation" not improperly vague, blocked-bills and reasonable. Court "defers to [counsel's] determination as to how much trial preparation time was warranted."); *Pande v. ChevronTexaco Corp.*, 2008 U.S. Dist. LEXIS 87584, *22-23 (N.D. Cal. Mar. 31, 2008) (451 hours of "trial preparation" "adequately documented."). Premier's other argument that Mr. Blood billed "between five and eight hours every day" after trial for "trial preparation" is incorrect. Opp. 14. He billed a reasonable average of 4 hours and 49 minutes when off-record on trial days. O'Reardon Reply Decl. ¶ 16 n.8.

[10]   *See* Pearl Decl. ¶¶ 58-63; *Kalani v. Starbucks Corp.*, 2016 U.S. Dist. LEXIS 12445, *24 (N.D. Cal. Feb. 1, 2016) (criticizing "excessive accumulation of 0.1 hour entries in reviewing such routine documents and court communications"); *Jacobson v. Persolve, LLC*, 2016 U.S. Dist. LEXIS 173058, *32 (N.D. Cal. Dec. 14, 2016) (attorneys may "excessively bill in 0.1 hour increments").

BLOOD HURST & O' REARDON, LLP

00202646

that does not fulfill its burden. *McGrath*, 67 F.3d at 255.[11]

### d.   There Was No Overstaffing or Needless Duplication

The court's role is to assess if the requested fees match the work performed and results achieved, not judge law firm staffing decisions. *Moreno*, 534 F.3d at 1115. "It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees." *Id.* at 1112. This hard-fought case resulted in a rare class jury trial that Plaintiff won. Given that, Premier's claim that overstaffing occurred because three firms and 19 timekeepers were involved over the past decade rings hollow. Courts do "not reduce attorneys' fees based on an abstract notion that the number of attorneys involved seems high." *Edmo v. Idaho Dep't of Corr.*, 2022 U.S. Dist. LEXIS 207537, *15 (D. Idaho Sept. 30, 2022) (citing *Melendres*, 2017 U.S. App. LEXIS 28223, *24). Premier used four firms and more attorneys. *See* O'Reardon Reply Decl. ¶ 12.

Tasher criticizes 19 timekeepers as "excessive and unwarranted on its face." Tasher can't be trusted. He recently praised a fee request involving 38 timekeepers from five firms. *Id.* ¶ 15 & Ex. A at 5. In that shorter, simpler 4.5-year case without summary judgment or trial, *DeMaria v. Horizon Healthcare* (D.N.J.), he was "particularly impressed by the efficiency of Class Counsel" who billed 4,153 hours, stating "it would not have been surprising if Class Counsel had expended twice that number of hours." *Id.* at 12. He advocated a 33.3% fee of $11 million: a 4.36 multiplier. *Id.* at 5-7.[12]

Premier alleges "significant overstaffing" with just three examples. Opp. 14. The first is a purported "250 hours" for "one deposition" of Lance Palumbo in 2017. Palumbo was deposed in both 30(b)(6) and individual capacities. His name is in 15,000 documents. Premier designated him on all science, marketing, and sales topics. The deposition lasted 19.5 hours, took three days, two trips to San Francisco, and 73 exhibits. He was a key trial witness. O'Reardon Reply Decl. ¶ 17.[13]

---

[11]   To minimize disputes, BHO will voluntarily remove the 11 entries of a paralegal who billed .25 for calendaring on 11 occasions, equaling $770. *See* O'Reardon Reply Decl. ¶ 36.

[12]   In *DeMaria*, Tasher endorsed a $691.93 blended rate. O'Reardon Reply Decl. ¶ 15 and Ex. A at 13. Similar blended rates have been approved. *See Elder v. Hilton Worldwide Holdings, Inc.*, 2021 U.S. Dist. LEXIS 204099, *24-25 (N.D. Cal. Feb. 4, 2021) ($711.56); *Perez v. Rash Curtis & Assocs.*, 2020 U.S. Dist. LEXIS 68161, *57-58 (N.D. Cal. Apr. 17, 2020) ($634.48); *In re Easysaver Rewards Litig.*, 2020 U.S. Dist. LEXIS 77483, *49 (S.D. Cal. Apr. 30, 2020) ($668).

[13]   Premier incorrectly counts 48.5 hours Straub worked in 2020 for a fourth day of deposition that was canceled because of the pandemic. O'Reardon Reply Decl. ¶ 17.

BLOOD HURST & O' REARDON, LLP

00202646

Second, the time spent on trial preparation by four BHO attorneys was justified given the rare and high-stakes class trial. Premier says 1,000 hours were spent, but it is unclear where this number comes from. These attorneys had significant and non-duplicative roles. *Id.* ¶ 16; O'Reardon Decl. ¶ 53. In a class action with over 500,000 pages of documents, dozens of depositions and expert reports, trial preparation involves more than just the attorney who questions witnesses.

Third, three BHO attorneys at trial was proper. O'Reardon and Straub, dismissed as passive observers, played significant, distinct roles in case presentation. Being the most familiar with the it, they prepared witnesses, handled evidence, and worked on questioning, themes, and demonstratives. O'Reardon Reply Decl. ¶¶ 21-24. Attending trial enabled them to adapt their work in real time. *Id.* Premier's team consisted of four people plus in-house counsel. The winning side also often invests more time. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001) ("any comparison must carefully control for factors…[including] the possibility that the prevailing party's attorneys – who after all, did prevail – spent more time because she did better work").

Tasher's two other overstaffing examples lack merit. He criticizes Straub and O'Reardon for a combined 21.5 hours researching statutory damages under GBL §§ 349 and 350 in June 2022 for the motion for entry of judgment. Tasher Decl. ¶ 56. 21.5 hours devoted to a $100 million issue is reasonable.[14] Tasher also implies it was improper for multiple attorneys to work on critical motions but does not claim the total hours were unreasonable. *Id.* ¶¶ 58(b), (c). *See Edmo*, 2022 U.S. Dist. LEXIS 207537, *22-23 (rejecting generalized argument that needless duplication occurred when six attorneys collaborated on a motion because "those generalized groupings are unhelpful"). Attorney collaboration is "essential in complex litigation." *Zeleny v. Becerra*, 2022 U.S. Dist. LEXIS 32868, *18 (N.D. Cal. Feb. 24, 2022); *see also Chaudhury v. City of Los Angeles*, 751 F.3d 1096, 1111-12

---

[14] To argue that attorneys duplicated "each other," Tasher falsely represents that O'Reardon's 1.25-hour entry for June 17, 2022, is "research…GBL 349 and 350 regarding statutory damages". Tasher Decl. ¶ 56. The description actually states, "research legislative history behind GBL 349 and 350 regarding statutory damages." ECF 328-3 at p. 171. Tasher's ellipsis hides that O'Reardon researched legislative history, while Straub researched caselaw. ECF 328-3 at pp. 171-72 (6/17/22, 6/20/22, 6/21/22, 6/22/22 entries). Tasher's criticism that Lynch Carpenter spent 20.9 hours on this issue misleads, as that time was spent earlier. ECF 328-20 at p. 37 (Mar. 2022). "[A] competent lawyer won't rely entirely on last year's, or even last month's, research." *Moreno*, 534 F.3d at 1112.

BLOOD HURST & O' REARDON, LLP

00202646

(9th Cir. 2004) ("duplicative work is not inherently inappropriate").[15]

### e.  Plaintiff Will Exclude Erroneously Duplicated Time Entries

Premier highlights four inadvertent duplicate entries over nearly ten years to infer BHO attorneys bill over 24 hours daily. Opp. 17; Swaney Decl., ¶ 2. Plaintiff will exclude the inadvertent entries, reducing the lodestar by $37,443.75. *See* O'Reardon Reply Decl. ¶ 19.[16]

### f.  The "Top-Heavy" Lodestar Argument Is Misleading

Premier's claim of a "top-heavy" lodestar because 58% of hours were billed by partners, neglects the nature of small firms like BHO, a seven-lawyer plaintiff's firm, where partner involvement is essential. *Moreno*, 534 F.3d at 1114-15; *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 991 (N.D. Cal. 2017) (citing *Moreno* and rejecting argument work performed by small firms was improper because partners made up 64% of billable time and 77% of fees). While critical of it here, in *DeMaria*, Tasher endorsed partner staffing as reasonable given "complexities" of work and the "institutional knowledge" of partners. O'Reardon Reply Decl. Ex. A at 15. Moreover, BHO's partners' billing rates are lower than Premier's hired associates. O'Reardon Decl. ¶ 70. The case was litigated effectively, with 77% of the hours by three attorneys, showing efficiency. *Id.* ¶ 74; Pearl Decl. ¶¶ 77-81. Additional associates would have resulted in more billable hours, not fewer. *Wit v. United Behav. Health*, 578 F. Supp. 3d 1060, 1080 (N.D. Cal. 2022) (citing *Moreno* and stating "work that might be delegated to associates under the supervision of a partner by a large firm may sometimes be completed more quickly and effectively by a more experienced partner").

### g.  Reasonable Fees on Fees Are Compensable

The time "establishing the right to a fee award is compensable." *Davis v. City of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992). Premier concedes this but vaguely argues BHO's time "is excessive on its face." Premier does not detail a proper amount of time. Three percent of the total hours was on the successful fee motion, which established the right to shift significant fees and expenses to Premier. Additionally, BHO's hours for this renewed motion are not included in

---

[15]   Tasher misleads about five other dates of overstaffing. *See* O'Reardon Reply Decl. ¶ 25.
[16]   Premier is wrong that BHO "does not even represent that they made [] an effort here" to use billing judgment. BHO removed over 3,000 hours and over $2.17 million in lodestar. *Id.* ¶ 10.

BLOOD HURST & O' REARDON, LLP

00202646

PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

the lodestar submitted. O'Reardon Decl. ¶ 24.

### h.    Premier's Claim of "Limited Success" Is Meritless

Success was not "limited." Plaintiff's Counsel achieved a historic victory, which Premier previously described as "an enormous windfall" for the Class. ECF 306 at 10.

### 4.    A Multiplier May Be Appropriate

Premier argues against a multiplier, claiming it is only appropriate in rare cases. Opp. 20. Based on the results achieved in protracted, costly litigation, this is the rare case. *Perdue v. Kenny A.*, 559 U.S. 542, 553, 555 (2010); Pearl Decl. ¶¶ 82-86. Plaintiff's Counsel obtained a rare jury verdict in a class action false advertising lawsuit. Plaintiff requests just the lodestar, unless the Court reduces time or rates, in which case a multiplier should be applied to ensure a reasonable award. *See Zeleny*, 2022 U.S. Dist. LEXIS 32868, *18-19 (reduction for unnecessary hours and a multiplier for delivering a victory would "simply be adjudged to cancel each other out").

### C.    Lynch Carpenter's Reasonable Lodestar

Premier proposes a 95% cut to Lynch Carpenter's lodestar. Premier first criticizes Mr. Carpenter's 13.7 hours at trial. Opp. 21. As his timesheets describe, he actively contributed to trial strategy. ECF 328-20 at 37. Nonetheless, Lynch Carpenter agrees to withdraw the 13.7 disputed hours. *See* O'Reardon Reply Decl. ¶ 49. Premier makes two other arguments about the lodestar. Its 1/11th apportionment argument is addressed above. Premier also argues Mr. Carpenter spent too much time preparing and deposing Katrina Taft. Ms. Taft was the second person deposed in this case, preceding Darcy Horn Davenport and Mr. Palumbo. Premier's own interrogatory responses identified Ms. Taft as one of seven people who created the Joint Juice advertising. *Id.*, Ex. B at 11; *see also id.* ¶ 27(b) (Taft's name is on over 1,500 documents produced by Premier).[17]

Lynch Carpenter's adjusted lodestar of $382,018.50 is reasonable and should be awarded.

## III.    THE REQUESTED EXPENSES SHOULD BE AWARDED

Premier proposes awarding Lynch Carpenter just 1/11th the amount requested. For Class

BLOOD HURST & O' REARDON, LLP

---

[17]    Tasher says it was unreasonable for Mr. Carpenter to depose Taft and Palumbo. Tasher Decl. ¶ 90. Premier used Arnold & Porter and Venable partners to defend them and Mr. Carpenter's hourly rate ($750) is charged by associates at those firms. O'Reardon Reply Decl. ¶¶ 14(a), 27.

Counsel, Premier seems to propose reimbursement of less than 20% of the $1,040,420.50 requested.

## A.    Plaintiff Excluded Mullins-Specific Expert Discovery

Premier incorrectly argues that because Dr. Graboff, Dr. Silbert, Dr. Willis, and Mr. Keegan were not designated experts under FRCP 26(a)(2) in *Montera*, Plaintiff cannot be reimbursed for any of these expenses. Plaintiff does *not* seek those experts' fees relating to the anticipated *Mullins* trial. *See* O'Reardon Decl. ¶¶ 81(g)(vi)-(ix); O'Reardon Reply Decl. ¶ 8. Plaintiff only seeks reimbursement of their costs in connection with class certification and summary judgment. *Id.* The Court cited these experts in its decisions on those motions. *See Mullins*, 178 F. Supp. 867; 2016 U.S. Dist. LEXIS 51140. That summary judgment motion put an end to summary judgment in *Montera*. Similarly, Premier never seriously opposed class certification after the first decision. These decisions have been extensively cited in *Montera*.

Premier also challenges Plaintiff's entitlement to *any* portion of the $73,691.80 charged by Mr. Weir, arguing cost documentation is missing and that his 2017 opinions were irrelevant. Swaney Decl. ¶ 10; Opp. 22. These costs are fully documented and Mr. Weir's 2017 rebuttal report and deposition, costing $56,835.55, were key to challenging Dr. Choi's flawed regression. O'Reardon Reply Decl. ¶ 47(a); O'Reardon Decl. ¶ 23. Mr. Weir's 2017 work eliminated the need for Weir to provide expert rebuttal testimony in *Montera*. *Id.* His work was used to reveal Dr. Choi's flawed opinions at a 2022 deposition and used in the damaging cross-examination of Dr. Choi at trial.

Premier claims expenses tied to Hal Poret's first two depositions are not recoverable, calling his *Montera* views "entirely new." Swaney Decl. ¶ 11; Opp. 22. This is misleading; Poret's initial survey mirrored his second in methodology. Poret's brief 2022 deposition confirmed his unchanged methodology, allowing the reuse of his testimony at the *Montera* trial. *See also* ECF 120-2 at n.1 (Poret confirmed the second survey "is methodologically the same as the [first] survey").

These costs were reasonably incurred for the Class's "practical and reasonable needs." *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 2011 U.S. Dist. LEXIS 138093, *42 (N.D. Cal. Dec. 1, 2011).

## B.    Plaintiff's Expert Costs Are Reasonable

Premier disputes the reasonableness of Dr. McAlindon's fees, but does not argue about his total charge ($112,256.94) or his hourly rate ($500), which is less than Premier's disastrous science

13    Case No. 3:16-cv-06980-RS

BLOOD HURST & O' REARDON, LLP

00202646

expert, Dr. Silverman. O'Reardon Decl. ¶¶ 81(g), (g)(i). Dr. McAlindon's work and fees are fully documented. His pretrial work included a 115-page Rule 26 report that systematically analyzed 200 studies, and a 42-page rebuttal report to Premier's scientific experts. Premier deposed him twice for a total of 16 hours, and he prepared for both. For his pretrial efforts he billed 185 hours. Dr. McAlindon also spent over 35.5 hours on trial tasks, included preparing remotely and traveling to San Francisco for four days of work, including two days in trial. *Id.*; O'Reardon Reply Decl. ¶ 46.

Second, Premier argues invoices for Mr. Weir, Dr. Graboff, and Dr. Silbert "do not add up." While Plaintiff inadvertently left out one invoice each for Mr. Weir and Dr. Graboff, Premier is wrong about Dr. Silbert's invoices. *Id.* ¶¶ 47(a)-(c). The costs are documented.

### C.    Named Plaintiff Deposition Costs Are Compensable

Next, Premier argues Plaintiff cannot recover deposition costs related to class representatives other than Mr. Fishon and Ms. Montera because the other depositions "are irrelevant to this action." Swaney Decl. ¶ 12; Opp. 23. As explained above, these depositions have been relied on by the parties and the Court. *See* § II.B.1.a above. They were relevant and their costs are compensable.

### D.    Premier Misleads That Plaintiff Seeks "Extravagant" Expenses

Premier argues Class Counsel seeks reimbursement for "lavish lifestyle expenses." Opp. 23-25. As its five examples demonstrate, Premier is wrong:

1. Class Counsel "opted to stay at luxury hotels, often paying over $1,000 a night." The only room costing over $1,000 a night was 2 of 18 nights during trial. That hotel was chosen because it was near the courthouse and trial war room with availability for 18 nights. The rooms were standard size, averaging $471.78 per night. O'Reardon Reply Decl. ¶ 42(a). For a San Francisco hotel, a bargain.

2. "$324 at Pabu for two dinners." This work dinner for three people was mistakenly duplicated and will be withdrawn. *Id.* ¶ 42(b).

3. The $514.08 dinner at Izakaya Hon involved seven people, two beers, and two orders of Wagyu steak for $26/each. *Id.* ¶ 42(c).

4. The $303.32 meal at Chao Pescao was for eight people and was conveniently located near the courthouse. "Lavish" it was not. *Id.* ¶ 42(d).

5. After working late, three attorneys dined next door to the hotel at The Chieftain, spending $100.24, with $30 on four drinks. *Id.* ¶ 42(e).

Tasher also misrepresents several entries not in the Opposition. *Id.* ¶¶ 42(f)-(j).

Premier also criticizes $162.24 in food and coffee expenses, and hotel laundry services

BLOOD HURST & O' REARDON, LLP

00202646

during trial. Such costs are part of lengthy litigation, but counsel agrees to remove a total of $598. *Id*. ¶¶ 43-44; *SEC v. Billion Coupons, Inc.*, 2010 U.S. Dist. LEXIS 22095, *4-6 (D. Haw. Mar. 8, 2010) (awarding reasonable "meal expenses, including coffee expenses").

### E.    Plaintiff's Expenses Should Not Be Apportioned 1/11th

Demanding 11 victories for cost recovery is unfair. *Mullins*-specific costs that did not benefit *Montera* were excluded.[18] Related cases did *not* increase the costs sought, which are *only* those Plaintiff would have incurred regardless of whether *Montera* was the sole Joint Juice case or the first tried. O'Reardon Reply Decl. ¶¶ 45, 48; Pearl Decl. ¶¶ 87-89. *In re Whirlpool*, 2015 U.S. Dist. LEXIS 193975 (N.D. Ohio Feb. 18, 2015) directly applies. Defendant prevailed in the first of ten related class action cases. The court rejected 1/10th apportionment, stating any costs tied "solely to the other MDL actions" had been excluded and awarding the full costs benefiting the first action was not a "unwarranted windfall." *Id.* *9-10.

Premier's opinions about the risk of duplicative cost recovery are irrelevant (*Winter* and *Marmo*), as they relate to single lawsuits against multiple defendants. Concerns about one defendant bearing the costs of others or double reimbursement do not apply here.

The costs will not be claimed again, negating any "risk of duplicative cost recovery." Opp. 25 (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 764 (8th Cir. 2006)). Concern only arises when counsel have "previously been compensated for [the] expenses." *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993). Premier is also unlikely to reuse its experts, further reducing any chance of recovering these costs.

### IV.    CONCLUSION

Plaintiff respectfully requests the Court award $6,942,943.50 in attorneys' fees and reimbursement of $1,072,126.04 in nontaxable expenses. *See* O'Reardon Reply Decl. ¶¶ 51-53.

Respectfully submitted,

Dated: May 25, 2023

By:      *s/ Timothy G. Blood*
TIMOTHY G. BLOOD
BLOOD HURST & O'REARDON, LLP

---

[18]    Premier illogically seeks apportioning the cost to notice the New York Class. *See* Swaney Decl. ¶ 17 ($38,691.79 in class notice / outreach).

PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

IREDALE & YOO, APC
EUGENE G. IREDALE (75292)
GRACE JUN (287973)
105 W. F Street, Floor 4
San Diego, CA 92101
Tel: 619/233-1525
619/233-3221 (fax)
egiredale@iredalelaw.com
gjun@iredalelaw.com

LYNCH CARPENTER, LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA  92101
Tel: 619/762-1910
619/756-6991 (fax)
todd@lcllp.com

*Additional Attorneys for Plaintiff*

BLOOD HURST & O' REARDON, LLP

Case No. 3:16-cv-06980-RS

00202646

PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 25, 2023.

s/ *Timothy G. Blood*

TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BLOOD HURST & O' REARDON, LLP

00202646

17                                                     Case No. 3:16-cv-06980-RS
PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES