# EXHIBIT B

**VENABLE LLP**
Angel A. Garganta (SBN 163957)
aagarganta@venable.com
Spear Tower, 40th Floor
One Market Plaza, 1 Market Street
San Francisco, CA 94105
Telephone: (415) 653-3735
Facsimile: (415) 653-3755

Guido E. Toscano (SBN 266304)
getoscano@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

**ARNOLD & PORTER LLP**
Trenton H. Norris (SBN 164781)
trent.norris@aporter.com
Rachel L. Chanin (SBN 229253)
rachel.chanin@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

*Counsel for Defendant Premier Nutrition Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT D. MULLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORP., f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No.: 3:13-cv-01271-RS<br><br>**DEFENDANT PREMIER NUTRITION CORPORATION'S FIRST AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     Plaintiff VINCENT D. MULLINS

RESPONDING PARTY:       Defendant PREMIER NUTRITION CORPORATION

SET NUMBER:                      ONE

DEFENDANT PREMIER NUTRITION CORPORATION'S FIRST AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

7914241-v4

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Premier Nutrition Corporation ("Premier") hereby amends its response to Plaintiff Vincent D. Mullins' ("Plaintiff's") First Set of Interrogatories ("Interrogatories") as follows:

## PRELIMINARY STATEMENT

These responses are based on diligent investigation conducted by Premier and its counsel to date, and reflect the current status of Premier's knowledge, understanding and belief respecting the Interrogatories. Premier reserves the right to modify or supplement its responses herein with whatever information, facts, or documents that subsequently may be discovered. Premier further reserves the right to produce additional information or other evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

Information contained in any response pursuant to the Interrogatories is not an admission or acknowledgment by Premier that such information is relevant to any claim or defense in this action; is without prejudice to Premier's right to contend at trial or in any other or subsequent proceeding, in this action or otherwise, that such information is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any objection to any future use of such information that Premier may be advised to make.

Specific objections to each separate interrogatory are made below. Additionally, Premier makes certain continuing objections to the Interrogatories, also listed below ("Continuing Objections"). These Continuing Objections are incorporated by reference into all of the responses made with respect to each separate interrogatory. Premier's response to each individual interrogatory is submitted without prejudice to, and without in any respect waiving, any Continuing Objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection to an interrogatory in any response below is neither intended as, nor shall in any way be deemed, a waiver of any Continuing Objection or of any other specific objection made herein or that may be asserted at a later date.

///

///

DEFENDANT PREMIER NUTRITION CORPORATION'S FIRST AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

7914241-v4

1

## CONTINUING OBJECTIONS

1. Premier objects to each and every interrogatory, including without limitation any portion of the definitions and instructions, that seeks information beyond the scope of discovery as provided by the Federal Rules of Civil Procedure or the Local Rules of the Northern District of California, or that purports to impose obligations on Premier greater than or inconsistent with those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure or the Local Rules of the Northern District of California.

2. Premier objects to each and every interrogatory as overly broad and unduly burdensome to the extent that it seeks information dating back before March 21, 2009. Therefore, in responding the Interrogatories and in producing any responsive information or documents, Premier will treat the Interrogatories as covering only the period from March 21, 2009 (four years prior to the initiation of this action) to March 21, 2013 (the date the Complaint was filed).

3. Premier objects to each and every interrogatory, and will not provide any information in response, that seeks information that falls within any relevant privilege, including, without limitation, the attorney-client privilege, the work product doctrine, any joint defense privilege, the self-critical analysis privilege, settlement materials, or trial preparation materials (collectively, "Privileges"). Nothing contained in these responses is intended as, or shall in any way be deemed, a waiver of any relevant Privilege. Responding to each interrogatory, Premier will not undertake to provide information that is privileged or protected from discovery by law. Any statement to the effect that Premier will provide information in response to an interrogatory means that the response shall be limited to information that does not fall within the scope of any relevant Privilege.

4. Premier objects to each and every interrogatory to the extent it seeks information that constitutes confidential, proprietary, private or financial information protected from disclosure pursuant to Article I, Section 1 of the California Constitution and the rights of privacy guaranteed thereunder; California Civil Code § 3426.5; or any contract or applicable trade secret or privacy statute or law. Premier will produce such information, if any, only pursuant to the terms of the protective order entered by the Court in this action.

5.    Premier reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any proceeding in or trial of this or any other action of any information, document or thing produced in response to the Interrogatories.

6.    Premier objects to each and every interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding to each interrogatory, Premier will only provide information that is relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

7.    Premier objects to each and every interrogatory to the extent that it calls for Premier to provide information not within its possession, custody, or control on the grounds that such requests impose obligations greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure.

8.    Premier objects to each and every interrogatory to the extent that it is compound.

9.    Premier objects to each and every interrogatory to the extent that it is cumulative of other interrogatories in these Interrogatories.

10.    Premier objects to each and every interrogatory to the extent that it calls for premature expert discovery.

11.    Premier objects to each and every interrogatory to the extent that it seeks discovery of electronically stored information from sources that are not reasonably accessible (*e.g.*, legacy systems, disaster recovery backup media, temporary or ambient data left by previously-deleted files that would require computer forensics work to obtain, etc.) in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found. Premier believes that more easily accessed sources — such as active servers, hard drives and other direct access storage media containing active data and records that are responsive to Plaintiffs' Interrogatories -- will yield all the information that is relevant to this action. As set forth in more detail in its responses to the individual interrogatories, *infra*, Premier is providing information that is responsive, not privileged, and reasonably accessible.

12.    Premier objects to each and every interrogatory to the extent that it seeks information subject to the confidentiality rights of third parties not affiliated with Premier. In particular, Premier objects to the extent the interrogatories seeks disclosure of information prohibited by the terms of any protective order, contractual obligation, or any other obligation of confidentiality between Premier and third parties. –Premier will not provide information that is subject to confidentiality rights of third parties without prior consent from such parties or pursuant to an Order by the Court.

13.    Premier objects that the terms "You, "Your", "Company", "Affiliates", "Documents", and "Studies" as used in these Interrogatories are overly broad, unduly burdensome and attempt to impose burdens on Premier greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Northern District of California.

14.    Premier objects to the terms "Net sales" and "Revenues" as overbroad, vague, and ambiguous, and to the extent that they call for premature expert testimony.

15.    To the extent Premier indicates that it will provide any information, it will do so only pursuant to the terms of the protective order entered by the Court in this action.

16.    Each and all of these Continuing Objections shall be deemed incorporated by reference into each and every response herein made to a specific interrogatory.

**INTERROGATORY NO. 2:**

Identify the studies which you believe constitute the clinical and/or scientific support for the health benefit claims made in your advertisements for Joint Juice.

**AMENDED RESPONSE TO INTERROGATORY NO. 2:**

Premier incorporates by reference the Continuing Objections set forth above. Premier further objects that this interrogatory calls for information that is properly the subject of expert testimony and as to which a response at this stage of discovery would be premature. Premier also objects to this interrogatory on the grounds that "health benefit claim" is vague, ambiguous, and unintelligible. Premier further objects to this interrogatory on the grounds that, under California law, private plaintiffs do not have the authority to demand substantiation for advertising claims.

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal.App.4th 1336, 1345-48 (2003) ("King Bio"); *see Fraker v. Bayer Corp.*, 2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) (". . . there is no private remedy for unsubstantiated advertising . . .").

Without waiver of the aforesaid objections, Premier states as follows: This interrogatory requires the preparation of a compilation or summary of Premier's documents and the burden or expense of preparing such summaries would be substantially the same for both parties. Premier has produced, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, scientific studies in its possession, custody, or control, identified after a reasonably diligent search, that concern glucosamine and chondroitin sulfate, the ingredients in Joint Juice at issue in this litigation. Those studies can be found at the Bates Ranges listed in the attached Exhibit A. Those studies speak for themselves as to whether they constitute clinical and/or scientific support for the advertised benefits of Joint Juice or its ingredients. To the extent this interrogatory calls for Premier's "belief" as to whether certain studies constitute clinical and/or scientific support for the advertised benefits of Joint Juice or its ingredients, Premier reiterates its objection that this interrogatory calls for information that is properly the subject of expert testimony and as to which a response at this stage of discovery would be premature. Premier reserves the right to rely on, make any use of, or introduce information, clinical studies, facts, documents, or other evidence that may develop or come to Premier's attention at a later time regarding the advertised benefits of Joint Juice.

**INTERROGATORY NO. 3:**

Identify all studies of which you are aware which concern glucosamine hydrochloride.

**AMENDED RESPONSE TO INTERROGATORY NO. 3:**

Premier incorporates by reference the Continuing Objections set forth above. Premier objects that this interrogatory is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Premier also objects to this interrogatory because it exceeds the requirements of Rule 26 of the Federal Rules of Civil Procedure, as the burden and expense of the proposed discovery outweighs any benefit. Premier further objects that this interrogatory calls for information that is properly the subject of expert testimony and as to which a

response at this stage of discovery would be premature. Premier further objects on the grounds that, under California law, private plaintiffs do not have the authority to demand substantiation for advertising claims. *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal.App.4th 1336, 1345-48 (2003) ("King Bio"); *see Fraker v. Bayer Corp.*, 2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) (". . . there is no private remedy for unsubstantiated advertising . . .").

Premier further objects that this information is available from a public source that is more convenient, less burdensome, and free. A comprehensive index of studies that concern glucosamine hydrochloride is freely available at PubMed.gov. PubMed comprises over 22 million citations for biomedical literature from MEDLINE, life science journals, and online books. PubMed is a free resource that is developed and maintained by the National Center for Biotechnology Information (NCBI), at the U.S. National Library of Medicine (NLM), located at the National Institutes of Health (NIH).

Without waiver of the aforesaid objections, Premier states as follows: This interrogatory requires the preparation of a compilation or summary of Premier's documents and the burden or expense of preparing such summaries would be substantially the same for both parties. Premier has produced, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the scientific studies in its possession, custody, or control identified after a reasonably diligent search, that concern glucosamine and/or chondroitin sulfate, the ingredients in Joint Juice at issue in this litigation. Those studies can be found at the Bates Ranges listed in the attached Exhibit A. To the extent this interrogatory seeks additional information, Premier reiterates its objection that this interrogatory calls for information that is properly the subject of expert testimony and as to which a response at this stage of discovery would be premature. Premier reserves the right to rely on, make any use of, or introduce information, clinical studies, facts, documents, or other evidence that may develop or come to Premier's attention at a later time that concern glucosamine hydrochloride.

**INTERROGATORY NO. 4:**

Identify all studies of which you are aware which concern glucosamine sulfate.

## AMENDED RESPONSE TO INTERROGATORY NO. 4:

Premier incorporates by reference the Continuing Objections set forth above. Premier objects that this interrogatory is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Premier also objects to this interrogatory because it exceeds the requirements of Rule 26 of the Federal Rules of Civil Procedure, as the burden and expense of the proposed discovery outweighs any benefit. Premier further objects that this interrogatory calls for information that is properly the subject of expert testimony and as to which a response at this stage of discovery would be premature. Premier further objects on the grounds that, under California law, private plaintiffs do not have the authority to demand substantiation for advertising claims. *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal.App.4th 1336, 1345-48 (2003) ("King Bio"); *see Fraker v. Bayer Corp.*, 2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) ("... there is no private remedy for unsubstantiated advertising ...").

Premier further objects that this information is available from a public source that is more convenient, less burdensome, and free. A comprehensive index of studies that concern glucosamine sulfate is freely available at PubMed.gov. PubMed comprises over 22 million citations for biomedical literature from MEDLINE, life science journals, and online books. PubMed is a free resource that is developed and maintained by the National Center for Biotechnology Information (NCBI), at the U.S. National Library of Medicine (NLM), located at the National Institutes of Health (NIH).

Without waiver of the aforesaid objections, Premier states as follows: This interrogatory requires the preparation of a compilation or summary of Premier's documents and the burden or expense of preparing such summaries would be substantially the same for both parties. Premier has produced, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the scientific studies in its possession, custody, or control identified after a reasonably diligent search, that concern glucosamine and/or chondroitin sulfate, the ingredients in Joint Juice at issue in this litigation. Those studies can be found at the Bates Ranges listed in the attached Exhibit A. To the extent this interrogatory seeks additional information, Premier reiterates its objection that this interrogatory

DEFENDANT PREMIER NUTRITION CORPORATION'S FIRST AMENDED RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES

calls for information that is properly the subject of expert testimony and as to which a response at this stage of discovery would be premature. Premier reserves the right to rely on, make any use of, or introduce information, clinical studies, facts, documents, or other evidence that may develop or come to Premier's attention at a later time that concern glucosamine sulfate.

**INTERROGATORY NO. 5:**

Identify all studies of which you are aware which concern chondroitin sulfate.

**AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Premier incorporates by reference the Continuing Objections set forth above. Premier objects that this interrogatory is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Premier also objects to this interrogatory because it exceeds the requirements of Rule 26 of the Federal Rules of Civil Procedure, as the burden and expense of the proposed discovery outweighs any benefit. Premier further objects that this interrogatory calls for information that is properly the subject of expert testimony and as to which a response at this stage of discovery would be premature. Premier further objects on the grounds that, under California law, private plaintiffs do not have the authority to demand substantiation for advertising claims. *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal.App.4th 1336, 1345-48 (2003) ("King Bio"); *see Fraker v. Bayer Corp.*, 2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) (". . . there is no private remedy for unsubstantiated advertising . . .").

Premier further objects that this information is available from a public source that is more convenient, less burdensome, and free. A comprehensive index of studies that concern chondroitin sulfate is freely available at PubMed.gov. PubMed comprises over 22 million citations for biomedical literature from MEDLINE, life science journals, and online books. PubMed is a free resource that is developed and maintained by the National Center for Biotechnology Information (NCBI), at the U.S. National Library of Medicine (NLM), located at the National Institutes of Health (NIH).

Without waiver of the aforesaid objections, Premier states as follows: This interrogatory requires the preparation of a compilation or summary of Premier's documents and the burden or

expense of preparing such summaries would be substantially the same for both parties. Premier has produced, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the scientific studies in its possession, custody, or control identified after a reasonably diligent search, that concern glucosamine and/or chondroitin sulfate, the ingredients in Joint Juice at issue in this litigation. Those studies can be found at the Bates Ranges listed in the attached Exhibit A. To the extent this interrogatory seeks additional information, Premier reiterates its objection that this interrogatory calls for information that is properly the subject of expert testimony and as to which a response at this stage of discovery would be premature. Premier reserves the right to rely on, make any use of, or introduce information, clinical studies, facts, documents, or other evidence that may develop or come to Premier's attention at a later time that concern chondroitin sulfate.

**INTERROGATORY NO. 6:**

Identify all studies which relate to or concern the health effects, if any, of Joint Juice.

**AMENDED RESPONSE TO INTERROGATORY NO. 6:**

Premier incorporates by reference the Continuing Objections set forth above. Premier objects that this interrogatory is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Premier also objects to this interrogatory because it exceeds the requirements of Rule 26 of the Federal Rules of Civil Procedure, as the burden and expense of the proposed discovery outweighs any benefit. Premier further objects to this interrogatory on the grounds that the phrase "health effects" is vague, ambiguous and unintelligible. Premier also objects that this interrogatory calls for information that is properly the subject of expert testimony and as to which a response at this stage of discovery would be premature. Premier further objects on the grounds that, under California law, private plaintiffs do not have the authority to demand substantiation for advertising claims. *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal.App.4th 1336, 1345-48 (2003) ("King Bio"); *see Fraker v. Bayer Corp.*, 2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) (". . . there is no private remedy for unsubstantiated advertising . . .").

Premier further objects that this information is available from a public source that is more convenient, less burdensome, and free. A comprehensive index of studies that concern the ingredients in Joint Juice is freely available at PubMed.gov. PubMed comprises over 22 million citations for biomedical literature from MEDLINE, life science journals, and online books. PubMed is a free resource that is developed and maintained by the National Center for Biotechnology Information (NCBI), at the U.S. National Library of Medicine (NLM), located at the National Institutes of Health (NIH).

Without waiver of the aforesaid objections, Premier states as follows: This interrogatory requires the preparation of a compilation or summary of Premier's documents and the burden or expense of preparing such summaries would be substantially the same for both parties. Premier has produced, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the scientific studies in its possession, custody, or control identified after a reasonably diligent search, that concern glucosamine and/or chondroitin sulfate, the ingredients in Joint Juice at issue in this litigation. Those studies can be found at the Bates Ranges listed in the attached Exhibit A. To the extent this interrogatory seeks additional information, Premier reiterates its objection that this interrogatory calls for information that is properly the subject of expert testimony and as to which a response at this stage of discovery would be premature. Premier reserves the right to rely on, make any use of, or introduce information, clinical studies, facts, documents, or other evidence that may develop or come to Premier's attention at a later time regarding the advertised benefits of Joint Juice.

**INTERROGATORY NO. 7:**

Identify all person(s) involved at any time in the creation of advertisements for Joint Juice by stating each person(s) name, title, employer, business address and department or division, time period of involvement, and whether the person is currently employed by you and, if not, the person's last known home address, business address and telephone number.

**AMENDED RESPONSE TO INTERROGATORY NO. 7:**

Premier incorporates by reference the Continuing Objections set forth above. Premier objects that this interrogatory is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated

to lead to the discovery of admissible evidence. Premier also objects to this interrogatory because it exceeds the requirements of Rule 26 of the Federal Rules of Civil Procedure, as the burden and expense of the proposed discovery outweighs any benefit. Premier further objects to this interrogatory to the extent it seeks "all" persons who were involved in the creation of advertisements for Joint Juice on the grounds that such a request is overly broad. Premier further objects to this interrogatory on the grounds that the phrase "involved in" is vague, ambiguous and unintelligible. Premier additionally objects to this interrogatory to the extent it calls for information in response that constitutes confidential, proprietary, or private information protected from disclosure. Premier also objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or other relevant privilege. Premier also objects to this interrogatory on the grounds that it invades the privacy of Premier's former employees.

Without waiver of the aforesaid objections, Premier states as follows: The individuals and agencies listed below were involved in the creation of advertisements for Joint Juice from March 21, 2009 through March 21, 2013. Aside from agencies and counsel, only current Premier employees are provided. Premier employees listed below may be contacted through counsel only.

Individuals:

| Name | Company / Title or Division | Time Period of Involvement | Currently Employed | Contact Information |
|---|---|---|---|---|
| David Cooper | Premier / CFO | 2012 - present | Yes | |
| Darcy Horn | Premier / VP, Marketing | 2010 - present | Yes | |
| Stewart Irving | Premier / VP, Operations | pre-2009 - present | Yes | |
| Booker Lucas | Premier / Premier Brand Director | 1/2011 - 3/2013 | Yes | 4350 Albert St. Oakland, CA 94619 |
| Lance Palumbo | Premier / Joint Juice Brand Director | pre-2009 - present | Yes | |
| Jeannie Perron* | Covington & Burling | pre-2009 - | *Counsel | 1201 Pennsylvania |

DEFENDANT PREMIER NUTRITION CORPORATION'S FIRST AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

7914241-v4

| | LLP / Partner | present | to Premier | Avenue, NW Washington, DC 20004 (202) 662 -5687 |
|---|---|---|---|---|
| David Ritterbush | Premier / CEO | 2009 - present | Yes | |
| Katrina Taft | Premier / Consumer and Influencer Marketing Manager | 2012 - present | Yes | |

Ad/Design Agencies

| Agency Name | Name of Key Contact | Time Period of Involvement | Business Contact Information |
|---|---|---|---|
| Respond 2 (R2C) | Karen Egan | 2010 - Present | 207 Northwest Park Avenue Portland, Oregon 97209 (971) 554-3571 |
| Eleven, Inc. | Jarett Hausske | 2009 - 2012 | 445 Bush St San Francisco, CA 94108 (415) 707-1111 |
| The Thompson Design Group | Dennis Thompson | 2009 - Present | 725 Greenwich Street #300 San Francisco, CA 94133 (800) 656-4433 ext. 113 |

Dated:  May 9, 2014

By: _____
         GUIDO E. TOSCANO

**VENABLE LLP**
Angel A. Garganta
Guido E. Toscano

**ARNOLD & PORTER LLP**
Trenton H. Norris
Rachel L. Chanin

*Counsel for Defendant Premier Nutrition Corporation*

DEFENDANT PREMIER NUTRITION CORPORATION'S FIRST AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

12

7914241-v4

## VERIFICATION

I, Lance Palumbo, hereby attest that I am the Brand Director for Joint Juice for Defendant Premier Nutrition Corporation, a party to this action, and in this capacity am authorized to make this verification on its behalf.

I have read **Defendant Premier Nutrition Corporation's First Amended Responses To Plaintiff's First Set of Interrogatories**, and know its contents. I am informed and believe and on that ground allege that the matters stated therein are true.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this _6th_ day of May, 2014 at Denver, Colorado.

By: _____
Lance Palumbo

VERIFICATION

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On **May 9, 2014**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **DEFENDANT PREMIER NUTRITION CORPORATION'S FIRST AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on the interested parties in this action addressed as follows

BLOOD HURST & O'REARDON, LLP
Timothy G. Blood
Thomas J. O'Reardon II
701 B Street, Suite 1700
San Diego, California 92101
Telephone:    (619) 338-1100
Facsimile:    (619) 338-1101
Email: tblood@bholaw.com
Email: toreardon@bholaw.com

GRANT & EISENHOFER P.A.
Adam J. Levitt
Edmund S. Aronowitz
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone:    (312) 214-0000
Facsimile:    (312) 214-0001
Email: alevitt@gelaw.com
Email: earonowitz@gelaw.com

SIPRUT PC
Joseph J. Siprut
Tyler Zanders
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Telephone:    (312) 236-0000
Facsimile:    (312) 948-9212
Email: jsiprut@siprut.com
Email: tzanders@siprut.com

CARPENTER LAW GROUP
Todd D. Carpenter
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone:    (619) 347-3517
Facsimile:    (619) 756-6991
Email:    todd@carpenterlawyers.com

☑    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☐    **BY MAIL (FRCP 5(b)(1)(C)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☑    **BY EMAIL (CCP § 1010.6; CRC Rule 2.251(g)):** I transmitted the above-stated document(s) and an unsigned copy of this declaration from my computer (electronic notification address **getoscano@venable.com** located at Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California 90067 to the interested parties in this action whose names and e-mail addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service by e-mail or electronic transmission was agreed upon based on a court order or an agreement of the parties to accept service.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

☐ **BY PERSONAL SERVICE (FRCP 5(b)(1)(B)(i))**: I caused to be delivered such envelope(s) by hand to the addressee(s) as stated above.

☐ **BY OVERNIGHT DELIVERY  (FRCP 5(b)(1)(F))**: I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery.  Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐ **BY FACSIMILE (FRCP 5(b)(1)(E))**:  Pursuant to FRCP 5(b)(1)(E), on [DATE], between the business hours of 9:00 a.m. and 5:00 p.m. I served the above stated document by facsimile from the facsimile machine of Venable, LLP whose phone number is (310) 229-9901 to the addressee(s) at the facsimile numbers as stated above.  The facsimile machine used complies with CRC Rule 2003(3).  Pursuant to CRC Rule 2008(e) the transmission be facsimile was reported as complete and without error.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **May 9, 2014**, at Los Angeles, California.

_____
Guido E. Toscano

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900