# EXHIBIT C

BRUCE REED GOODMILLER (CA SBN 121491)
City Attorney
*Email: Bruce_Goodmiller@ci.richmond.ca.us*
RACHEL SOMMOVILLA (CA SBN 231529)
Assistant City Attorney
Email: Rachel_Sommovilla@ci.richmond.ca.us
CITY OF RICHMOND
450 Civic Center Plaza
Richmond, California 94804
Telephone: 510.620.6509
Facsimile: 510.620.6518

ARTURO J. GONZÁLEZ (CA SBN 121490)
Email: AGonzalez@mofo.com
CHRISTOPHER J. CARR (CA SBN 184076)
*CCarr@mofo.com*
NAVI S. DHILLION (BAR NO. 279537)
Email: NDhillion@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant and Counterclaimant
THE CITY OF RICHMOND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE GUIDIVILLE RANCHERIA OF CALIFORNIA, a federally recognized Indian tribe; and UPSTREAM POINT MOLATE LLC, a California Limited Liability Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; SALLY JEWELL, the Secretary of the Department of the Interior; KEVIN WASHBURN, the Assistant Secretary - Indian Affairs; and THE CITY OF RICHMOND, a California Municipality,<br><br>Defendants.<br><br>*Caption continues next page* | Case No. CV 12-1326-YGR<br><br>**DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF THE CITY OF RICHMOND'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:<br>Time:<br>Place: Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA<br><br>The Honorable Yvonne González Rogers |

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION. FOR ATTORNEYS' FEES AND COSTS
sf-3484073

1

THE CITY OF RICHMOND, a California Municipality,

Counterclaimant,

v.

UPSTREAM POINT MOLATE LLC, a California Limited Liability Corporation,

Counterclaim Defendant.

I, Christopher J. Carr, declare as follows:

1.     I am a partner at Morrison & Foerster LLP, counsel of record in this action for defendant and counterclaimant the City of Richmond (City).  I make this declaration in support of the City's Motion for Attorneys' Fees and Costs.  I was and am the day-to-day partner responsible for managing this litigation and am familiar with all aspects of this case, including all matters relating to billing.  I have personal knowledge of the matters set forth below and if called as a witness, I could and would testify competently thereto.

## TIMEKEEPERS AND SUMMARY OF QUALIFICATIONS

2.     The City seeks attorneys' fees for legal work performed by the following individuals in connection with this litigation:  Arturo Gonzalez, Shaye Diveley, Travis Brandon, Alejandro Bras, Navi Dhillon, Dan Gershwin, Ian Andrew Johnston, Sue Landsittel, Mary Natalie Naugle, and me.  Morrison & Foerster's legal team also included one paralegal, Andrea McAfee, and one eDiscovery project manager, Bethany DeRuiter.

3.     I am chair of Morrison & Foerster's Environment and Energy Practice Group.  My practice focuses on representing land developers, business concerns, private individuals, public agencies and nonprofits in all areas of environmental and natural resources law, including energy, forestry, water, mining, coastal and marine resources, agriculture and land development.  I frequently defend against "citizen suits" brought under federal environmental statutes, and litigate challenges to environmental permits, approvals, and review documents in federal and state courts. I have substantial experience working on matters involving the California Environmental Quality Act and land use law.  Attached as **Exhibit A** is a true and correct copy of my attorney biography.

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

2

4. Arturo González is chair of the firm's Commercial Litigation and Trial Practice Group and past co-chair of the firm's Litigation Department. He is an associate with the American Board of Trial Advocates who specializes in high-stakes, bet-the-company litigation and trials. From 2006 – 2012, he was named by the *Daily Journal* as one of California's Top 100 leading lawyers, and he has been recommended as a leading lawyer by Best Lawyers in America from 2008 – 2015. Attached as **Exhibit B** is a true and correct copy of his attorney biography.

5. Prior to leaving the firm, Shaye Diveley was Of Counsel in the firm's Environment and Energy Practice Group. She has represented a wide range of clients, from public entities, tribal groups, and nonprofit organizations to trade associations, developers, and Fortune 500 companies, on endangered species, land use, water quality, municipal law, and CEQA matters. Ms. Diveley has been recommended by Best Lawyers in America (2011 – 2014) for natural resources law. Ms. Diveley received her J.D. from the University of California, Hastings College of the Law. Attached as **Exhibit C** is a true and correct copy of her attorney biography.

6. Prior to leaving the firm, Travis Brandon was an associate in the firm's Environment and Energy Practice Group. He obtained his B.A. from Stanford University, his M.A. and M. Phil from Yale University, and his J.D. from Stanford Law School. Mr. Brandon clerked for the Honorable John T. Noonan of the Ninth Circuit Court of Appeals. Attached as **Exhibit D** is a true and correct copy of his attorney biography.

7. Alejandro Bras is an associate in Morrison & Foerster's Environment and Energy Practice Group. His practice spans a number of areas, from litigating complex environmental issues in California courts and counseling clients on federal regulatory matters, to advising on international real estate deals. Mr. Bras received his J.D. from Stanford Law School and his undergraduate degree from Princeton University. Attached as **Exhibit E** is a true and correct copy of his attorney biography.

8. Navi Dhillon is an associate in the firm's Environment and Energy Practice Group. He received his J.D., *magna cum laude*, from the University of California, Hastings College of the Law. Before joining the firm, Mr. Dhillon served as a law clerk to the Honorable John E.

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

3

Munter of the San Francisco Superior Court's Complex Civil Litigation Department. Attached as **Exhibit F** is a true and correct copy of his attorney biography.

9. Dan Gershwin is an associate in the firm's Environment and Energy Practice Group. He counsels clients on land use, environmental and regulatory matters across a range of industries. Before joining Morrison & Foerster, he served as a law clerk for the Honorable Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit. Mr. Gershwin graduated, *summa cum laude*, from the University of Pennsylvania Law School. Attached as **Exhibit G** is a true and correct copy of his attorney biography.

10. Ian Andrew Johnston is an associate in the firm's Litigation Department. He earned his J.D. from Harvard Law School where he was an editor of the *Harvard Civil Rights– Civil Liberties Law Review*. Attached as **Exhibit H** is a true and correct copy of his attorney biography.

11. Prior to leaving the firm, Sue Landsittel was an associate in the firm's Environment and Energy Practice Group. She received her J.D., *magna cum laude*, from the Northwestern University School of Law, where she was a senior articles editor of the *Northwestern University Law Review*. After graduating, Ms. Landsittel clerked for the Honorable Richard C. Tallman of the Ninth Circuit Court of Appeals. Attached as **Exhibit I** is a true and correct copy of her attorney biography.

12. Mary Natalie Naugle is an associate in the firm's Litigation Department. She graduated from UC Berkeley with highest honors and received her J.D. *cum laude* from UC Hastings College of the Law. She was named a "Rising Star" by *Super Lawyers* 2013 and 2014. Attached as **Exhibit J** is a true and correct copy of her attorney biography.

13. One Morrison & Foerster paralegal, Andrea McAfee, and the firm's eDiscovery project manager, Bethany DeRuiter, assisted the attorneys with this case. Ms. McAfee is a senior paralegal with expertise and experience in the issues raised by this action (including litigation involving contracts between developers and municipalities and CEQA), as well as discovery. She aided the attorneys in fact gathering, and document collection, review and production. Ms. DeRuiter assisted with and provided guidance on e-discovery protocol, method and management.

CASE No. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

4

**SUMMARY OF FEES**

14.     This action was filed in March 2012 by plaintiff and counterclaim defendant Upstream Point Molate LLC (Upstream) and plaintiff The Guidiville Rancheria of California (a/k/a the Guidiville Band of Pomo Indians of the Guidiville Rancheria) (Tribe) (together, Plaintiffs).  A true and correct copy of the Land Disposition Agreement, including subsequent amendments ("LDA") is attached hereto as **Exhibit K**.

15.     It is Morrison & Foerster's customary practice to send its clients an invoice for professional services rendered and disbursements every month.  Morrison & Foerster followed that practice in representing the City in connection with this litigation.  Between April 16, 2012 and the present, Morrison & Foerster sent the City an invoice every month for legal work performed on this matter.  Those invoices total more than 250 pages and are over two inches thick.  The invoices reflect the amount of time that a given timekeeper spent on this matter on a particular day, a description of his or her work, and the total value of the services.

16.     As is my customary practice, I monitored this litigation carefully and reviewed each invoice to satisfy myself that all of the time entries were appropriate prior to sending an invoice to the City for payment. The City also closely managed this litigation and was sensitive to costs.

17.     In preparing this motion, I reexamined the invoices sent to the City and am confident that the number of hours billed are commensurate with the tasks that needed to be performed.

18.     My review of the invoices and the detailed time entries therein gave me concern that attaching the invoices in their entirety to this motion could lead to the disclosure of attorney-client confidences.  It is for that reason complete copies of the invoices are not attached to my declaration.  However, to aid the Court in ruling on this motion, I have attached as **Exhibit L** to my declaration true and correct copies of the summary pages from each invoice sent to the City.  Those summary pages reflect the legal fees for each timekeeper and a short description of the disbursements for that month.  The below chart reflects the amount of time spent by each

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

5

timekeeper on this matter and a general description of the work/responsibilities performed by each from the inception of the suit in early 2012 to the present:

| ATTORNEY | HOURS | DESCRIPTION OF WORK |
|---|---|---|
| Arturo Gonzalez | 121.50 | Lead trial counsel |
| Chris Carr | 744.25 | Day-to-day partner on case |
| Shaye Diveley | 694.50 | Manage and supervise all aspects of discovery; draft briefs, |
| Travis Brandon | 536.00 | Research legal issues, draft briefs |
| Alejandro Bras | 58.50 | Research legal issues |
| Navi Dhillon | 75.75 | Research legal issues, draft briefs |
| Dan Gershwin | 87.25 | Research legal issues, draft briefs |
| Ian Andrew Johnston | 72.25 | Research legal issues, draft briefs |
| Sue Landsittel | 562.00 | Research legal issues, draft briefs |
| Mary (Natalie) Naugle | 46.25 | Expert work and respond to discovery |
| Andrea McAfee | 1,302.25 | Respond to discovery |
| Bethany DeRuiter | 184.00 | E-discovery manager |

19. The customary hourly rates for attorney's working at Morrison & Foerster's San Francisco office range from $350.00 per hour for associates to more than $1,000.00 per hour for partners. The chart below reflects the standard rates for each timekeeper during the time periods each worked on this litigation:

| Attorney/Timekeeper | Standard Hourly Rates |
|---|---|
| Arturo Gonzales | $875 - $1100 |
| Chris Carr | $800 - $950 |
| Shaye Diveley | $655 - $730 |
| Travis Brandon | $530 - $585 |
| Alejandro Bras | $350 - $585 |
| Navi Dhillon | $385 - $525 |
| Dan Gershwin | $370 - $525 |
| Ian Andrew Johnson | $350 - $460 |
| Sue Landsittel | $415 - $480 |
| Mary Natalie Naugle | $635 - $740 |
| Andrea McAfee | $300 - $330 |
| Bethany DeRuiter | $285 - $295 |

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

6

20. The rates shown above are the standard rates charged by Morrison & Foerster and paid by its clients. Because the City is a public entity, Morrison & Foerster entered into a special fee agreement with the City. Morrison & Foerster and the City agreed that the City would pay a blended hourly rate rather than the standard rates shown above. The blended rate has ranged from $550 to $595 per hour for attorneys and $285 to $320 per hour for other timekeepers. The blended rate increased over time to account for Morrison & Foerster's yearly and customary rate increases.

21. With respect to each timekeeper for whom the City seeks fees, the chart below reflects the blended rate agreed to and/or paid by the City, the number of hours billed by that timekeeper, and the value of those services.

| ATTORNEY/TIMEKEEPER | RATE | HOURS | VALUE |
|---|---|---|---|
| Arturo Gonzalez | $ 550.00 | 20.50 | $ 11,275.00 |
| Arturo Gonzalez | $ 575.00 | 96.25 | $ 55,343.75 |
| Arturo Gonzalez | $ 595.00 | 4.75 | $ 2,826.25 |
| Chris Carr | $ 550.00 | 398.25 | $ 219,037.50 |
| Chris Carr | $ 575.00 | 250.75 | $ 144,181.25 |
| Chris Carr | $ 595.00 | 95.25 | $ 56,673.75 |
| Shaye Diveley | $ 550.00 | 312.50 | $ 171,875.00 |
| Shaye Diveley | $ 575.00 | 382.00 | $ 219,650.00 |
| Travis Brandon | $ 550.00 | 498.50 | $ 274,175.00 |
| Travis Brandon | $ 575.00 | 37.50 | $ 21,562.50 |
| Alejandro Bras | $ 550.00 | 58.50 | $ 32,175.00 |
| Navi Dhillon | $ 595.00 | 75.75 | $ 45,071.25 |
| Dan Gershwin | $ 575.00 | 67.75 | $ 38,956.25 |
| Dan Gershwin | $ 595.00 | 19.50 | $ 11,602.50 |
| Ian Andrew Johnston | $ 575.00 | 72.25 | $ 41,543.75 |
| Sue Landsittel | $ 550.00 | 215.25 | $ 118,387.50 |
| Sue Landsittel | $ 575.00 | 346.75 | $ 199,381.25 |
| Mary (Natalie) Naugle | $ 575.00 | 46.25 | $ 26,593.75 |
| Andrea McAfee | $ 300.00 | 88.50 | $ 26,550.00 |
| Andrea McAfee | $ 315.00 | 1,106.25 | $ 348,468.75 |
| Andrea McAfee | $ 320.00 | 107.50 | $ 34,400.00 |
| Bethany DeRuiter | $ 285.00 | 61.50 | $ 17,527.50 |
| Bethany DeRuiter | $ 295.00 | 122.50 | $ 36,137.50 |
| **TOTALS** | | **4,484.5** | **$ 2,153,395.00** |
| **CLIENT ACCOMODATION (2/24/14 INVOICE)** | | | **$ (4,025.00)** |
| **FEE TOTAL** | | | **$ 2,149,370.00** |

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

7

22. Based on my legal experience and personal familiarity with the work performed and the results achieved by the City in this case, I believe that these fees, rates, and hours are more than fair and reasonable.

23. As noted above, this lawsuit was filed in March 2012. In direct response to the filing of this action in March 2012, Morrison & Foerster performed legal work on behalf of the City in March and April 2012. The invoice for March 2012 was for $79,800.52 and the invoice for April 2012 was for $36, 926.68. The total for those two invoices is $116,727.20. Based on my review of the time entries for those months, I believe that at least $50,000 of legal work was performed in response to this litigation in March and April 2012. To eliminate any disputes about the reasonableness of its fees, the City is not seeking those fees here. Nor is the City seeking fees for timekeepers that billed 15 hours or less on this matter, including from some partners who provided high-level strategic advice. It is my view that the City would otherwise be entitled to seek all of these fees on this motion. The value of these fees is over $70,000.

24. I also worked closely with the Richmond City Attorney's Office on this matter. The Richmond City Attorney's office provided substantial assistance in drafting briefs, developing strategy, gathering documents for discovery, and more. City Attorney Bruce Goodmiller and Assistant City Attorney Rachel Sommovilla spent hundreds of hours working on tasks relating directly to and furthering the City's defense of this litigation. The City is not seeking fees for their considerable and valuable legal work.

25. In total, the City is seeking a fee award $2,149,370.00 plus any fees and costs incurred in connection with finalizing this motion, preparing a reply, and attending the hearing on this motion. The requested fee award reflects all legal fees incurred by the City as of COB February 16, 2015. To date, the City has paid Morrison and Foerster over $2 million in legal fees and costs because of this litigation.

**COSTS**

26. The City has also incurred costs in the amount of $156, 259.26. Tables reflecting the costs incurred by the City are attached hereto as **Exhibit M**. The bulk of the costs were for e-discovery and true and correct copies of the e-discovery invoices are attached hereto as **Exhibit**

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

8

**N**. As shown by the invoices, the City has paid and continues to pay about $2,500 per month to a discovery vendor to maintain the documents collected in response to Plaintiffs' discovery requests, regardless of whether any searches are run on the documents.

## CERTIFICATION OF COMPLIANCE WITH CIVIL L.R. 54-5(b)(1)

27. On December 15, 2014, I sent an e-mail to counsel for Plaintiffs to initiate the meet and confer process on attorneys' fees and costs as required by Civil L.R. 54-5(b)(1). I had a telephone conference with Plaintiffs' counsel on the subject of fees and costs and also exchanged e-mails on the subject with them. The parties were unable to reach agreement.

## SUMMARY OF THE CASE

28. This was a complex litigation involving allegations spanning many years and the claims involved complex legal issues involving federal and state law, including the California Environmental Quality Act. Our legal team here at Morrison & Foerster spent considerable time researching the claims asserted by Plaintiffs, and ultimately decided that filing a motion for judgment on the pleadings was the best and most efficient way to end this case. Litigating this matter also involved substantial motion and discovery practice, as detailed below.

### A. Motion for Judgment on the Pleadings (Number One)

29. On November 26, 2012, the City filed a motion for judgment on the pleadings. Dkt. No. 38. Plaintiffs filed an opposition on December 10, 2012 (Dkt. No. 39) and the City filed its reply on December 17, 2012. (Dkt. No. 43.) On December 20, 2012, the Court issued an order granting Plaintiffs leave to file a second amended complaint and denied the City's motion for judgment on the pleadings on the ground that it was moot. Dkt. No. 45.

### B. Motion for Judgment on the Pleadings (Number Two)

30. On February 11, 2013, the City filed its second motion for judgment on the pleadings. Dkt. No. 53. Plaintiffs filed their opposition on February 28, 2012 (Dkt. No. 67) and the City filed its reply on March 11, 2013. (Dkt. No. 80.) On March 21, 2013, the City withdrew its motion for judgment on the pleadings because Upstream filed a motion for leave to file a third amended complaint and the City did not oppose that motion. Dkt. Nos. 85, 86, 87 & 88.

### C. Motion for Judgment on the Pleadings (Number Three)

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

9

31.     On June 4, 2013, the City filed its final motion for judgment on the pleadings. Dkt No. 114.  On June 18, 2013, Plaintiffs filed their opposition to that motion (Dkt. Nos. 157-1, 158) and the City filed its reply on June 25, 2013 (Dkt. No. 162).  The parties also heavily briefed whether the certain documents were subject to judicial notice.  A hearing on the matter was held on July 9, 2013 and the Court stated that the matter would be submitted after the parties submitted supplemental briefs.  Dkt. No. 170.  Both parties submitted supplemental briefs on July 15, 2013.  Dkt. Nos. 176-177.  Thereafter, on October 18, 2013, Plaintiffs filed a motion for leave to file an additional brief in opposition to the City's motion for judgment on the pleadings.  Dkt. No. 202.  The City filed an opposition to that request on October 21, 2013.  Dkt. No. 203.

32.     On October 23, 2013, the Court issued an order granting Plaintiffs leave to file a supplemental brief in opposition to the City's motion for judgment on the pleadings.  Dkt. No. 205.  Plaintiffs filed their additional supplemental brief on October 25, 2013.  Dkt. No. 206.  The City also filed a supplemental brief in support of its motion on November 1, 2013.  Dkt. No. 207.

33.     On December 12, 2013, the Court issued an order granting the City's motion for judgment on the pleadings.  Dkt. No. 212.  Attached hereto as **Exhibit O** is a true and correct copy of the Order Granting Motion Of City Of Richmond For Judgment On The Pleadings.

**D.     Plaintiffs' Motions for Leave To File a Motion for Reconsideration and Motion to File a Fourth Amended Complaint.**

34.     On January 24, 2014, Upstream filed a motion for leave to file a motion for reconsideration and a motion for leave to file a fourth amended complaint.  Dkt. Nos. 222 & 223.  The City filed its opposition to that motion on February 7, 2014 (Dkt. No. 228) and Plaintiffs filed their reply on February 13, 2014 (Dkt. No. 229).  On July 24, 2014, the Court denied those motions.  Dkt. No. 236.

**E.     Plaintiffs' Motions for Interlocutory Review**

35.     On August 4, 2014, Plaintiffs filed a motion to amend and certify orders for interlocutory review pursuant to 28 U.S.C. § 1292(b).  Dkt. No. 237. The City filed its opposition to that motion on August 14, 2014 (Dkt. No. 239) and Plaintiffs filed their reply on August 21,

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

10

2014 (Dkt. No. 240). On September 16, 2014, the parties filed a joint supplemental brief. Dkt. No. 244. The Court denied the motion on October 2, 2014. Dkt. No. 245.

**F.  Discovery Practice**

36.  Plaintiffs served hundreds of discovery requests on the City and the City had to spend enormous resources responding to that discovery. Due to the scope of those requests, the City, between August 2012 and October 2012, collected over 500 GB of electronic documents from over 30 custodians and also pulled nearly 6,000 hard copy documents totaling over 50,000 pages from 12 custodians. The City then uploaded over 600,000 electronic and hard copy documents into a review database and ran a long list of search terms, provided by Plaintiffs, on those documents. After reviewing the many documents, the City produced over 40,000 pages of documents, bates-stamped in chronological order and ready for Plaintiffs' review.

37.  The City's discovery, by comparison, was much more limited and focused. Plaintiffs produced over 85,000 pages of documents in response to the City's discovery requests but did not bates-stamp all of those documents, which made it difficult to efficiently review them.

38.  The City also had to spend considerable time and effort in resolving discovery issues with the Plaintiffs. Those efforts included exchanging meet-and-confer letters, having face-to-face meetings, and appearing before the Court to resolve discovery disputes. Those disputes were resolved in the City's favor.

**F.  Other Tasks**

39.  In addition to the above, the City's attorneys at Morrison & Foerster performed many other tasks: research legal issues, draft court documents, draft memoranda, attend meetings and hearings, develop strategy, meet with our client, meet and confer with opposing counsel, exchange e-mail correspondence with opposing counsel, and the myriad other tasks that come with modern law practice.

**G.  Entry of Judgment**

40.  The City also spent considerable time working with Plaintiffs' counsel on matters relating to the entry of judgment. For example, the parties exchanged drafts of a proposed form of judgment and stipulation for entry of judgment. The parties ultimately reached agreement on a

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

11

proposed form of judgment and the Court entered judgment in favor of the City and against Plaintiffs on February 3, 2015. Dkt. No. 252. Attached hereto as **Exhibit P** is a true and correct copy of the Judgment In Favor Of the City Of Richmond.

I declare under the penalty of perjury that the foregoing is true and correct and that this Declaration was executed this 17th day of February, 2015, at San Francisco, California.

>                                _/s/ Christopher J. Carr_
>                                CHRISTOPHER J. CARR

CASE NO. CV 12-1326-YGR
DECLARATION OF CHRISTOPHER J. CARR IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS
sf-3484073

12