VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
Amit Rana (SBN 291912)
Email: arana@venable.com
Antonia I. Stabile (SBN 329559)
Email: aistabile@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendant
PREMIER NUTRITION COMPANY, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>       Defendant. | Case No. 3:16-cv-06980-RS<br><br>Hon. Richard Seeborg<br><br>**PREMIER NUTRITION'S OBJECTIONS TO DECLARATION OF RICHARD M. PEARL SUBMITTED WITH PLAINTIFF'S REPLY IN SUPPORT OF RENEWED MOTION FOR FEES COSTS**<br><br>Hearing Date: June 29, 2023<br>Time:         1:30 p.m.<br><br>Judge: Honorable Richard Seeborg<br>Location: Courtroom 3, 17th Floor<br><br>Complaint Filed:  December 5, 2016<br>Trial Date:      May 23, 2022 |

On May 25, 2023, Plaintiff filed a Reply in support of her Renewed Motion for an Award of Attorneys' Fee, which included a 45-page declaration from a previously undisclosed expert, Richard M. Pearl, Esq. *See* Dkt. 334. For the following reasons, Premier objects to the Pearl Declaration and the Court should refuse to consider it. If the Court is inclined to consider the Pearl Declaration, in fairness Premier should have an opportunity to respond and point out the flaws in Mr. Pearl's methodology and his glaring lack of objectivity, as further explained in the attached Second Supplemental Declaration of Steven A. Tasher, Esq.

**I.    THE COURT SHOULD DISREGARD THE PEARL DECLARATION**

**A.    Submitting the Declaration in Reply Is Procedurally Improper**

In the Ninth Circuit, as in other Circuits, it is unfair for a party to submit new evidence in a reply without affording the other party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Another judge of this Court refused to consider a declaration submitted by Mr. Pearl for this very reason. In *Rodgers v. Fitzgerald*, the plaintiff submitted a declaration from Mr. Pearl for the first time in her reply. 2016 WL 4658974, at *4 n.6 (N.D. Cal. Sept. 7, 2016). The Court refused to rely upon the declaration because it was unfair to the defendant: "Moreover, and most importantly, Plaintiff submitted the Pearl Declaration with his Reply, and Defendants did not have an opportunity to respond to it. Defendants objected to the Pearl Declaration. Plaintiff should have submitted the Pearl Declaration with his moving papers. The court therefore will not rely upon it." *Id.* (citations omitted).

The Court should do the same here. There is no reason Plaintiff could not have submitted a declaration from Mr. Pearl with their moving papers that disclosed many of the opinions contained in his reply Declaration. Plaintiff has known since November 2022 that Premier had retained an expert to address the reasonableness of their fee request. Plaintiff has known since December 2022 that the Court would be using the lodestar method to calculate a fee award in this case, which requires the Court to review Class Counsel's billing records and expenses for reasonableness. If Plaintiff's intention was to retain her own expert to support the reasonableness of Class Counsel's rates and work, she should have submitted the expert's initial opinions— including credentials and qualifications—with her Renewed Motion. Instead, Plaintiff chose to

-1-

withhold her expert's identity and opinions until reply, giving Premier no fair opportunity to address anything Mr. Pearl says—including his qualifications and methodology. This is unfair, and the correct remedy is for the Court to disregard Mr. Pearl's Declaration.

### B.    The Pearl Declaration Contains Improper Legal Argument

In addition to the procedural unfairness, much of Pearl's Declaration is objectionable because it contains improper legal argument. Rather than offering an opinion based on his experience and expertise, and citing cases to support it, Pearl frequently crosses the line into pure legal analysis and argument. For example, in Paragraph 20 of his Declaration, Mr. Pearl purports to articulate "[t]he proper standard for determining whether to compensate time spent by counsel," followed by block quotation from Ninth Circuit cases. Similarly, in Paragraph 37, Mr. Pearl argues about which party bears the legal burden to produce sufficient evidence of reasonableness in connection with a lodestar analysis. These are not the proper subjects of expert opinion, and Plaintiff cannot use an expert declaration as a stalking horse to put additional legal argument before the Court. At least one court in this Circuit has stricken a reply declaration from Mr. Pearl for this very reason. *See Gordon v. Los Angeles Unified Sch. Dist.*, 2019 WL 2511936, at *4, *8 (C.D. Cal. June 17, 2019) (striking Mr. Pearl's declaration, "which was submitted in support of plaintiff's reply brief, because it contained impermissible legal arguments").

## II.    IF THE COURT CONSIDERS PEARL'S DECLARATION, IT SHOULD ALSO CONSIDER THE SUPPLEMENTAL DECLARATION OF PREMIER'S EXPERT

Should the Court consider the Pearl Declaration filed with Plaintiff's Reply despite its procedural deficiencies, then it should also consider the attached Second Supplemental Declaration of Steven Tasher (Premier's fee expert). Mindful of the Court's time and resources, Mr. Tasher's short Second Supplemental Declaration does not respond to all the points Mr. Pearl raises. Rather, it is limited to critiquing Mr. Pearl's methodology and responding to Mr. Pearl's attacks on Mr. Tasher's credentials and analysis. Indeed, Mr. Pearl devotes over five pages of his Declaration attacking Mr. Tasher's experience and credibility. Fundamental principles of due process require that Premier have the ability to do the same with respect to Mr. Pearl.

For example, the Court should be aware of Mr. Pearl's astonishing degree of bias. Premier conducted a survey of available federal cases in which Mr. Pearl appeared as a fee expert and determined, and in ***every case*** his opinion was that the requested rates and fees were reasonable. That is, in over 100 federal cases where Mr. Pearl offered an opinion on fees, his conclusion was always the same. No objective expert could come to the same conclusion in every case. *See* Tasher Second Supplemental Decl. ¶¶ 8-9.

Moreover, courts have been critical of a variety of Mr. Pearl's tactics, including using cut-and-paste opinions recycled from other cases. In over half of the 101 federal cases Premier located in which he submitted a declaration, Mr. Pearl's opinions were ignored or found unpersuasive. In fact, another judge of this Court recently observed that "[m]ultiple recent decisions in this district" have considered Mr. Pearl's "declarations to be of limited value." *Whitaker v. Joe's Jeans Inc.*, 2021 WL 2590155, at *4 (N.D. Cal. June 24, 2021) (Breyer, J.) (citing *Johnson v. Cortese*, 2020 WL 7495164, at *9 (N.D. Cal. Dec. 21, 2020) (Davila, J.) (noting that Pearl lacked experience in the type of litigation at issue and his declaration was prepared in connection with other, dissimilar cases) and *Love v. Undefeated Apparel Inc.*, 2021 WL 1375911, at *5–6 (N.D. Cal. Apr. 12, 2021) (Alsup, J.) (same)); *see also, e.g.*, *Johnson v. An Khang Mi Gia*, 2021 WL 5908389, at *9 (N.D. Cal. Dec. 14, 2021) (Labson Freeman, J.) (finding Pearl's declaration "not persuasive"); *Johnson v. 480 Geary St., LLC*, 2021 WL 5407874, at *5-6 (N.D. Cal. Jan. 27, 2021) (White, J.) (same); *Robinson v. Open Top Sightseeing San Francisco, LLC*, 2018 WL 2088392, at *3 (N.D. Cal. May 4, 2018) (Hamilton, J.) (same); *Lota v. Home Depot U.S.A., Inc.*, 2013 WL 6870006, at *16 (N.D. Cal. December 31, 2013) (Gonzales Rogers, J.) (same) *Rodgers v. Fitzgerald*, 2016 WL 4658974, at *4 n.6 (N.D. Cal. Sept. 7, 2016) (Ryu, J.) (same).

The decision in *Ferguson v. County of L.A.*, 2021 WL 3516260, at *5-7 (C.D. Cal. January 4, 2021), addresses many of the issues that pervade Mr. Pearl's Declaration in this case. As here, in *Ferguson* Mr. Pearl "notes numerous cases in which courts have 'referenced [his] testimony favorably,' but he does not state that the judicial officers in these cases awarded the fee he recommended. A review of these cases indicates that is not always the outcome." *Id*. at *5

-3-

(compare Pearl Decl. ¶¶ 7-8, listing decision where his testimony has been "cited favorably"). Similarly, in *Ferguson* Mr. Pearl "addresses several of the categories of challenges to Plaintiffs' counsel's billings, [but] he does not state that he has reviewed those billings as the [defendant's] counsel and this Court have." *Id*. at *7. Here, too, Mr. Pearl refutes Premier's arguments as to several categories of deficiencies in Class Counsel's billing records (e.g., vague and block-billed entries, travel time), yet Mr. Pearl did not review those records himself. *See* Pearl Decl. ¶ 10 (materials Mr. Pearl reviewed were Plaintiff's Motion, Premier's Opposition and Tasher Declaration, and unspecified "pleadings and orders"). Ultimately, the court found that Mr. Pearl's "generic declaration is useless" and ignored it. *Ferguson*, 2021 WL 3516260, at *6. This Court should do the same.

For the foregoing reasons, Premier respectfully requests that the Court disregard the Declaration of Richard M. Pearl or, in the alternative, consider the Second Supplemental Declaration of Steven A. Tasher.

Dated: June 10, 2023

VENABLE LLP

By: */s/ Steven E. Swaney*
STEVEN E. SWANEY

Attorneys for Defendant
PREMIER NUTRITION COMPANY, LLC