BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>            Defendant. | Case No. 3:16-CV-06980 RS<br><br>**JOINT STATUS REPORT**<br><br><u>**CLASS ACTION**</u><br><br>Judge:         Honorable Richard Seeborg<br>Courtroom:  Courtroom 3, 17th Floor<br><br>Complaint Filed:  December 5, 2016<br>Trial Date:            May 23, 2022 |

In response to the November 22, 2024, Clerk's Notice Requesting Joint Status Report, and pursuant to Local Rule 16-10(d), Plaintiff Mary Beth Montera and Defendant Premier Nutrition Company LLC submit the following Joint Status Report. ECF No. 363.

### I.   Status of the Present Case and Related Cases

A.   Present Case: *Montera*

This action, *Montera*, is one of nine related, certified Joint Juice actions. Three appeals followed the *Montera* judgment and order granting attorneys' fees and expenses:

1. Plaintiff's appeal of the statutory damages amount awarded in the judgment;
2. Premier's cross-appeal of the judgment; and
3. Premier's appeal of the order granting attorneys' fees and expenses.

On August 6, 2024, the Ninth Circuit entered a ruling affirming in part, reversing in part, and vacating and remanding in part the judgment entered on August 12, 2022. *See Montera v. Premier Nutrition Corp.*, 111 F.4th 1018 (9th Cir. 2024). Subsequently:

- On October 18, 2024, the Ninth Circuit denied Premier's petition for rehearing en banc.
- On November 1, 2024, the Ninth Circuit granted Plaintiff's motion to transfer consideration of attorneys' fees in appeal to this Court. ECF No. 355.

On November 22, 2024, following these rulings, this Court reopened this action and vacated in part the final judgment in favor of Plaintiff. ECF No. 362.

Pending motions and appeals in this matter include the following:

- Plaintiff's Motion to Reassess Statutory Damages Award: Plaintiff filed this motion on remand on December 9, 2024. It is now fully briefed and set to be heard on January 30, 2024. *See* ECF Nos. 364, 369, 370.
- Plaintiff's Motion for Attorneys' Fees and Non-Taxed Expenses on Appeal: Plaintiff filed this motion on November 4, 2024. It is also fully briefed and set to be heard on January 30, 2024. *See* ECF Nos. 356, 369, 373.
- Premier's Appeal Re: Attorneys' Fees and Expenses: Premier's appeal of this Court's order awarding attorneys' fees and expenses was fully briefed as of June 3, 2024. That appeal has been assigned to the same Ninth Circuit panel that decided the related *Montera* appeals, but

oral argument has not yet been scheduled.

- Premier's Certiorari Petition: On January 3, 2025, Premier applied to Justice Kagan, Circuit Justice for the Ninth Circuit, for an extension of time in which to file a certiorari petitions, to and including March 17, 2025. On January 14, 2025, Justice Kagan granted that application, making Premier's certiorari petition seeking review of the Ninth Circuit's merits judgment due on March 17, 2025.

B.   Related Federal Court Actions

There are eight related Joint Juice actions pending in the Northern District of California. These related federal cases allege violations of consumer protection statutes under the laws of Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, New Mexico, and Pennsylvania. The eight related federal cases have been effectively stayed since 2021. Currently, there are no trial dates scheduled in the related federal cases.

C.   Related State Court Actions

Two related Joint Juice actions—*Bland v. Premier Nutrition Corporation* (Case No. RG19002714) and *Sonner v. Premier Nutrition Corporation* (Case No. RG20072126)—are pending in Alameda County Superior Court before the Honorable Michael M. Markman.

Trial in *Bland* and *Sonner* was scheduled to begin on August 6, 2024, the same day the Ninth Circuit issued its decision in *Montera*. In light of the Ninth Circuit's decision, Judge Markman stayed *Bland* and *Sonner* pending the Ninth Circuit's ruling on Premier's petition for rehearing en banc.

Following the Ninth Circuit's denial of Premier's en banc petition on October 18, 2024, the stay in *Bland* and *Sonner* was lifted to allow Plaintiffs to file a motion for the application of issue preclusion arising out of the *Montera* decision. That motion has been fully briefed and the hearing on Plaintiffs' motion for application of issue preclusion in *Bland* and *Sonner* is scheduled for February 13, 2025.

**II.   Proposals for the Remainder of the Case Development Process**

Pursuant to Local Rule 16-10(d), the parties provide the following separate statements regarding "proposals for the remainder of the case development process."

A.    Plaintiff's Statement:

Issue preclusion arising from *Montera* is being briefed in the two state court actions. Entertaining a motion for application of issue preclusion is the logical next step in the remaining federal cases as well. Upon reviewing the *Montera* opinion, Judge Markman stayed the *Bland* and *Sonner* trials to permit briefing issue preclusion. Judge Markman's observations included the following:

- In reference to the jury instruction issued in *Montera*, which required Plaintiff to prove Joint Juice had no value: "Holy Toledo, the jury instruction, the jury instruction - - I wasn't aware of the jury instruction that Judge Seeborg used. That standard was extremely high." (8/6/24 Transcript, 10:11-22).
- Regard the Ninth Circuit remand: "The remand is very limited. I mean, it's a limited remand. It's a damages issue, you know." (8/6/24 Transcript, 14:20-22). And as a result, "I think you will have a final valid judgment on the merits by a court as to the same issues that were actually necessarily litigated with respect to the liability questions with the possible [damages' amount] exceptions that we've been discussing." (*Id.*, 15:1-6.)
- "When I saw the *Montera* case come across this morning, I had to laugh to myself and shake my head and think to myself, plaintiff's counsel is going to look at me and say, We told you so. Although you're too polite to say it." (*Id.*, 22:23 – 23:2).
- "I read the *Montera* decision that was issued today, and it straight up seems to decide the issues of liability." (*Id.*, 23:6-8).
- "So I'm going to have a tough time thinking that we are not about to reinvent the wheel on liability…[but] we have work to do at some point on remedy, and I don't want to go and start making findings on liability to close the door if the door is still potentially open for en banc review or a cert petition." (*Id.*, 24:1-11).
- "I think we are going to end up duplicating the effort in the *Montera* case. If we go forward with a trial starting with liability now, I think it's something that plaintiffs should not have to go through and do. I think it would be a significant expenditure of time that would be best spent by all of us dealing with the remedy issue given the liability findings in *Montera* as affirmed by the Ninth Circuit. I think that they've taken - - it feels in a very real sense that they've taken the liability question out of my hands." (*Id.*, 24:24 – 25:10).
- "My stay is premised on the fact that I think plaintiffs have a pretty strong case of collateral estoppel effect[] from the *Montera* judgment." (*Id.*, 26:12-14).
- "[A]s an objective observer, it strikes me that there is trouble here in River City" (*Id.*, 29:11-12).

The jury found that "Premier's claims about the benefits of Joint Juice were materially misleading to a reasonable consumer and that all class members were injured as a result of purchasing a product valueless for its advertised purpose." *Montera*, 111 F.4th at 1034. *Montera*

encompassed each of the three product labels at issue in the remaining Joint Juice cases (and which the parties have agreed are materially the same). The Ninth Circuit affirmed the *Montera* jury's liability findings and rejected Premier's petition for rehearing. These factual findings on liability are now ripe for application of issue preclusion here.

Issue preclusion prevents Premier from relitigating three important factual issues on liability that the jury in *Montera* resolved: (1) whether the Joint Juice labels are likely to deceive a reasonable consumer; (2) whether the deceptive Joint Juice labels caused harm to consumers; and (3) the amount of harm caused. "Issue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). Additionally, the prior proceeding need not involve the party invoking issue preclusion. Rather, "[o]nly the party *against whom* the doctrine is invoked must be bound by the prior proceeding." *Id.* at 825 (emphasis in original). Final adjudication of an issue includes any prior adjudication "that is determined to be sufficiently firm to be accorded conclusive effect." Restat. 2d of Judgments, § 13 (1982); *Meridian Fin. Servs., Inc. v. Phan*, 67 Cal. App. 5th 657, 688–89 (2021). The Ninth Circuit affirmed the jury's verdict on liability in *Montera* and rejected Premier's petition for rehearing. Accordingly, the issues are sufficiently firm to be afforded conclusive effect. Furthermore, the public policies underlying issue preclusion are best served by applying the doctrine here. Judicial economy is preserved by minimizing repetitive litigation over the same issues the federal jury in *Montera* already resolved and inconsistent judgments are avoided.

In its statement below, Premier argues that issue preclusion would be unfair because Plaintiffs proceeded with trial here and referred to *Montera* as a "bellwether." Premier suggests that by taking these positions, Plaintiffs waived application of issue preclusion. Not so.

Plaintiffs' counsel made clear that the "bellwether approach" was "not a true bellwether because it's not a mass tort case" but was instead designed to conserve resources by not trying all cases at once and "we would try a case, see where we're at." 4/14/21 Trans. at 3:19-21. Plaintiffs' counsel acknowledged that additional trials may be needed, not because issue preclusion would not apply, but because even with issue preclusion, issues would remain for trial in the other cases, for example, the amount of damages/restitution owed to each particular class. Nonetheless, bellwether

trials are not by label prevented from having preclusive effect. *See Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1051 (9th Cir. 2015); *In re E.I. Du Pont De Nemours & Co. C-8 Personal Inj. Litig.*, 54 F.4th 912, 927 (6th Cir. 2022).

Plaintiffs have always maintained that *Montera* is issue preclusive. On July 7, 2022, a month after the *Montera* verdict, Plaintiffs expressly stated their plan: "Plaintiffs will file a motion that various issues have been determined based on collateral estoppel as a result of the jury verdict reached in *Montera*." *See* 7/6/22 Joint Case Management Statement in *Bland*. Premier acknowledged this plan and responded: "[T]he Court need not consider the motion at all because Premier will be appealing the judgment in *Montera*, and under California law 'a judgment is not final for purposes of collateral estoppel while open to direct attack, e.g., by appeal.'" *Id.*

At the subsequent July 27, 2022 status conference in state court, the court echoed Premier's concern that issue preclusion could not occur while *Montera* was on appeal. Plaintiffs were thus forced to move forward with trial. However, as Premier has conceded, Plaintiffs continued to take the position that issue preclusion was appropriate and that *Bland* and *Sonner* should be stayed pending the Ninth Circuit's review of *Montera*. Premier objected and the state court denied those requests. Plaintiffs have been clear that they intended to seek issue preclusion once *Montera* was final and repeatedly sought to prevent the parties from expending further resources. As with the state court actions, issue preclusion is now ripe in the federal actions and should be applied accordingly.

B. Premier's Statement:

Premier proposes that the remainder of the case development process should continue as previously agreed and decided. Specifically, in 2021, the parties agreed and the Court decided on a process for resolving the Joint Juice cases through multiple bellwether trials, wherein the first trial would be selected by Plaintiff's counsel and the second trial would be selected by Premier. Now that the first bellwether trial (selected by Plaintiff's counsel) has concluded, the second bellwether trial (selected by Premier) can and should be scheduled.[1]

---

[1] A "bellwether trial" is "[a] nonbinding trial of a case, or set of cases, on issues representative of the common claims in a larger mass-tort proceeding, held to determine the merits of the claims and the strength of the parties' position on the issues." Black's Law Dictionary (12th ed. 2024); *see also*,

As background, nearly nine years ago, this Court considered whether the Joint Juice claims alleged by Plaintiff should be decided in one case or multiple cases. In 2016, the Court *denied* a request by Plaintiff's counsel to certify a nationwide class of consumers or a 10-state class of consumers, citing "true conflicts of law" between consumer protection statutes in different states, "thereby making a nationwide class improper." *Mullins v. Premier Nutrition Corp.*, Case 3:13-cv-01271-RS, Dkt. No. 137 (June 20, 2016). Accordingly, the Joint Juice litigation proceeded as multiple separate cases, wherein Plaintiff's counsel alleged violations of multiple state laws in nine separate actions. In 2021, the parties and this Court discussed the process for managing these nine separate actions. *Plaintiff's counsel* proposed a bellwether process, wherein the parties would begin with one trial and then, absent settlement, *the parties would move forward with other trials in related cases*. On April 14, 2021, Plaintiff's counsel stated the following to this Court:

> MR. BLOOD: So, I – all the parties and the Court from, for a very long time now have had a general plan on how to resolve the federal cases. As the Court may recall, back in 2016, we had asked for a multi-state class. Defendants opposed that, saying that a multi-state class could not be tried in one action. And the Court agreed. … And then, that brought all these other cases. We filed these other cases. And since that time, the parties have been discussing what is akin to ***a bellwether approach***, where – it's not a true bellwether because it's not a mass tort case. But, ***we would line up the cases, we would try a case, see where we're at***. Presumably, after one trial, the parties would know how juries in the future are likely to rule. And the cases would either settle, ***or we'd go to the next trial*** until we settled everything. I think that general plan still works fine.

*In re Premier Nutrition Litig.*, Case No. 3:16-cv-06703-RS, Dkt. No. 97 at 3:8-4:1 (emphasis added).

This Court adopted Plaintiff's proposed bellwether process. On October 1, 2021, the Court ordered the parties to select "two cases to prioritize for trial, one chosen by Plaintiffs and one chosen by Defendant." *In re Premier Nutrition Litig.*, Case No. 3:16-cv-06980-RS, Dkt. No. 96. Plaintiffs then "proposed the New York case and Premier proposed the Massachusetts case," and the "district court chose Montera, the New York case, to go first." *Montera v. Premier Nutrition Corp.*, 111 F.4th 1018, 1026 (9th Cir. 2024).

That is the process that was decided and implemented in 2021. Since then, Premier has relied

---

*e.g.*, *In re Cox Enterprises Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1208 (10th Cir. 2016) (noting that a bellwether lets parties "learn … and reassess their tactics and strategy (and, hopefully, settle)").

on this process, and Plaintiff's counsel repeatedly confirmed it. For example, in July 2022, after the *Montera* verdict, Plaintiff's counsel confirmed to this Court that the next step would be another trial in a different case:

> THE COURT: All right. And this is jumping way ahead, but we have a lot of other cases, all of us, and it's a bit of a moot point because I couldn't see you again for another trial for 2022. ***But is your notion that the case would be – the next trial in this grand process is the state court case?***
>
> MR. BLOOD: ***Yes.***
>
> THE COURT: ***That's next?***
>
> MR. BLOOD: ***Yes.***

*Montera v. Premier Nutrition Corp.*, Case No. 16-06980-RS, Dkt. No. 289 at 44:25-45:23 (emphasis added). Plaintiff's counsel made similar representations to the Alameda County Superior Court.

This background is important because Plaintiffs are now attempting a complete pivot and are trying to use the Alameda County Superior Court to halt future trials in the related cases. Even though there is no final judgment in *Montera*, and even though they advocated for a multi-case bellwether process, Plaintiffs have filed a motion to cancel trials in *Bland* and *Sonner* in the Alameda County Superior Court on the basis that issue preclusion arising from *Montera* precludes them. Notably, Plaintiff's motion in Alameda County Superior Court did not mention the agreement and decision in this Court that the parties would proceed with multiple trials—first with a trial selected by Plaintiff's counsel *and then with a trial selected by Premier*. A hearing has been scheduled on Plaintiff's issue preclusion motion before Judge Markman in Alameda County Superior Court for February 13, 2025. Premier strongly opposes Plaintiff's motion for the application of issue preclusion in Alameda County Superior Court for numerous reasons, including because Plaintiff's request to apply issue preclusion to a class action is unprecedented and would improperly bar a defendant from defending itself in a class action case with different parties, different state law, and different transactions at issue.

Premier strongly urges the Court to move forward as planned and to reject any attempt by Plaintiff's counsel to delay scheduling trials in the related cases. Plaintiff's counsel was permitted to select the first trial in federal court, and now it is only fair that Premier is permitted to select and

move forward with the second trial in federal court, as previously agreed. The science on glucosamine has continued to develop—with multiple favorable studies published in 2023 and 2024 supporting the statements made on the Joint Juice label—and Premier is entitled to present its evidence to a jury in the case that Premier selected for the next trial.

Premier proposes that the parties meet and confer regarding the second bellwether trial, including a proposed case schedule for completing fact discovery, expert discovery, and pretrial filings.

### III. Alternative Dispute Resolution

Pursuant to Local Rule 16-10(d), the parties provide the following joint statement regarding "whether using some form of ADR would be appropriate":

The parties have previously engaged in formal and informal settlement negotiations, including mediation, over many years without successful resolution. Currently, there are no active discussions between the parties regarding settlement. There may be an opportunity for some form of ADR at a later time.

Respectfully Submitted,

Dated: January 23, 2025

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)

By:          s/ Timothy G. Blood
           TIMOTHY G. BLOOD
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com
*Class Counsel*

IREDALE & YOO, APC
EUGENE G. IREDALE (75292)
105 W. F Street, Floor 4
San Diego, CA 92101
Tel: 619/233-1525
619/233-3221 (fax)
egiredale@iredalelaw.com

LYNCH CARPENTER, LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel: 619/762-1910
619/756-6991 (fax)
todd@lcllp.com

Dated: January 23, 2025

FAEGRE DRINKER BIDDLE & REATH LLP
Aaron D. Van Oort (*Pro Hac Vice*)
Chad Drown (*Pro Hac Vice*)
Kate S. Razavi (*Pro Hac Vice*)

By:            s/ *Aaron D. Van Oort*
            AARON D. VAN OORT

2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, Minnesota 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
aaron.vanoort@faegredrinker.com
chad.drown@faegredrinker.com
kate.razavi@faegredrinker.com

David J.F. Gross (SBN 290951)
1950 University Avenue, Suite 450
East Palo Alto, CA 94303
Tel: 650/324-6704
650/324-6701 (fax)
david.gross@faegredrinker.com

Katlyn M. Moseley (*Pro Hac Vice*)
1500 K Street, N.W., Suite 1100
Washington D.C., 20005
Tel: (202) 842-5000
Fax: (202) 842-8465
katlyn.moseley@faegredrinker.com

*Attorneys for Defendant*
Premier Nutrition Company, LLC

9                                   Case No. 3:16-cv-06980-RS
JOINT STATUS REPORT
00222573

**ECF CERTIFICATION**

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: January 23, 2025

BLOOD HURST & O'REARDON, LLP

By:     *s/ Timothy G. Blood*
          TIMOTHY G. BLOOD

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

Executed on Dated: January 23, 2025.

                                                        s/ *Timothy G. Blood*
                                                        TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com