1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8        NORTHERN DISTRICT OF CALIFORNIA

9

10    MARY BETH MONTERA,                          Case No. 16-cv-06980-RS
                  Plaintiff,
11
          v.
12                                                **ORDER AWARDING ATTORNEY'S**
                                                  **FEES INCURRED ON APPEAL**
13    PREMIER NUTRITION CORPORATION,
                  Defendant.
14

15                                    **I. INTRODUCTION**

16        Plaintiff Mary Beth Montera seeks an award of attorney's fees and expenses incurred while

17    litigating the appeal in this class action. The Ninth Circuit affirmed Defendant Premier Nutrition's

18    liability to Plaintiff class for deceptive advertisement of its product Joint Juice, in violation of

19    New York law. The panel then granted Montera's unopposed request to transfer the fee motion to

20    this court. Plaintiff argues Class Counsel are entitled to their lodestar amount of fees, increased by

21    a multiplier of 1.5. Defendant contends Class Counsel's billing practices led to inflation of the

22    lodestar and recommends a reduction of the lodestar by 25 percent. Accordingly, Defendant

23    opposes any multiplier of the lodestar. Based on the results achieved, skills utilized, and

24    contingent nature of the appellate matter, Plaintiff's counsel is entitled to attorney's fees of

25    $928,455 or a 1.5 multiplier on class counsel's lodestar, as well as expenses incurred.

26                                     **II. BACKGROUND**

27        Defendant Premier Nutrition Corporation unsuccessfully appealed the final judgment in

28    favor of Montera. The Ninth Circuit affirmed seventeen of the nineteen aspects of the judgment

contested on appeal but vacated the award of prejudgment interest and remanded Premier's due process challenge to the award of statutory damages. Premier petitioned for and was denied *en banc* rehearing of the denial of its motion to certify questions to New York's highest court. After the disposition of Premier's petition for *en banc* hearing, Plaintiff Mary Beth Montera timely moved for attorney's fees and costs incurred litigating the appeal.

Pursuant to Ninth Circuit Rule 39-1.6 and New York General Business Law (GBL) §§ 349 and 350, Montera seeks attorney's fees of $928,455, which represents a 1.5 multiplier on counsels' lodestar of $618,970 and reimbursement of expenses at $3,053.39.

### III. LEGAL STANDARD

Under New York General Business Law Sections 349 and 350, the statutory bases of this class action, the court "may award reasonable attorney's fees to a prevailing plaintiff." N.Y. Gen. Bus. Law §§ 349(h), 350-e(3). The decision to award fees is "left to the discretion of the trial court in all circumstances." *Koch v. Greenberg*, 14 F. Supp. 3d 247, 280 (S.D.N.Y. 2014) (quoting *Riordan v. Nationwide Mut. Fire Ins. Co*., 977 F.2d 47, 54 (2d Cir. 1992)). These types of fee-shifting statutes require fees to be calculated using the lodestar method, which involves multiplying "the number of hours reasonably expended by a reasonable hourly rate." *In re Hyundai & Kia Fuel Econ. Litig*., 926 F.3d 539, 570 (9th Cir. 2019*); see In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935, 942 (9th Cir. 2011). "Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal." *Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014).

"Upon determining the lodestar amount, the court may, in its discretion and under specific circumstances, increase the lodestar amount by applying a multiplier based on certain more subjective factors, such as the difficulty of the case, the risk of success and the quality of representation." *Ousmane v. City of New York*, 880 N.Y.S.2d 874 (N.Y. Sup. Ct. 2009) (relying on *Goldberger v. Integrated Resources*, Inc., 209 F3d 43, 47 (2d Cir. 2000)). Other factors which may support a multiplier include whether the litigation was novel, and whether the case was brought in furtherance of public policy. *Id.*

## IV. DISCUSSION

This matter has been hard fought for over a decade. Premier raised nineteen issues and sub-issues on appeal, filed a motion to certify questions to New York's highest court, and petitioned for en banc review. Montera successfully defended the judgment in favor of the class and Premier does not dispute Montera's entitlement to some attorney's fees and costs.

Premier contends Plaintiff's lodestar amount should be reduced by 25 percent. Premier lodges three objections, none of which are persuasive. First, Premier claims Class Counsel billed in quarter-hour increments, thus inflating the recorded time. Quarter-hour billing, while not standard, is only problematic when used to inflate minor tasks, such as communicating via email. Premier did not point to any problematic billing entries or inflated tasks. Next, Premier objects to Class Counsel's distribution of work, arguing the assignment of nearly all the work to partners rather than associates inflated the billing rate. Montera explains this distribution is a result of the complexity of the proceedings and the firm's small size. Plaintiff has thus adequately justified why partners, including the partner responsible for oral argument in front of the Ninth Circuit, had to complete tasks such as reviewing the trial transcripts. Finally, Defendant takes issue with Class Counsel's "block billing" and vague descriptions. Again, Premier did not identify any specific problematic entries. Most entries are not "block billed" and block billing and vagueness are only problematic when such practices support the inference that the time spent was unreasonable. The eighteen entries identified are reasonable time expenditures. While some descriptions of time spent were vague, captions like "work on opening brief" are sufficient for a court to review the work completed during that time. In sum, a reduction is not required.

Class Counsel argues the lodestar does not adequately account for the exceptional results obtained, the skill required, and the contingent nature of the fees. Defendant opposes, arguing a multiplier is not the standard practice in awarding attorney's fees under §§ 349 and 350. Additionally, Defendant contends the relevant factors are already considered in the unadorned lodestar. Therefore, as Premier tells it, applying a multiplier would "double count" factors and make Class Counsel's proposed fee unreasonable.

United States District Court
Northern District of California

Plaintiff cites to multiple New York precedents applying multipliers in class action fee awards. While none of these cases are directly analogous to an award of reasonable fees under §§ 349 and 350,[1] this is not the typical suit brought under these statutes.

Plaintiff persuasively argues a multiplier would not "double count" these factors, but rather reward the results obtained on appeal, class counsel's skill, and the risk the firm undertook in continuing this years-long litigation. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010) (affirming rule that lodestar "may be increased due to superior performance and results"). Parties have hotly contested every aspect of this litigation and the appeal was no different. Montera obtained affirmance of almost every order and ruling challenged by Premier, losing outright only on prejudgment interest. Montera points out Plaintiff's attorney Leslie Hurst's skill is not necessarily reflected in the lodestar. Ms. Hurst's rate, at $810, is in the low end of the estimated range of Defendant's firm, thus contradicting the argument her skill and the contingent risk is already accounted for in her fees. Overall, the complexity of the appeal, near perfect results for Plaintiff, and the continued risk of this long-running matter weigh in favor of applying the multiplier.

## V. CONCLUSION

Class counsel is granted attorney's fees on appeal in the amount of $928,455 and non-taxed expenses in the amount of $3,053.39.

**IT IS SO ORDERED**.

---

[1] Class Counsel relies upon other cases where parties have *settled* claims under these statutes. *See Edwards v. Mid-Hudson Valley Fed. Credit Union*, 2023 U.S. Dist. LEXIS 158085, at *35–36 (N.D.N.Y. Sept. 7, 2023) (in settlement involving GBL § 349, approving multiplier of 2.3 finding "[t]his multiplier is within the range of accepted multipliers for this Circuit"); *Nichols v. Noom, Inc.*, 2022 U.S. Dist. LEXIS 123146, at *32–33 (S.D.N.Y. July 12, 2022) (in settlement involving GBL § 349, multiplier of 2.88 "is fully consistent with that found to be reasonable in other cases in this Circuit"); *Sykes v. Mel Harris & Assocs., LLC*, 2016 U.S. Dist. LEXIS 74566, at *48 (S.D.N.Y. May 24, 2016) (in settlement involving GBL § 349, multiplier of 3.3, "is consistent with other cases in the Second Circuit"). These cases imply §§ 349 and 350 do not necessarily bar a multiplier in recovering fees, but do not establish Class Counsel deserve a multiplier in this instance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Dated: February 3, 2025

RICHARD SEEBORG
Chief United States District Judge

ORDER AWARDING ATTORNEY'S FEES
CASE No. 16-cv-06980-RS