BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:16-CV-06980 RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD FOR CLASS REPRESENTATIVE**<br><br>**CLASS ACTION**<br><br>Date:　　　　April 30, 2026<br>Time:　　　　1:30 p.m.<br>Judge:　　　Honorable Richard Seeborg<br>Courtroom:　Courtroom 3, 17th Floor<br><br>Complaint Filed:　　December 5, 2016 |

BLOOD HURST & O' REARDON, LLP

00232443

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REQUEST FOR SERVICE AWARD

BLOOD HURST & O' REARDON, LLP

## NOTICE OF RENEWED MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on **April 30, 2026**, at **1:30 p.m.**, in Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Federal Rule of Civil Procedure 23(h), Plaintiff will and hereby moves this Court for an Order awarding and confirming the orders previously awarding Plaintiff's Counsel's attorneys' fees, costs and expenses, and the class representative service award, plus statutory post-judgment interest through October 20, 2025. These amounts are attorneys' fees of $8,713,326.00, costs and expenses of $1,278,901.92, and a service award in the amount of $28,294.

This Motion is based upon this notice of motion, Plaintiff's memorandum in support of this Motion, the declaration of Timothy G. Blood, the complete file and record in this action and the related actions,[1] and such other evidence and argument as may be presented at or before the hearing on this motion.

This Motion and its supporting documents are concurrently posted on the settlement website (www.JointJuiceSettlement.com). The pleadings and other records in this litigation may be examined online through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 1:00 p.m., Monday through Friday, excluding Court holidays.

Pursuant to the Court's Preliminary Approval Order (Dkt. No. 409), which is also available to view at www.JointJuiceSettlement.com, Class Members may object to this Motion by mailing or submitting a letter to the Clerk of Court, 450 Golden Gate Avenue, San Francisco, CA 94201-3489 on or before the objection deadline, **April 6, 2026**.

---

[1] *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS (N.D. Cal); *Caiazzo v. Premier Nutrition Corp.*, No. 3:16-cv-06685-RS (N.D. Cal.); *Ravinsky v. Premier Nutrition Corp.*, No. 3:16-cv-06704-RS (N.D. Cal.); *Sandoval v. Premier Nutrition Corp.*, No. 3:16-cv-06708-RS (N.D. Cal.); *Lux v. Premier Nutrition Corp.*, No. 3:16-cv-06703-RS (N.D. Cal.); *Dent v. Premier Nutrition Corp.*, No. 3:16-cv-06721-RS (N.D. Cal.); *Avery v. Premier Nutrition Corp.*, No. 3:16-cv-06980-RS (N.D. Cal.); *Spencer v. Premier Nutrition Corp.*, No. 3:16-cv-07090-RS (N.D. Cal); *Trudeau v. Premier Nutrition Corp.*, No. 3:17-cv-00054-RS (N.D. Cal.).

To be considered by the Court, the written objection must include the following information:

(a) a heading which refers to the Action (*Montera v. Premier Nutrition Corp.*, Case No. 3:16-cv-06980-RS (N.D. Cal.)); (b) the objector's full name, address, telephone number and email address (if any), and, if represented by counsel, the name, address, email address, and telephone number of his/her counsel; (c) a statement under oath that the objector is a Class Member; (d) a statement whether the objector intends to appear at the Final Approval Hearing (currently scheduled April 30, 2026, at 1:30 p.m.), either in person or through counsel; (e) a statement of the objection and the specific grounds supporting the objection; (f) a statement whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (g) copies of any papers, briefs, or other documents upon which the objection is based; (h) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and the objector's attorney (if applicable) has objected to a proposed class action settlement; and (i) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, and the annotation "/s" or similar annotation will not suffice).

*See* Dkt. No. 409 at ¶ 6. Pursuant to the Court's Order, absent good cause shown and found by the Court, objections will not be considered that are not timely or otherwise compliant with the terms stated above, any such objection shall be deemed to have been waived. *Id.* at ¶¶ 6– 7.

Respectfully submitted,

Dated: February 25, 2026        BLOOD HURST & O'REARDON, LLP

By:        *s/ Timothy G. Blood*
            TIMOTHY G. BLOOD

Case No. 3:16-cv-06980-RS

00232443

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REQUEST FOR SERVICE AWARD

BLOOD HURST & O' REARDON, LLP

BLOOD HURST & O' REARDON, LLP

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND .........................................................2

      A.    The Judgment, Post-Trial Proceedings, Appeals, and the Settlement
            Structure ................................................................................................................2

      B.    Trial-Level Fee and Non-Taxed Expense Awards .......................................................4

      C.    The Ninth Circuit Affirmed the Trial-Level Fee Award ............................................4

      D.    Fee Award for Work Performed on the Successful Appeal ......................................4

      E.    Taxed Costs Awarded by This Court and the Ninth Circuit ....................................5

      F.    The Previously Approved Class Representative Service Award ............................5

III.  PLAINTIFF SHOULD BE AWARDED HER REQUESTED FEES AND
      EXPENSES ........................................................................................................................6

      A.    The Court Has Already Determined the Reasonableness of the Requested
            Fees and Expenses Under the Governing Fee-Shifting Statute ...............................6

      B.    The Settlement Implements the Fee and Expense Awards ......................................7

      C.    The Requested Relief Raises None of the Structural Concerns Associated
            with Common-Fund Fee Motions ..........................................................................8

IV.   CONCLUSION ..................................................................................................................8

Case No. 3:16-cv-06980-RS

00232443                    PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES,
                            REIMBURSEMENT OF EXPENSES, AND REQUEST FOR SERVICE AWARD

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Bluetooth Headset Prods. Liab. Litig.,*
  654 F.3d 935 (9th Cir. 2011) ...................................................................................... 7, 8

*Friend v. Kolodzieczak,*
  72 F.3d 1386 (9th Cir. 1995) ...................................................................................... 3, 8

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) .................................................................................................... 7, 8

*In re Hyundai & Kia Fuel Econ. Litig.,*
  926 F.3d 539 (9th Cir. 2019) ...................................................................................... 7, 8

*Kerr v. Screen Extras Guild, Inc.,*
  526 F.2d 67 (9th Cir. 1975) ............................................................................................ 6

*Montera v. Premier Nutrition Corp.,*
  111 F.4th 1018 (9th Cir. 2024) ...................................................................................... 2

*Montera v. Premier Nutrition Corp.,*
  2023 U.S. Dist. LEXIS 137187 (N.D. Cal. Aug. 7, 2023) ........................................ 1, 2, 3, 5

*Montera v. Premier Nutrition Corp.,*
  No. 23-16162, 2025 U.S. App. LEXIS 1812 (9th Cir. Jan. 28, 2025) ........................ 2, 4, 6, 7

*Moreno v. City of Sacramento,*
  534 F.3d 1106 (9th Cir. 2008) ...................................................................................... 7, 8

**Statutes**

28 U.S.C. § 1961(a) ........................................................................................................... 3, 8

N.Y. General Business Law § 349 ................................................................................... 1, 2, 4, 6

N.Y. General Business Law § 350 ................................................................................... 1, 2, 4, 6

BLOOD HURST & O' REARDON, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This is not a conventional fee motion tied to a traditional common fund settlement. The proposed Settlement reflects effectively a satisfaction of the post-appeal trial judgment amount entered in this Action (including post-judgment interest), including the attorneys' fee, cost, expense, and service-award amounts previously adjudicated by this Court and, as to the principal fee award, affirmed by the Ninth Circuit. This motion therefore seeks entry of an order consistent with the Court's prior rulings and the Settlement's judgment-satisfaction structure.

In August 2023, after extensive briefing including expert testimony submitted by both parties, the Court granted Plaintiff's post-trial fee motion and awarded $6,853,502.78 in attorneys' fees and $1,072,126.04 in non-taxed expenses for work performed in this Action. Dkt. No. 346. In January 2025, the Ninth Circuit affirmed that fee award, including its holding that the fee-shifting provisions of New York General Business Law sections 349 and 350 authorize the lodestar-based fee award entered in addition to the class judgment amount. Dkt. No. 379.

Separately, in February 2025, following Plaintiff's success on appeal of the trial judgment, the Court awarded $928,455.00 in attorneys' fees incurred on appeal and $3,053.39 in non-taxed appellate expenses. Dkt. No. 381. As with the post-trial fee motion, the post-appeal fee motion was vigorously contested by Premier.

The Settlement Agreement in *Montera* expressly incorporates these already-adjudicated awards (and accrued statutory post-judgment interest through October 20, 2025, the date the preliminary approval motion was filed) as part of a comprehensive judgment-satisfaction settlement resolution. Consistent with that settlement structure and this Court's prior rulings, Plaintiff seeks entry of an order awarding and confirming (i) the previously awarded fees, (ii) the previously awarded non-taxed expenses, (iii) taxed costs previously awarded through the bill of costs process, and (iv) the class representative service award.

BLOOD HURST & O' REARDON, LLP

00232443

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Judgment, Post-Trial Proceedings, Appeals, and the Settlement Structure

Following a jury trial, the Court entered judgment in favor of the certified Class. Dkt. Nos. 293–94. The ensuing post-trial proceedings were extensive. The Parties litigated post-trial motions, the form and scope of the judgment, and Plaintiff's entitlement to attorneys' fees and expenses under Rules 23(h)(1) and 54(d) of the Federal Rules of Civil Procedure, Local Rule 54, and New York General Business Law §§ 349 and 350. Dkt. Nos. 293, 294, 320. Premier argued that Plaintiff's Counsel should receive less than half their requested fees, 20% of their requested expenses, and that any awarded amounts should be drawn from the class judgment amount and not fee-shifted and paid in addition to the class judgment amount. Dkt. Nos. 306, 331. The parties' submissions were extensive, including both sides retaining experts who submitted lengthy declarations regarding the requested fees and expenses. Dkt. Nos. 306-4, 331-2, 334-8. As the Court wrote, "The parties' positions yield two drastically different values and two very different outcomes for the Class's recovery." Dkt. No. 320 at 5. The Court directed supplemental submissions on fees, conducted a lodestar analysis, and ultimately entered a detailed fee and expense award. Dkt. Nos. 320, 346; *Montera v. Premier Nutrition Corp.*, 2023 U.S. Dist. LEXIS 137187 (N.D. Cal. Aug. 7, 2023).

Premier appealed both the judgment and separately, the fee and expense award. Dkt. Nos. 321, 348. Both appeals were fully briefed and vigorously litigated. On August 6, 2024, the Ninth Circuit affirmed the judgment in favor of the Class. *See Montera v. Premier Nutrition Corp.*, 111 F.4th 1018 (9th Cir. 2024). On January 28, 2025, the Ninth Circuit affirmed the Court's fee ruling, including its determination that the awarded fees were reasonable under the governing statutory fee-shifting framework. *See Montera v. Premier Nutrition Corp.*, No. 23-16162, 2025 U.S. App. LEXIS 1812 (9th Cir. Jan. 28, 2025). Following Plaintiff's successful defense of the judgment on appeal, Plaintiff moved for an award of attorneys' fees and non-taxed expenses incurred in the appellate proceedings. The Ninth Circuit transferred that motion to this Court, which—over Premier's opposition (Dkt. No. 369)—granted the motion and awarded Plaintiff's Counsel their attorneys' fees and expenses incurred while litigating the merits appeal in this class action. Dkt. No. 381.

Case No. 3:16-cv-06980-RS

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REQUEST FOR SERVICE AWARD

BLOOD HURST & O' REARDON, LLP

00232443

BLOOD HURST & O' REARDON, LLP

In addition, Plaintiff pursued taxable costs through the Rule 54(d)(1) process, Premier filed oppositions, and the Clerk taxed costs in Plaintiff's favor. Dkt. Nos. 295, 307, 310, 314, 361, 389. The judgment, fee awards, and cost awards thus became final components of the Court's adjudication.

Against that procedural backdrop, the parties ultimately reached a $90 million global resolution of all certified states' claims. The New York Class portion is resolved through this Action, and the remaining certified states are resolved in the related state court actions (*Bland* and *Sonner*). This Action is the only certified class case to proceed through trial to verdict. The Settlement here is structured as a judgment-satisfaction resolution, providing for payment of the class's trial judgment (including accrued post-judgment interest through a defined date), together with payment of the attorneys' fees, non-taxed expenses, taxed costs, and class representative service award previously adjudicated in this Action.

The *Montera* Settlement Agreement incorporates the Court's prior attorneys' fee, expense, and cost awards as components of a judgment-satisfaction resolution, together with statutory post-judgment interest accrued through October 20, 2025. Specifically, Plaintiff seeks: (1) attorneys' fees of $8,713,326.00, comprised of the Court's trial-level fee award ($6,853,502.78) and appellate fee award ($928,455.00), together with $931,368.22 in post-judgment interest through October 20, 2025; (2) reimbursement of costs and expenses of $1,278,901.92, comprised of the Court's non-taxed expense awards and taxed costs awarded by the Clerk and the Ninth Circuit (totaling $1,130,756.07), together with $148,145.85 in post-judgment interest through October 20, 2025; and (3) a class representative service award of $28,294.00, reflecting the previously approved $25,000 service award plus $3,294.00 in post-judgment interest through October 20, 2025. *See* Settlement Agreement § I.2; *see also* Dkt. Nos. 314, 320, 346, 379, 381, and 389; concurrently filed Declaration of Timothy G. Blood, ¶ 7 (setting forth the post-judgment interest calculations).[2]

---

[2] Post-judgment interest on these fee, expense, and service award components accrues as a matter of law under 28 U.S.C. § 1961(a). *See Friend v. Kolodzieczak*, 72 F.3d 1386, 1391–92 (9th Cir. 1995).

00232443

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REQUEST FOR SERVICE AWARD

B.      **Trial-Level Fee and Non-Taxed Expense Awards**

Following entry of judgment, Plaintiff moved for attorneys' fees and non-taxed litigation expenses pursuant to New York General Business Law §§ 349 and 350. Dkt. Nos. 296, 311. After directing supplemental submissions and considering extensive briefing (Dkt. Nos. 328, 334), the Court granted Plaintiff's renewed motion in a detailed order applying the lodestar method. Dkt. No. 346.

On August 7, 2023, the Court awarded $6,853,502.78 in attorneys' fees and $1,072,126.04 in non-taxed expenses. Dkt. No. 346. In doing so, the Court addressed and rejected Premier's principal objections, including its proposed across-the-board reductions and its argument that any fees and expenses should be drawn from the class's recovery rather than paid on top of the class judgment. The Court's order—subsequently affirmed by the Ninth Circuit, see § II.C below— reflects a careful review of billing records, hourly rates, staffing, and the relationship between the work performed and the results obtained at trial and for the Class. *Id.*

C.      **The Ninth Circuit Affirmed the Trial-Level Fee Award**

In addition to appealing the underlying judgment, Premier separately appealed the Court's fee ruling. The Ninth Circuit affirmed. *Montera*, 2025 U.S. App. LEXIS 1812.

In doing so, the court of appeals upheld this Court's determination that fees incurred in connection with the prosecution of the certified class claims were recoverable under the GBL fee-shifting provisions. *Id.* at *3–4. The Ninth Circuit also affirmed this Court's refusal to apportion fees among related actions and rejected Premier's challenges to the reasonableness of the award. *Id.* at *4–5.

The affirmance renders the trial-level fee and expense award final and appellate-approved.

D.      **Fee Award for Work Performed on the Successful Appeal**

After Plaintiff successfully defended the judgment on appeal, Plaintiff sought prevailing-party attorneys' fees and reimbursement of non-taxed expenses incurred in the appellate proceedings, as authorized by GBL §§ 349 and 350. *See* Dkt. No. 81-1 in *Montera v. Premier Nutrition Corp.*, Case No. 22-16375 (9th Cir.).

BLOOD HURST & O' REARDON, LLP

The Ninth Circuit transferred the motion to this Court for determination. Dkt. No. 355. Premier opposed the motion and argued that Plaintiff's Counsel should be awarded less than half of the requested amount. Dkt. No. 369. On February 3, 2025, the Court granted the motion and awarded $928,455.00 in appellate attorneys' fees and $3,053.39 in non-taxed appellate expenses. Dkt. No. 381.

In granting the motion, the Court observed that: "This matter has been hard fought for over a decade. Premier raised nineteen issues and sub-issues on appeal, filed a motion to certify questions to New York's highest court, and petitioned for en banc review. Montera successfully defended the judgment in favor of the class." *Id.* at 3. The Court further noted that the "Parties have hotly contested every aspect of this litigation and the appeal was no different." *Id.* at 4.

That February 2025 order constitutes a separate and independent adjudication of the reasonableness of fees incurred in defending the judgment and prevailing on appeal.

### E.    Taxed Costs Awarded by This Court and the Ninth Circuit

In addition to non-taxed expenses awarded under the GBL fee-shifting provisions, Plaintiff pursued taxable costs through Federal Rule of Civil Procedure 54(d)(1). Dkt. No. 295. Over Premier's objections, the Clerk taxed costs in the amount of $54,455.74. Dkt. Nos. 307, 314.

Following the successful appeals, pursuant to Federal Rule of Appellate Procedure 39 and Ninth Circuit Rule 39-1, the Ninth Circuit taxed additional costs in the amount of $985.80 for the class judgment appeal and $135.10 for the fee award appeal. *See* Dkt. Nos. 361, 389; *see also* Dkt. Nos. 67, 69 and 84 in *Montera*, No. 22-16375 (9th Cir.); Dkt. Nos. 39, 40 in *Montera*, No. 23-16162 (9th Cir.).

These taxed costs were awarded through the ordinary bill-of-costs processes and are distinct from the non-taxed expenses addressed in Dkt. Nos. 346 and 381. Plaintiff seeks confirmation of those previously taxed costs.

### F.    The Previously Approved Class Representative Service Award

The Court previously granted Plaintiff's request for a $25,000 class representative service award. Dkt. No. 320. That award recognized the significant time, effort, and risk undertaken by Ms. Montera in prosecuting this Action and representing the Class, including sitting for deposition,

BLOOD HURST & O' REARDON, LLP

5                                                    Case No. 3:16-cv-06980-RS

traveling from New York to San Francisco for trial from May 21, 2022 to June 8, 2022, and testifying at trial. *See* Dkt. No. 296-4 (Declaration of Mary Beth Montera). The Court held that "the award is both comparable to similar awards in this District and reasonable considering Ms. Montera's experience." Dkt. No. 320 at 8.

The Settlement incorporates that previously approved service award, together with statutory post-judgment interest accrued through October 20, 2025, and Plaintiff seeks entry of an order confirming the same consistent with the Court's prior ruling.

The table below summarizes the components of the requested awards, reflecting the principal amounts previously awarded by this Court (and taxed by the Clerk and the Ninth Circuit) with the statutory post-judgment interest accrued through October 20, 2025:

| Previously Awarded Amounts (Principal + Accrued Interest) | |
|---|---|
| Component | Total (Including Accrued Interest) |
| Attorneys' Fees | $8,713,326.00 |
| Costs and Expenses | $1,278,901.92 |
| Class Representative Service Award | $28,294.00 |
| **Total** | **$10,020,521.92** |

## III.   PLAINTIFF SHOULD BE AWARDED HER REQUESTED FEES AND EXPENSES

### A.   The Court Has Already Determined the Reasonableness of the Requested Fees and Expenses Under the Governing Fee-Shifting Statute

New York General Business Law §§ 349 and 350 authorize the Court to award reasonable attorneys' fees to a prevailing plaintiff. *Montera*, 2025 U.S. App. LEXIS 1812, at *3 (citing GBL §§ 349(h), 350-e). The Court has already exercised that authority in this Action. *Id.*

Within the context of the class recovery, the Court conducted a lodestar analysis, evaluated hourly rates, reviewed detailed billing entries and expense records, and considered Premier's proposed reductions and reasonableness arguments before awarding $6,853,502.78 in attorneys' fees and $1,072,126.04 in non-taxed expenses. Dkt. No. 346; *see also* Dkt. No. 328 (Plaintiff's memorandum discussing, inter alia, application of each of the twelve factors from *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), and attaching supporting declarations and detailed time and expense records). The Court's order reflects a merits-based determination of

BLOOD HURST & O' REARDON, LLP

00232443

reasonableness under the governing caselaw and statutory framework.[3] That determination was fully contested and was affirmed on appeal by the Ninth Circuit. *Montera*, 2025 U.S. App. LEXIS 1812.

Separately, this Court awarded $928,455.00 in appellate attorneys' fees and $3,053.39 in non-taxed appellate expenses after Plaintiff successfully defended the judgment on appeal. Dkt. No. 381. That order likewise reflects an independent adjudication of reasonableness under the same authority. *Id.* at 2–3 (analyzing Plaintiff's Counsel's evidentiary submissions including detailed billing records, and citing *Bluetooth*, *Hyundai* and other governing authority).

The governing standard is well settled. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," and "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 435–36 (1983). The Court has already applied that standard in contested proceedings, and the principal fee award has been affirmed on appeal.

Accordingly, the attorneys' fees and non-taxed expenses requested here are not newly negotiated figures or estimates, nor are they the product of unopposed submissions. They are the result of reasoned judicial determinations following adversarial briefing, one of which has been expressly affirmed by the court of appeals.

### B.    The Settlement Implements the Fee and Expense Awards

The Settlement in this Action is structured as a satisfaction of the existing judgment and the Court's prior fee, expense, cost, and service award determinations. The Settlement Agreement defines "Attorneys' Fees and Expenses" by reference to the amounts previously awarded by this Court and the Ninth Circuit, together with accrued statutory post-judgment interest through October 20, 2025—the date the Settlement Agreement and motion for preliminary approval were filed.

The fee component of the Settlement therefore does not arise from bargaining over a percentage of a common fund, a negotiated lodestar multiplier, or a carve-out from class recovery.

---

[3]    *See* Dkt. No. 346 at 2, 6 (applying the lodestar method and evaluating the award under governing Ninth Circuit authority, including *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019), *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), and *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008)).

BLOOD HURST & O' REARDON, LLP

00232443

Instead, it reflects statutory fee awards that were adjudicated before the Settlement was reached and that remain binding components of this Court's rulings.

Because the Settlement effectively satisfies an existing judgment and incorporates this Court's prior fee, expense, cost, and service award orders, the Court's role under Rule 23(h) is to confirm and implement those previously adjudicated amounts in the final approval order. *See* Fed. R. Civ. P. 23(h); 28 U.S.C. § 1961(a); *Friend*, 72 F.3d at 1391–92. Confirming the previously awarded amounts here ensures that the final approval order is consistent with the Court's prior orders and the Ninth Circuit's mandate.

### C.    The Requested Relief Raises None of the Structural Concerns Associated with Common-Fund Fee Motions

Because the requested fees and expenses derive from a fee-shifting statute and have already been adjudicated, this motion does not implicate the structural concerns sometimes associated with common fund settlements. The Court has previously evaluated the award under governing Ninth Circuit authority, including the considerations discussed in *Moreno*, *Bluetooth*, and *Hyundai*, and no new structural concerns arise from the Settlement's implementation of those adjudicated amounts.

The amounts requested are defined by reference to those prior rulings, and no further percentage-of-the-fund analysis, lodestar cross-check, or multiplier inquiry is required.

The same is true of taxed costs, which were awarded through the Rule 54(d)(1) and Federal Rule of Appellate Procedure 39 bill of costs process, and the $25,000 class representative service award, which the Court previously considered and granted.

In sum, this motion seeks entry of an order that confirms and implements the Court's prior adjudications within the framework of the Settlement's judgment-satisfaction structure.

### IV.    CONCLUSION

The requested attorneys' fees, costs and expenses, and service award have already been adjudicated by this Court under the governing fee-shifting standards, and the principal fee award has been affirmed on appeal. *See Hensley*, 461 U.S. at 435–36. The Settlement implements those adjudications within a judgment-satisfaction framework.

00232443

BLOOD HURST & O' REARDON, LLP

BLOOD HURST & O' REARDON, LLP

For these reasons, Plaintiff respectfully requests that the Court grant this Motion and award attorneys' fees of $8,713,326.00, reimbursement of costs and expenses of $1,278,901.92, and a class representative service award of $28,294.00, in connection with entry of the Final Approval Order. *See* Dkt. No. 402-2 at Exhibit B (Proposed Final Approval Order), ¶¶ 14–16.

Respectfully submitted,

Dated: February 25, 2026

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)

By:        *s/  Timothy G. Blood*
               TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

IREDALE & YOO, APC
EUGENE G. IREDALE (75292)
105 W. F Street, Floor 4
San Diego, CA 92101
Tel: 619/233-1525
619/233-3221 (fax)
egiredale@iredalelaw.com

LYNCH CARPENTER, LLP
TODD D. CARPENTER (234464)
9171 Towne Centre Drive, Suite 180
San Diego, CA  92122
Tel: 619/762-1910
724/656-1556 (fax)
todd@lcllp.com

*Additional Attorneys for Plaintiff*

Case No. 3:16-cv-06980-RS

00232443

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND REQUEST FOR SERVICE AWARD

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Executed on February 25, 2026.

s/ *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

Case No. 3:16-cv-06980-RS

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND REQUEST FOR SERVICE AWARD