BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:16-CV-06980 RS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br><u>**CLASS ACTION**</u><br><br>Date:          May 14, 2026<br>Time:         1:30 p.m.<br>Judge:        Hon. Richard Seeborg<br>Courtroom;  12, 19th Floor<br><br>Complaint Filed:      December 5, 2016 |

00234874    PLAINTIFF'S REPLY ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff respectfully submits this reply memorandum in support of Plaintiff's Motion for Final Approval of Class Action Settlement (Dkt. No. 412) and Plaintiff's Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Award for the Class Representative (Dkt. No. 410). Filed concurrently are the declarations of Timothy G. Blood ("Blood Reply Decl.") and Marcia Uhrig ("Uhrig Decl.") in support of this reply.

## I.     INTRODUCTION

As detailed in Plaintiff's opening papers, the non-reversionary cash Settlement of $19,160,186.47 satisfies the standard for final approval because it effectuates full payment of the judgment previously obtained by the Class, together with post-judgment interest and the Court-awarded attorneys' fees and expenses, without further litigation or delay. The Class Notice has been disseminated in accordance with the Preliminary Approval Order. No Class Member has objected, no party opposes the motion, and just seven Class Members submitted valid exclusion requests, evidencing strong support for the Settlement.

In addition, on May 5, 2026, Judge Michael Markman granted final approval of the related *Sonner* and *Bland* Multistate Settlement (nearly $71 million), which likewise received no objections. *See* Blood Reply Decl., ¶ 6 and Ex. A. This reply updates the Court on the notice and administration and reports on the objections and exclusion requests received, and provides additional evidence that the Settlement, and requested fee, expense, and service award amounts are fair, reasonable and adequate.

## II.     DISSEMINATION OF CLASS NOTICE, OPT OUTS, AND OBJECTIONS

As directed by the Court in its Preliminary Approval Order (Dkt. No. 409), Class Notice was disseminated, including mailing or emailing direct, individual notice of the proposed Settlement to approximately 12,500 Class Members. *See* Dkt. No. 412-2 (Declaration of Jennifer M. Keough Regarding Class Notice Program and Settlement Administration), ¶¶ 8–10. Notice was also widely disseminated through a multi-pronged online advertising campaign involving targeted search engine, social media advertising, and press releases delivering tens of millions of digital impressions to potential Class Members. *Id.*, ¶¶ 10–24. The Long Form Notice and additional documents and information also have been posted on the Settlement Website (www.JointJuiceSettlement.com)

BLOOD HURST & O' REARDON, LLP

00234874

1       Case No. 3:16-cv-06980-RS

PLAINTIFF'S REPLY ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

since the start of the notice period or as they have become available. *Id.*, ¶ 24. The additional information and documents include "Key Dates" (e.g., the deadlines to opt-out or object and the final approval hearing date), the Settlement Agreement, Preliminary Approval Order, and the motions for final approval and for attorneys' fees, expenses, and a service award to the Class Representative (including all declarations and exhibits filed in support). *Id.*; *see also* www.JointJuiceSettlement.com.

The deadline for Class Members to opt out or object was April 6, 2026. Following this comprehensive notice program, not a single Class Member objected, and only seven Class Members submitted valid exclusion requests. *See* Uhrig Decl., ¶¶ 4–7; Blood Reply Decl., ¶ 5. Meanwhile, in addition to the over 12,500 Class Members who will receive payments automatically, thousands of Class Members have submitted claims. Blood Reply Decl., ¶ 4; Uhrig Decl., ¶ 8.

## III.   THE CLASS REACTION STRONGLY SUPPORTS THE SETTLEMENT

A favorable reaction by class members to the proposed settlement supports final approval. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (where just a "handful" objected, "[t]he reaction of the class members to the proposed settlement further supports the conclusion that … the Settlement was fair, adequate and reasonable"). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004).

Courts also recognize that an absence of objections to the requested fees, expenses, and service awards weighs strongly in favor of approval. *See Cooley v. Indian River Transp. Co.*, No. 1:18-cv-00491, 2019 U.S. Dist. LEXIS 79587, at *21 (E.D. Cal. May 10, 2019) ("A fourth and final factor supporting the reasonableness of the requested fee award is the lack of objections from class members to the proposed award."); *In re Wireless Facilities, Inc. Sec. Litig. II.*, No. 07cv482 NLS, 2008 U.S. Dist. LEXIS 128674, at *23 (S.D. Cal. Dec. 19, 2008) ("The lack of objections from potential claimants favors awarding Lead Counsel the requested amount of attorneys' fees."); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 U.S. Dist. LEXIS 13555, at *70-*71 (C.D. Cal. June 10, 2005) ("The absence of objections or disapproval by class members to Class Counsel's fee

BLOOD HURST & O' REARDON, LLP

00234874              PLAINTIFF'S REPLY ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

BLOOD HURST & O' REARDON, LLP

request further supports finding the fee request reasonable."). Here, the Class Notice advised the Class about the fee request and the fee motion has been publicly available on the Settlement Website since filing.

Class action settlements typically draw some dissent. But not here. Here, there are no objections and just seven valid opt out requests. No Class Member has objected to the Settlement relief, to the requested attorneys' fees, or to the proposed Class Representative service awards. The fact of no objections and few exclusion requests strongly supports approval of the Settlement.

Based on their experience in this type of class action litigation and conversations with Class Members, Class Counsel believes that the primary reason there have been no objections is because the Settlement provides exceptional relief. This action has already been litigated to judgment. Following a jury verdict in favor of the Class, this Court entered judgment awarding statutory damages, which was affirmed on appeal and reaffirmed on remand. The Settlement provides for payment of that judgment, together with post-judgment interest and the Court-awarded attorneys' fees and expenses. In that respect, the Settlement does not compromise the Class's recovery; it ensures that the recovery already obtained is paid promptly and without further litigation.

Under the Settlement, Class Members are entitled to $50 per Joint Juice unit sold during the Class Period, reflecting the statutory damages awarded by the Court following trial and appeal, resulting in a total Class Judgment Amount of $9,139,664.55. *See* Dkt. No. 402-1 (Blood Preliminary Approval Decl.), ¶¶ 3, 23, 37–38, 58, 62. That amount substantially exceeds the total retail value of Joint Juice units sold during the Class Period, which was $1,488,078.49. *Id.*, ¶ 22; *see also* Dkt. Nos. 268 (Jury Verdict), 391 (Order Awarding Statutory Damages of $8.3 Million on Remand) at 9. $50 per unit also exceeds 550% of the average retail price paid ($8.95). *See* Blood Preliminary Approval Decl., ¶¶ 38, 62. More than 12,500 Identified Class Members will receive automatic payments, and claimants may obtain reimbursement for up to six purchases without proof of purchase (up to $300), with per-unit awards increasing as necessary to ensure that the Net Fund is fully distributed to Class Members.

The requested attorneys' fees, costs and expenses, and service award have already been adjudicated by this Court under the governing fee-shifting standards. These awards followed

00234874

hearings and contested motions involving the submission of expert declarations and detailed lodestar and expense documentation, and the principal fee and expense award has been affirmed on appeal. *See Hensley v. Eckerhart*, 461 U.S. 424, 435–36 (1983); *Montera v. Premier Nutrition Corp.*, No. 23-16162, 2025 U.S. App. LEXIS 1812 (9th Cir. Jan. 28, 2025) (affirming the Court's fee and expense ruling); *see also* Dkt Nos. 307, 314, 320, 346, 379, 381 (the prior fee and expense orders); Dkt Nos. 296, 311, 328, 328-1–328-20, 334, 334-1, 334-8, 356, 373, 373-1 (lodestar and expense information submitted with prior fee and expense motions); App. Dkt. Nos. 81-1 and 81-2 in Ninth Circuit Case No. 22-16375 (same). The Settlement is effectively a satisfaction of the judgment, including post-judgment interest, rather than a compromise of that judgment.

These outstanding results were achieved only after thirteen years of hard-fought litigation, including trial, judgment, and appeals. Because the Settlement effectuates a judgment already obtained and affirmed, and has received an overwhelmingly positive response from the Class, it readily satisfies the standards for final approval.

## IV.   CONCLUSION

For the foregoing reasons and those set forth in Plaintiff's opening papers, Plaintiff respectfully requests that the Court grant final approval of the Settlement and award attorneys' fees of $8,713,326.00, reimbursement of costs and expenses of $1,278,901.92, a class representative service award of $28,294.00, and enter the proposed Final Approval Order submitted concurrently submitted with this reply.

Respectfully submitted,

Dated: May 7, 2026

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
LESLIE E. HURST (178432)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)

By:        *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com

Case No. 3:16-cv-06980-RS

00234874

PLAINTIFF'S REPLY ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

BLOOD HURST & O' REARDON, LLP

toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

IREDALE & YOO, APC
EUGENE G. IREDALE (75292)
105 W. F Street, Floor 4
San Diego, CA 92101
Tel: 619/233-1525
619/233-3221 (fax)
egiredale@iredalelaw.com

LYNCH CARPENTER, LLP
TODD D. CARPENTER (234464)
9171 Towne Centre Drive, Suite 180
San Diego, CA  92122
Tel: 619/762-1910
724/656-1556 (fax)
tcarpenter@lcllp.com

*Additional Attorneys for Plaintiff*

Case No. 3:16-cv-06980-RS

BLOOD HURST & O' REARDON, LLP

00234874

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Executed on May 7, 2026.

s/ *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

Case No. 3:16-cv-06980-RS

PLAINTIFF'S REPLY ISO MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT