# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY BETH MONTERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:16-CV-06980 RS<br><br>**[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**<u>CLASS ACTION</u>**<br><br>Judge:     Honorable Richard Seeborg<br>Courtroom:  Courtroom 3, 17th Floor<br><br>Complaint Filed:  December 5, 2016<br>Trial Date:       May 23, 2022 |

00234983

WHEREAS, this matter came on for a final approval hearing on May 14, 2026. The Court has considered the Settlement Agreement filed October 20, 2025, (the "Settlement").

WHEREAS, on December 5, 2016, Eric Fishon (later replaced by Plaintiff Mary Beth Montera), filed a class action complaint against Defendant Premier Nutrition Corporation in the United States District Court for the Northern District of California, Case No. 3:16-cv-06980-RS, on behalf of all consumers who purchased Joint Juice in New York. *See* ECF No. 1.

WHEREAS, on December 17, 2019, the Court, following full briefing, determined that all the Rule 23(a) and (b)(3) prerequisites were satisfied and certified a class of New York consumers who purchased Joint Juice (ECF No. 79)—the same Class included in the Settlement Agreement— and on March 30, 2022, after determining the typicality and adequacy requirements of Rule 23(a) were met, appointed Mary Beth Montera as Class Representative for the Class (ECF No. 134).

WHEREAS, the Action was tried to a jury which entered a verdict in favor of Montera and the Class, and judgment was entered on August 12, 2022 against Premier in the amount of $8,312,450.00 plus post-judgment interest.

WHEREAS, both Parties appealed to the United States Court of Appeals for the Ninth Circuit, and the Premier's petition of writ of certiorari to the United States Supreme Court remains pending.

WHEREAS, on remand from the Ninth Circuit, *see Montera v. Premier Nutrition Corp.*, 111 F. 4th 1018 (9th Cir. 2024), the Court re-entered judgment against Premier in the amount of $8,312,450.00. Both Parties appealed and those appeals are pending.

WHEREAS, this Court and the Ninth Circuit by orders dated October 4, 2022, October 18, 2022, August 7, 2023, November 8, 2024, February 3, 2025, and February 19, 2025, awarded Plaintiff's Counsel a total of $7,781,957.78 for attorneys' fees and $1,130,756.07 for reimbursement of expenses incurred in this Action, including on the appeals, plus statutory post-judgment interest.

WHEREAS, the Court awarded Mary Beth Montera a service award for her work and involvement in the Action, which included testifying at trial, in the amount of $25,000, plus statutory post-judgment interest.

WHEREAS, the Parties have engaged in substantial litigation and discovery, including issuance of nearly 100 orders over the course of the litigation involving disputed motions for class certification, motions for summary judgment and judgment on the pleadings, a motion to dismiss, motions for decertification, a jury trial and verdict in *Montera* followed by post-trial motions including a motion for a new trial and motions for judgment as a matter of law, expert discovery, *Daubert* motions, and motions in limine. There has been substantial appellate work, including three appeals to the Ninth Circuit in *Montera*, a request to certify questions to the New York Court of Appeals filed with the Ninth Circuit, a petition for en banc rehearing with the Ninth Circuit, a motion to stay the mandate filed with the Ninth Circuit, and a petition for a writ of certiorari in the United States Supreme Court. In the course of litigation, Plaintiff's Counsel, (1) conducted and defended 64 depositions, including those of Premier's corporate designees, its CEO (on two occasions and as a live witness at trial), current and former marketing, operations, and science employees, and scientific, marketing and damages-related experts; (2) reviewed over 500,000 pages of documents produced by Premier; and (3) served 36 subpoenas on third parties with involvement in marketing and retail sales issues who produced thousands of pages of documents. Plaintiff's Counsel also responded to discovery served on Plaintiff, defended the depositions of twelve named plaintiffs whose testimony was used throughout the litigation, and worked with more than eleven of their own expert witnesses and additional consultants to prepare for class certification, summary judgment, and trial, including preparing and exchanging expert reports and conducting and defending expert depositions. 48 expert reports or declarations were exchanged by the Parties at various stages of the litigation.

WHEREAS, the Parties participated in seven formal and numerous informal mediation and settlement negotiation sessions with six different neutrals, including before Martin Quinn, Esq. at JAMS on December 3, 2013, the Honorable Carl West (Ret.) at JAMS on April 9, 2015, the Honorable Layn Phillips (Ret.) at Phillips ADR on September 24, 2020, Scott S. Markus, Esq. at Signature Resolution on April 8, 2024, the Honorable James Reilly on June 24, 2024 and July 10, 2024, and the Honorable Brad Seligman on June 23, 2025. At the end of the full-day mediation with Judge Seligman, a mediator's proposal was delivered, which the Parties subsequently accepted.

00234983

Throughout the course of mediation efforts, the Parties were simultaneously engaging in the discovery and litigation efforts described above.

WHEREAS, under the Settlement Premier will pay into a Settlement Fund the Settlement Amount of $19,160,186.47, which is the combined total of the Class Judgment Amount, the amount of previously ordered Attorneys' Fees and Expenses, and the previously ordered Class Representative Service Award, all with post-judgment interest accrued through October 20, 2025, the date the Parties submitted the Settlement for preliminary approval. All costs of Settlement, including payments to Class Members, notice and administration costs, attorneys' fees and costs, and the Class Representative Service Award, will be paid from the Settlement Fund. The Parties will dismiss their respective appeals and Premier will dismiss its petition for writ of certiorari.

WHEREAS, on December 4, 2025, a hearing was held before this Court on Plaintiff's Motion for Preliminary Approval. The Court granted the motion. *See* ECF No. 409.

WHEREAS, at the final approval hearing, Blood Hurst & O'Reardon, LLP appeared for Plaintiff Mary Beth Montera and the Class, and Faegre Drinker Biddle & Reath, LLP appeared for Defendant Premier.

WHEREAS, an opportunity to be heard having been given to all other persons desiring to be heard as provided in the Class Notice and having considered all of the submissions and arguments, and otherwise being fully informed, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      Plaintiff's Motion for Final Approval of Class Action Settlement is GRANTED.

2.      This Final Approval Order incorporates herein and makes a part hereof, the Settlement Agreement (including its exhibits), and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Order and Judgment.

3.      The Court incorporates herein and makes a part hereof, the orders certifying the Class (ECF No. 79), appointing Mary Beth Montera as Class Representative (ECF No. 134), and denying motions to decertify the Class (ECF Nos. 180, 293). The Court also incorporates its previous orders appointing Timothy G. Blood and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP as

00234983

Class Counsel to represent the Class Members. Class Counsel from Blood Hurst & O'Reardon, LLP are qualified and experienced in class action litigation, including in prosecuting false advertising cases.

4.    The Court has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement Agreement, to settle and release all claims released in the Settlement Agreement, and to enter Judgment. The Court has personal jurisdiction over Defendant, Plaintiff and the Class Members.

5.    The Court confirms appointment of JND Legal Administration as the Settlement Administrator. All fees and costs associated with the Class Notice Program and claims administration shall be paid from the Settlement Fund as set forth in the Settlement Agreement. The Settlement Administrator is directed to perform all responsibilities assigned in the Settlement Agreement.

6.    The Court finds that the persons excluded from the Class because they submitted valid requests for exclusion ("Opt-Outs") are identified in Exhibit A to this Order. These Class Members who filed timely, valid Opt-Outs are not bound by this Order or the terms of the Settlement Agreement and may pursue their own individual remedies against Defendant. The persons identified in Exhibit A are not entitled to any rights or benefits provided to Class Members by the terms of the Settlement Agreement.

7.    The Court directed that Class Notice be given to the Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved Class Notice Program, the Settlement Administrator caused the forms of Class Notice to be disseminated as ordered. The Class Notice advised Class Members of the terms of the Settlement Agreement; the Final Approval Hearing, and their right to appear at such hearing; their rights to remain in, or opt out of, the Class and to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect of this Final Approval Order, whether favorable or unfavorable, to the Class.

8.    The distribution of the Class Notice pursuant to the Class Notice Program (1) constitutes the best notice practicable under the circumstances; (2) constitutes notice that is

00234983

reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; (3) is reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) fully satisfies the requirements of Federal Rule of Civil Procedure 23, 28 U.S.C. § 1715, the requirements of due process, the rules of the Court, and any other applicable law. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *Rodriguez v. West Publ'g Co.*, 563 F.3d 948, 962 (9th Cir. 2009). The Court finds that the Settlement Administrator properly notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of the notice and finds it complied with all applicable requirements of CAFA.

9.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds after a hearing and based upon all submissions of the Parties and interested persons, the Settlement Agreement proposed by the Parties is fair, reasonable, and adequate after considering that (a) the Class Representatives and Class Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of continued litigation and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member Claims; and (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (d) the proposal treats Class Members equitably relative to each other. The Court further finds that the Settlement Agreement is in the best interests of all Class Members, taking into account the following factors that Courts in the Ninth Circuit use as guideposts when evaluating the fairness of a class action settlement: (1) the strength of the Plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining the finding of liability through appeals and other review; (4) the risks of establishing damages; (5) the amount offered in Settlement; (6) the extent of discovery completed and the stage of the proceedings; (7) the experience and view of counsel; (8) the reaction of the Class Members to the proposed Settlement and (9) the reasonableness of the relief provided by the Settlement Agreement in light of the best

00234983

possible recovery. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *Rodriguez*, 563 F.3d at 965. In reaching this conclusion, the Court considered the record in its entirety and heard the arguments of counsel for the Parties and all other persons seeking to comment on the proposed Settlement Agreement. The lack of any objections by Class Members and the low number of exclusion requests further supports approval of the Settlement. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). The Court has independently evaluated the fairness of the Settlement based on the record before it. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

10. The terms and provisions of the Settlement Agreement are the product of lengthy, hard-fought, arms-length negotiations conducted in good faith at various, critical stages of the litigation, and with the assistance of experienced mediators: Martin Quinn, Esq., the Honorable Carl West (Ret.), the Honorable Layn Phillips (Ret.), Scott S. Markus, Esq., the Honorable James Reilly, and the Honorable Brad Seligman. *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1122 (9th Cir. 2020). Approval of the Settlement Agreement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

11. All Class Members who have not timely and validly opted out are bound by this Final Approval Order and judgment and by the terms of the Settlement Agreement.

12. Nothing in the Settlement Agreement, this Final Approval Order, or the fact of the settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action.

13. The Court has considered the submissions by Plaintiff and all other relevant factors, including the result achieved and the efforts of Class Counsel and the other Plaintiff's Counsel in prosecuting the claims on behalf of the Class. The efforts of Class Counsel and the other Plaintiff's Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Class. Class Counsel have made application for an award of attorneys' fees and reimbursement of expenses in connection with the prosecution of

00234983

the Action on behalf of themselves and the other Plaintiff's Counsel. The fee award requested is $8,713,326.00. This requested amount is the same amount previously documented by Plaintiff's Counsel and awarded—but not yet paid—by this Court and the Ninth Circuit, plus the statutory post-judgment interest through October 20, 2025. For the reasons previously stated by this Court and the Ninth Circuit (e.g., ECF Nos. 320, 346, 381), and as confirmed here again, this amount is fair, reasonable, and adequate under the fee-shifting statutes at issue (N.Y. Gen. Bus. Law §§ 349(h), 350-e(3)). Class Counsel has provided detailed declarations showing the lodestar incurred in this Action. Having overseen this litigation for over thirteen years, the Court finds the fee award is supported by Plaintiff's Counsel's lodestar, and for all the reasons previously stated in the prior orders, the Court again finds that the hourly rates of Plaintiff's Counsel are reasonable, and that the hours expended were reasonable. The Court also finds that Plaintiff's Counsel represented their clients with skill and diligence and obtained an excellent result for the Class, taking into account the possible outcomes and risks of the litigation. Accordingly, the Court hereby awards $8,713,326.00 as attorneys' fees to be paid in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expenses award to Plaintiff's Counsel in their sole discretion.

14.    Class Counsel have also made application for an award of litigation expenses in connection with the prosecution of the Action on behalf of themselves and the other Plaintiff's Counsel. The expense reimbursement requested is $1,278,901.92. This requested amount is the same amount previously documented by Plaintiff's Counsel and awarded—but as yet unpaid—by this Court and the Ninth Circuit plus post-judgment interest through October 20, 2025. For the reasons previously stated by this Court and the Ninth Circuit (e.g., ECF Nos. 314, 320, 346, 361, 381), and as confirmed here again, such expenses were reasonably and necessarily incurred in prosecuting the action on behalf of the Class. Accordingly, the Court finally approves Class Counsel's request for litigation expenses in the amount of $1,278,901.92, which is to be paid in accordance with the terms of the Settlement Agreement. *Staton*, 327 F.3d at 974; *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2007).

00234983

15.     Further, the Court approves the requested service award of $28,294.00 for Plaintiff Mary Beth Montera. The Class Representative participated in the Action, acted to protect the Class, testified under oath at both deposition and trial, traveled from New York and attended the entirety of the lengthy trial, and assisted her counsel. This requested amount is the same amount previously awarded—but as yet unpaid—by this Court plus post-judgment interest through October 20, 2025. For the reasons previously stated by this Court (ECF No. 320), and as confirmed here again, this service award is fair, reasonable, and justified. Accordingly, the Court approves the requested Service Award in the amount of $28,294.00, which is to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. *Rodriguez*, 563 F.3d at 958-59; *Galeener v. Source Refrigeration & HVAC, Inc.*, No. 3:13-cv-04960-VC, 2015 U.S. Dist. LEXIS 193096, at *7–8 (N.D. Cal. Aug. 21, 2015).

16.     The Court has considered all relevant factors and hereby approves the Rheumatology Research Foundation as the designated *cy pres* recipient of any unpaid cash residue and unclaimed or abandoned monies (if any) remaining after the negotiation period of the Cash Payments in accordance with the Settlement Agreement. Such remaining monies shall be distributed, to the fullest extent possible, to the designated cy pres recipient in a manner to further the purposes of the underlying Action—promoting scientific research in the field of osteoarthritis and musculoskeletal disease. *Nachsin v. AOL, LLC*, 663 F.3d 1034 (9th Cir. 2011).

17.     The Court hereby dismisses with prejudice this Action, and all Released Claims against each and all Released Parties, and without costs to any of the Parties as against the others. All Releasing Parties are bound by this Final Approval Order and are forever enjoined from prosecuting in any forum any Released Claims against any of the Released Parties.

18.     Without affecting the finality of this Order, the Court retains jurisdiction over the implementation, administration, and enforcement of the Settlement Agreement, this Order, and all matters ancillary thereto.

19.     The Court finds that there is no just reason for delay in entering this Final Approval Order. Hence, the Clerk is directed to enter judgment forthwith in the above-captioned matter.

00234983
[PROPOSED] FINAL APPROVAL ORDER

20.     The Parties and the Settlement Administrator are hereby directed and authorized to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties, without further approval of the Court, are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement so long as they are: (i) consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of the Class.

21.     Within twenty-one (21) days after the settlement checks become stale and any remaining funds have been paid to the *cy pres* recipient pursuant to the terms of this Final Approval Order and the Settlement Agreement, Class Counsel shall file a post-distribution accounting in accordance with the Northern District's Procedural Guidance for Class Action Settlements.

22.     In the event the Effective Date does not occur, this Final Approval Order and Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated. In such event, as provided in the Settlement Agreement, the Settling Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-settlement claims and defenses will be preserved, and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose.

**IT IS SO ORDERED.**

Dated: May 14, 2026                    By: _____
                                       HONORABLE RICHARD SEEBORG
                                       CHIEF UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL APPROVAL ORDER

## EXHIBIT A

**Valid Requests for Exclusion**

1. Renee Bonds

2. Jennifer Grulla

3. Dionne Spears

4. Ranita Sharma

5. Maribel Ortiz

6. Juan Escoto

7. Stephanie Martin

00234983